# EXHIBIT J

⚠️ Caution
As of: July 23, 2026 2:56 PM Z

# *Tech. Dev. Co. v. Onischenko*

United States Court of Appeals for the Third Circuit

March 6, 2006, Argued ; April 5, 2006, Opinion Filed

No 05-4835

**Reporter**
174 Fed. Appx. 117 *; 2006 U.S. App. LEXIS 8235 **

THE TECHNOLOGY DEVELOPMENT COMPANY, LTD., Appellant v. MICHAEL ONISCHENKO

**Notice: [**1]** RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**Subsequent History:** Motion denied by, On remand at *Tech. Dev. Co. v. Onischenko, 2007 U.S. Dist. LEXIS 29393 (D.N.J., Apr. 20, 2007)*

**Prior History:** On Appeal from the United States District Court for the District of New Jersey. District Court No. 05-cv-04282. District Judge: Hon. Mary Little Cooper.

## Core Terms

district court, deference, forum non conveniens, choice of forum, convenience, public interest factors, alternative forum, adequacy, domestic, weigh, abuse of discretion

## Case Summary

**Procedural Posture**
Appellant company requested a preliminary injunction against appellee attorney in the United States District Court for the District of New Jersey and alleged breach of contract, breach of fiduciary duty, tortious interference with contract and prospective economic advantage, and wrongful conversion. The district court dismissed the complaint on the ground of forum non conveniens and the company appealed.

**Overview**
The company claimed that around the time it decided to move its Russian operations, into the U.S. market, the attorney began to demand an equity position in the holding company that would own the company's technologies. The company's owner was not interested and asked for the attorney's resignation. The separation was not amicable and served as the basis of the instant suit. The appellate court believed that the district court should have done more than simply conclude that Russia provided an adequate forum without any discussion whatsoever of the remedies available in Russia or any citation to cases supporting the view that the Russian courts were adequate to handle disputes of this nature. The appellate court believed the district court committed an abuse of discretion by failing to set forth how much deference it owed the company's choice of forum after simply stating that it was required to determine how much deference to give the company's choice of forum in its opening recitation of the forum non conveniens standard. Finally, the appellate court was concerned that the district court may not have applied the proper standard to weighing the private and public interest factors.

**Outcome**
The appellate court vacated the district court's order of dismissal and remanded the case for reconsideration based on the record as it currently stood.

## LexisNexis® Headnotes

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Civil Procedure > Preliminary Considerations > Venue > Forum Non Conveniens

**_HN1_ Standards of Review, Abuse of Discretion**

An appellate court reviews a decision to dismiss on

174 Fed. Appx. 117, *117; 2006 U.S. App. LEXIS 8235, **1

forum non conveniens grounds for abuse of discretion. Where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference. Despite this standard, dismissal for forum non conveniens is the exception rather than the rule. A district court abuses its discretion when it fails to consider adequately and to determine the amount of deference due a foreign plaintiff's choice of forum or when it clearly errs in weighing the factors to be considered. Finally, the defendant bears the burden of persuasion as to the elements of the forum non conveniens analysis.

Civil Procedure > Preliminary Considerations > Venue > Forum Non Conveniens

*HN2* **Venue, Forum Non Conveniens**

Regarding the general standard for dismissal in forum non conveniens cases, a district court may dismiss a case when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to the plaintiff's convenience. In ruling on a motion to dismiss based on forum non conveniens, a district court must address four issues: (1) the availability of an alternative forum; (2) the amount of deference to be accorded to the plaintiff's choice of forum; (3) the private interest factors; and (4) the public interest factors. In addition to considering these four factors, Piper Aircraft requires that the district court consider the availability of an adequate alternative forum and the amount of deference to be accorded the plaintiff's choice of forum before it weighs the private and public interest factors.

Civil Procedure > Preliminary Considerations > Venue > Forum Non Conveniens

*HN3* **Venue, Forum Non Conveniens**

The availability of an alternative forum requirement in forum non conveniens cases is usually satisfied where the defendant is "amenable to process" in the other jurisdiction. Where, however, the alternative jurisdiction cannot provide a satisfactory remedy, dismissal on forum non conveniens grounds is improper.

