# EXHIBIT D

Claudia A. Costa, Esq. (Bar No.: 034261989)
Aimée S. Lin, Esq. (Bar No.: 039532012)
**GOLDBERG SEGALLA LLP**
711 Third Avenue, Suite 1900
New York, New York 10017
646-292-8700
ccosta@goldbergsegalla.com
alin@goldbergsegalla.com
*Attorneys for Defendants Miles Chamley- Watson,*
*USA Fencing Association, (incorrectly pleaded as*
*USA Fencing), Jessica Saxon, and Shannon Daugherty*

| | |
|---|---|
| DINAH YUKICH,<br><br>Plaintiff,<br><br>v.<br><br>MILES CHAMLEY-WATSON, USA FENCING, JESSICA SAXON, CREATE A LEGACY NOT A MOMENT, INC., and SHANNON DAUGHERTY,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ATLANTIC COUNTY<br>DOCKET NO. ATL-L-1024-26<br><br>Civil Action<br><br><br>**NOTICE OF REMOVAL TO FEDERAL COURT** |

PLEASE TAKE NOTICE that on July 2, 2026, Defendant USA Fencing Club filed a

Notice of Removal in the United States District Court for the District of New Jersey pursuant to

28 U.S.C. §§ 1331, 1441, 1446 and 36 U.S.C. § 2205521 (the Ted Stevens Olympic and Amateur

Sports Act. A true and correct copy of the Notice of Removal is attached hereto as **Exhibit A**.

Please be advised that the filing of such Notice of Removal within the United States District

Court for the District of New Jersey, together with the filing of this Notice with the Clerk of the

Superior Court of New Jersey, effects the removal of this action.

2

Accordingly, the Superior Court of New Jersey shall proceed no further with this action unless and until it is remanded. *See* 28 U.S.C. § 1446(d).

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By: */s/ Claudia A. Costa*
Claudia A. Costa, Esq.

Dated: July 2, 2026

2

# EXHIBIT A

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Dinah Yukich

**DEFENDANTS**

Miles Chanley- Watson; USA Fencing; Jessica Saxon Create A Legacy Not A Moment, Inc Shannon Daugherty

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Susan M. Cirilli, Esq 215-241-8857
Spector Gadon Rosan Vinci P.C.
130 North. 18th Street Philadelphia, PA 19103

Attorneys *(If Known)*

Claudia A. Costa, 646-292-8888
Goldberg Segalla, LLP

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 690 Other | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **SOCIAL SECURITY** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 862 Black Lung (923) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 863 DIWC/DIWW (405(g)) | |
| | | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI | |
| | | ☐ 555 Prison Condition | ☐ 865 RSI (405(g)) | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS** | |
| | | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court |
| ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened |
| ☐ 5 Transferred from Another District (specify) | ☐ 6 Multidistrict Litigation - Transfer |
| ☐ 8 Multidistrict Litigation - Direct File | |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1331, 1441, and 1446

Brief description of cause:
Plaintiff challenges transgender ban on athletes participating in USA Fencing events.

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*

JUDGE _____ DOCKET NUMBER 2:25-cv-18011-KSH-AME, DNJ

DATE July 2, 2026

SIGNATURE OF ATTORNEY OF RECORD Claudia A. Costa

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)                Case 3:26-cv-08140-KSH-AME   Document 8-6   Filed 06/31/26   Page 2 of 143 PageID: 376

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.   Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.   Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.   Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.   Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.**  This section of the JS 44 is used to reference related cases, if any.  If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

Claudia A. Costa, Esq. (Bar No.: 034261989)
Aimee S. Lin, Esq. (Bar No.: 039532012)
**GOLDBERG SEGALLA LLP**
711 Third Avenue, Suite 1900
New York, New York 10017
646-292-8700
ccosta@goldbergsegalla.com
alin@goldbergsegalla.com
*Attorneys for Defendants Miles Chamley- Watson,*
*USA Fencing Association*
*(incorrectly pleaded as USA Fencing), Jessica Saxon and Shannon Daugherty*

<div align="center">

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| DINAH YUKICH,<br><br>Plaintiff,<br><br>v.<br><br>MILES CHAMLEY-WATSON, USA FENCING, JESSICA SAXON, CREATE A LEGACY NOT A MOMENT, INC., and SHANNON DAUGHERTY,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**NOTICE OF REMOVAL**<br><br>**(Removed from: Superior Court of New Jersey, Law Division: Civil Part, Atlantic County)** |

To:     United States District Court for the District of New Jersey

Defendant USA Fencing Association (incorrectly pleaded as USA Fencing), by and through undersigned counsel, hereby removes this action from the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support of removal, USA Fencing states:

<div align="center">

**ARGUMENT**

</div>

1.     Plaintiff filed an action in Superior Court of New Jersey, Atlantic County challenging Defendant, USA Fencing's enforcement of athlete eligibility rules governing

participation in sanctioned fencing competitions, including the Miles Chamley-Watson Cup held March 20–22, 2026 in Atlantic City. (**EXHIBIT A,** Complaint at ¶ 26). USA Fencing is the National Governing Body ("NGB") for fencing, recognized by the United States Olympic & Paralympic Committee ("USOPC") under the Ted Stevens Olympic and Amateur Sports Act, 36 U.S.C. § 220521 ("Ted Stevens Act").

2.      Plaintiff's claims necessarily challenge USA Fencing's federally mandated eligibility rules, USA Fencing's statutory obligations as an NGB, and the USOPC's authority under federal law. These issues arise directly under the Ted Stevens Act. Accordingly, it is respectfully submitted that removal of the action is proper because Plaintiff's claims raise substantial federal questions.

<div align="center">

**THERE IS FEDERAL QUESTION JURISDICTION**

</div>

**A.      The Ted Stevens Act Creates Federal Duties Governing Athlete Eligibility**

3.      The Ted Stevens Act establishes the exclusive federal framework for Olympic and amateur sports governance. 36 U.S.C. §§ 220501–220529. The Act grants the USOPC exclusive authority to recognize NGBs and requires NGBs to adopt and enforce eligibility rules consistent with USOPC policies. 36 U.S.C. §§ 220521–220522.

4.      Plaintiff's Complaint expressly alleges that USA Fencing implemented its transgender eligibility policy because the USOPC required it, quoting USA Fencing's July 22, 2025, communication, "the U.S. Olympic and Paralympic Committee (USOPC) released new athlete-eligibility guidelines … that every national governing body must follow." (Complaint at ¶ 53). Plaintiff's claims therefore require interpretation of federal statutory duties imposed on USA Fencing.

5.      Disputes involving NGB eligibility rules arise under federal law because they implicate the Ted Stevens Act. *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 595-96 (7th Cir. 2001) (holding that the Ted Stevens Act creates a comprehensive federal scheme governing amateur sports and athlete eligibility); *Behagen v. Amateur Basketball Ass'n*, 884 F.2d 524, 529 (10th Cir. 1989) (recognizing federal jurisdiction where claims implicate the USOPC's statutory authority).

6.      These cases establish that athlete-eligibility disputes involving NGBs fall within federal jurisdiction because they arise under the Ted Stevens Act. In the case at bar, Plaintiff by her own admissions is challenging the federally-mandated eligibility requirements to participate in a USA Fencing event.

**B.      Plaintiff's NJLAD Claims Necessarily Depend on Resolution of Federal Issues**

7.      Even though Plaintiff pleads state law claims, removal is proper where state law claims necessarily depend on resolution of substantial federal questions. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005). Plaintiff's state law (NJLAD) claims cannot be adjudicated without determining whether (a) USA Fencing's eligibility rules were mandated by the USOPC under federal law; (b) whether USA Fencing was federally obligated to enforce those rules; and (c) whether state law liability may be imposed for conduct required by federal statute. The resolution of those issues will require a resolution of a substantial federal question; the Ted Stevens Act and removal is thus proper. *Grable* and *Gunn v. Minton*, 568 U.S. 251 (2013).

<div align="center">

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

</div>

8.      Plaintiff filed the Complaint in the Superior Court of New Jersey, Atlantic County, Docket No. ATL-L-001024-26. USA Fencing was served on or about June 9, 2026. This Notice

of Removal is timely under 28 U.S.C. § 1446(b).

9. All properly served defendants consent to removal though consent is not necessary. All defendants are also represented by the same counsel. *Bradford v. Harding*, 284 F.2d 307, 310 (2d Cir. 1960). Written notice of removal will be provided to Plaintiff and filed with the Superior Court pursuant to 28 U.S.C. § 1446(d).

10. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the Superior Court of New Jersey, Atlantic County, lies within the District of New Jersey.

11. By removing, USA Fencing does not admit any of the allegations in Plaintiff's Complaint and does not waive any rights or defenses available to it, including its right to move to dismiss or stay for lack of jurisdiction or because the claims are subject to an arbitration agreement.

12. USA Fencing specifically reserves all defenses and objections under Federal Rule of Civil Procedure 12.

13. Pursuant to 28 USC Section 1446 (a), true and correct copies of the state court docket sheet, the Complaint and all other papers, pleadings and orders filed in state court are attached as Exhibit 1. These filings constitute the complete records of all records and proceedings in state court.

14. USA Fencing respectfully requests the opportunity to fully brief any issues raised as to the propriety of removal,

15. Upon the filing of the Notice of Removal, USA Fencing will furnish written notice to Plaintiff's counsel and will file and serve a copy of this Notice with the Clerk of the New Jersey Court, pursuant to 28 USC Section 1446(d).

16. USA Fencing reserves the right to amend or supplement this Notice.

WHEREFORE, USA Fencing removes this action to the United States District Court for

the District of New Jersey pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 from Superior Court of

New Jersey, Atlantic County.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**


By: _/s/ Claudia A. Costa_
Claudia A. Costa, Esq.

Dated: July 2, 2026

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to 28 U.S.C. Section 1746, I, Claudia A. Costa, being of full age, hereby certify that to my knowledge the matter in controversy is not related to any pending matter or controversy but state that Plaintiff has filed similar claims against USA Fencing and Premier Fencing Club, Abdelaziz, Shannon Dougherty, Mac Brown and United States Olympic and Paralympic Committee Civil Case number 2:25-cv-18011-KSH-AME, DNJ.  It is respectfully submitted that both actions should remain separate.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By: _/s/ Claudia A. Costa_
Claudia A. Costa, Esq.

Dated: July 2, 2026

## CERTIFICATION OF SERVICE

I, Claudia A. Costa, being of full age, hereby certify as follows:

1.        I am a partner of the law firm, Goldberg Segalla LLP counsel for Defendants, USA Fencing, Jess Saxon, Miles Chamley-Watson, Shannon Daugherty, Inc., and Create a Legacy Not a Moment.

2.        I certify that on July 2, 2026, I caused a true and correct copy of this Notice of Removal to be served upon Plaintiff's counsel as follows:

**Via Email and Regular Mail**
Susan M. Cirilli, Esq.
Spector Gadon Rosen Vinci P.C.
One Logan Square, Suite 1800
130 N. 18th Street
Philadelphia, PA 19103
scrilli@sgrvlaw.com

I declare under penalty of perjury that the foregoing is true and correct.


    /s/ Claudia A. Costa
CLAUDIA A. COSTA

Dated: July 2, 2026

# EXHIBIT 1

Susan M. Cirilli, Esq. (017972012)
**SPECTOR GADON ROSEN VINCI P.C.**
130 N. 18th Street
Suite 1800
Philadelphia, PA 19103
P: 215.241.8857
scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

|  |  |  |
|---|---|---|
| DINAH YUKICH | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | LAW DIVISION: CIVIL PART |
|  | : | ATLANTIC COUNTY |
| Plaintiff, | : |  |
|  | : | Docket No. |
| v. | : |  |
|  | : | Civil Action |
| MILES CHAMLEY-WATSON, | : |  |
| USA FENCING, JESSICA SAXON, | : | **COMPLAINT AND JURY DEMAND** |
| CREATE A LEGACY NOT A MOMENT, | : |  |
| INC., SHANNON DAUGHERTY | : |  |
| Defendants. | : |  |

## INTRODUCTION

1.      The present case challenges the discriminatory decision of a world class fencer, his sponsored fencing competition, and other controlling entities and individuals aiding and abetting that decision by disallowing a longstanding transgender fencer to participate in the the Miles Cleveland Chamley-Watson World Cup held in Atlantic City in Atlantic City in March 2026 in direct violation of the anti-discrimination laws of the state of New Jersey.

2.      It highlights how a highly successful black fencing star, Miles Cleveland Chamley-Watson (Chamley-Watson) (a British-American right-handed <u>foil fencer</u> who is a 13-time team <u>Pan American</u> champion, the 2019 team world champion, the 2013 individual world champion, a three-time <u>Olympian</u>, and the 2016 <u>team Olympic bronze medalist</u> who has herald his own experience in overcoming barriers) has broken the law by not permitting Plaintiff, Dinah Yukich ("Plaintiff" or "Dinah"), a long standing fencing enthusiast, from participating in an open fencing competition.

3. Aided by the national official controlling body in the United States, USA Fencing (recognized for overseeing fencing in the United States by the United States Olympic & Paralympic Committee (USOPC)) as well as the competition sponsors and its presiding officials, Chamley-Watson denied Plaintiff participation in the sport that she loves based solely upon unlawful discrimination against a transgender athlete who just like approximately 30,000 of her American counterparts in grass root clubs and on national teams just wanted to face competition in a sanctioned event.

4. Dinah Yukich has long ties to the sport. She fenced in high school and then while attending college at Johns Hopkins University

5. In the winter of 2005-2006, with her wife Sarah's encouragement, Dinah began her physical transition to female in 2021 with the full support of Sarah and their two children.

6. After recovery, Dinah, decided to get back into the sport she loved in July of 2023, she re-activated her USA Fencing membership and used the training and discipline it takes to get back into competitive to aid here in her physical and emotional debilitating journey helped Dinah on a physical and emotional level.

7. Most fencing competitions are sanctioned by USA Fencing. In order to compete in USA Fencing sanctioned events, individuals must be a member of USA Fencing. Dinah was a card-carrying member of USA Fencing, equipped with a Fencer Identification Number and even a USA Fencing membership card.

8. In July of 2023, Dinah contacted USA Fencing and changed her gender marker on her membership card from "M" to "F." This marked her eligible to compete in women's events.

9. In early 2025, Dinah began to really commit to her training and fitness and USA Fencing that her name had legally been changed to Dinah. Despite being an "Unclassified Fencer"

which is the lowest rating a fencer can maintain, the sport  continued to be the hook that kept her grounded and hopeful.

10.     This momentum of hopefulness and happiness came to a screeching halt when USA Fencing implemented a bigoted policy banning transgender women from competing in women's' events. On or about August 1, 2025, USA Fencing unilaterally changed Dinah's gender marker from "F" to "M" and blocked her from registering from any women's competitions.

11.     In November of 2025, Dinah tried to register for the Miles Chamley-Watson Cup which was held on March 20-22, 2026 at the Atlantic City Convention Center in Atlantic City, New Jersey but was blocked from registration and participation in any events scheduled for women.

12.     The stated  event was sanctioned by USA Fencing, and sponsored by a company called Create a Legacy Not a Moment, Inc.  by Defendant Miles Chamley-Watson.  USA Fencing and Create a Legacy Not a Moment, Inc., controlled the operations of this public event, with the direct involvement of USA Fencing officials Jessica Saxon and Shannon Daugherty.

## THE PARTIES

### Plaintiff- Ms. Yukich

13.     Plaintiff Dinah Yukich is an individual residing in Maryland.

14.     Dinah Yukich's Social Security records and driver's license confirm that she is a female individual.

15.     Additionally, she has obtained a Judicial Declaration of Gender Identity and Name Change from Howard County Circuit Court.

16.     Further, Dinah Yukich's birth certificate reflects that her sex is female.

### Defendant – Miles Chamley-Watson

17. Defendant, Miles Chamley-Watson, upon information and belief is a resident of Los Angeles, California.

18. Defendant Miles Chamley-Watson is the Chief Executive Officer, Chief Financial Officer, Director, and Secretary of Create a Legacy Not a Moment, Inc.

19. Miles Chamley-Watson is a highly-regarded fencer in his own right. He has a total of five (5) World Championship medals, including two (2) gold medals at the 2019 and 2013 World Championships. Miles competed in three Olympics and was part of the 2019 foil team that won the bronze medal in Paris. Miles has been an icon and advocate for inclusion and diversity in the sport of fencing.

20. In a 2024 interview on the Pivot Podcast, he explained "…whether you're white, black, girl, boy, whatever, if you're like scared to do a sport [on account of] being accepted, I'm here to show you that you can do whatever you want- and that's the bigger picture for me."

21. Unfortunately, at all times applicable to the present action, Miles Chamley-Watson's actions did not match his words and he lost sight of his own "bigger picture." Miles Chamley-Watson had the opportunity to open the door for Dinah Yukich so she could simply fence. Unlike Miles Chamley-Watson, Dinah was not looking to push boundaries in sport or life. She was simply trying to live her life and fence recreationally. Miles Chamley-Watson, instead of opening the door for inclusion, he shut the door and excluded.

22. In November of 2025, Dinah reached out to the contact for the Miles Chamley-Watson Cup asking for assistance in registering. Instead of representatives from the actual event responding, USA Fencing intervened and reiterated multiple times that only "athletes of the female sex" can participate. As such, Dinah was told she is not eligible to compete in the women's category.

