# EXHIBIT G

KeyCite Yellow Flag

Distinguished by County of Morris v. State Nat. Ins. Co., D.N.J., April 26, 2011

2006 WL 3591291
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court, D. New Jersey.

AQUA–GULF TRANSPORT, INC., Plaintiff,

v.

TWIN COUNTY TRANSPORTATION and
Pro Transportation Services, Defendants.

No. Civ.A. 06–1952(JLL).
|
Dec. 11, 2006.

**Attorneys and Law Firms**

O. Gene Hurst, Clark, NJ, for Plaintiff.

Scott Diener, Law Offices of Floyd G. Cottrell, P.A., Newark, NJ, for Defendants.

ORDER

JOSE L. LINARES, J.

**\*1** This Court had referred Plaintiff's motion [CM/ECF Docket Entry # 4] to remand the instant action to the Superior Court of New Jersey to the Honorable Claire C. Cecchi, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). Having reviewed *de novo* the Report and Recommendation of November 14, 2006, and having considered Defendant Pro Transportation Services' objection thereto, as well as Plaintiff's response to said objection, this Court concludes that the action should be remanded to the Superior Court of New Jersey. The November 14, 2006 Report and Recommendation of the United States Magistrate Judge is adopted and incorporated as the Opinion of this Court.[1]

IT IS on this 8th day of December, 2006,

ORDERED that the Report and Recommendation of Magistrate Judge Cecchi, dated November 14, 2006, recommending that this civil action be remanded, is hereby

ADOPTED as the findings of fact and conclusions of law of this Court; and it is further

ORDERED that Civil Action No. 06–1952 is hereby remanded to the Superior Court of New Jersey.

This case is CLOSED.

*REPORT AND RECOMMENDATION*

CLAIRE C. CECCHI, Magistrate J.

This matter has been referred to me by the Honorable Jose L. Linares for an appropriate Report and Recommendation pursuant to *Loc. Civ. R.* 72.1(a)(2) and *Fed. R. Civ. P.* 72(b). Pursuant to *Fed. R. Civ. P.* 78, no oral argument was heard. For the reasons expressed below, I respectfully recommend that the matter be remanded to the Superior Court of New Jersey.

*BACKGROUND*

On March 13, 2006, Aqua–Gulf Transport, Inc. filed a Complaint sounding in negligence against Twin County Transportation and Pro Transportation Services, Inc. in the Superior Court of New Jersey, Essex County Law Division. According to the Complaint, Plaintiff is a Florida corporation having its warehouse and trucking operation offices located in Newark, New Jersey; Defendant Twin County Transportation is a contract carrier of goods with its offices located in Farmingdale, New York; and Defendant Pro Transportation Services, Inc. is a "broker" under the New York State Department of Transportation and is a contract carrier of goods with its offices located in Hamburg, New York.

The Complaint alleges that the Defendants were negligent in transporting a shipment of ice cream from Fieldbrook Farms, in Dunkirk, New York to Newark, New Jersey because the ice cream was placed in a truck's refrigerator unit that was 13 years old and failed while in transit, causing the ice cream to melt. The Complaint further alleges that the Defendants negligently failed to carry proper insurance coverage. Plaintiff seeks damages in the sum of the cargo value of $16,571.68 and the transportation fee of $4,820.00 (totaling $21,391.68), as well as such other relief the Court deems just and appropriate.

On April 27, 2006, Defendant Pro Transportation Services filed a Petition for Removal of the action to the United States District Court for the District of New Jersey on federal question grounds. Specifically, Pro Transportation's removal papers argue that because the Plaintiff asserts a claim against Defendants for damage to cargo in transit that was transported in interstate commerce, the action is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. Pro Transportation Services' removal petition does not state whether its co-defendant, Twin County Transportation, consented to the removal of the case to federal court.

**\*2** Plaintiff filed a motion to remand the action to Superior Court on May 16, 2006, arguing that there are a number of procedural deficiencies in the removal petition. In response, counsel for the removing Defendant filed a certification in further support of the removal petition, noting that state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading are preempted by the Carmack Amendment.

On October 5, 2006, the Court entered an Order requiring the parties to submit supplemental certifications addressing the following questions: (1) whether Defendant Twin County Transportation was served with the Summons and Complaint in the State Court action and, if so, when such service was effected; and (2) whether Defendant Twin County Transportation consented to the removal of the State Court action to the District Court and, if so, when such consent was obtained and by what means.

On October 9, 2006, Plaintiff's counsel submitted a supplemental certification in which he stated that Defendant Twin County Transportation was served with the Summons and Complaint in the State Court action on April 13, 2006 and provided a copy of the related Affidavit of Service. Plaintiff's counsel further stated in his certification that Twin County never filed any pleadings with regard to the lawsuit and did not join in or consent to the removal of the matter to federal court.

Likewise, on October 10, 2006, counsel for the removing Defendant, Pro Transportation Services, submitted a supplemental certification in which he stated that he never received any proof of service from Plaintiff's counsel indicating that Twin County Transportation was properly served with the Summons and Complaint. The removing Defendant's counsel further asserted that Twin County never appeared in either the state or federal action and that he never

received any communication whatsoever from Twin County's counsel regarding this litigation. Finally, the removing Defendant's counsel stated that he "has no information as to whether or not Twin County Transportation ever consented to the removal of this action from the Superior Court of New Jersey, Essex County to the United States District Court, District of New Jersey."

