# EXHIBIT I

Case 2:26-cv-08140-KSH-AME    Document 8-11    Filed 07/31/26    Page 2 of 5 PageID: 529

Williams v. ProMedica Health Systems Inc., Not Reported in Fed. Rptr. (2024)

**2024 WL 4927258**
Only the Westlaw citation is currently available.
United States Court of Appeals, Third Circuit.

Darrell E. WILLIAMS, Personal Representative of the Estate of Moneena Williams, Deceased, Appellant

v.

PROMEDICA HEALTH SYSTEMS INC., trading and doing business as ProMedica Skilled Nursing and Rehabilitation (Greentree) trading and doing business as ManorCare Health Services-Greentree

No. 24-1369
|
Submitted under Third Circuit
L.A.R. 34.1(a) November 15, 2024
|
(Opinion filed: December 2, 2024)

Appeal from the United States District Court for the Western District of Pennsylvania (District Court No. 2-23-cv-01134), District Judge: Honorable Cathy Bissoon

**Attorneys and Law Firms**

Darrell E. Williams, Bridgeville, PA, Pro Se.

Eugene A. Giotto, Esq., Andrew W. Reinhart, Esq., Cozen O'Connor, Pittsburgh, PA, for Promedica Health Systems Inc.

Before: RESTREPO, MONTGOMERY-REEVES, and AMBRO, Circuit Judges

OPINION[*]

AMBRO, Circuit Judge

**\*1** Darrell Williams petitioned to vacate an arbitral award for ProMedica Health Services, Inc. under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(4), on the ground that the underlying arbitration agreement violated a regulation promulgated by the Centers for Medicare and Medicaid Services ("CMS"). The parties are both residents of Pennsylvania, so to invoke the subject-matter jurisdiction of the federal courts, Williams must establish that this action arises under federal law. 28 U.S.C. § 1331. The District Court held that he failed to do so, and we affirm.

**I. Background**

Williams sued ProMedica in the Allegheny County Court of Common Pleas for injuries his mother suffered at a long-term care facility. ProMedica filed a preliminary objection arguing that Williams had to submit his claims to arbitration because his mother had signed an arbitration agreement. The state court sustained the objection.

The parties proceeded to arbitration. On the threshold question of its own competence to decide the dispute, the arbitration panel found that the underlying arbitration agreement was valid and enforceable against Williams even though he was his mother's legal representative and had not signed it. On the merits, the panel entered summary judgment for ProMedica because Williams did not provide a certificate of merit, which is required by the Pennsylvania Rules of Civil Procedure in professional negligence cases.

The day before the Court of Common Pleas entered its order confirming the award, Williams petitioned to vacate it under Section 10(a)(4) of the FAA in the U.S. District Court for the Western District of Pennsylvania. According to Williams, the arbitration agreement was invalid and unenforceable because it did not comply with a regulation recently promulgated by CMS. The regulation, which went into effect on September 16, 2019 (one month after Williams's mother signed the arbitration agreement), provided that "[i]f a facility chooses to ask a resident or his or her representative to enter into an agreement for binding arbitration," "[t]he facility must ensure that[ ] ... [t]he agreement is explained to the resident *and his or her representative* in a form and manner that he or she understands ...." 42 C.F.R. § 483.70(m)(2)(i) (emphasis added) (the "CMS Regulation"). In Williams's view, the arbitration agreement his mother signed was invalid because he was her representative and the facility did not explain it to him. ProMedica argued in its response that, among other things, the District Court lacked subject-matter jurisdiction to hear the petition because (1) the parties were not diverse and (2) the petition did not arise out of federal law.

The magistrate judge submitted a report and recommendation dismissing Williams's petition for lack of subject-matter jurisdiction, which the District Court adopted in full. Williams timely appealed.