Civil Procedure > Preliminary Considerations > Venue > Forum Non Conveniens

*HN4* **Venue, Forum Non Conveniens**

Inadequacy of the alternative forum is rarely a barrier to forum non conveniens dismissal.

Civil Procedure > Appeals > Standards of Review > Abuse of Discretion

Civil Procedure > Preliminary Considerations > Venue > Forum Non Conveniens

*HN5* **Standards of Review, Abuse of Discretion**

In the forum non conveniens context, where a plaintiff protests an alternative jurisdiction's adequacy both before the district court and on appeal, the attack is not patently specious, and the defendant offers minimal evidence in support of adequacy, dismissal without a reasonably detailed discussion is an abuse of discretion.

Civil Procedure > Preliminary Considerations > Venue > Forum Non Conveniens

*HN6* **Venue, Forum Non Conveniens**

Ordinarily, a court is required to give a plaintiff's choice of forum significant deference. Where, however, the plaintiff is foreign, the amount of deference is potentially less because a court cannot assume that the forum is chosen based on convenience factors. Piper Aircraft is not an invitation to accord a foreign plaintiff's selection of an American forum no deference since dismissal for forum non conveniens is the exception rather than the rule. Accordingly, where a foreign plaintiff has made a strong showing of convenience, the district court must indicate how far that showing goes toward putting the foreign plaintiff on the same footing as a domestic plaintiff.

Civil Procedure > ... > Venue > Motions to Transfer > Choice of Forum

*HN7* **Motions to Transfer, Choice of Forum**

A foreign plaintiff with no connection to the chosen forum is entitled to less deference than a domestic

plaintiff who chooses his home forum. However, simply because a foreign plaintiff without a connection to the forum is not entitled to the same deference as a domestic plaintiff who chooses his home jurisdiction, it does not follow automatically that such a plaintiff receives only the lowest level of deference.

Civil Procedure > ... > Venue > Motions to Transfer > Choice of Forum

**HN8** **Motions to Transfer, Choice of Forum**

Where there is some evidence of convenience (even if it is not in the form of the foreign plaintiff's direct contacts to the forum), the proper approach is to decide just how much less deference is due a foreign plaintiff's choice of forum than a domestic plaintiff's choice of forum.

Civil Procedure > Preliminary Considerations > Venue > Forum Non Conveniens

**HN9** **Venue, Forum Non Conveniens**

Dismissal is not appropriate just because the private and public factors do not favor retaining jurisdiction.

**Counsel:** James B. Manning, Esquire (ARGUED), LeBoeuf, Lamb, Greene & MacRae, New York, NY, Counsel for Appellant.

Frederick L. Whitmer, Esquire (ARGUED), Akiva M. Cohen, Esquire, Brown, Raysman, Millstein, Felder & Steiner LLP, New York, NY, Counsel for Appellee.

**Judges:** BEFORE: ROTH and GREENBERG, Circuit Judges and BUCKWALTER [*], District Judge.

**Opinion by:** ROTH

# Opinion

 **[*118]**  **ROTH**, Circuit Judge:

## I. Background and Procedural History

---

[*] The Honorable Ronald L. Buckwalter, Senior United States District Court Judge for the Eastern District of Pennsylvania, sitting by designation.

This is an appeal from a District Court order dismissing The Technology Development Company's (TTDC) Complaint on the ground of *forum non conveniens*. Because we believe the District Court's analysis failed to address adequately all of the necessary factors of the *forum* **[**2]** *non conveniens* test, we will vacate the order of dismissal and remand for reconsideration based on the existing record.

TTDC is a Bermuda corporation that, for much of the time relevant to this appeal, maintained its principal place of business in Moscow, Russia. Its exact business purpose is unclear; it appears that TTDC was interested in developing new technologies in the pharmaceutical industry. From 1999 until 2005, Michael Onischenko, a member of the New York bar, represented TTDC and its owner and president, Thomas De Shazo. The District Court found, and the parties appear to agree, that Onischenko is a resident of New Jersey. De Shazo is a United States citizen with a residence in Idaho.