23.     Feeling at a loss, Dinah tried to connect with Miles Chamley-Watson.   She contacted him via e-mail at two separate e-mail addresses- one from his management company, and another that USA Fencing themselves provided.   Miles Chamley-Watson ignored Dinah's pleas for acceptance and inclusion.

24.     Defendant Miles Chamley-Watson availed himself to the state of New Jersey when he, upon information and belief, permitted his name to be in the title of the fencing event that took place on March 20-22, 2026 at the Atlantic City Convention Center, located in Atlantic City, New Jersey.

25.     As the CEO of Create a Legacy Not a Moment, Inc., acting on behalf of Create a Legacy Not a Moment, Inc., he had full and final responsibility to control who would participate in the Miles Chamley-Watson Cup in March of 2026 that took place in Atlantic City, New Jersey.

26.     At all times relevant to the present action, Defendant, Miles Chamley Watson, aided and abetted the unlawful actions of USAF in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events that took place in March of 2026.

**<u>Defendant – Create a Legacy Not a Moment, Inc.</u>**

27.     Defendant, Create a Legacy Not a Moment, Inc., is located at 888 Seventh Avenue, Floor 4, New York, NY 10106.

28.     Upon information and belief, Defendant Create a Legacy Not a Moment, Inc. is in the business of Entertainment Services.

29.     The Miles Chamley-Watson Cup webpage advertised that the event was "presented by" Defendant, Create a Legacy Not a Moment.

30.     Upon information and belief, Defendant Create a Legacy Not a Moment, Inc., was a manager, agent and lessee of the Atlantic City Convention Center during the Miles Chamley-Watson Cup.

31.     At all times relevant to the present action, Defendant, Create a Legacy Not a Moment, Inc., aided and abetted the unlawful actions of USAF in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events.

**Defendant - USA Fencing ("USAF")**

32.     USAF is the National Governing Body ("NGB") for the sport of fencing in the United States.

33.     At all times relevant to the Present Action, USA Fencing, sanctioned the Miles-Chamley-Watson Cup, meaning the event was authorized by a USA Fencing representative, and conducted in accordance with the USA Fencing "Rules of Competition" and the related "USA Fencing Operations Manual."

34.     Upon information and belief, Defendant USAF was an agent, lessee, manager and agent of the Atlantic City Convention Center during the Miles Chamley-Watson Cup that occurred on March 20-22, 2026.

35.     At all times relevant to the present action, USAF aided and abetted by the other defendants, violated state law in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events at the Miles Chamley-Watson Cup that took place in New Jersey.

36.     At all times relevant to the Present Action and upon information and belief, USAF compelled the unlawful actions of Defendants, Miles Chamley-Watson and Defendants, Create a

Legacy Not a Moment, Inc., in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events.

**Defendant – Shannon Daugherty**

37.     Defendant Shannon Daugherty, at all times relevant hereto was the Senior Regional Events Manager for USA Fencing and as a USA Employee maintained her office at 210 USA Cycling Point, Suite 120, Colorado Springs, Colorado, 80919.

38.     Defendant Shannon Daugherty engaged in activity in the state of New Jersey when she communicated with Dinah on behalf of the Miles Chamley-Watson Cup, and excluded Dinah from the event that took place in New Jersey.

39.     As the Senior Regional Events Manager for USA Fencing, Shannon Daugherty acting on behalf of USA Fencing aided, abetted, incited and compelled the unlawful actions of the other Defendants.

**Defendant – Jessica Saxon**

40.     Defendant Jessica Saxon, at all times relevant hereto was the General Counsel for USAF with an office at 210 USA Cycling Point, Suite 120, Colorado Springs, Colorado, 80919.

41.     Defendant Jessica Saxon engaged in activity in the state of New Jersey when she communicated with Dinah on behalf of the Miles Chamley-Watson Cup and excluded Dinah from the event that took place in New Jersey.

42.     At all times relevant to the present action, Defendant, Jessica Saxon, aided and abetted the unlawful actions of USAF in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events that took place in March of 2026.

**JURISDICTION AND VENUE**

43.     Venue is proper under Rule 4:3-2 as the cause of action arises in Atlantic County.

44.     The Court has proper subject matter jurisdiction under N.J. Const. art. VI, § 3, ¶ 2, and personal jurisdiction over each defendant under R. 4:4-4 based on conduct directed at New Jersey.

### **FACTUAL BACKGROUND**

45.     Dinah became a USAF member in the early 2000s. and thereafter, took time off from fencing from 2009 through 2024 to raise a family with her wife, Sarah and commence the physical process of transitioning her body and undergo hormone regimen.

46.     Encouraged by fellow fencers, Dinah began fencing again at the DC Fencers Club.

47.     In order to compete in USAF sanctioned events, Dinah had to become a member of USAF again.

48.     In July of 2023, Dinah re-activated her USAF membership as she was ready to get back into fencing after her transition.

49.     On July 12, 2023, Dinah contacted USAF via e-mail and notified them that she is transgender and expressed her desire to change her gender marker on her membership from "M" to "F."

50.     That same month, USAF changed Dinah's gender marker from "M" to "F" and marked her eligible to compete in women's events.

51.     While technically eligible to compete, Dinah did not actually compete in any events in 2023 and 2024, as she was just getting back into shape after approximately 15 years away from the sport.

52.     After letting her USAF membership lapse briefly, on April 9, 2025, Ms. Yukich re-activated her USAF membership and increased her training with the intent of competing in 2025. She also notified USAF that her name had been legally changed to "Dinah Yukich."

53.     On July 22, 2025, Phil Andrews, the CEO of USAF, notified its members that USAF was being forced by the USOPC to implement the Trans Ban that excludes transgender women from competing in women's events:

> ...[O]n July 18, the U.S. Olympic and Paralympic Committee (USOPC) released new athlete-eligibility guidelines, via their Athlete Safety Policy, that every national government body must follow...In response, USA Fencing is forced to apply the Transgender & Non-Binary Participation Policy we first shared on April 15, 2025

54.     The Trans Ban explicitly admits that there may be state laws that are contrary to this policy:

> It is important to note that there may be existent laws per state, and an evolving federal legal landscape that have implications on the adherence to the proposed policy. In such cases, it is the responsibility of that event host(s) or individual(s) to make USA Fencing aware.

55.     Despite knowing the emotional distress it was causing, USAF implemented and enforced the Trans Ban.

56.     On July 26, 2025, Ms. Yukich submitted a formal complaint to USAF through the USAF portal to dispute the discriminatory Trans Ban.

57.     On July 28, 2025, USAF General Counsel defendant Jessica Saxon, closed the complaint without a finding, stating in part:

> Because this policy has been approved by the USOPC, your report does not allege a violation, and we must close it with no finding.

58.     On or about August 1, 2025, USAF unilaterally changed Dinah's's sex marker from "F" to "M" on her USAF Account.  USAF announced this unilateral change so that "each athlete is automatically assigned to the correct event category for the 2025-2026 season."

59.     On August 3, 2025, Ms. Yukich contacted USAF notifying the organization that it had incorrectly modified her gender and requesting that it change her gender marker back to "F."

> *My account appears to have been incorrectly modified to classify my gender as a male fencer.  I am female….I expect this to be corrected promptly.*

60.     On August 3, 2025, Phil Andrews, the CEO of USAF, admitted Dinah that the Trans Ban has a negative effect on her and further explicitly stated that the USOPC compelled USAF to implement the discriminatory ban.

> *…[U]nfortunately USA Fencing has no choice but to adhere to the requirements of the USOPC at this time….We have made diligent efforts to ensure as a respectful as possible implementation of the required policies, but I understand they have had a negative effect on a number of members.*

61.     Upon information and belief, the Board of Directors of the USOPC were aware of the emotional distress the Trans Ban would cause its transgender members. Damien Lehfeldt, the Chair of the Board of Directors of USAF, admitted as much when he e-mailed Ms. Yukich:

> *I am writing to express my deep sympathy regarding the recent shift in policy from the USOPC and its impact on you and other transgender fencers within our community.*

62.     The Miles Chamley-Watson Cup was a USAF-sanctioned event held at the Atlantic City Convention Center on March 20-22, 2026.   It is a USAF Sanctioned Event.  The Miles Chamley-Watson Cup is an event that is open for members of the public to both participate and spectate.  In order to register, members of the public can go to the event webpage with a link for an individual to register.

63.     The webpage for the event includes that all questions related to the event be sent to an email address:  boutbureau@gmail.com ("Bout Bureau E-Mail").

64.     On November 12, 2025, Dinah contacted the event by sending an email to Bout Bureau E-Mail seeking assistance in registering for the VET Women's Epee and Div 2 Women's Epee events at the Miles Chamley-Watson event that took place on March 20-22, 2026.  She notified the event, through her email to the Bout Bureau, that she was blocked from registering for any women's events.  A copy of the e-mail is attached as Exhibit A.

65.     That same day, USA Fencing through Shannon Daugherty, responded via e-mail denying Dinah's request to participate in the women's fencing events and citing to the UASF "Transgender & Non-Binary Athlete Eligibility Policy."  A copy of the email is attached hereto as Exhibit B.

66.     In an effort to get help from Defendant Miles Chamley-Watson, on November 14, 2025, Dinah called ML Management, a company that upon information and belief provides management services to Defendant Miles Chamley-Watson.  Dinah explained that she was trying to get in touch with Defendant, Create a Legacy Not a Moment, Inc.

67.     Dinah was connected with an individual named Jessica who explained that she worked with Defendant Miles Chamley-Watson.  Dinah obtained Defendant Miles Chamley-Watson's e-mail address with the ML Management.

68.     On November 17, 2025, Dinah Defendant Miles Chamley-Watson seeking assistance in registering for the VET Women's Epee and the Div 2 Women's Epee events at the Miles Chamley-Watson Cup.  Dinah included that she was a transgender female.  A copy of the email is attached as Exhibit C.

69.     Upon information and belief, Defendant Miles Chamley-Watson received the email and ignored same.  On November 20, 2025, Dinah followed up via e-mail.

70.     Upon information and belief, Defendant Miles Chamley-Watson received Dinah's follow-up email and ignored same.

71.     On December 12, 2025, Dinah followed up with an e-mail to the Bout Bureau E-Mail Address.  As of that date, Dinah had not received any response from the Bout Bureau.  Dinah sent the follow-up e-mail to the same e-mail address.

72.     The following day, Defendant Jessica Saxon responded via e-mail and copied Bout Bureau, Defendant Shannon Daugherty and Defendant Miles Chamley-Watson.

73.     Defendant Jessica Saxon included a different e-mail address for Miles Chamley-Watson than the one Dinah had been provided by ML Management.  Upon information and belief, Jessica Saxon included Miles Chamley-Watson's personal e-mail address – a different email address than the one obtained through ML Management, Inc.

74.     Defendant Jessica Saxon responded that Dinah was not allowed to compete in any women's events at the Miles Chamley-Watson Cup.  She further directed Dinah to forward any other questions to her attention.  A copy of this E-mail correspondence is attached as Exhibit D.

75.     Upon information and belief, Defendant USAF through Defendants Jessica Saxon and Shannon Daugherty controlled the responses to all inquiries relating to the Miles Chamley-Watson  Cup and acted on behalf of Defendants USAF, Miles Chamley Watson and Create a Legacy Not a Moment, Inc.

76.     Upon information and belief, Defendants Create a Legacy Not a Moment, Inc. and Miles-Chamley Watson agreed with Defendants USAF, Jessica Saxon and Shannon Daugherty's exclusion of Dinah from the events.

77.     In an effort to seek help from the sponsoring company, Defendant Create a Legacy Not a Moment, Inc.,  on December 15, 2025, Dinah contacted the company's president, Defendant Miles Chamley-Watson.  Dinah again told Defendant Miles Chamley-Watson that she was a transgender woman and looking to compete in the women's events at the Miles Chamley-Watson Cup in New Jersey on March 20-22, 2026.  A copy of this e-mail is attached hereto as Exhibit E.

78.     Upon information and belief, Defendant Miles Chamley-Watson ignored Dinah's request for inclusion and acceptance.

79.     On January 7, 2026, Dinah followed-up with Defendant Miles-Chamley Watson, to no avail.  Despite her second request for inclusion and acceptance, Defendant Miles-Chamley Watson, upon information and belief, chose to ignore Dinah's pleas for acceptance and inclusion.

**COUNT ONE**
**YUKICH v. USA FENCING and CREATE AND LEGACY NOT A MOMENT, INC.**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(f)(1))**

80.     Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

81.     Defendants, USA Fencing and Create a Legacy Not a Moment, Inc., each is a "person" as defined by the New Jersey Law Against Discrimination ("NJLAD").  N.J.S.A. 10:5-5(a).

82.     Upon information and belief, Defendants, USA Fencing and Create a Legacy Not a Moment, Inc., each were a lessee, manager and agent of the Atlantic City Convention Center during the Miles Chamley-Watson Cup that occurred on March 20-22, 2026.

83.     USA Fencing and the Miles Chamley-Watson Cup is itself a "places of public accommodation" entity as defined by NJLAD. N.J.S.A. 10:5-5(l).

84.    Gender identity or expression is a protected status under the NJLAD.  N.J.S.A. 10:5-12(f)(1).

85.    "Gender identity or expression" under the NJLAD "means having or being perceived as having a gender related identity or expression whether or not stereotypically associated with a person's assigned sex at birth." N.J.S.A. 10:5-5(rr).

86.    It is simply unlawful discrimination for an owner of any place of public accommodation to "directly or indirectly refuse, withhold from or deny any person of any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof…on account of sex, gender identity or expression…"  N.J.S.A 10:5-12(f)(1).

87.    At all times applicable to the present matter, each of the Defendants was aware that Dinah was a transgender woman and knowingly and maliciously discriminated against Dinah Yukich on the basis of her gender identity and expression.

88.    Defendant USA Fencing, aided and abetted by the other four defendants discriminated against Dinah when they individually and collectively prohibited Dinah from competing in the VET Women's Epee and Div 2 Women's Epee events on account of her gender identity and expression.

89.    Dinah suffered and continues to suffer great emotional harm as a direct result of Defendants actions.

90.    USA Fencing, and  the other four defendants, acted with actual malice when it discriminated against Dinah by removing her from the events because she is a transgender woman.

91.     USA Fencing acted with wanton and willful disregard for the rights of Dinah to participate under New Jersey law when it was foreseeable that Dinah would suffer great harm by the act of excluding her from the VET Women's Epee and the Div 2 Women's Epee.

**WHEREFORE**, Plaintiff demands judgment against each of the Defendants as follows:

a.     The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b.     An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.     An awarding to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.     An award of such other and further relief as the Court determines just and equitable.

<div align="center">

**COUNT TWO**
**YUKICH v.. CREATE A LEGACY NOT A MOMENT**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))**

</div>

92.     Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein

93.     Defendant, Create a Legacy Not a Moment, Inc., is a "person" as defined by the NJLAD.  N.J.S.A. 10:5-5(a).

94.     It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so."  N.J.S.A 10:5-12(e).

95.     Create a Legacy Not a Moment, Inc., actively aided and abetted Defendant USA Fencing, Defendant Miles Chamley-Watson, Defendant Jessica Saxon and Defendant Shannon Daugherty., in the affecting of the discrimination that caused harm to Dinah.

96.     Create a Legacy Not a Moment, Inc. was aware of its role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New Jersey Law Against Discrimination that caused Dinah harm.

97.     Create a Legacy Not a Moment acted with actual malice when it aided and abetted Defendants USA Fencing, Miles Chamley-Watson, Shannon Daugherty and Jessica Saxon's, discrimination against Dinah by removing her from the VET Women's Epee and Div 2 Women's Epee events because she is a transgender woman.

98.     Create a Legacy Not a Moment, Inc., acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and abetting the unlawful actions of Defendants, USA Fencing, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc., by excluding her from the VET Women's Epee and Div 2 Women's Epee events.

99.     As a direct result of Create a Legacy Not A Moment, Inc.'s actions, Plaintiff has suffered *inter alia* severe and continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Create a Legacy Not a Moment Inc. and in favor of Plaintiff, Dinah Yukich as follows:

a.      The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b.      An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.      An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.      An award of such other and further relief as the Court determines just and equitable.

<div align="center">

**COUNT THREE**
**YUKICH v.. JESSICA SAXON**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))**

</div>

100.    Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

101.    Defendant, Jessica Saxon, is a "person" as defined by the NJLAD.  N.J.S.A. 10:5-5(a).

102.    It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so."  N.J.S.A 10:5-12(e).

103.    Jessica Saxon actively aided and abetted Defendant USA Fencing, Defendant Miles Chamley-Watson and Defendant Create a Legacy Not a Moment, Inc., in the affecting of the discrimination that caused harm to Dinah.

104.    Jessica Saxon was aware of her role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New Jersey Law Against Discrimination that caused Dinah harm.

105.    Jessica Saxon acted with actual malice when she aided and abetted Defendants USA Fencing, Miles Chamley-Watson, Shannon Daugherty and Create a Legacy Not a Moment, Inc., discrimination against Dinah by removing her from the VET Women's Epee and Div 2 Women's Epee events  because she is a transgender woman.

106.    Jessica Saxon acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and abetting the unlawful actions of Defendants, USA Fencing, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc.,  by excluding her from the VET Women's Epee and Div 2 Women's Epee events.