*APPLICABLE LAW AND ANALYSIS*

*Federal Removal Statutes*
Cases originally brought in state court over which a federal court may also have jurisdiction may be removed under 28 U.S.C. § 1441. According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* 28 U.S.C. § 1331 provides that "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Furthermore, 28 U.S.C. § 1441(b) provides, "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

**\*3** 28 U.S.C. § 1446 sets forth the procedure for the removal of a civil action. Section (a) of the statute states in relevant part that a "defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal ... containing a short and plain statement of the grounds for removal...." Section (b) holds that the notice of removal "shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...."

Finally, 28 U.S.C. § 1447(c) states: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

The removing Defendant bears the burden of establishing that federal jurisdiction exists and that the case should not be remanded. *Orlick v. J.D. Carton & Son, Inc.,* 144 F.Supp.2d 337, 341 (D.N.J.2001). Moreover, the removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Id.*

*Rule of Unanimity*

Under the rule of unanimity, all defendants must join in the notice of removal or give their consent within the requisite thirty day period for the removal to be proper. *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir.1995). Here, Defendant Twin County Transportation did not join in the removal petition and, according to the certifications submitted by counsel, the removing Defendant did not obtain Twin County's consent. Thus, the removal petition on its face appears to be procedurally defective.

The unanimity rule may be disregarded, however, where: (1) a non-joining defendant is merely a nominal party; (2) a defendant has been fraudulently joined; or (3) a non-resident defendant has not been served at the time the removing defendant filed its removal petition. *Id.*

In his certification, counsel for the removing Defendant Pro Transportation Services appears to be invoking the third exception listed above by noting that Plaintiff did not provide him with proof that Twin County Transportation had been properly served. Plaintiff's counsel's certification, however, indicates that Twin County was properly served prior to the filing of the April 27, 2006 removal petition; an Affidavit of Service is attached to counsel's certification. Moreover, the removal statutes place no burden on Plaintiff to come forward with information regarding service of the Summons and Complaint. *Prowell v. West Chemical Products, Inc.,* 678 F.Supp. 553, 555 (E.D.Pa.1988) (citing *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir.1985)). The burden is clearly on the defendants to comply with the requirements for removal. *Id.* Accordingly, the third exception to the rule of unanimity does not apply here.

**\*4** Counsel for the removing Defendant appears to make a related argument that because Twin County never made an appearance in either the state or federal litigation, and that counsel for Twin County never communicated with the removing Defendant's counsel, Twin County's consent was not necessary. This argument also fails.

Even where, as here, no counsel has made an appearance on behalf of a named defendant and no proof of service has been filed with respect to that named defendant, the removing defendant nevertheless has the duty to insure that such named defendant has consented to the removal. *See Leuzzi v. Dollar Tree Stores Inc.,* No. 05–4814, 2005 WL 2972982, \*2 (E.D.Pa. Nov.4, 2005) (citing *Prowell,* 678 F.Supp. 553 (E.D.Pa.1988); *Eagle Nursing Home v. Erie Ins. Group,* 981 F.Supp. 932 (D.Md.1997); *Pianovski v. Laurel Motors,* 924 F.Supp. 86 (N.D.Ill.1996); *Cohen v. Hoard,* 696 F.Supp. 564 (D.Kan.1988)). In the case at bar, Defendant Pro Transportation did not obtain, nor attempt to obtain, the consent of Defendant Twin County Transportation. Thus, the removal petition fails to comply with the unanimity rule and is therefore procedurally defective.

Accordingly, Defendant Pro Transportation Services improvidently removed this case without jurisdiction. This matter, therefore, should be remanded to the Superior Court of New Jersey as required by 28 U.S.C. § 1447(c).

*CONCLUSION*

For the foregoing reasons, I recommend that this matter be remanded to the Superior Court of New Jersey.

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 3591291

Footnotes

1    The Court notes that Defendant Pro Transportation attempted to submit new evidence in its objection to Magistrate Judge Cecchi's November 14, 2006 Report and Recommendation, but fails to provide any explanation, whatsoever, as to why this evidence had been previously unavailable. Magistrate Judge Cecchi had specifically requested that the parties submit supplemental submissions on the very issue of whether Defendant Twin County Transportation had been served with the Summons and Complaint, and had consented to the removal of the instant action. As such, the Court finds that Defendant Pro Transportation had more than ample opportunity in which to engage in proper due diligence prior to

Magistrate Judge Cecchi's ruling on the issue. Furthermore, even if Defendant Pro Transportation was first made aware of the identity of the individual who accepted service on behalf of Defendant Twin County Transportation in Plaintiff's October 9, 2006 supplemental submission to the Court, Defendant had over a month before Magistrate Judge Cecchi's Report and Recommendation was filed, in which to conduct any such "additional investigation."

Finally, even if the Court were to consider the fruits of Defendant Pro Transportation's belated investigation, the Court still finds that Defendant Pro Transportation's removal was procedurally defective, as Defendant Twin County Transportation, which is listed as an active corporation according to the New York Department of State, did not join in the notice of removal, or consent to same. *See* Cherette Smith Affidavit, ¶ 3.

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.