Case 2:26-cv-08140-KSH-AME    Document 8-11    Filed 07/31/26    Page 3 of 5 PageID: 530

Williams v. ProMedica Health Systems Inc., Not Reported in Fed. Rptr. (2024)

## II. Discussion

Federal courts have subject-matter jurisdiction to hear two main kinds of cases: cases between citizens of different states, 28 U.S.C. § 1332(a), and cases "arising under" federal law, 28 U.S.C. § 1331. Ordinarily, an action "arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton,* 568 U.S. 251, 257 (2013). But that is not necessarily so for actions brought under the FAA. "The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction" because "[i]t creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25 n.32 (1983). So a party moving to vacate an arbitral award under Section 10 "must identify a grant of jurisdiction, apart from Section 10 itself, conferring access to a federal forum." *Badgerow v. Walters,* 596 U.S. 1, 8 (2022) (internal quotation marks omitted). "If [ ]he cannot, the action belongs in state court." *Id.*

 **\*2** The parties here are both citizens of Pennsylvania, so we have subject-matter jurisdiction over Williams's petition only if it arises under federal law. For purposes of Section 1331, a claim may arise under federal law in two ways. First, and "[m]ost directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn,* 568 U.S. at 257. Second, "federal jurisdiction over a state law claim will lie" in a "special and small category of cases" outlined in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308 (2005). *Id.* at 258 (internal quotation marks omitted). Under the *Grable* test, a state-law claim arises under federal law "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.*

Williams makes two arguments on appeal: (1) the District Court erred by holding that he did not assert a federal cause of action because the CMS Regulation is "legally binding," Appellant's Br. 17; and (2) even if he did not bring a federal cause of action, his claim still arises under federal law because it implicates a substantial federal question - whether the CMS Regulation renders the arbitration agreement his mother signed invalid or unenforceable.

### A. Williams Does Not Bring a Cause of Action Created by Federal Law.

The most common way to invoke federal-question jurisdiction is by pleading a cause of action created by federal law. Williams asserts that the District Court erred in holding that he has not identified a federal cause of action independent of the FAA because the CMS Regulation he invokes was codified by "the Federal Register Act," and thus is "considered legally binding just as any statute." Appellant's Br. 17.

This argument misunderstands the inquiry. The question is not whether the CMS Regulation creates a legal obligation —it is whether "federal law creates ... the cause[ ] of action that [Williams] ha[s] asserted." *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 809 (1986). In *Merrell Dow* itself, the relevant federal statute imposed legal obligations on drug manufacturers but did not create a private right of action to enforce those obligations in court. *Id.* at 805–06. Even the plaintiffs conceded that for federal law to create a cause of action for Section 1331 purposes, the statute must do more than impose an obligation—it must also afford the plaintiff a right of action. *Id.* at 809 ("This case does not pose a federal question of the first kind; respondents do not allege that [the Federal Food, Drug, and Cosmetic Act] creates any of the causes of action that they have asserted.").

Neither the CMS Regulation nor the Federal Register Act creates a private right of action, and Section 10 of the FAA on its own is insufficient. The District Court thus properly held that federal law did not create any cause of action that Williams raises in his petition.

### B. Williams Does Not Raise a Substantial Issue of Federal Law.

The District Court also held that Williams's petition did not arise under federal law because the CMS Regulation (1) was promulgated after the arbitration agreement here and (2) does not affect enforceability. It concluded that these were *jurisdictional* grounds for dismissing Williams's petition, rather than *merits* grounds, based on the Supreme Court's repeated admonition that "[a] claim invoking federal-question jurisdiction ... may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.' " *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 513 n.10 (2006) (quoting *Bell v. Hood,* 327 U.S. 678, 682–83 (1946)).