In 2002, TTDC began work to develop and commercialize a product for oral delivery of insulin and gene cell therapies. As part of its effort to develop the technology, TTDC employed Dr. Vladimir Sabetsky. The employment agreement provided that TTDC would set up a holding company in which Dr. Sabetsky would be a 25% owner and to which he would assign all patents. The agreement further provided that TTDC would contribute the money necessary for Dr. Sabetsky to develop his idea.

In the spring **[**3]** of 2005, TTDC decided to leave Russia for the United States because it believed it could strike a deal with a US pharmaceutical company on the basis of Dr. Sabetsky's work. De Shazo came to the United States before Onischenko and left Onischenko in charge of TTDC's Moscow operations. TTDC claims that around the time it decided to move into the US market, Onischenko began to demand an equity position in the holding company that would own the technologies. De Shazo **[*119]** was not interested and asked for Onischenko's resignation. Onischenko complied.

The separation was not amicable. TTDC claims that when Onischenko demanded his equity position in the holding company, he threatened to derail the project unless TTDC agreed. After TTDC declined Onischenko's "offer," Onischenko purportedly began to make good on his threat by, among other things, trying to cut off TTDC's ability to obtain patents. Further, TTDC claims that Onischenko stole TTDC's original books and $ 240,000 in operating funds from the Moscow office.

TTDC also avers that Onischenko turned Dr. Sabetsky and TTDC consultants Geosta Bergvall and Dr. Stefan Arver against it. Finally, TTDC claims that Onischenko has interfered or is **[\*\*4]** interfering with its negotiations with New Jersey drug companies.

On September 1, 2005, TTDC filed a Complaint and request for a preliminary injunction against Onischenko in federal court in the District of New Jersey. The Complaint alleged breach of contract, breach of fiduciary duty, tortious interference with contract and prospective economic advantage, and wrongful conversion. Onischenko moved to dismiss on *forum non conveniens* grounds. On September 30, 2005, the District Court heard oral argument on the motion and issued an oral decision granting it. TTDC filed a timely notice of appeal.

## II. Jurisdiction and Standard of Review

The District Court exercised diversity jurisdiction under *28 U.S.C. § 1332*. We have appellate jurisdiction pursuant to *28 U.S.C. § 1291*.

*HN1* We review a decision to dismiss on *forum non conveniens* grounds for abuse of discretion. *Lony v. E.I. Du Pont de Nemours & Co., 886 F.2d 628, 631-32 (3d Cir. 1989)* (*Lony I*). "Where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves **[\*\*5]** substantial deference." *Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1981)*. Despite this standard, "dismissal for forum non conveniens is the exception rather than the rule." *Lacey v. Cessna Aircraft Co., 862 F.2d 38, 46 (3d Cir. 1988)* (*Lacey I*) (quoting *In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982, 821 F.2d 1147, 1164 n.26 (5th Cir. 1987))*. A district court abuses its discretion "when it fails to consider adequately and to determine the amount of deference due the foreign plaintiff's choice of forum or when it clearly errs in weighing the factors to be considered." *Lony I, 886 F.2d at 632* (citations omitted). Finally, the defendant bears the burden of persuasion as to the elements of the *forum non conveniens* analysis. *Lony I, 886 F.2d at 632* (citing *Lacey I, 862 F.2d at 43*).