107.  As a direct result of Jessica Saxon's actions, Plaintiff has suffered *inter alia* severe and continuing  emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Jessica Saxon and in favor of Plaintiff, Dinah Yukich as follows:

e.  The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

f.  An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

g.  An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

h.  An award of such other and further relief as the Court determines just and equitable.

**COUNT FOUR**
**YUKICH v.    . SHANNON DAUGHERTY**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))**

108.  Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

109.  Defendant, Shannon Daugherty, is a "person" as defined by the NJLAD.  N.J.S.A. 10:5-5(a).

110.  It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so."  N.J.S.A 10:5-12(e).

111.  Shannon Daugherty actively aided and abetted Defendant USA Fencing, Defendant Miles Chamley-Watson and Defendant Create a Legacy Not a Moment, Inc., in the affecting of the discrimination that caused harm to Dinah.

112.     Shannon Daugherty was aware of her role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New Jersey Law Against Discrimination that caused Dinah harm.

113.     Shannon Daugherty acted with actual malice when she aided and abetted Defendants USA Fencing, Jessica Saxon, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc.'s discrimination against Dinah by removing her from the VET Women's Epee and Div 2 Women's Epee events because she is a transgender woman.

114.     Shannon Daugherty acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and abetting the unlawful actions of Defendants, USA Fencing, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc., by excluding her from the VET Women's Epee and Div 2 Women's Epee events.

115.     As a direct result of Shannon Daugherty actions, Plaintiff has suffered *inter alia* severe and continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Shannon Daugherty and in favor of Plaintiff, Dinah Yukich as follows:

a.     The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b.     An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.     An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.     An award of such other and further relief as the Court determines just and equitable.

**COUNT FIVE**
**YUKICH v. MILES CHAMLEY-WATSON**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))**

116.    Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

117.    Defendant, Miles Chamley-Watson, is a "person" as defined by the NJLAD. N.J.S.A. 10:5-5(a).

118.    It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so." N.J.S.A 10:5-12(e).

119.    Miles Chamley-Watson actively aided and abetted Defendants USA Fencing, Jessica Saxon, Shannon Daugherty and Create a Legacy Not a Moment, Inc., in the affecting of the discrimination that caused harm to Dinah.

120.    Miles Chamley-Watson was aware of his role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New Jersey Law Against Discrimination that caused Dinah harm.

121.    Miles Chamley-Watson acted with actual malice when he aided and abetted Defendants, USA Fencing, Jessica Saxon, Shannon Daugherty and Create a Legacy Not a Moment, Inc.'s,  discrimination against Dinah by removing her from the VET Women's Epee and Div 2 Women's Epee events  because she is a transgender woman.

122.    Miles Chamley Watson acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and abetting the unlawful actions of Defendants USA Fencing, Jessica Saxon, Shannon Daugherty and Create a Legacy Not a Moment, Inc., by excluding her from the VET Women's Epee and Div 2 Women's Epee events.

123.    As a direct result of Miles Chamley-Watson's actions, Plaintiff has suffered *inter alia* severe and continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Miles Chamley-Watson and in favor of Plaintiff, Dinah Yukich as follows:

e.      The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

f.      An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

g.      An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

h.      An award of such other and further relief as the Court determines just and equitable.

### COUNT SIX
### YUKICH v. USA FENCING
### NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))

124.    Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

125.    Defendant, USA Fencing, is a "person" as defined by the NJLAD.  N.J.S.A. 10:5-5(a).

126.    It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so."  N.J.S.A 10:5-12(e).

127.    Upon information and belief, USA Fencing actively compelled Defendants Jessica Saxon, Shannon Daugherty, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc., to follow the Trans Ban and ensure that that transgender women be excluded from the women's

events at the Miles Chamley-Watson Cup that was held on March 20-22, 2026 at the Atlantic City Convention Center.

128.    USA Fencing was aware of its role in the scheme of discrimination against Dinah. Upon information and belief, USA Fencing utilized its status as the NGB for the sport of fencing, to compel the other defendants to violated the New Jersey Law Against Discrimination and excluded Dinah, a member of the public, from participating in the women's events at the Miles Chamley-Watson Cup.

129.    USA Fencing acted with actual malice when it implemented the Trans Ban and upon information and belief, compelled Create a Legacy Not a Moment, Inc. (the event sponsor) to follow USA Fencing's illegal Trans Ban and exclude Dinah from the VET Women's Epee and Div 2 Women's Epee events  because she is a transgender woman.

130.    USA Fencing acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the coercion and compelling Defendants Miles Chamley-Watson, Jessica Saxon, Shannon Daugherty and Create a Legacy Not a Moment, Inc., to effectuate the Trans Ban by excluding Dinah from the VET Women's Epee and Div 2 Women's Epee events.

131.    As a direct result USA Fencing's actions, Plaintiff has suffered *inter alia* severe and continuing  emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant USA Fencing and in favor of Plaintiff, Dinah Yukich as follows:

1.    The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

2.    An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

3.     An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

4.     An award of such other and further relief as the Court determines just and equitable.

## COUNT SEVEN
## YUKICH v.. ALL DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

132.     Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

133.     Defendants, individually and collectively, acted intentionally when they excluded Dinah from the VET Women's Epee and Div 2 Women's Epee events at the Miles Chamley-Watson Cup.

134.     Defendant's individual actions were outrageous, extreme, atrocious and utterly intolerable in a civilized community and go beyond the possible bounds of decency.

135.     Defendants individually and collectively caused Dinah great emotional distress that was and is so severe that no reasonable person could be expected to endure it.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually and collectively as follows:

a.     The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b.     An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.     An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d. An award of such other and further relief as the Court determines just and equitable.

## COUNT EIGHT
## YUKICH v. ALL DEFENDANTS
## CIVIL CONSPIRACY

136. Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

137. Defendants USA Fencing and Create a Legacy Not a Moment, Inc., upon information and belief, agreed to implement the Trans Ban that would violate the New Jersey Law Against Discrimination.

138. Defendants, Jessica Saxon, Shannon Daugherty and Miles Chamley-Watson also agreed to ensure that the Trans Ban was implemented for the Miles Chamley-Watson Cup.

139. All Defendants entered into this agreement with the purpose of excluding Dinah Yukich from the women's events at the Miles Chamley-Watson Cup because she is a transgender.

140. Defendants Jessica Saxon and Shannon Daugherty committed overt acts in furtherance of the agreement to violate the NJLAD, by communicating to Dinah that she was excluded from the women's events.

141. Defendant Miles Chamley-Watson committed the overt act of ignoring Dinah's repeated requests for assistance with registering for the women's events.

142. The Defendants acted in concert to unlawfully deny Dinah from participating in the VET Women's Epee and Div 2 Women's Epee at the Miles Chamley-Watson Cup, resulting in her non-participation in the events and causing her great emotional harm.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually and collectively as follows:

a.      The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b.      An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.      An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.      An award of such other and further relief as the Court determines just and equitable.

Respectfully Submitted,

SPECTOR GADON ROSEN VINCI, P.C.

By: _____
**SUSAN M. CIRILLI, ESQUIRE**
NJ Attorney No. 017972012
**SPECTOR GADON ROSEN VINCI P.C.**
130 N.18th Floor
Philadelphia, PA 19103
215.241.8857
scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

Date: May 19, 2026

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of 12 members on all issues triable by a jury.

Good cause exists for a jury of 12 members because the triable issues are in the public domain

and of public interest.

**Dated: May 19, 2026**

Susan M. Cirilli, Esq. (017972012)
**SPECTOR GADON ROSEN VINCI P.C.**
130 North 18th Street
 Suite 1800
 Philadelphia, PA 19103
 215.241.8857
 scirilli@sgrvlaw.com
 *Attorney for Plaintiff Dinah Yukich*

## <u>DESIGNATION OF TRIAL COUNSEL</u>

In accordance with <u>Rule</u> 4:25-4, Plaintiff hereby designates Susan M. Cirilli, Esquire as trial counsel in this action.

I hereby certify that to the best of my knowledge, information, and belief, the within matter in controversy is not the subject of any other pending or contemplated court actions or arbitration proceedings.

I further certify that to the best of my knowledge, information, and belief, I am not aware of any non-parties who should be joined in the action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Susan M. Cirilli, Esq. (017972012)
**SPECTOR GADON ROSEN VINCI P.C.**
130 North 18th Street
Suite 1800
Philadelphia, PA 19103
215.241.8857
scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

Dated:  May 19, 2026

**RULE 1:38-7(b) CERTIFICATION**

I certify that confidential personal identifiers have been redacted from the documents now submitted to the Court and will be redacted from all documents submitted to the Court in the future in accordance with Rule 1:38-7(b).

_____
Susan M. Cirilli, Esq. (017972012)
**SPECTOR GADON ROSEN VINCI P.C.**
130 North 18th Street
Suite 1800
Philadelphia, PA 19103
215.241.8857
scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

Dated:  May 19, 2026

# EXHIBIT A

Subject: Seeking assistance registering for the Miles Chambley-Watson Cup To: boutbureau@gmail.com <boutbureau@gmail.com>

Brandon,

My name is Dinah Yukich and I am writing with regard to the Miles Chamley – Watson Cup to be held March 20-22, 2026 in Atlantic City, NJ. I am trying to register for women's events, but I am not able to. Briefly, I am a transgender women. Before August of this year, I was able to register for the women's events. However, since USA Fencing's policy change, I am not able to register for any women's events. Attached are the screenshots.

I am contacting you because you are listed as the event organizer and running this event. I am seeking assistance in getting me registered for the VET Women's Epee and Div 2 Women's Epee events.

I look forward to hearing from you, and I appreciate your help. For your purposes, my Fencing ID No. is 100058201.

Thank you,

Dinah Yukich

# EXHIBIT B

**REDACTED**

**From:** Shannon Daugherty <s.daugherty@usafencing.org>
**Date:** November 12, 2025 at 5:02:13 PM EST
**To:** Dinah Yukich █████████████████
**Cc:** Jess Saxon <J.Saxon@usafencing.org>
**Subject: RE: External:Fwd: Seeking assistance registering for the Miles Chambley-Watson Cup**


Hi Dinah,

Thank you for the inquiry regarding your participation at the Miles Chamley Watson Cup in Atlantic City.

Effective August 1, 2025, USA Fencing's **Transgender & Non-Binary Athlete Eligibility Policy** governs participation in all sanctioned competitions. Pursuant to Section III of the policy, eligibility for the Women's category is limited to athletes of the female sex, provided all other entry requirements are satisfied. Athletes who do not meet this criterion are not eligible to compete in the Women's category.

Accordingly, you are ineligible to compete in the women's events at this regional tournament.
If you have any further questions, please forward them the Jess Saxon.

Best,



**Shannon Daugherty**
Sr. Regional Events Manager
USA Fencing

1

# EXHIBIT C

**REDACTED**

From: Dinah Yukich █ ████████████████
Sent: Monday, November 17, 2025 11:59 AM
To: ███████████████████████████████████
Subject: Miles Chamley-Watson Cup

Miles,

My name is Dinah Yukich and I am writing with regard to the Miles Chamley – Watson Cup to be held March 20–22, 2026 in Atlantic City, NJ. I am trying to register for women's events, but I am not able to. I am a transgender women. Before August of this year, I was able to register for the women's events. However, since USA Fencing's policy change, I am not able to register for any women's events. Attached are the screenshots.

I am contacting you because the entity "Create a Legacy Not a Moment, LLC" is presenting this event. I am seeking assistance in getting me registered for the VET Women's Epee and Div 2 Women's Epee events.

I look forward to hearing from you, and I appreciate your help. For your purposes, my Fencing ID No. is 100058201.

Thank you,
Dinah Yukich

1

# EXHIBIT D

# REDACTED

**From:** Jess Saxon <J.Saxon@usafencing.org>
**Date:** December 13, 2025 at 2:50:12 PM EST
**To:** Dinah Yukich ████████████████████████
**Cc:** Bout Bureau <boutbureau@gmail.com>, Shannon Daugherty <s.daugherty@usafencing.org>, ████████████████████████
**Subject: Miles Chambley-Watson Cup**


Hi Dinah,

Thank you for the inquiry regarding your participation at the Miles Chamley Watson Cup in Atlantic City.
As explained in an email on November 12, 2025, effective August 1, 2025, USA Fencing's **Transgender & Non-Binary Athlete Eligibility Policy** governs participation in all sanctioned competitions. Pursuant to Section III of the policy, eligibility for the Women's category is limited to athletes of the female sex, provided all other entry requirements are satisfied. Athletes who do not meet this criterion are not eligible to compete in the Women's category.

Accordingly, you are ineligible to compete in the women's events at this regional tournament.

The event organizers are unable to assist further. If you have any further questions, please forward them to me.

Thank you.

# EXHIBIT E

**REDACTED**

**From:** Dinah Yukich <▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮>
**Date:** December 15, 2025 at 12:22:47 PM EST
**To:** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
**Subject: Assistance with Miles Chamley-Watson Cup**


Miles,

My name is Dinah Yukich and I am a transgender woman and a member of USA Fencing (ID No. 100058201). I am reaching out to you regarding the Miles Chamley-Watson Cup that is going to be held in March of 2026 in Atlantic City, New Jersey. It is my understanding that your company, Create a Legacy Not a Moment, is presenting this event. That is why I am writing to you.

Briefly, before August of this year, I was able to register for the women's events. However, since USA Fencing's policy change, I am unable to register for any women's events. While USA Fencing continues to communicate to me regarding this event, I am writing to you because your company is putting on this event. Your company is presenting an event that is open to the public, and in the state of New Jersey where gender identity is a protected status.

I very much would appreciate your assistance in ensuring I am able to fence in accordance with New Jersey state law.

I appreciate your help.
Dinah Yukich

1

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-001024-26

**Case Caption:** YUKICH DINAH  VS CHAMLEY-WATSON MILES

**Case Initiation Date:** 05/19/2026

**Attorney Name:** SUSAN M CIRILLI

**Firm Name:** SPECTOR GADON ROSEN VINCI PC

**Address:** ONE LOGAN SQUARE, SUITE 1800 130 N. 18TH STREET

PHILADELPHIA PA 19103

**Phone:** 2152418888

**Name of Party:** PLAINTIFF : Dinah Yukich

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** CIVIL RIGHTS

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Dinah Yukich? NO**

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/19/2026
Dated

/s/ SUSAN M CIRILLI
Signed

SPECTOR GADON ROSEN VINCI P.C.
By: Susan M. Cirilli, Esq. (017972012)
One Logan Square
130 N. 18th Street, 18th Floor
Philadelphia, PA 19103
Telephone: (215) 241-8873
Email: scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

| | | |
|---|---|---|
| DINAH YUKICH | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: CIVIL PART |
| Plaintiff, | : | ATLANTIC COUNTY |
| | : | |
| v. | : | Docket No. ATL-L-001024-26 |
| | : | |
| MILES CHAMLEY-WATSON, USA | : | **CIVIL ACTION** |
| FENCING, JESSICA SAXON, CREATE | : | **SUMMONS** |
| A LEGACY NOT A MOMENT, INC., | : | |
| SHANNON DAUGHERTY, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

From The State of New Jersey To The Defendant(s) Named Above:

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

By: /s/ Michelle M. Smith
Clerk of the Superior Court

Dated: May 21, 2026

Name of Defendant to Be Served:

Miles Chamley-Watson

Address of Defendant to Be Served:

230 S. Hamilton Dr., Unit 301
Beverly Hills, CA  90211-5441

ATLANTIC COUNTY LAW DIVISION
SUPERIOR COURT OF NEW JERSEY
1201 BACHARACH BLVD
ATLANTIC CITY    NJ 08401

                                    TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (609) 402-0100
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   MAY 19, 2026
                    RE:     YUKICH DINAH  VS CHAMLEY-WATSON MILES
                    DOCKET: ATL L -001024 26


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DANIELLE J. WALCOFF

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     202
AT:  (609) 402-0100 EXT 47611.