 **\*3** At first blush, this principle appears to confuse the jurisdictional and merits inquiries, and no less an authority

than Justice Harlan characterized it as "a maxim more ancient than analytically sound." *Rosado v. Wyman*, 397 U.S. 397, 404 (1970); *see also Bell*, 327 U.S. at 682 ("question[ing]" "[t]he accuracy of calling these dismissals jurisdictional"). Despite these criticisms, the Supreme Court has explained that the "substantiality doctrine ... remains the federal rule, and needs no reexamination[.]" *Hagans v. Lavine*, 415 U.S. 528, 438 (1974).

We agree with the District Court that Williams's argument the CMS Rule affects the validity of arbitration agreements is wholly insubstantial. CMS itself said expressly in the final proposed regulation that it "does not have the power to annul valid contracts[,]" and the "final rule does not purport to regulate the enforceability of any arbitration agreement[.]" 84 Fed. Reg. 34718, 34718, 34729 (July 18, 2019). And as the District Court noted, the Eighth Circuit has held that this same regulation does not affect the validity or enforceability of arbitration agreements. *See Northport Health Servs. of Ark., LLC v. U.S. Dep't of Health & Hum. Servs.*, 14 F.4th 856, 868–69 (8th Cir. 2021).

Even putting aside *Arbaugh*, we would still conclude that Williams's petition does not arise under federal law because whether the CMS Regulation affects the validity or enforceability of his private arbitration agreement is not a substantial federal issue under *Grable*.[1] *Gunn* is clear that the bar for substantiality is high. "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit." *Gunn*, 568 U.S. at 260. Instead, "[t]he substantiality inquiry under *Grable* looks ... to the importance of the issue to the federal system as a whole." *Id.* Resolving whether the CMS Regulation affects the validity or enforceability of certain private arbitration agreements does not implicate the same substantial federal interests that the Court has elsewhere found to justify exercising federal-question jurisdiction. For example, in *Grable* itself the IRS seized the plaintiff's property to satisfy a tax delinquency.

*Grable*, 545 U.S. at 310. The plaintiff later brought a state-law quiet-title action against the property's new owner and argued that the seizure was invalid because the IRS violated federal notice requirements. *Id.* The Court held that the state-law claim arose under federal law because the federal government had a " 'strong interest' in being able to recover delinquent taxes through seizure and sale of property." *Gunn*, 568 U.S. at 260 (quoting *Grable*, 545 U.S. at 309). The federal government's " 'direct interest in the availability of a federal forum to vindicate its own administrative action' made the question 'an important issue of federal law that sensibly belonged in federal court.' " *Id.* at 260–61 (quoting *Grable*, 545 U.S. at 315) (brackets omitted).

**\*4** Likewise, in *Smith v. Kansas City Title & Trust Co.*, a shareholder of a company challenged the validity of a federal bond on the ground that it was issued under a purportedly unconstitutional statute. 255 U.S. 180, 201 (1921). The federal government had a strong interest in ensuring that the validity of its bonds, and thus the stability of the federal bond market, rested on a single, uniform law rather than the varying, potentially different, interpretations of multiple state courts. *Id.* at 201–02. The Court thus held that the plaintiff's claim arose under federal law. *Id.* at 202. In contrast, the question Williams raises here does not implicate any similarly substantial federal interest, nor does he try to identify any. *See Merrell Dow*, 478 U.S. at 809 n.6 ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.").

\* \* \*

The District Court properly concluded that Williams's petition does not arise under federal law, so we affirm.

## All Citations

Not Reported in Fed. Rptr., 2024 WL 4927258

---

Footnotes

\*    This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1    The terminology here is confusing, so it is worth clarifying. The "substantiality doctrine," as discussed in cases like *Arbaugh* and *Hagans*, is distinct from the substantiality prong of the *Grable* test. The former goes to the *substance* of the claim invoking federal-question jurisdiction. If it is plainly frivolous, it lacks substance and thus is not enough to invoke federal-question jurisdiction. In contrast, the latter goes to the strength of the federal system's interest in overseeing the resolution of the purported federal issue.

**Williams v. ProMedica Health Systems Inc., Not Reported in Fed. Rptr. (2024)**

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

---