## III. Analysis

In *Lacey I*, we set forth *HN2* the general standard for dismissal in *forum non conveniens* cases: "A district court may . . . dismiss a case 'when an alternative forum has jurisdiction to hear the case, and when trial in the chosen **[\*\*6]** forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to the plaintiff's convenience . . . .'" *862 F.2d at 43* (quoting *Piper Aircraft, 454 U.S. at 241* (quoting *Koster v. Am. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524, 67 S. Ct. 828, 91 L. Ed. 1067 (1947)))*. In ruling on a motion to dismiss based on *forum non conveniens*, a district court must address four issues: (1) the availability of an alternative forum; (2) the amount of deference to be accorded to the plaintiff's choice of forum; (3) the private **[\*120]** interest factors; and (4) the public interest factors. *Lony I, 886 F.2d at 633*. In addition to considering these four factors, *Piper Aircraft* "requires that the district court consider the availability of an adequate alternative forum and the amount of deference to be accorded the plaintiff's choice of forum before it weighs the private and public interest factors. . . ." *Lacey I, 862 F.2d at 45*.

### A. The Availability of an Alternative Forum

The Supreme Court has noted that *HN3* this requirement is usually satisfied where the defendant is "'amenable to process' **[\*\*7]** in the other jurisdiction." *Piper Aircraft, 454 U.S. at 254 n.22* (citing *Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506-07, 67 S. Ct. 839, 91 L. Ed. 1055 (1947))*. Where, however, the alternative jurisdiction cannot provide a satisfactory remedy, dismissal on *forum non conveniens* grounds is improper. *Id. at 254*.

*HN4* Inadequacy of the alternative forum is rarely a barrier to *forum non conveniens* dismissal. *Id. at 254 n.22*. Nonetheless, we believe the District Court should have done more than simply conclude that Russia provides an adequate forum without any discussion whatsoever of the remedies available in Russia or any citation to cases supporting the view that the Russian courts are adequate to handle disputes of this nature. *Lacey I, 862 F.2d at 44* (reversing *forum non conveniens* dismissal where the district court did not adequately address, *inter alia*, the adequacy of British Columbia as an alternative forum); *Lony I, 886 F.2d at 633* (expressing skepticism about a district court's decision to look to the plaintiff to show the inadequacy of the alternative forum but declining to find reversible error where the **[\*\*8]** defendant put forward "some evidence" on adequacy and plaintiff did not specifically challenge the adequacy finding on appeal).

174 Fed. Appx. 117, *120; 2006 U.S. App. LEXIS 8235, **8

The District Court did no more than make a conclusory statement that "well established" case law demonstrated the adequacy of the Russian courts for commercial and tort law cases. [1] It may well be that a proper analysis will reveal that Russia is an adequate alternative forum, but *HN5* where a plaintiff protests the alternative jurisdiction's adequacy both before the District Court and on appeal, the attack is not patently specious, and the defendant offers minimal evidence in support of adequacy, dismissal without a reasonably detailed discussion is an abuse of discretion.

[**9] B. Amount of Deference Due Plaintiff's Choice of Forum

*HN6* Ordinarily, a court is required to give a plaintiff's choice of forum significant deference. *Piper Aircraft, 454 U.S. at 255*. Where, however, the plaintiff is foreign, the amount of deference is potentially less because a court cannot assume that the forum was chosen **[*121]** based on convenience factors. *Id. at 255-56*. We have stressed that *Piper Aircraft* is "'not an invitation to accord a foreign plaintiff's selection of an American forum *no* deference since dismissal for forum non conveniens is the exception rather than the rule.'" *Lacey I, 862 F.2d at 45-46* (quoting *In re Air Crash, 821 F.2d at 1164 n.26*) (emphasis in *Lacey I*). Accordingly, "where a foreign plaintiff has made a strong showing of convenience, . . . the district court must indicate how far that showing goes toward putting the foreign plaintiff on the same footing as a domestic plaintiff." *Lony I, 886 F.2d at 634*; *Iragorri v. United Techs. Corp., 274 F.3d 65, 71-72 (2d Cir. 2001)* (noting that the more it appears that a foreign plaintiff's choice **[**10]** of forum was dictated by reasons the law deems legitimate, the more