     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: SUSAN M. CIRILLI
                              SPECTOR GADON ROSEN VINCI PC
                              ONE LOGAN SQUARE, SUITE 1800
                              130 N. 18TH STREET
                              PHILADELPHIA     PA 19103


ECOURTS

SPECTOR GADON ROSEN VINCI P.C.
By: Susan M. Cirilli, Esq. (017972012)
One Logan Square
130 N. 18th Street, 18th Floor
Philadelphia, PA 19103
Telephone: (215) 241-8873
Email: scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

| | |
|---|---|
| DINAH YUKICH | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION: CIVIL PART |
| Plaintiff, | : ATLANTIC COUNTY |
| | : |
| v. | : Docket No. ATL-L-001024-26 |
| | : |
| MILES CHAMLEY-WATSON, USA | : **CIVIL ACTION** |
| FENCING, JESSICA SAXON, CREATE | : **SUMMONS** |
| A LEGACY NOT A MOMENT, INC., | : |
| SHANNON DAUGHERTY, | : |
| | : |
| Defendants. | : |
| | : |
| | : |
| | : |

From The State of New Jersey To The Defendant(s) Named Above:

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

By: /s/ Michelle M. Smith
Clerk of the Superior Court

Dated: May 21, 2026

Name of Defendant to Be Served:

Miles Chamley-Watson

Address of Defendant to Be Served:

230 S. Hamilton Dr., Unit 301
Beverly Hills, CA  90211-5441

SPECTOR GADON ROSEN VINCI P.C.
By: Susan M. Cirilli, Esq. (017972012)
One Logan Square
130 N. 18th Street, 18th Floor
Philadelphia, PA 19103
Telephone: (215) 241-8873
Email: scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

| | | |
|---|---|---|
| DINAH YUKICH | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: CIVIL PART |
| Plaintiff, | : | ATLANTIC COUNTY |
| | : | |
| v. | : | Docket No. ATL-L-001024-26 |
| | : | |
| MILES CHAMLEY-WATSON, USA | : | **CIVIL ACTION** |
| FENCING, JESSICA SAXON, CREATE | : | **SUMMONS** |
| A LEGACY NOT A MOMENT, INC., | : | |
| SHANNON DAUGHERTY, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

From The State of New Jersey To The Defendant(s) Named Above:

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

Case 2:26-cv-08140-KSH-AME   Document 1   Filed 07/31/26   Page 61 of 143 PageID: 431

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

By: /s/ Michelle M. Smith
Clerk of the Superior Court

Dated: May 21, 2026

Name of Defendant to Be Served:

USA Fencing

Address of Defendant to Be Served:

210 USA Cycling Point, Suite 120
Colorado Springs, CO 80919

2

SPECTOR GADON ROSEN VINCI P.C.
By: Susan M. Cirilli, Esq. (017972012)
One Logan Square
130 N. 18th Street, 18th Floor
Philadelphia, PA 19103
Telephone: (215) 241-8873
Email: scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

| | |
|---|---|
| DINAH YUKICH | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION: CIVIL PART |
| Plaintiff, | : ATLANTIC COUNTY |
| | : |
| v. | : Docket No. ATL-L-001024-26 |
| | : |
| MILES CHAMLEY-WATSON, USA | : **CIVIL ACTION** |
| FENCING, JESSICA SAXON, CREATE | : **SUMMONS** |
| A LEGACY NOT A MOMENT, INC., | : |
| SHANNON DAUGHERTY, | : |
| | : |
| Defendants. | : |
| | : |
| | : |
| | : |

From The State of New Jersey To The Defendant(s) Named Above:

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

By: /s/ Michelle M. Smith
Clerk of the Superior Court

Dated: May 21, 2026

Name of Defendant to Be Served:

Jessica Saxon

Address of Defendant to Be Served:

85 Boston Rd.
Pennsville, NJ  08070

2

SPECTOR GADON ROSEN VINCI P.C.
By: Susan M. Cirilli, Esq. (017972012)
One Logan Square
130 N. 18th Street, 18th Floor
Philadelphia, PA 19103
Telephone: (215) 241-8873
Email: scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

| | | |
|---|---|---|
| DINAH YUKICH | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: CIVIL PART |
| Plaintiff, | : | ATLANTIC COUNTY |
| | : | |
| v. | : | Docket No. ATL-L-001024-26 |
| | : | |
| MILES CHAMLEY-WATSON, USA | : | **CIVIL ACTION** |
| FENCING, JESSICA SAXON, CREATE | : | **SUMMONS** |
| A LEGACY NOT A MOMENT, INC., | : | |
| SHANNON DAUGHERTY, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

From The State of New Jersey To The Defendant(s) Named Above:

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

By: /s/ Michelle M. Smith
Clerk of the Superior Court

Dated: May 21, 2026

Name of Defendant to Be Served:

Create A Legacy Not a Moment, Inc.

Address of Defendant to Be Served:

888 Seventh Avenue, Floor 4
New York, NY 10106

2

SPECTOR GADON ROSEN VINCI P.C.
By: Susan M. Cirilli, Esq. (017972012)
One Logan Square
130 N. 18th Street, 18th Floor
Philadelphia, PA 19103
Telephone: (215) 241-8873
Email: scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

| | |
|---|---|
| DINAH YUKICH | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION: CIVIL PART |
| Plaintiff, | : ATLANTIC COUNTY |
| | : |
| v. | : Docket No. ATL-L-001024-26 |
| | : |
| MILES CHAMLEY-WATSON, USA | : **CIVIL ACTION** |
| FENCING, JESSICA SAXON, CREATE | : **SUMMONS** |
| A LEGACY NOT A MOMENT, INC., | : |
| SHANNON DAUGHERTY, | : |
| | : |
| Defendants. | : |
| | : |
| | : |
| | : |

From The State of New Jersey To The Defendant(s) Named Above:

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

By: /s/ Michelle M. Smith
Clerk of the Superior Court

Dated: May 21, 2026

Name of Defendant to Be Served:

Shannon Daugherty

Address of Defendant to Be Served:

7248 Duryea Dr.
Colorado Springs, CO 80923-8723

2

SPECTOR GADON ROSEN VINCI P.C.
By: Susan M. Cirilli, Esq. (017972012)
One Logan Square
130 N. 18th Street, 18th Floor
Philadelphia, PA 19103
Telephone: (215) 241-8873
Email: scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

| | | |
|---|---|---|
| DINAH YUKICH | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: CIVIL PART |
| Plaintiff, | : | ATLANTIC COUNTY |
| | : | |
| v. | : | Docket No. ATL-L-001024-26 |
| | : | |
| MILES CHAMLEY-WATSON, USA | : | **CIVIL ACTION** |
| FENCING, JESSICA SAXON, CREATE | : | **SUMMONS** |
| A LEGACY NOT A MOMENT, INC., | : | |
| SHANNON DAUGHERTY, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

From The State of New Jersey To The Defendant(s) Named Above:

      The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

      If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.

A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

By: /s/ Michelle M. Smith
Clerk of the Superior Court

Dated: June 5, 2026

Name of Defendant to Be Served:

Create A Legacy Not A Moment, Inc. - Eric Binder, Registered Agent for Create A Legacy Not A Moment, Inc.

Address of Defendant to Be Served:

1800 Century Park East
Suite 400
Los Angeles, CA  90067

ATL-L-001024-26   07/02/2026 6:28:11 PM   Pg 67 of 140   Trans ID: LCV20261761329
Case 2:26-cv-08140-KSH-AME   Document 8-6   Filed 07/31/26   Page 70 of 143 PageID:
Case 1:26-cv-08140   Document 1-1   Filed 07/02/26   Page 57 of 87 PageID: 64
440

SPECTOR GADON & ROSEN, P.C. - PA

## SUPERIOR COURT OF NJ
## COUNTY OF ATLANTIC

### AFFIRMATION OF ATTEMPTED SERVICE



∗1998854∗

Index no : **ATL L 1024 26**
Office No: 20260522122232
N/A

| Plaintiff: | **DINAH YUKICH** |
|---|---|
| Defendant: | **MILES CHAMLEY-WATSON, ET AL.** |

STATE OF NEW YORK COUNTY OF NASSAU        ss.:
I (Wilson P Pastoriza) affirm I am over the age of 18 and reside in New York State

On **05/29/2026** at **12:31 PM**, I was unable to effect service of the **SUMMONS, COMPLAINT, CERTIFICATION, EXHIBITS, CIS** on **CREATE A LEGACY NOT A MOMENT, INC.** at **888 SEVENTH AVENUE FLOOR 4, NEW YORK, NY10106** for the reason(s) indicated below:

**AS PER SECURITY ENTITY REFUSES ANY AND ALL LEGAL DOCUMENTS- M-BLK-BLK-45-5'6-170**

I affirm this 2nd day of June, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X _____

Wilson P Pastoriza
License#: 2122372-DCWP
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
SUITE 101
UNION.NJ 07083
908-687-0056
Clerk: Clerk5



ATL-L-001024-26  07/02/2026 6:28:11 PM  Pg 68 of 140  Trans ID: LCV20261761329
Case 2:26-cv-08140-KSH-AME  Document 8-6  Filed 07/31/26  Page 71 of 143 PageID:
Case 1:26-cv-08140  Document 1-1  Filed 07/02/26  Page 58 of 87 PageID: 65
441

||||| ||||| | |||||||||| |||||||||| |||| ||| || |||
20260522122232

**Guaranteed Subpoena Service, Inc.**
P.O. Box 2248 - Union, New Jersey 07083
(908) 687-0056   (800) 672-1952
Fax: (908) 688-0885 Tax ID 22-2393485
**www.Served.com**

YOUR PROCESS **20260522122232** Was

SPECTOR GADON & ROSEN, P.C. - PA
SUSAN M. CIRILLI, ESQ.
ONE LOGAN SQUARE SUITE 1800, 130 N. 18TH STREET
PHILADELPHIA PA 19103

**NOT SERVED!**

NOT Served Date/Time: 5/29/2026 12:31 PM

**Visit us at www.SERVED.com to get the latest status of your process. Your FirmID is: A1383755**

NOT Served Upon:     **CREATE A LEGACY NOT A MOMENT, INC.**
At BUSINESS :        **888 SEVENTH AVENUE FLOOR 4 NEW YORK NY 10106**

In the Case/Docket:  **ATL L 1024 26**   Claim: **062291-0002**
Plaintiff:           **DINAH YUKICH**
Defendant:           **MILES CHAMLEY-WATSON, ET AL.**
Attorney:            **SUSAN M. CIRILLI, ESQ.** Phone: **2152418888** Fax: **2152418844** Email:
Firm:                **SPECTOR GADON & ROSEN, P.C. - PA**
                     **ONE LOGAN SQUARE SUITE 1800, 130 N. 18TH STREET PHILADELPHIA PA 19103**

**VIDEO OF OUR ATTEMPTS ARE FREQUENTLY AVAILABLE AT A REASONABLE COST
EFFECTIVE 8/6/18 - WHEN AND WHERE AVAILABLE**

# AUTHORIZATION FOR ADVANCED SEARCH

Note: all investigative work is performed by Spartan Detective Agency, NJ License 2392

**To order search check desired box, sign authorization and fax back to us immediately at 888-224-4405**
*PLEASE BE ADVISED THAT IF THE SOCIAL SECURITY NUMBER OR TAX ID IS NEEDED FOR A SEARCH THERE WILL BE A $60/$150 FEE.

[ ] Social Security Search $60 find or no find

[ ] Skip Search* - $75.00 - no find, no pay

[ ] Postal Forwarding $60 anywhere in U.S

[ ] DMV - MVC $60 NJ only, $110 other states

[ ] VIDEO EVIDENCE $79.99 if available

[ ] Any Additional Bulk Affidavit of Due Diligence $35 NJ only

[ X ] Corporate Search - $85 anywhere in U.S.

[ ] **(SDA)** Stake Out/Inv $125/hr | **(GSS)** - Wait Time $100/hr (NJ)
$150/hr Out of State **(circle one)** - Auth Hours ____

**Sales Tax of 6.625% Applies**

_____     ___/___/_____
AUTHORIZING SIGNATURE                DATE

PLEASE FAX OR EMAIL SIGNED AUTHORIZATION TO (888) 224-4405/info@spartanpi.com OR CALL (877) SDA-2009 TO REACH
**SPARTAN DETECTIVE AGENCY** OR CALL (800) 672-1952 TO REACH **GUARANTEED SUBPOENA SERVICE**
We were unable to serve your process for the following reason:

**AS PER SECURITY ENTITY REFUSES ANY AND ALL LEGAL DOCUMENTS-**

***THIS FORM DOES NOT CONSTITUTE A LEGAL DUE DILIGENCE AFFIDAVIT***

DINAH YUKICH

Plaintiff

vs

MILES CHAMLEY-WATSON, ET AL.

Defendant

20260522122051

Superior Court Of New Jersey

ATLANTIC Venue

Docket Number: ATL L 1024 26

**Person to be served** (Name and Address):
JESSICA SAXON
85 BOSTON RD.
PENNSVILLE  NJ  08070
**By serving:** JESSICA SAXON

**Attorney:** SUSAN M. CIRILLI, ESQ.

**Papers Served:** SUMMONS, COMPLAINT, CERTIFICATION, EXHIBITS, CIS

**Service Data:**      [X] Served Successfully        [ ] Not Served

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

 Date/Time:      5/26/2026 3:34 PM_____        _____

[X] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

 Name of Person Served and relationship/title:

JESSICA SAXON_____

SELF_____

**Description of Person Accepting Service:**

SEX:F___   AGE:36-50_  HEIGHT: 5'0"-5'3"_____   WEIGHT: 131-160 LBS._____   SKIN:WHITE_____   HAIR:BLONDE___  OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                            Date/Time: _____
                            Date/Time: _____

| Attempts |
| --- |
| 5/25/2026 8:16:56 PM |

Other:

**Served Data:**
Subscribed and Sworn to me this

26th day of May, 2026

Notary Signature_____

Rosemary Ramos          September 25th, 2028
Name of Notary          My Commission Expires



I, DAVID FILARSKI,
was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____   05/26/2026__
Signature of Process Server        Date

Name of Private Server: DAVID FILARSKI  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

Claudia A. Costa, Esq. (Bar No.:034261989)
Aimée S. Lin, Esq. (Bar No.: 039532012)
**GOLDBERG SEGALLA LLP**
301 Carnegie Center, Suite 200
Princeton, NJ 08540-6587
609-986-1300
609-986-1301 (Facsimile)
ccosta@goldbergsegalla.com
alin@goldbergsegalla.com

*Attorneys for Defendants*
*Miles Chamley-Watson, USA Fencing Association*
*(incorrectly pleaded as USA Fencing),*
*Jessica Saxon and Shannon Daugherty*

| | |
|---|---|
| DINAH YUKICH,<br><br>    Plaintiff,<br><br>  v.<br><br>MILES CHAMLEY-WATSON, USA FENCING, JESSICA SAXON, CREATE A LEGACY NOT A MOMENT, INC., SHANNON DAUGHERTY,<br><br>    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ATLANTIC COUNTY<br>DOCKET NO: ATL-L-1024-26<br><br>Civil Action<br><br><br>**NOTICE OF APPEARANCE OF**<br>**AIMÉE S. LIN, ESQ.** |

   Aimée S. Lin, Esq. of Goldberg Segalla LLP hereby enters an appearance as attorney for defendants Miles Chamley-Watson, USA Fencing Association (incorrectly pleaded as USA Fencing), Jessica Saxon, and Shannon Daugherty in this matter.  Kindly send copies of court notices to her at alin@goldbergsegalla.com.

       **GOLDBERG SEGALLA LLP**


      By: */s/ Aimée S. Lin*    
       Aimee S. Lin, Esq.

       *Attorneys for Defendants*
       *Miles Chamley-Watson, USA Fencing Association*
       *(incorrectly pleaded as USA Fencing),*
       *Jessica Saxon and Shannon Daugherty*

Dated: June 3, 2026

Claudia A. Costa, Esq. (Bar No.:034261989)
Aimée S. Lin, Esq. (Bar No.: 039532012)
**GOLDBERG SEGALLA LLP**
301 Carnegie Center, Suite 200
Princeton, NJ 08540-6587
609-986-1300
609-986-1301 (Facsimile)
ccosta@goldbergsegalla.com
alin@goldbergsegalla.com

*Attorneys for Defendants*
*Miles Chamley-Watson, USA Fencing Association*
*(incorrectly pleaded as USA Fencing),*
*Jessica Saxon and Shannon Daugherty*

| | |
|---|---|
| DINAH YUKICH,<br><br>Plaintiff,<br><br>v.<br><br>MILES CHAMLEY-WATSON, USA FENCING, JESSICA SAXON, CREATE A LEGACY NOT A MOMENT, INC., SHANNON DAUGHERTY,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ATLANTIC COUNTY<br>DOCKET NO: ATL-L-1024-26<br><br>Civil Action<br><br><br>**NOTICE OF APPEARANCE OF**<br>**CLAUDIA A. COSTA, ESQ.** |

Claudia A. Costa, Esq. of Goldberg Segalla LLP hereby enters an appearance as attorney for defendants Miles Chamley-Watson, USA Fencing Association (incorrectly pleaded as USA Fencing), Jessica Saxon, and Shannon Daugherty in this matter.  Kindly send copies of court notices to her at ccosta@goldbergsegalla.com.

**GOLDBERG SEGALLA LLP**


By: */s/ Claudia A. Costa*
        Claudia A. Costa, Esq.

*Attorneys for Defendants*
*Miles Chamley-Watson, USA Fencing Association*
*(incorrectly pleaded as USA Fencing),*
*Jessica Saxon and Shannon Daugherty*

Dated: June 3, 2026

SPECTOR GADON ROSEN VINCI P.C.
By:     Susan M. Cirilli, Esq. (017972012)
One Logan Square
130 N. 18th Street, 18th Floor
Philadelphia, PA 19103
Telephone:  (215) 241-8887
Email:  scirilli@sgrvlaw.com
*Attorneys for Plaintiff, Dinah Yukich*

| | | |
|---|---|---|
| DINAH YUKICH | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: CIVIL PART |
| Plaintiff, | : | ATLANTIC COUNTY |
| | : | |
| v. | : | Docket No. ATL-L-001024-26 |
| | : | |
| MILES CHAMLEY-WATSON, USA | : | |
| FENCING, JESSICA SAXON, CREATE | : | |
| A LEGACY NOT A MOMENT, INC., | : | |
| SHANNON DAUGHERTY, | : | **NOTICE OF MOTION FOR** |
| | : | **ORDER PERMITTING** |
| Defendants. | : | **SUBSTITUTE SERVICE** |
| | : | |
| | : | **Motion Returnable: July 17,** |
| | : | **2026** |
| | : | |

TO:

Aimee S. Lin, Esq.
Claudia A. Costa, Esq.
GOLDBERG SEGALLA LLP
301 Carnegie Center, Suite 200
Princeton, New Jersey  08540-6587


**PLEASE TAKE NOTICE** that on July 17, 2026, at 9:00 a.m., or as soon thereafter as

counsel may be heard, the undersigned attorney for Plaintiff Dinah Yukich shall move before the

Superior Court of New Jersey, Atlantic County, at the Atlantic County Courthouse in Atlantic

City, New Jersey, for an Order allowing Substituted Service of Process on Defendant Create a

Legacy Not a Moment, Inc.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff will rely upon the accompanying

Affidavit of Diligent Inquiry in support of this Motion;

**PLEASE TAKE FURTHER NOTICE** that oral argument is not requested.

**A proposed form of Order is submitted herewith.**


                                            SPECTOR GADON ROSEN VINCI P.C.