───────────────

[1] Before the District Court, Onischenko relied on *Miller v. Boston Scientific Corp., 380 F. Supp. 2d 443, 449-450 (D.N.J. 2005)*, in support of his contention that TTDC was required to dispute the adequacy of the Russian courts, and, having failed to do so, TTDC cannot now seek to establish reversible error. Assuming that *Miller* states the proper standard (and we take no position on that issue), Onishenko's argument is still troublesome because TTDC did challenge Onischenko's failure to "establish that Russian courts have jurisdiction . . ., will provide satisfactory remedies, or that they even recognize TTDC's claims . . . ." We leave to the District Court in the first instance the task of resolving whether, in light of TTDC's challenge to the adequacy of the Russian court system, Onischenko had to do more than merely state that he was amenable to suit in Russia and cite a single case to the effect that Russian courts are not corrupt.

deference it should receive); *Norex Petroleum Ltd. v. Access Indus. Inc., 416 F.3d 146, 154 (2d Cir. 2005)* (same).

We believe the District Court committed an abuse of discretion by failing to set forth how much deference it owed TTDC's choice of forum. After stating that it was required to determine how much deference to give TTDC's choice of forum in its opening recitation of the *forum non conveniens* standard, the only portion of its oral decision arguably addressing the issue was its language, a number of transcript pages later, that "the plaintiff has no contact with New Jersey. The plaintiff is a Bermuda limited liability company with its principal place of business in Moscow and the location of residence of its principal, Mr. De Shazo, most recently Idaho." Given that these statements were made in the section of the decision in which the District Court was discussing the private and public interest factors, it is not clear whether the District Court was even thinking about deference issues at all.

Onischenko asks this Court to conclude that those two sentences indicate that the District **[**11]** Court decided not to afford TTDC any more deference than a typical foreign plaintiff is afforded under *Piper Aircraft*. Onischenko attempts to draw support for this argument from *Lacey v. Cessna Aircraft Co., 932 F.2d 170, 179 (3d Cir. 1991)* (*Lacey II*), in which we noted that a district court does not have to "mark on a continuum" the exact amount of deference it is affording a foreign plaintiff's forum selection. *Lacey II* upheld a *forum non conveniens* dismissal where the district court addressed the issue of deference, noted that it was impossible to quantify, and further provided that it was requiring that the defendants establish a strong preponderance in favor of dismissal. *Id.* On the basis of the district court's treatment, we were able to say that the district court demonstrated that it accorded the plaintiff's forum selection "not insignificant weight . . . ." *Id.*

Onischenko also directs our attention to the portion of *Lacey II* in which we discussed a district court's statement that "because plaintiff is a foreign national with no connection to the forum, his choice is not entitled to the same degree of deference accorded a resident **[**12]** or citizen who chooses his home forum." *Id.* at n.6 (alteration in *Lacey II*). He asserts that our endorsement of this language stands for the proposition that a district court's statement that a foreign plaintiff has no connection to the forum is equivalent to a statement that the plaintiff has not made the required showing of convenience to overcome the negative presumption that

attaches to a foreign plaintiff's forum choice.

Contrary to Onischenko's claims, *Lacey II* does not support the District Court's approach in this case. Initially, the District Court in *Lacey II* went much further [*122] in addressing the deference issue than does the District Court here. Indeed, it takes a generous reading of the decision here even to conclude that the deference issue was addressed at all. Moreover, *Lacey II* states that *HN7* a foreign plaintiff with no connection to the chosen forum is entitled to less deference than a domestic plaintiff who chooses his home forum. *932 F.2d at 170 n.6*. However, simply because a foreign plaintiff without a connection to the forum is not entitled to the same deference as a domestic plaintiff who chooses his home jurisdiction, it does not follow [**13] automatically that such a plaintiff receives only the lowest level of deference. The best reading of *Lony I* and *Lacey II* is that *HN8* where, as here, there is some evidence of convenience (even if it is not in the form of the foreign plaintiff's direct contacts to the forum), the proper approach is to "decide just how much less deference is due this plaintiff's choice of forum . . ." than a domestic plaintiff's choice of forum. *886 F.2d at 634*; *Norex Petroleum, 416 F.3d at 155-56* (vacating a dismissal based on *forum non conveniens* where the district court failed to determine how much deference it was according a foreign plaintiff's forum choice despite the plaintiff's demonstration of convenience-based decision making).