Dated:  June 22, 2026                       */s/ Susan M. Cirilli, Esq.*
                                            **SUSAN M. CIRILLI, ESQUIRE**
                                            One Logan Square, Suite 1800
                                            130 N. 18th Street
                                            Philadelphia, PA 19103
                                            (215) 241-8887
                                            scirilli@sgrvlaw.com

                                            Attorney for Plaintiff Dinah Yukich

SPECTOR GADON ROSEN VINCI P.C.
By:    Susan M. Cirilli, Esq. (017972012)
One Logan Square
130 N. 18th Street, 18th Floor
Philadelphia, PA 19103
Telephone:  (215) 241-8887
Email:  scirilli@sgrvlaw.com
*Attorneys for Plaintiff, Dinah Yukich*

| | | |
|---|---|---|
| DINAH YUKICH | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: CIVIL PART |
| Plaintiff, | : | ATLANTIC COUNTY |
| | : | |
| v. | : | Docket No. ATL-L-001024-26 |
| | : | |
| MILES CHAMLEY-WATSON, USA | : | |
| FENCING, JESSICA SAXON, CREATE | : | |
| A LEGACY NOT A MOMENT, INC., | : | |
| SHANNON DAUGHERTY, | : | **AFFIDAVIT OF DILIGENT** |
| | : | **INQUIRY** |
| Defendants. | : | |
| | : | **Motion Returnable: July 17,** |
| | : | **2026** |
| | : | |
| | : | |

**SUSAN M. CIRILLI, ESQUIRE**, of full age, hereby certifies and says as follows:

1.    I am an attorney at law in good standing duly admitted to practice before the Supreme Court of the State of New Jersey.  I am a member with the law firm of Spector Gadon Rosen Vinci P.C., counsel for Plaintiff, Dinah Yukich in the within action.  I have personal knowledge of the matters set forth here.

2.    The present case is a civil rights action filed by Plaintiff, Dinah Yukich, a longstanding transgender fencer, against a world class fencer, Defendant Miles Cleveland Chamley-Watson (Chamley-Watson), Chamley-Watson's business entertainment services company, Defendant Create a Legacy Not a Moment, Inc., the National Governing Body for the sport of fencing in the United States, Defendant USA Fencing (USAF), and USAF's Senior

Regional Events Manager, Defendant Shannon Daugherty, and USAF's General Counsel, Jessica Saxon.

3.    In November of 2025, Plaintiff tried to register for the Miles Chamley-Watson Cup, which was held on March 20-22, 2026 at the Atlantic City Convention Center in Atlantic City, New Jersey.

4.    The Miles Chamley-Watson Cup was a public facing fencing event sanctioned by Defendant USAF and sponsored by Chamley-Watson's business entertainment services company, Defendant Create a Legacy Not a Moment, Inc.

5.    Defendants, Create a Legacy Not a Moment, Inc. and USAF controlled the operations of the Miles Chamley-Watson Cup with the direct involvement of Defendant, USAF's Fencing officials, Defendants, Shannon Daugherty and Jessica Saxon.

6.    In November of 2025, Plaintiff reached out to the contact for the Miles Chamley-Watson Cup asking for assistance in registering for the Miles Chamley-Watson Cup.

7.    Instead of representatives from the Miles Chamley-Watson Cup responding to Plaintiff's request for assistance in registering for the Miles Chamley-Watson Cup, Defendant USAF intervened and reiterated multiple times to Plaintiff that only "athletes of the female sex" can participate.  As such, Plaintiff was told she was ineligible to compete in the women's category at the Miles Chamley-Watson Cup.

8.    Plaintiff tried to connect with Defendant Chamley-Watson via e-mail at two (2) separate email addresses – one email address from Chamley-Watson's management company, and another email address provided to Plaintiff by Defendant, USAF.

9.    Despite Plaintiff's repeated attempts to connect with Defendant Chamley-Watson, Plaintiff's pleas for acceptance and inclusion were ignored by Defendant Chamley-Watson.

2

10.     Defendant Chamley-Watson availed himself to the state of New Jersey when he, upon information and belief, permitted his name to be in the title of the public facing fencing event, Miles Chamley-Watson Cup, which took place on March 20-22,2026 at the Atlantic City Convention Center, located in Atlantic City, New Jersey.

11.     As the CEO of Defendant, Create a Legacy Not a Moment, Inc., Defendant Chamley-Watson and acting on behalf of Defendant, Create a Legacy Not a Moment, Inc., Defendant Chamley-Watson had full and final responsibility to control who could participate in the Miles Chamley-Watson Cup in March of 2026 that took place in Atlantic City, New Jersey.

12.     Also, Defendant USAF sanctioned the Miles Chamley-Watson Cup, meaning that the event was authorized by a USAF Fencing representative, and conducted in accordance with the USA Fencing "Rules of Competition" and the related "USA Fencing Operations Manual."

13.     Additionally, Defendant USAF was an agent, lessee, manager and agent of the Atlantic City Convention Center during the Miles-Chamley Watson Cup that occurred on March 20-22, 2026.

14.     Further, Defendants Shannon Daugherty and Jessica Saxon, acting on behalf of Defendant USAF, aided, abetted, incited, and compelled the unlawful actions of Defendants Chamley-Watson and Create a Legacy Not a Moment, Inc. when both Defendants, Shannon Daugherty and Jessica Saxton, communicated with Plaintiff on behalf of the Miles Chamley-Watson Cup and excluded Plaintiff from the public facing fencing event that took place in New Jersey.

16.     On or about May 19, 2026, Plaintiff filed her Civil Action Complaint against Defendants Chamley-Watson, Create a Legacy Not a Moment, Inc., USAF, Jessica Saxon, and Shannon Daugherty on the basis that Plaintiff's civil rights were violated by the discriminatory

decision of Defendants, Chamley-Watson and Create a Legacy Not a Moment, Inc. and the aiding and abetting of that discriminatory decision by Defendants USAF, Shannon Daugherty and Jessica Saxon by disallowing a longstanding transgender fencer to participate in the Miles Chamley-Watson Cup held at the Atlantic City Convention Center in Atlantic City, New Jersey in Marcy 2026, which actions by all of the Defendants are in direct violation of the anti-discrimination laws of the State of New Jersey.

17.     On or about May 29, 2026, Plaintiff's process server, Wilson P. Pastoriza (Pastoriza), attempted to effectuate personal service of the Summons, Complaint with Exhibits, and Civil Case Information Sheet on Defendant Create a Legacy Not a Moment, Inc. at Defendant's mailing address of corporation, 888 Seventh Avenue, Floor 4, New York, New York 10106.  A copy of the filed Articles of Incorporation of Defendant from the California Secretary of State identifying Defendant's mailing address located in New York, New York is attached as Exhibit A.

18.     On May 29, 2026, Pastoriza attempted to effectuate personal service of Plaintiff's Summons, Complaint with Exhibits, and Civil Case Information Sheet on Defendant, at Defendant's mailing address located in New York, New York, but was advised by Security that Defendant "refuses any and all legal documents."  A copy of the timestamped Affirmation of Attempted Service of Pastoriza is attached as Exhibit B.

19.     Due to Defendant, Create a Legacy Not a Moment, Inc.'s attempt to evade personal service on May 29, 2026 at Defendant's mailing address located in New York, New York by refusing to permit Plaintiff's process server, Pastoriza, then attempted to effectuate personal service of the agent of Defendant, Create a Legacy Not a Moment, Inc. upon Defendant's registered Agent for Service of Process, Eric Binder at the address of 1800 Century Park East,

4

Suite 400, Los Angeles, California.  A copy of the filed Articles of Incorporation of Defendant from the California Secretary of State identifying the address of Defendant's Agent for Service of Process located in is attached as Exhibit C.

20.    On or around June 8, 2026, June 9, 2026, and June 10, 2026, Plaintiff's process server, Carlos Canas (Canas), attempted to effectuate personal service of the Summons, Complaint with Exhibits, and Civil Case Information Sheet on the registered Agent for Service of Process for Defendant Create a Legacy Not a Moment, Inc. at Defendant's registered Agent's address located in Los Angeles, California.  A copy of the filed Affidavit of Non-Service is attached as Exhibit D.

21,    Pursuant to Canas' Affidavit of Service on the registered Agent for Defendant Create a Legacy Not a Moment, Inc., Canas attempted to effectuate personal service of Plaintiff's Summons, Complaint with Exhibits, and Civil Case Information Sheet on Defendant's registered Agent on June 8, 2026 and was advised by the security guard in the lobby that Canas was not allowed access to the office of Defendant's registered Agent without approval by Defendant's registered Agent and Defendant's registered Agent was not answering the phone when the security guard called the Defendant's registered Agent to obtain permission for Canas to access Defendant's registered Agent's office to effectuate personal service of Plaintiff's Summons, Complaint with Exhibits, and Civil Case Information Sheet.  A copy of the timestamped Affidavit of Service of Canas is attached as Exhibit D.

22.    Pursuant to Canas' Affidavit of Service on the registered Agent for Defendant Create a Legacy Not a Moment, Inc., Canas attempted for a second time to effectuate personal service of Plaintiff's Summons, Complaint with Exhibits, and Civil Case Information Sheet on Defendant's registered Agent on June 9, 2026 and was again advised by the security guard in the lobby that Canas was not allowed access to the office of Defendant's registered Agent without

5

approval by Defendant's registered Agent.  Consequently, Canas was denied access to Defendant's registered Agent's office for a second time to effectuate personal service of Plaintiff's Summons, Complaint with Exhibits, and Civil Case Information Sheet.  See, Exhibit D.

23.     On June 10, 2026, Canas attempted for a third time to effectuate personal service of Plaintiff's Summons, Complaint with Exhibits, and Civil Case Information Sheet on Defendant's registered Agent and was advised for a third time by the security guard in the lobby that Canas was not allowed access to the office of Defendant's registered Agent without approval by Defendant's registered Agent.  However, on Canas' third attempt to effectuate personal service on the registered Agent for Defendant, the security guard in the lobby advised Canas that the "Tenant is not approving access."  Consequently, the registered Agent for Defendant intentionally evaded Canas' attempts to effectuate personal service of Plaintiff's Summons, Complaint with Exhibits, and Civil Case Information Sheet by denying Canas' access to the office of the registered Agent for the purposes of effectuating personal service of Plaintiff's Summons, Complaint with Exhibits, and Civil Case Information Sheet.  See, Exhibit D.

24.     On June 3, 2026, Aimee S. Lin, Esquire and Claudia A. Costa, Esquire of the law firm Goldberg Segalla LLC filed their Notices of Appearance on behalf of all Defendants, except Create a Legacy Not a Moment, Inc.  A copy of the timestamped Notices of Appearances of Aimee S. Lin, Esquire and Claudia A. Costa, Esquire are attached hereto collectively as Exhibit E.

25.     Consequently, despite Plaintiff's repeated attempts to effectuate personal service upon Defendant Create a Legacy Not a Moment, Inc. in conformance with Rule of Court 4.4, Defendant Create a Legacy Not a Moment, Inc. has repeatedly engaged in activity to evade personal service by instructing the security guard in the lobby of its mailing address in its location in New York, New York and the security guard in the lobby of the office for its registered Agent

6

for Service of Process to deny access to Plaintiff's process servers, Pastoriza and Canas. <u>See</u>, Exhibits B and D.

26.     To date, Plaintiff has been unable to personally serve the Summons, Complaint with Exhibits, and Civil Case Information Sheet on Defendant Create a Legacy Not a Moment, Inc.

27.     Based upon the above-described efforts, it is respectfully submitted that I have conducted diligent inquiry in the effort to locate and serve Defendant Create a Legacy Not a Moment, Inc. with process in the within lawsuit, but that personal service within the States of New York and California have been unsuccessful to date due to the repeated and intentional acts of evasion of personal service by Defendant Create a Legacy Not a Moment, Inc. and Defendant Create a Legacy Not a Moment, Inc.'s registered Agent for Service of Process, Eric Binder.

28.     Therefore, I respectfully request this Court enter an Order permitting Plaintiff to serve process upon Defendant Create a Legacy Not a Moment, Inc. by Certified Mail and ordinary United States Mail, postage prepaid, directed to Defendant at its mailing address location in New York, New York and the business address for Defendant's registered Agent for Service of Process, Eric Binder in Los Angeles, California, and that so long as such mailing is not returned as "undeliverable," such mailing be deemed adequate service of process upon Defendant Create a Legacy Not a Moment, Inc. in the within action.

I certify that the foregoing statements by me are true.  I am aware that if any of the foregoing statements by me are willfully false I am subject to punishment.

/s/ __Susan M. Cirilli, Esq._____ _____
           **SUSAN M. CIRILLI, ESQUIRE**

7

Dated:  <u>June 22, 2026</u>

SPECTOR GADON ROSEN VINCI P.C.
By:    Susan M. Cirilli, Esq. (017972012)
One Logan Square
130 N. 18th Street, 18th Floor
Philadelphia, PA 19103
Telephone:  (215) 241-8887
Email:  scirilli@sgrvlaw.com
*Attorneys for Plaintiff, Dinah Yukich*

|  |  |  |
|---|---|---|
| DINAH YUKICH | : | SUPERIOR COURT OF NEW JERSEY |
|  | : | LAW DIVISION: CIVIL PART |
| Plaintiff, | : | ATLANTIC COUNTY |
|  | : |  |
| v. | : | Docket No. ATL-L-001024-26 |
|  | : |  |
| MILES CHAMLEY-WATSON, USA | : |  |
| FENCING, JESSICA SAXON, CREATE | : |  |
| A LEGACY NOT A MOMENT, INC., | : |  |
| SHANNON DAUGHERTY, | : | **ORDER PERMITTING** |
|  | : | **SUBSTITUTE SERVICE** |
| Defendants. | : |  |
|  | : | **Motion Returnable: July 17,** |
|  | : | **2026** |
|  | : |  |
|  | : |  |

**THIS MATTER** having been opened to the Court by Plaintiff Dinah Yukich, by and through her counsel, Spector Gadon Rosen Vinci P.C., by Motion seeking an Order allowing substituted service of process on Defendant Create a Legacy Not a Moment, Inc., and the Court, having considered the moving papers and any opposition thereto, and for good cause shown,

**IT IS** on this ____ day of _____, 2026 **HEREBY ORDERED** that the Motion for an Order Allowing Substituted Service filed by Plaintiff Dinah Yukich is hereby **GRANTED;**

**ORDERED FURTHER** that Plaintiff shall serve a Summons, Complaint with Exhibits, and Civil Case Information Sheet upon Defendant Create a Legacy Not a Moment, Inc. and the registered Agent for Service of Process for Defendant Create a Legacy Not a Moment, Inc. via

United States Mail, postage prepaid, and Certified Mail, Return Receipt Requested, addressed to

Defendant as follows, and that delivery of such mail to said address shall be deemed effective

service of process on Defendant Create a Legacy Not a Moment, Inc. so long as all mailings are

not returned as undeliverable:

Create a Legacy Not a Moment, Inc.
888 Seventh Avenue, Floor 4
New York, New York 10106

Eric Binder (Registered Agent for Service of Process for Defendant Create a Moment Not a
Legacy, Inc.)
Create a Legacy Not a Moment, Inc.
1800 Century Park East, Suite 400
Los Angeles, CA  90067


**ORDERED FURTHER** that a copy of this Order shall be deemed served on all parties

when the Clerk issues electronic notice of docketing in this action via New Jersey eCourts.


_____
**J.S.C.**

[     ]     Opposed

[     ]     Unopposed

# EXHIBIT A



# California Secretary of State
## Electronic Filing



Secretary of State
State of California

## General Stock Corporation - Articles of Incorporation

| | |
|---|---|
| Entity Name: | Create A Legacy Not A Moment, Inc. |
| Entity (File) Number: | C4624432 |
| File Date: | 08/06/2020 |
| Entity Type: | General Stock Corporation |
| Jurisdiction: | California |

### Detailed Filing Information

1. Corporate Name:     Create A Legacy Not A Moment, Inc.

2. Business Addresses:

    a. Initial Street Address of Corporation:

       1800 Century Park East, Suite 400
       Los Angeles, California, 90067
       United States of America

    b. Initial Mailing Address of Corporation:

       888 Seventh Avenue, Floor 4
       New York, New York, 10106
       United States of America

3. Agent for Service of Process:
Individual Agent:

       Eric   Binder
       1800 Century Park East, Suite 400
       Los Angeles , California, 90067
       United States of America

4. Shares:     1,000

5. Purpose Statement:     The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

---

The incorporator affirms the information contained herein is true and correct.