In this case, TTDC sued Onischenko in Onischenko's home jurisdiction largely because it was the only place TTDC felt confident it could obtain jurisdiction. Moreover, with TTDC moving its business operations from Russia to the United States, New Jersey appears to be more convenient for TTDC and its United States resident principal. *See Wiwa v. Royal Dutch Petroleum Co., 226 F.3d 88, 103 (2d Cir. 2000)* (holding that [**14] a district court erred in failing to take plaintiff's status as a United States citizen into account because "the benefit for a U.S. resident plaintiff of suing in a U.S. forum is not limited to suits in the very district where the plaintiff resides . . . .").

Our view of the importance of the deference determination is underscored by the unusual scenario presented in this case. Most *forum non conveniens* cases involve a defendant, sued far from home, arguing against being forced to litigate in a remote forum. *Lony v. E.I. Du Pont de Nemours & Co., 935 F.2d 604, 608 (3d Cir. 1991)* (*Lony II*). Here, by contrast, Onischenko was sued in his own forum and is arguing that it would

be more convenient for him to defend himself thousands of miles away. In *Lony I*, we implied that a foreign plaintiff's decision to sue a defendant in the defendant's home forum was itself a factor suggesting that the foreign plaintiff's decision was based on convenience rather than some ulterior motive. *886 F.2d at 634*; *Norex Petroleum, 416 F.3d at 155-56*. Even granting that much of the conduct involved in this litigation occurred while the parties were [**15] in Russia, the fact that TTDC chose to sue Onischenko in the only place it thought it could obtain jurisdiction is evidence that its choice of forum was based on convenience factors. This, plus that the fact TTDC was wrapping up its Russian business and beginning the transition to the United States, shows that the District Court's treatment of this issue was too superficial. Therefore, dismissing without a more detailed inquiry into the proper level of deference to be accorded to TTDC's forum selection constituted an abuse of discretion.

## C. Private and Public Interest Factors

We are concerned that the District Court may not have applied the proper standard to weighing the private and public interest factors. As stated above, Onischenko bears the burden of establishing that litigation in New Jersey would be oppressive and vexatious to him. *Piper [*123] Aircraft, 454 U.S. at 241*. In *Lony I*, we took exception to a district court's suggestion that dismissal was appropriate where the balance of private factors was at equipoise or tipped toward dismissal. *886 F.2d at 635*. Here, it is unclear whether the District Court concluded that litigation in New [**16] Jersey was vexatious and oppressive to Onischenko out of all proportion to TTDC's convenience, or whether, all things being equal, Russia was a better forum. The former is a basis for dismissal; the latter is not. The District Court concluded its private interest analysis by stating that "I think I have given a sufficient recitation to show that there are no private factors and certainly no interest of this forum factors that favor retaining jurisdiction in this forum." The problem is that *HN9* dismissal is not appropriate just because the private and public factors do not favor *retaining* jurisdiction. *See Lony I, 886 F.2d at 635*.

On remand, we hope the District Court should carefully consider and address the private and public interest factors. We make no forecast whether or not a proper analysis will lead to the conclusion that the private and public interest factors weigh strongly against litigation in New Jersey.

174 Fed. Appx. 117, *123; 2006 U.S. App. LEXIS 8235, **16

**IV. Conclusion**

The District Court abused its discretion by failing to address properly the Supreme Court's and this Court's *forum non conveniens* jurisprudence. In view of TTDC's opposition to the alternate forum, the District Court did **[\*\*17]** not sufficiently discuss or determine its adequacy. Nor did the District Court address the issue of the proper level of deference to be afforded TTDC's forum selection. We are also concerned that the District Court may not have applied the proper standard in weighing the private and public interest factors. Therefore, we will vacate the order of dismissal and remand this case for reconsideration based on the record as it currently stands.

**End of Document**