Incorporator:     Celeste Rhine

# EXHIBIT B

SPECTOR GADON & ROSEN, P.C. - PA

### SUPERIOR COURT OF NJ
### COUNTY OF ATLANTIC

### AFFIRMATION OF ATTEMPTED SERVICE



*1998854*

Index no : **ATL L 1024 26**
Office No: 20260522122232
N/A

| Plaintiff: | **DINAH YUKICH** |
|---|---|
| Defendant: | **MILES CHAMLEY-WATSON, ET AL.** |

STATE OF NEW YORK COUNTY OF NASSAU       ss.:
I (Wilson P Pastoriza) affirm I am over the age of 18 and reside in New York State

On **05/29/2026** at **12:31 PM**, I was unable to effect service of the **SUMMONS, COMPLAINT, CERTIFICATION, EXHIBITS, CIS** on **CREATE A LEGACY NOT A MOMENT, INC.** at **888 SEVENTH AVENUE FLOOR 4, NEW YORK, NY10106** for the reason(s) indicated below:

**AS PER SECURITY ENTITY REFUSES ANY AND ALL LEGAL DOCUMENTS- M-BLK-BLK-45-5'6-170**

I affirm this 2nd day of June, 2026, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

X_____

Wilson P Pastoriza
License#: 2122372-DCWP
GUARANTEED SUBPOENA SERVICE, INC.
2009 MORRIS AVENUE
SUITE 101
UNION,NJ 07083
908-687-0056
Clerk: Clerk5



# EXHIBIT C



## California Secretary of State
## Electronic Filing



# FILED

Secretary of State
State of California

## General Stock Corporation - Articles of Incorporation

| | |
|---|---|
| Entity Name: | Create A Legacy Not A Moment, Inc. |
| Entity (File) Number: | C4624432 |
| File Date: | 08/06/2020 |
| Entity Type: | General Stock Corporation |
| Jurisdiction: | California |

### Detailed Filing Information

1. Corporate Name: — Create A Legacy Not A Moment, Inc.

2. Business Addresses:

   a. Initial Street Address of Corporation:
   1800 Century Park East, Suite 400
   Los Angeles, California, 90067
   United States of America

   b. Initial Mailing Address of Corporation:
   888 Seventh Avenue, Floor 4
   New York, New York, 10106
   United States of America

3. Agent for Service of Process:
   Individual Agent:
   Eric  Binder
   1800 Century Park East, Suite 400
   Los Angeles , California, 90067
   United States of America

4. Shares: — 1,000

5. Purpose Statement:
   The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California other than the banking business, the trust company business or the practice of a profession permitted to be incorporated by the California Corporations Code.

---

The incorporator affirms the information contained herein is true and correct.

Incorporator: — Celeste Rhine

Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.

# EXHIBIT D

DINAH YUKICH                                          Plaintiff

                          VS

MILES CHAMLEY-WATSON, ET AL                          Defendant

20260605155026

Superior Court Of New Jersey

ATLANTIC Venue

Docket Number: ATL L 1024 26

**Person to be served** (Name and Address):
CREATE A LEGACY NOT A MOMENT, INC.,
1800 CENTURY PARK EAST  SUITE 400
LOS ANGELES  CA  90067
**By serving:**  ERIC BINDER, R.A.

**Attorney:** SUSAN M. CIRILLI, ESQ.

**Papers Served:** SUMMONS, COMPLAINT, CERTIFICATION, EXHIBITS, CIS

**Service Data:**      [ ] Served Successfully      ☒ Not Served

## AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

Date/Time: _____     06/10/26 9:37am

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[ ] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**Description of Person Accepting Service:**

SEX:____ AGE:_____ HEIGHT:_____ WEIGHT:_____ SKIN:_____ HAIR:_____ OTHER:_____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
☒ No response on:      Date/Time: _____
                       Date/Time: _____
                       Date/Time: _____

Other: DILIGENCE
1) Jun 8, 2026, 9:17 am Per guard at lobby, access not allowed without tenant's approval, no one is answering the phone
2) Jun 9, 2026, 2:45 pm No access to floors without tenant's consent.
3) Jun 10, 2026, 9:37 am No access to floors without tenant's consent. Tenant is not approving access per guard at lobby.

D. Azmi
COMM# 2531281
NOTARY PUBLIC—CALIFORNIA
Riverside County
MY COMM. EXPIRES 9/25/2029

Served Data:
Subscribed and Sworn to me this

15th _____ day of June _____, 20 26 _____

Notary Signature: _____

D. Azmi                    09/25/2029
Name of Notary        Commission Expiration

I, Carlos Canas, was at the time of service a competent adult, over the age of 18 and not having direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____     06/ 15 /20 26
Signature of Process Server        Date

Name of Private Server: Carlos Canas _____     Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

# EXHIBIT E

Case 2:26-cv-08140-KSH-AME   Document 1   Filed 07/31/26   Page 96 of 143 PageID: 466

Claudia A. Costa, Esq. (Bar No.:034261989)
Aimée S. Lin, Esq. (Bar No.: 039532012)
**GOLDBERG SEGALLA LLP**
301 Carnegie Center, Suite 200
Princeton, NJ 08540-6587
609-986-1300
609-986-1301 (Facsimile)
ccosta@goldbergsegalla.com
alin@goldbergsegalla.com

*Attorneys for Defendants*
*Miles Chamley-Watson, USA Fencing Association*
*(incorrectly pleaded as USA Fencing),*
*Jessica Saxon and Shannon Daugherty*

|  |  |
|---|---|
| DINAH YUKICH,<br><br>Plaintiff,<br><br>v.<br><br>MILES CHAMLEY-WATSON, USA FENCING, JESSICA SAXON, CREATE A LEGACY NOT A MOMENT, INC., SHANNON DAUGHERTY,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ATLANTIC COUNTY<br>DOCKET NO: ATL-L-1024-26<br><br>Civil Action<br><br><br>**NOTICE OF APPEARANCE OF**<br>**AIMÉE S. LIN, ESQ.** |

Aimée S. Lin, Esq. of Goldberg Segalla LLP hereby enters an appearance as attorney for defendants Miles Chamley-Watson, USA Fencing Association (incorrectly pleaded as USA Fencing), Jessica Saxon, and Shannon Daugherty in this matter.  Kindly send copies of court notices to her at alin@goldbergsegalla.com.

**GOLDBERG SEGALLA LLP**


By: */s/ Aimée S. Lin*
    Aimee S. Lin, Esq.

    *Attorneys for Defendants*
    *Miles Chamley-Watson, USA Fencing Association*
    *(incorrectly pleaded as USA Fencing),*
    *Jessica Saxon and Shannon Daugherty*

Dated: June 3, 2026

Claudia A. Costa, Esq. (Bar No.:034261989)
Aimée S. Lin, Esq. (Bar No.: 039532012)
**GOLDBERG SEGALLA LLP**
301 Carnegie Center, Suite 200
Princeton, NJ 08540-6587
609-986-1300
609-986-1301 (Facsimile)
ccosta@goldbergsegalla.com
alin@goldbergsegalla.com

*Attorneys for Defendants*
*Miles Chamley-Watson, USA Fencing Association*
*(incorrectly pleaded as USA Fencing),*
*Jessica Saxon and Shannon Daugherty*

| | |
|---|---|
| DINAH YUKICH, <br><br> Plaintiff, <br><br> v. <br><br> MILES CHAMLEY-WATSON, USA FENCING, JESSICA SAXON, CREATE A LEGACY NOT A MOMENT, INC., SHANNON DAUGHERTY, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: ATLANTIC COUNTY <br> DOCKET NO: ATL-L-1024-26 <br><br> Civil Action <br><br><br> **NOTICE OF APPEARANCE OF** <br> **CLAUDIA A. COSTA, ESQ.** |

Claudia A. Costa, Esq. of Goldberg Segalla LLP hereby enters an appearance as attorney for defendants Miles Chamley-Watson, USA Fencing Association (incorrectly pleaded as USA Fencing), Jessica Saxon, and Shannon Daugherty in this matter.  Kindly send copies of court notices to her at ccosta@goldbergsegalla.com.

**GOLDBERG SEGALLA LLP**


By: */s/ Claudia A. Costa*
Claudia A. Costa, Esq.

*Attorneys for Defendants*
*Miles Chamley-Watson, USA Fencing Association*
*(incorrectly pleaded as USA Fencing),*
*Jessica Saxon and Shannon Daugherty*

Dated: June 3, 2026

**SUPERIOR COURT OF NEW JERSEY - eCOURTS CIVIL LAW**

The following notice is being sent from eCourts:

| | |
|---|---|
| Plaintiff Name: | DINAH YUKICH |
| Defendant Name: | MILES CHAMLEY-WATSON, MILES CHAMLEY-WATSON, CREATE A LEGACY NOT A MOMENT, INC., USA FENCING, USA FENCING, SHANNON DAUGHERTY, SHANNON DAUGHERTY, JESSICA SAXON, JESSICA SAXON |
| Case Caption: | YUKICH DINAH  VS CHAMLEY-WATSON MILES |
| Case Number: | ATL L 001024-26 |
| Docket Text: | The motion filed on 06/22/2026 will be decided on 07/17/2026. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: MOTION TO SUBSTITUTE SERVICE LCV20261663270 |
| Transaction ID: | LCV20261664347 |

**Notice has been electronically mailed to:**

| | | |
|---|---|---|
| Plaintiff Attorney | SUSAN M CIRILLI | SCIRILLI@SGRVLAW.COM<br>JGORDON@SGRVLAW.COM<br>ESCHICK@SGRVLAW.COM |
| Defendant Attorney | CLAUDIA ALEJANDRA COSTA | CCOSTA@GOLDBERGSEGALLA.COM<br>SMORALES@GOLDBERGSEGALLA.COM<br>MDOHERTY@GOLDBERGSEGALLA.COM |
| Defendant Attorney | AIMEE S LIN | ALIN@GOLDBERGSEGALLA.COM<br>MAHMED@GOLDBERGSEGALLA.COM |
| Defendant Attorney | CLAUDIA ALEJANDRA COSTA | CCOSTA@GOLDBERGSEGALLA.COM<br>SMORALES@GOLDBERGSEGALLA.COM<br>MDOHERTY@GOLDBERGSEGALLA.COM |
| Defendant Attorney | AIMEE S LIN | ALIN@GOLDBERGSEGALLA.COM<br>MAHMED@GOLDBERGSEGALLA.COM |
| Defendant Attorney | CLAUDIA ALEJANDRA COSTA | CCOSTA@GOLDBERGSEGALLA.COM<br>SMORALES@GOLDBERGSEGALLA.COM<br>MDOHERTY@GOLDBERGSEGALLA.COM |
| Defendant Attorney | AIMEE S LIN | ALIN@GOLDBERGSEGALLA.COM<br>MAHMED@GOLDBERGSEGALLA.COM |
| Defendant Attorney | CLAUDIA ALEJANDRA COSTA | CCOSTA@GOLDBERGSEGALLA.COM<br>SMORALES@GOLDBERGSEGALLA.COM<br>MDOHERTY@GOLDBERGSEGALLA.COM |

Defendant Attorney        AIMEE S LIN                    ALIN@GOLDBERGSEGALLA.COM
                                                         MAHMED@GOLDBERGSEGALLA.COM


**Notice was not electronically mailed to:**
Defendant                 CREATE A LEGACY NOT A          888 SEVENTH AVENUE, FLOOR 4, NEW YORK, NY 10106
                          MOMENT, INC.

Login to eCourts to view the case jacket. You will need a valid user ID(Bar ID) to view the submitted documents.

For questions, please contact the Superior Court of New Jersey Civil Division in county of venue.

This communication is for notification purposes only.

This email was sent from a notification-only address that cannot accept incoming mail. Please do not reply to this message.

# EXHIBIT A

Susan M. Cirilli, Esq. (017972012)
**SPECTOR GADON ROSEN VINCI P.C.**
130 N. 18th Street
Suite 1800
Philadelphia, PA 19103
P: 215.241.8857
scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

|  |  |
|---|---|
| DINAH YUKICH | : SUPERIOR COURT OF NEW JERSEY |
|  | : LAW DIVISION: CIVIL PART |
|  | : ATLANTIC COUNTY |
| Plaintiff, | : |
|  | : Docket No. |
| v. | : |
|  | : _Civil Action_ |
| MILES CHAMLEY-WATSON, | : |
| USA FENCING, JESSICA SAXON, | : **COMPLAINT AND JURY DEMAND** |
| CREATE A LEGACY NOT A MOMENT, | : |
| INC., SHANNON DAUGHERTY | : |
| Defendants. | : |

## INTRODUCTION

1.      The present case challenges the discriminatory decision of a world class fencer, his sponsored fencing competition, and other controlling entities and individuals aiding and abetting that decision by disallowing a longstanding transgender fencer to participate in the the Miles Cleveland Chamley-Watson World Cup held in Atlantic City in Atlantic City in March 2026 in direct violation of the anti-discrimination laws of the state of New Jersey.

2.      It highlights how a highly successful black fencing star, Miles Cleveland Chamley-Watson (Chamley-Watson) (a British-American right-handed <u>foil fencer</u> who is a 13-time team <u>Pan American</u> champion, the 2019 team world champion, the 2013 individual world champion, a three-time <u>Olympian</u>, and the 2016 <u>team Olympic bronze medalist</u> who has herald his own experience in overcoming barriers) has broken the law by not permitting Plaintiff, Dinah Yukich ("Plaintiff" or "Dinah"), a long standing fencing enthusiast, from participating in an open fencing competition.

3.      Aided by the national official controlling body in the United States, USA Fencing (recognized for overseeing  fencing in the United States by the United States Olympic & Paralympic Committee (USOPC)) as well as the competition sponsors and its presiding officials, Chamley-Watson denied Plaintiff participation in the sport that she loves based solely upon unlawful discrimination against a transgender athlete who just like approximately 30,000 of her American counterparts in grass root clubs and on national teams just wanted to face competition in a sanctioned event.

4.      Dinah Yukich has long ties to the sport. She fenced in high school and then while attending college at Johns Hopkins University

5.      In the winter of 2005-2006, with her wife Sarah's encouragement, Dinah began her physical transition to female in 2021 with the full support of Sarah and their two children.

6.      After recovery, Dinah, decided to get back into the sport she loved in July of 2023, she re-activated her USA Fencing membership and used the training and discipline it takes to get back into competitive to aid here in her physical and emotional debilitating journey helped Dinah on a physical and emotional level.

7.      Most fencing competitions are sanctioned by USA Fencing.  In order to compete in USA Fencing sanctioned events, individuals must be a member of USA Fencing.  Dinah was a card-carrying member of USA Fencing, equipped with a Fencer Identification Number and even a USA Fencing membership card.

8.      In July of 2023, Dinah contacted USA Fencing and changed her gender marker on her membership card from "M" to "F."  This marked her eligible to compete in women's events.

9.      In early 2025, Dinah began to really commit to her training and fitness and USA Fencing that her name had legally been changed to Dinah.  Despite being an "Unclassified Fencer"

which is the lowest rating a fencer can maintain, the sport  continued to be the hook that kept her grounded and hopeful.

10.     This momentum of hopefulness and happiness came to a screeching halt when USA Fencing implemented a bigoted policy banning transgender women from competing in women's' events. On or about August 1, 2025, USA Fencing unilaterally changed Dinah's gender marker from "F" to "M" and blocked her from registering from any women's competitions.

11.     In November of 2025, Dinah tried to register for the Miles Chamley-Watson Cup which was held on March 20-22, 2026 at the Atlantic City Convention Center in Atlantic City, New Jersey but was blocked from registration and participation in any events scheduled for women.

12.     The stated  event was sanctioned by USA Fencing, and sponsored by a company called Create a Legacy Not a Moment, Inc.  by Defendant Miles Chamley-Watson.  USA Fencing and Create a Legacy Not a Moment, Inc., controlled the operations of this public event, with the direct involvement of USA Fencing officials Jessica Saxon and Shannon Daugherty.

## THE PARTIES

### Plaintiff- Ms. Yukich

13.     Plaintiff Dinah Yukich is an individual residing in Maryland.

14.     Dinah Yukich's Social Security records and driver's license confirm that she is a female individual.

15.     Additionally, she has obtained a Judicial Declaration of Gender Identity and Name Change from Howard County Circuit Court.

16.     Further, Dinah Yukich's birth certificate reflects that her sex is female.

### Defendant – Miles Chamley-Watson

17. Defendant, Miles Chamley-Watson, upon information and belief is a resident of Los Angeles, California.

18. Defendant Miles Chamley-Watson is the Chief Executive Officer, Chief Financial Officer, Director, and Secretary of Create a Legacy Not a Moment, Inc.

19. Miles Chamley-Watson is a highly-regarded fencer in his own right. He has a total of five (5) World Championship medals, including two (2) gold medals at the 2019 and 2013 World Championships. Miles competed in three Olympics and was part of the 2019 foil team that won the bronze medal in Paris. Miles has been an icon and advocate for inclusion and diversity in the sport of fencing.

20. In a 2024 interview on the Pivot Podcast, he explained "…whether you're white, black, girl, boy, whatever, if you're like scared to do a sport [on account of] being accepted, I'm here to show you that you can do whatever you want- and that's the bigger picture for me."

21. Unfortunately, at all times applicable to the present action, Miles Chamley-Watson's actions did not match his words and he lost sight of his own "bigger picture." Miles Chamley-Watson had the opportunity to open the door for Dinah Yukich so she could simply fence. Unlike Miles Chamley-Watson, Dinah was not looking to push boundaries in sport or life. She was simply trying to live her life and fence recreationally. Miles Chamley-Watson, instead of opening the door for inclusion, he shut the door and excluded.

22. In November of 2025, Dinah reached out to the contact for the Miles Chamley-Watson Cup asking for assistance in registering. Instead of representatives from the actual event responding, USA Fencing intervened and reiterated multiple times that only "athletes of the female sex" can participate. As such, Dinah was told she is not eligible to compete in the women's category.

23.     Feeling at a loss, Dinah tried to connect with Miles Chamley-Watson.  She contacted him via e-mail at two separate e-mail addresses- one from his management company, and another that USA Fencing themselves provided.  Miles Chamley-Watson ignored Dinah's pleas for acceptance and inclusion.

24.     Defendant Miles Chamley-Watson availed himself to the state of New Jersey when he, upon information and belief, permitted his name to be in the title of the fencing event that took place on March 20-22, 2026 at the Atlantic City Convention Center, located in Atlantic City, New Jersey.

25.     As the CEO of Create a Legacy Not a Moment, Inc., acting on behalf of Create a Legacy Not a Moment, Inc., he had full and final responsibility to control who would participate in the Miles Chamley-Watson Cup in March of 2026 that took place in Atlantic City, New Jersey.

26.     At all times relevant to the present action, Defendant, Miles Chamley Watson, aided and abetted the unlawful actions of USAF in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events that took place in March of 2026.

**Defendant – Create a Legacy Not a Moment, Inc.**

27.     Defendant, Create a Legacy Not a Moment, Inc., is located at 888 Seventh Avenue, Floor 4, New York, NY 10106.

28.     Upon information and belief, Defendant Create a Legacy Not a Moment, Inc. is in the business of Entertainment Services.

29.     The Miles Chamley-Watson Cup webpage advertised that the event was "presented by" Defendant, Create a Legacy Not a Moment.

30.     Upon information and belief, Defendant Create a Legacy Not a Moment, Inc., was a manager, agent and lessee of the Atlantic City Convention Center during the Miles Chamley-Watson Cup.

31.     At all times relevant to the present action, Defendant, Create a Legacy Not a Moment, Inc., aided and abetted the unlawful actions of USAF in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events.

## Defendant - USA Fencing ("USAF")

32.     USAF is the National Governing Body ("NGB") for the sport of fencing in the United States.

33.     At all times relevant to the Present Action, USA Fencing, sanctioned the Miles-Chamley-Watson Cup, meaning the event was authorized by a USA Fencing representative, and conducted in accordance with the USA Fencing "Rules of Competition" and the related "USA Fencing Operations Manual."

34.     Upon information and belief, Defendant USAF was an agent, lessee, manager and agent of the Atlantic City Convention Center during the Miles Chamley-Watson Cup that occurred on March 20-22, 2026.

35.     At all times relevant to the present action, USAF aided and abetted by the other defendants, violated state law in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events at the Miles Chamley-Watson Cup that took place in New Jersey.

36.     At all times relevant to the Present Action and upon information and belief, USAF compelled the unlawful actions of Defendants, Miles Chamley-Watson and Defendants, Create a

Legacy Not a Moment, Inc., in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events.

**Defendant – Shannon Daugherty**

37.     Defendant Shannon Daugherty, at all times relevant hereto was the Senior Regional Events Manager for USA Fencing and as a USA Employee maintained her office at 210 USA Cycling Point, Suite 120, Colorado Springs, Colorado, 80919.

38.     Defendant Shannon Daugherty engaged in activity in the state of New Jersey when she communicated with Dinah on behalf of the Miles Chamley-Watson Cup, and excluded Dinah from the event that took place in New Jersey.

39.     As the Senior Regional Events Manager for USA Fencing, Shannon Daugherty acting on behalf of USA Fencing aided, abetted, incited and compelled the unlawful actions of the other Defendants.

**Defendant – Jessica Saxon**

40.     Defendant Jessica Saxon, at all times relevant hereto was the General Counsel for USAF with an office at 210 USA Cycling Point, Suite 120, Colorado Springs, Colorado, 80919.

41.     Defendant Jessica Saxon engaged in activity in the state of New Jersey when she communicated with Dinah on behalf of the Miles Chamley-Watson Cup and excluded Dinah from the event that took place in New Jersey.

42.     At all times relevant to the present action, Defendant, Jessica Saxon, aided and abetted the unlawful actions of USAF in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events that took place in March of 2026.

**JURISDICTION AND VENUE**

43.     Venue is proper under Rule 4:3-2 as the cause of action arises in Atlantic County.

44.     The Court has proper subject matter jurisdiction  under N.J. Const. art. VI, § 3, ¶ 2, and personal jurisdiction over each defendant under R. 4:4-4 based on conduct directed at New Jersey.

## FACTUAL BACKGROUND

45.     Dinah became a USAF member in the early 2000s. and thereafter,  took time off from fencing from 2009 through 2024 to raise a family with her wife, Sarah and commence the physical process of transitioning her body and undergo hormone regimen.

46.     Encouraged by fellow fencers, Dinah began fencing again at the DC Fencers Club.

47.     In order to compete in USAF sanctioned events, Dinah had to become a member of USAF again.

48.     In July of 2023, Dinah re-activated her USAF membership as she was ready to get back into fencing after her transition.

49.     On July 12, 2023, Dinah contacted USAF via e-mail and notified them that she is transgender and expressed her desire to change her gender marker on her membership from "M" to "F."

50.     That same month, USAF changed Dinah's gender marker from "M" to "F" and marked her eligible to compete in women's events.

51.     While technically eligible to compete, Dinah did not actually compete in any events in 2023 and 2024, as she was just getting back into shape after approximately 15 years away from the sport.

52.     After letting her USAF membership lapse briefly, on April 9, 2025, Ms. Yukich re-activated her USAF membership and increased her training with the intent of competing in 2025. She also notified USAF that her name had been legally changed to "Dinah Yukich."

53.     On July 22, 2025, Phil Andrews, the CEO of USAF, notified its members that USAF was being forced by the USOPC to implement the Trans Ban that excludes transgender women from competing in women's events:

> ...[O]n July 18, the U.S. Olympic and Paralympic Committee (USOPC) released new athlete-eligibility guidelines, via their Athlete Safety Policy, that every national government body must follow...In response, USA Fencing is forced to apply the Transgender & Non-Binary Participation Policy we first shared on April 15, 2025

54.     The Trans Ban explicitly admits that there may be state laws that are contrary to this policy:

> It is important to note that there may be existent laws per state, and an evolving federal legal landscape that have implications on the adherence to the proposed policy.  In such cases, it is the responsibility of that event host(s) or individual(s) to make USA Fencing aware.

55.     Despite knowing the emotional distress it was causing, USAF implemented and enforced the Trans Ban.

56.     On July 26, 2025, Ms. Yukich submitted a formal complaint to USAF through the USAF portal to dispute the discriminatory Trans Ban.

57.     On July 28, 2025, USAF General Counsel defendant Jessica Saxon, closed the complaint without a finding, stating in part:

> Because this policy has been approved by the USOPC, your report does not allege a violation, and we must close it with no finding.

58.     On or about August 1, 2025, USAF unilaterally changed Dinah's's sex marker from "F" to "M" on her USAF Account.  USAF announced this unilateral change so that "each athlete is automatically assigned to the correct event category for the 2025-2026 season."

59.     On August 3, 2025, Ms. Yukich contacted USAF notifying the organization that it had incorrectly modified her gender and requesting that it change her gender marker back to "F."

> *My account appears to have been incorrectly modified to classify my gender as a male fencer.  I am female….I expect this to be corrected promptly.*

60.     On August 3, 2025, Phil Andrews, the CEO of USAF, admitted Dinah that the Trans Ban has a negative effect on her and further explicitly stated that the USOPC compelled USAF to implement the discriminatory ban.

> *…[U]nfortunately USA Fencing has no choice but to adhere to the requirements of the USOPC at this time….We have made diligent efforts to ensure as a respectful as possible implementation of the required policies, but I understand they have had a negative effect on a number of members.*

61.     Upon information and belief, the Board of Directors of the USOPC were aware of the emotional distress the Trans Ban would cause its transgender members. Damien Lehfeldt, the Chair of the Board of Directors of USAF, admitted as much when he e-mailed Ms. Yukich:

> *I am writing to express my deep sympathy regarding the recent shift in policy from the USOPC and its impact on you and other transgender fencers within our community.*

62.     The Miles Chamley-Watson Cup was a USAF-sanctioned event held at the Atlantic City Convention Center on March 20-22, 2026.   It is a USAF Sanctioned Event.  The Miles Chamley-Watson Cup is an event that is open for members of the public to both participate and spectate.  In order to register, members of the public can go to the event webpage with a link for an individual to register.

63.     The webpage for the event includes that all questions related to the event be sent to an email address:  boutbureau@gmail.com ("Bout Bureau E-Mail").

64.     On November 12, 2025, Dinah contacted the event by sending an email to Bout Bureau E-Mail seeking assistance in registering for the VET Women's Epee and Div 2 Women's Epee events at the Miles Chamley-Watson event that took place on March 20-22, 2026.  She notified the event, through her email to the Bout Bureau, that she was blocked from registering for any women's events.  A copy of the e-mail is attached as Exhibit A.

65.     That same day, USA Fencing through Shannon Daugherty, responded via e-mail denying Dinah's request to participate in the women's fencing events and citing to the UASF "Transgender & Non-Binary Athlete Eligibility Policy."  A copy of the email is attached hereto as Exhibit B.

66.     In an effort to get help from Defendant Miles Chamley-Watson, on November 14, 2025, Dinah called ML Management, a company that upon information and belief provides management services to Defendant Miles Chamley-Watson.  Dinah explained that she was trying to get in touch with Defendant, Create a Legacy Not a Moment, Inc.

67.     Dinah was connected with an individual named Jessica who explained that she worked with Defendant Miles Chamley-Watson.  Dinah obtained Defendant Miles Chamley-Watson's e-mail address with the ML Management.

68.     On November 17, 2025, Dinah Defendant Miles Chamley-Watson seeking assistance in registering for the VET Women's Epee and the Div 2 Women's Epee events at the Miles Chamley-Watson Cup.  Dinah included that she was a transgender female.  A copy of the email is attached as Exhibit C.

69.     Upon information and belief, Defendant Miles Chamley-Watson received the email and ignored same.  On November 20, 2025, Dinah followed up via e-mail.

70.     Upon information and belief, Defendant Miles Chamley-Watson received Dinah's follow-up email and ignored same.

71.     On December 12, 2025, Dinah followed up with an e-mail to the Bout Bureau E-Mail Address.  As of that date, Dinah had not received any response from the Bout Bureau.  Dinah sent the follow-up e-mail to the same e-mail address.

72.     The following day, Defendant Jessica Saxon responded via e-mail and copied Bout Bureau, Defendant Shannon Daugherty and Defendant Miles Chamley-Watson.

73.     Defendant Jessica Saxon included a different e-mail address for Miles Chamley-Watson than the one Dinah had been provided by ML Management.  Upon information and belief, Jessica Saxon included Miles Chamley-Watson's personal e-mail address – a different email address than the one obtained through ML Management, Inc.

74.     Defendant Jessica Saxon responded that Dinah was not allowed to compete in any women's events at the Miles Chamley-Watson Cup.  She further directed Dinah to forward any other questions to her attention.  A copy of this E-mail correspondence is attached as Exhibit D.

75.     Upon information and belief, Defendant USAF through Defendants Jessica Saxon and Shannon Daugherty controlled the responses to all inquiries relating to the Miles Chamley-Watson  Cup and acted on behalf of Defendants USAF, Miles Chamley Watson and Create a Legacy Not a Moment, Inc.

76.     Upon information and belief, Defendants Create a Legacy Not a Moment, Inc. and Miles-Chamley Watson agreed with Defendants USAF, Jessica Saxon and Shannon Daugherty's exclusion of Dinah from the events.

77.     In an effort to seek help from the sponsoring company, Defendant Create a Legacy Not a Moment, Inc.,  on December 15, 2025, Dinah contacted the company's president, Defendant Miles Chamley-Watson.  Dinah again told Defendant Miles Chamley-Watson that she was a transgender woman and looking to compete in the women's events at the Miles Chamley-Watson Cup in New Jersey on March 20-22, 2026.  A copy of this e-mail is attached hereto as Exhibit E.

78.     Upon information and belief, Defendant Miles Chamley-Watson ignored Dinah's request for inclusion and acceptance.

79.     On January 7, 2026, Dinah followed-up with Defendant Miles-Chamley Watson, to no avail.  Despite her second request for inclusion and acceptance, Defendant Miles-Chamley Watson, upon information and belief, chose to ignore Dinah's pleas for acceptance and inclusion.

**COUNT ONE**
**YUKICH v. USA FENCING and CREATE AND LEGACY NOT A MOMENT, INC.**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(f)(1))**

80.     Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

81.     Defendants, USA Fencing and Create a Legacy Not a Moment, Inc., each is a "person" as defined by the New Jersey Law Against Discrimination ("NJLAD").  N.J.S.A. 10:5-5(a).

82.     Upon information and belief, Defendants, USA Fencing and Create a Legacy Not a Moment, Inc., each were a lessee, manager and agent of the Atlantic City Convention Center during the Miles Chamley-Watson Cup that occurred on March 20-22, 2026.

83.     USA Fencing and the Miles Chamley-Watson Cup is itself a "places of public accommodation" entity as defined by NJLAD. N.J.S.A. 10:5-5(l).

84.     Gender identity or expression is a protected status under the NJLAD.  N.J.S.A. 10:5-12(f)(1).

85.     "Gender identity or expression" under the NJLAD "means having or being perceived as having a gender related identity or expression whether or not stereotypically associated with a person's assigned sex at birth." N.J.S.A. 10:5-5(rr).

86.     It is simply unlawful discrimination for an owner of any place of public accommodation to "directly or indirectly refuse, withhold from or deny any person of any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof…on account of sex, gender identity or expression…" N.J.S.A 10:5-12(f)(1).

87.     At all times applicable to the present matter, each of the Defendants was aware that Dinah was a transgender woman and knowingly and maliciously discriminated against Dinah Yukich on the basis of her gender identity and expression.

88.     Defendant USA Fencing, aided and abetted by the other four defendants discriminated against Dinah when they individually and collectively prohibited Dinah from competing in the VET Women's Epee and Div 2 Women's Epee events on account of her gender identity and expression.

89.     Dinah suffered and continues to suffer great emotional harm as a direct result of Defendants actions.

90.     USA Fencing, and  the other four defendants, acted with actual malice when it discriminated against Dinah by removing her from the events because she is a transgender woman.

91.     USA Fencing acted with wanton and willful disregard for the rights of Dinah to participate under New Jersey law when it was foreseeable that Dinah would suffer great harm by the act of excluding her from the VET Women's Epee and the Div 2 Women's Epee.

**WHEREFORE**, Plaintiff demands judgment against each of the Defendants as follows:

a.     The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b.     An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.     An awarding to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.     An award of such other and further relief as the Court determines just and equitable.

**COUNT TWO**
**YUKICH v.. CREATE A LEGACY NOT A MOMENT**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))**

92.     Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein

93.     Defendant, Create a Legacy Not a Moment, Inc., is a "person" as defined by the NJLAD.  N.J.S.A. 10:5-5(a).

94.     It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so."  N.J.S.A 10:5-12(e).

95.     Create a Legacy Not a Moment, Inc., actively aided and abetted Defendant USA Fencing, Defendant Miles Chamley-Watson, Defendant Jessica Saxon and Defendant Shannon Daugherty., in the affecting of the discrimination that caused harm to Dinah.

96.     Create a Legacy Not a Moment, Inc. was aware of its role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New Jersey Law Against Discrimination that caused Dinah harm.

97.     Create a Legacy Not a Moment acted with actual malice when it aided and abetted Defendants USA Fencing, Miles Chamley-Watson, Shannon Daugherty and Jessica Saxon's, discrimination against Dinah by removing her from the VET Women's Epee and Div 2 Women's Epee events  because she is a transgender woman.

98.     Create a Legacy Not a Moment, Inc., acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and abetting the unlawful actions of Defendants, USA Fencing, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc.,  by excluding her from the VET Women's Epee and Div 2 Women's Epee events.

99.     As a direct result of Create a Legacy Not A Moment, Inc.'s actions, Plaintiff has suffered *inter alia* severe and continuing  emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Create a Legacy Not a Moment Inc. and in favor of Plaintiff, Dinah Yukich as follows:

a.      The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b.      An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.      An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.      An award of such other and further relief as the Court determines just and equitable.

**COUNT THREE**
**YUKICH v.. JESSICA SAXON**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))**

100.    Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

101.    Defendant, Jessica Saxon, is a "person" as defined by the NJLAD.  N.J.S.A. 10:5-5(a).

102.    It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so."  N.J.S.A 10:5-12(e).

103.    Jessica Saxon actively aided and abetted Defendant USA Fencing, Defendant Miles Chamley-Watson and Defendant Create a Legacy Not a Moment, Inc., in the affecting of the discrimination that caused harm to Dinah.

104.    Jessica Saxon was aware of her role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New Jersey Law Against Discrimination that caused Dinah harm.

105.    Jessica Saxon acted with actual malice when she aided and abetted Defendants USA Fencing, Miles Chamley-Watson, Shannon Daugherty and Create a Legacy Not a Moment, Inc., discrimination against Dinah by removing her from the VET Women's Epee and Div 2 Women's Epee events  because she is a transgender woman.

106.    Jessica Saxon acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and abetting the unlawful actions of Defendants, USA Fencing, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc.,  by excluding her from the VET Women's Epee and Div 2 Women's Epee events.

107.    As a direct result of Jessica Saxon's actions, Plaintiff has suffered *inter alia* severe and continuing  emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Jessica Saxon and in favor of Plaintiff, Dinah Yukich as follows:

e.    The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

f.    An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

g.    An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

h.    An award of such other and further relief as the Court determines just and equitable.

<div align="center">

**COUNT FOUR**
**YUKICH v.   . SHANNON DAUGHERTY**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))**

</div>

108.    Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

109.    Defendant, Shannon Daugherty, is a "person" as defined by the NJLAD.  N.J.S.A. 10:5-5(a).

110.    It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so."  N.J.S.A 10:5-12(e).

111.    Shannon Daugherty actively aided and abetted Defendant USA Fencing, Defendant Miles Chamley-Watson and Defendant Create a Legacy Not a Moment, Inc., in the affecting of the discrimination that caused harm to Dinah.

112.    Shannon Daugherty was aware of her role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New Jersey Law Against Discrimination that caused Dinah harm.

113.    Shannon Daugherty acted with actual malice when she aided and abetted Defendants USA Fencing, Jessica Saxon, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc.'s discrimination against Dinah by removing her from the VET Women's Epee and Div 2 Women's Epee events because she is a transgender woman.

114.    Shannon Daugherty acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and abetting the unlawful actions of Defendants, USA Fencing, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc., by excluding her from the VET Women's Epee and Div 2 Women's Epee events.

115.    As a direct result of Shannon Daugherty actions, Plaintiff has suffered *inter alia* severe and continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Shannon Daugherty and in favor of Plaintiff, Dinah Yukich as follows:

a.    The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b.    An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.    An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.    An award of such other and further relief as the Court determines just and equitable.

**COUNT FIVE**
**YUKICH v. MILES CHAMLEY-WATSON**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))**

116.    Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

117.    Defendant, Miles Chamley-Watson, is a "person" as defined by the NJLAD. N.J.S.A. 10:5-5(a).

118.    It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so."  N.J.S.A 10:5-12(e).

119.    Miles Chamley-Watson actively aided and abetted Defendants USA Fencing, Jessica Saxon, Shannon Daugherty and Create a Legacy Not a Moment, Inc., in the affecting of the discrimination that caused harm to Dinah.

120.    Miles Chamley-Watson was aware of his role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New Jersey Law Against Discrimination that caused Dinah harm.

121.    Miles Chamley-Watson acted with actual malice when he aided and abetted Defendants, USA Fencing, Jessica Saxon, Shannon Daugherty and Create a Legacy Not a Moment, Inc.'s,  discrimination against Dinah by removing her from the VET Women's Epee and Div 2 Women's Epee events  because she is a transgender woman.

122.    Miles Chamley Watson acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and abetting the unlawful actions of Defendants USA Fencing, Jessica Saxon, Shannon Daugherty and Create a Legacy Not a Moment, Inc., by excluding her from the VET Women's Epee and Div 2 Women's Epee events.

123.     As a direct result of Miles Chamley-Watson's actions, Plaintiff has suffered *inter alia* severe and continuing  emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Miles Chamley-Watson and in favor of Plaintiff, Dinah Yukich as follows:

e.     The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

f.     An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

g.     An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

h.     An award of such other and further relief as the Court determines just and equitable.

### COUNT SIX
### YUKICH v. USA FENCING
### NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))

124.     Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

125.     Defendant, USA Fencing, is a "person" as defined by the NJLAD.  N.J.S.A. 10:5-5(a).

126.     It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so." N.J.S.A 10:5-12(e).

127.     Upon information and belief, USA Fencing actively compelled Defendants Jessica Saxon, Shannon Daugherty, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc., to follow the Trans Ban and ensure that that transgender women be excluded from the women's

events at the Miles Chamley-Watson Cup that was held on March 20-22, 2026 at the Atlantic City Convention Center.

128. USA Fencing was aware of its role in the scheme of discrimination against Dinah. Upon information and belief, USA Fencing utilized its status as the NGB for the sport of fencing, to compel the other defendants to violated the New Jersey Law Against Discrimination and excluded Dinah, a member of the public, from participating in the women's events at the Miles Chamley-Watson Cup.

129. USA Fencing acted with actual malice when it implemented the Trans Ban and upon information and belief, compelled Create a Legacy Not a Moment, Inc. (the event sponsor) to follow USA Fencing's illegal Trans Ban and exclude Dinah from the VET Women's Epee and Div 2 Women's Epee events because she is a transgender woman.

130. USA Fencing acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the coercion and compelling Defendants Miles Chamley-Watson, Jessica Saxon, Shannon Daugherty and Create a Legacy Not a Moment, Inc., to effectuate the Trans Ban by excluding Dinah from the VET Women's Epee and Div 2 Women's Epee events.

131. As a direct result USA Fencing's actions, Plaintiff has suffered *inter alia* severe and continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant USA Fencing and in favor of Plaintiff, Dinah Yukich as follows:

1. The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

2. An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

3.      An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

4.      An award of such other and further relief as the Court determines just and equitable.

<div align="center">

**COUNT SEVEN**
**YUKICH v.. ALL DEFENDANTS**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

</div>

132.    Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

133.    Defendants, individually and collectively, acted intentionally when they excluded Dinah from the VET Women's Epee and Div 2 Women's Epee events at the Miles Chamley-Watson Cup.

134.    Defendant's individual actions were outrageous, extreme, atrocious and utterly intolerable in a civilized community and go beyond the possible bounds of decency.

135.    Defendants individually and collectively caused Dinah great emotional distress that was and is so severe that no reasonable person could be expected to endure it.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually and collectively as follows:

a.      The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b.      An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.      An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.      An award of such other and further relief as the Court determines just and equitable.

<div align="center">
<strong><u>COUNT EIGHT</u></strong><br>
<strong><u>YUKICH v. ALL DEFENDANTS</u></strong><br>
<strong><u>CIVIL CONSPIRACY</u></strong>
</div>

136.    Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

137.    Defendants USA Fencing and Create a Legacy Not a Moment, Inc., upon information and belief, agreed to implement the Trans Ban that would violate the New Jersey Law Against Discrimination.

138.    Defendants, Jessica Saxon, Shannon Daugherty and Miles Chamley-Watson also agreed to ensure that the Trans Ban was implemented for the Miles Chamley-Watson Cup.

139.    All Defendants entered into this agreement with the purpose of excluding Dinah Yukich from the women's events at the Miles Chamley-Watson Cup because she is a transgender.

140.    Defendants Jessica Saxon and Shannon Daugherty committed overt acts in furtherance of the agreement to violate the NJLAD, by communicating to Dinah that she was excluded from the women's events.

141.    Defendant Miles Chamley-Watson committed the overt act of ignoring Dinah's repeated requests for assistance with registering for the women's events.

142.    The Defendants acted in concert to unlawfully deny Dinah from participating in the VET Women's Epee and Div 2 Women's Epee at the Miles Chamley-Watson Cup, resulting in her non-participation in the events and causing her great emotional harm.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually and collectively as follows:

a.      The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b.      An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c.      An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d.      An award of such other and further relief as the Court determines just and equitable.


Respectfully Submitted,

SPECTOR GADON ROSEN VINCI, P.C.

By: _____
**SUSAN M. CIRILLI, ESQUIRE**
NJ Attorney No. 017972012
**SPECTOR GADON ROSEN VINCI P.C.**
130 N.18th Floor
Philadelphia, PA 19103
215.241.8857
scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

Date: May 19, 2026

## JURY DEMAND

Plaintiff hereby demands a trial by jury of 12 members on all issues triable by a jury.

Good cause exists for a jury of 12 members because the triable issues are in the public domain

and of public interest.

**Dated: May 19, 2026**

Susan M. Cirilli, Esq. (017972012)
**SPECTOR GADON ROSEN VINCI P.C.**
130 North 18th Street
 Suite 1800
 Philadelphia, PA 19103
 215.241.8857
 scirilli@sgrvlaw.com
 *Attorney for Plaintiff Dinah Yukich*

## DESIGNATION OF TRIAL COUNSEL

In accordance with Rule 4:25-4, Plaintiff hereby designates Susan M. Cirilli, Esquire as trial counsel in this action.

I hereby certify that to the best of my knowledge, information, and belief, the within matter in controversy is not the subject of any other pending or contemplated court actions or arbitration proceedings.

I further certify that to the best of my knowledge, information, and belief, I am not aware of any non-parties who should be joined in the action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Susan M. Cirilli, Esq. (017972012)
**SPECTOR GADON ROSEN VINCI P.C.**
130 North 18th Street
Suite 1800
Philadelphia, PA 19103
215.241.8857
scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

Dated:  May 19, 2026

## <u>RULE 1:38-7(b) CERTIFICATION</u>

I certify that confidential personal identifiers have been redacted from the documents now submitted to the Court and will be redacted from all documents submitted to the Court in the future in accordance with <u>Rule</u> 1:38-7(b).

<div style="text-align: right;">

_____
Susan M. Cirilli, Esq. (017972012)
**SPECTOR GADON ROSEN VINCI
P.C.**
130 North 18th Street
Suite 1800
Philadelphia, PA 19103
215.241.8857
scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

</div>

Dated:  May 19, 2026

# EXHIBIT A

Subject: Seeking assistance registering for the Miles Chambley-Watson Cup To: boutbureau@gmail.com <boutbureau@gmail.com>


Brandon,

My name is Dinah Yukich and I am writing with regard to the Miles Chamley – Watson Cup to be held March 20-22, 2026 in Atlantic City, NJ. I am trying to register for women's events, but I am not able to. Briefly, I am a transgender women. Before August of this year, I was able to register for the women's events. However, since USA Fencing's policy change, I am not able to register for any women's events. Attached are the screenshots.

I am contacting you because you are listed as the event organizer and running this event. I am seeking assistance in getting me registered for the VET Women's Epee and Div 2 Women's Epee events.

I look forward to hearing from you, and I appreciate your help. For your purposes, my Fencing ID No. is 100058201.

Thank you,

Dinah Yukich

# EXHIBIT B

**REDACTED**

**From:** Shannon Daugherty <s.daugherty@usafencing.org>
**Date:** November 12, 2025 at 5:02:13 PM EST
**To:** Dinah Yukich ████████████████████
**Cc:** Jess Saxon <J.Saxon@usafencing.org>
**Subject: RE: External:Fwd: Seeking assistance registering for the Miles Chambley-Watson Cup**


Hi Dinah,

Thank you for the inquiry regarding your participation at the Miles Chamley Watson Cup in Atlantic City.

Effective August 1, 2025, USA Fencing's **Transgender & Non-Binary Athlete Eligibility Policy** governs participation in all sanctioned competitions. Pursuant to Section III of the policy, eligibility for the Women's category is limited to athletes of the female sex, provided all other entry requirements are satisfied. Athletes who do not meet this criterion are not eligible to compete in the Women's category.

Accordingly, you are ineligible to compete in the women's events at this regional tournament.
If you have any further questions, please forward them the Jess Saxon.

Best,



**Shannon Daugherty**
Sr. Regional Events Manager
USA Fencing

1

# EXHIBIT C

**REDACTED**

From: Dinah Yukich ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Sent: Monday, November 17, 2025 11:59 AM
To: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Subject: Miles Chamley-Watson Cup

Miles,

My name is Dinah Yukich and I am writing with regard to the Miles Chamley – Watson Cup to be held March 20-22, 2026 in Atlantic City, NJ. I am trying to register for women's events, but I am not able to. I am a transgender women. Before August of this year, I was able to register for the women's events. However, since USA Fencing's policy change, I am not able to register for any women's events. Attached are the screenshots.

I am contacting you because the entity "Create a Legacy Not a Moment, LLC" is presenting this event. I am seeking assistance in getting me registered for the VET Women's Epee and Div 2 Women's Epee events.

I look forward to hearing from you, and I appreciate your help. For your purposes, my Fencing ID No. is 100058201.

Thank you,
Dinah Yukich

1

# EXHIBIT D

<p style="text-align:center; color:red;"><strong>REDACTED</strong></p>

**From:** Jess Saxon <J.Saxon@usafencing.org>
**Date:** December 13, 2025 at 2:50:12 PM EST
**To:** Dinah Yukich ███████████████████
**Cc:** Bout Bureau <boutbureau@gmail.com>, Shannon Daugherty <s.daugherty@usafencing.org>, ███████████████████
**Subject: Miles Chambley-Watson Cup**


Hi Dinah,

Thank you for the inquiry regarding your participation at the Miles Chamley Watson Cup in Atlantic City.
As explained in an email on November 12, 2025, effective August 1, 2025, USA Fencing's **Transgender & Non-Binary Athlete Eligibility Policy** governs participation in all sanctioned competitions. Pursuant to Section III of the policy, eligibility for the Women's category is limited to athletes of the female sex, provided all other entry requirements are satisfied. Athletes who do not meet this criterion are not eligible to compete in the Women's category.

Accordingly, you are ineligible to compete in the women's events at this regional tournament.

The event organizers are unable to assist further. If you have any further questions, please forward them to me.

Thank you.

<p style="text-align:center;">1</p>

# EXHIBIT E

<span style="color:red">**REDACTED**</span>

**From:** Dinah Yukich < ███████████████████ >
**Date:** December 15, 2025 at 12:22:47 PM EST
**To:** ██████████████████████
**Subject: Assistance with Miles Chamley-Watson Cup**


Miles,

My name is Dinah Yukich and I am a transgender woman and a member of USA Fencing (ID No. 100058201). I am reaching out to you regarding the Miles Chamley-Watson Cup that is going to be held in March of 2026 in Atlantic City, New Jersey. It is my understanding that your company, Create a Legacy Not a Moment, is presenting this event. That is why I am writing to you.

Briefly, before August of this year, I was able to register for the women's events. However, since USA Fencing's policy change, I am unable to register for any women's events. While USA Fencing continues to communicate to me regarding this event, I am writing to you because your company is putting on this event. Your company is presenting an event that is open to the public, and in the state of New Jersey where gender identity is a protected status.

I very much would appreciate your assistance in ensuring I am able to fence in accordance with New Jersey state law.

I appreciate your help.
Dinah Yukich

1

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-001024-26

**Case Caption:** YUKICH DINAH  VS CHAMLEY-WATSON MILES

**Case Initiation Date:** 05/19/2026

**Attorney Name:** SUSAN M CIRILLI

**Firm Name:** SPECTOR GADON ROSEN VINCI PC

**Address:** ONE LOGAN SQUARE, SUITE 1800 130 N. 18TH STREET

PHILADELPHIA PA 19103

**Phone:** 2152418888

**Name of Party:** PLAINTIFF : Dinah Yukich

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** CIVIL RIGHTS

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Dinah Yukich?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/19/2026
Dated

/s/ SUSAN M CIRILLI
Signed

Case 2:26-cv-08140-KSH-AME   Document 1   Filed 07/02/26   Page 141 of 143 PageID: 511

Claudia A. Costa, Esq. (Bar No.: 034261989)
Aimée S. Lin, Esq. (Bar No.: 039532012)
**GOLDBERG SEGALLA LLP**
711 Third Avenue, Suite 1900
New York, New York 10017
646-292-8700
ccosta@goldbergsegalla.com
alin@goldbergsegalla.com
*Attorneys for Defendants Miles Chamley- Watson,*
*USA Fencing Association*
*(incorrectly pleaded as USA Fencing), Jessica Saxon and Shannon Daugherty*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DINAH YUKICH, <br><br> Plaintiff, <br><br> v. <br><br> MILES CHAMLEY-WATSON, USA FENCING, JESSICA SAXON, CREATE A LEGACY NOT A MOMENT, INC., and SHANNON DAUGHERTY, <br><br> Defendants. | Civil Action No. <br><br><br><br> **DEFENDANT USA FENCING ASSOCIATION'S RULE 7.1 DISCLOSURE STATEMENT** |

Pursuant to Federal Rule of Civil Procedure 7.1, and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for defendant USA Fencing Association (incorrectly pleaded as USA Fencing) ("USAF"), certifies that no publicly-held corporation owns 10% or more of USAF's shares.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By: /s/ Claudia A. Costa
Claudia A. Costa, Esq.

Dated: July 2, 2026

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of July, 2026, I caused to be served the foregoing Rule

7.1 Disclosure by electronic and regular mail upon the following:

Susan M. Cirilli, Esq.
**SPECTOR GADON ROSEN VINCI P.C.**
One Logan Square
130 N. 18th Street, 18th Floor
Philadelphia, PA 19103
215-241-8887
scririlli@sgrvlaw.com

I hereby certify that the foregoing statements by me are true. I am aware that if any of the

foregoing statements by me are willfully false, I am subject to punishment.


 */s/ Claudia A. Costa*
CLAUDIA A COSTA

Dated: July 2, 2026

2