**SPECTOR GADON ROSEN VINCI P.C.**
By: G. Vincent Tese, Esq. (005642009)
    Susan M. Cirilli, Esq. (017972012)
One Logan Square
130 N. 18th Street, 18th Floor
Philadelphia, PA 19103
Telephone: (215) 241-8873
Email: gtese@sgrvlaw.com, scirilli@sgrvlaw.com
*Attorneys for Plaintiff, Dinah Yukich*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DINAH YUKICH<br><br>    Plaintiff,<br><br>v.<br><br>MILES CHAMLEY-WATSON, USA FENCING ASSOCIATION, JESSICA SAXON, CREATE A LEGACY NOT A MOMENT, INC., and SHANNON DAUGHERTY<br><br>    Defendants. | No. 2:26-cv-8140-KSH-AME<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STAY DEFENDANTS' MOTION TO DISMISS PENDING DECISION ON PLAINTIFF'S MOTION TO REMAND** |

i

# TABLE OF CONTENTS

Page(s)

**I. Introduction** ......................................................................................................... 1

**II. Background** .......................................................................................................... 1

**III. Legal Standard** .................................................................................................... 2

**IV. Argument** ............................................................................................................. 3

    A.  The Court Should Decide the Jurisdictional Remand Motion Before the Merits of the

        Motion to Dismiss. ........................................................................................... 3

    B.  A Stay Conserves the Resources of the Court and the Parties. ............................... 4

    C.  The Equities Favor a Stay, and Defendants Identify No Prejudice. ....................... 5

    D.  Interim Relief Is Necessary Because the Opposition Deadline Precedes Any Ruling. ............. 6

**V. Conclusion** ........................................................................................................... 7

# TABLE OF AUTHORITIES

**CASELAW**

*Anderton v. 3M Co.*
No. 18-14949, 2019 WL 2009788 (D.N.J. May 7, 2019) ............................................................. 1,4

*Brooks v. Purcell*
57 F. App'x 47 (3d Cir. 2002) ............................................................................................................. 1,6

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*
545 U.S. 308 (2005) .................................................................................................................................. 5

*Iannuzzelli v. Alliance HC 11 LLC*
No. 22-4473, 2022 WL 16822575 (D.N.J. Nov. 8, 2022)............................................................. 1,4

*Landis v. North American Co.*
299 U.S. 248 (1936) .................................................................................................................................. 3

*Pennsylvania v. Tap Pharm. Prods., Inc.*
415 F. Supp. 2d 516 (E.D. Pa. 2005)................................................................................................. 1,4

*Plaza v. Bernards Twp. Planning Bd.*
No. 17-11466, 2018 WL 3637515 (D.N.J. July 31, 2018) .............................................................. 4

*State St. Rest. Grp., Inc. v. Cincinnati Cas. Co.*
No. 3:20-CV-816, 2021 WL 786013 (M.D. Pa. Feb. 10, 2021) ................................................... 4

*Weinberg v. Sprint Corp.*
165 F.R.D. 431 (D.N.J. 1996)............................................................................................................... 5

*Witchey v. First Gold Buyers, Inc.*
No. 3:16-CV-2312, 2017 WL 1550039 (M.D. Pa. May 1, 2017) ................................................. 5

**STATUTES**

28 U.S.C. § 1331 .......................................................................................................................................5

28 U.S.C. § 1447(c) ...................................................................................................................................3

**RULES**

Fed. R. Civ. P. 12 .....................................................................................................................................3

L. Civ. R. 7.1(d) ........................................................................................................................................2

## I. Introduction

Plaintiff respectfully asks the Court to stay Defendants' motion to dismiss, and to extend Plaintiff's time to respond, until the Court decides Plaintiff's motion to remand. Both motions are returnable September 8, 2026, yet Plaintiff's opposition to the motion to dismiss is due August 25, 2026. The motion to remand presents a threshold question: whether this Court has subject-matter jurisdiction, where no federal statute appears on the face of Plaintiff's Complaint. In cases where it has made sense to do so, this Court has stayed a motion to dismiss until it resolved a pending motion to remand, and in some instances administratively terminated the motion without prejudice. See, e.g., *Iannuzzelli v. Alliance HC 11 LLC*, No. 22-4473, 2022 WL 16822575, at *1 n.1 (D.N.J. Nov. 8, 2022); *Anderton v. 3M Co.* No. 18-14949, 2019 WL 2009788 (D.N.J. May 7, 2019); *Plaza v. Bernards Township Planning Board*, No. 17-11466, 2018 WL 3637515, at *2 (D.N.J. July 31, 2018).

This is such a case. Because the remand motion may determine whether the Court has jurisdiction to proceed, requiring Plaintiff to brief the motion to dismiss now would spend the parties' and the Court's resources on a motion the Court may never reach, and would force Plaintiff to choose between opposing that motion and risking its entry as unopposed, the bind the Third Circuit described in *Brooks v. Purcell*, 57 F. App'x 47, 49 (3d Cir. 2002). A stay is a modest step that avoids that risk and prejudices no one. Plaintiff asked Defendants to consent; they declined.

## II. Background

Plaintiff filed her Complaint in the Superior Court of New Jersey, Law Division, Civil Part (Atlantic County), Docket No. ATL-L-1024-26, on May 19, 2026. On June 29, the parties stipulated that Defendants would have additional time (until July 15th, 2026) to answer or

1

otherwise respond to the Complaint.  On July 2, 2026, Defendant USA Fencing Association removed the action to this Court, making their answer due on July 9th, 2026. On July 8th, Defendants applied to this Court for a Clerk's extension.  Defendants then filed their motion to dismiss on the last possible day, July 23, 2026.

The motion to dismiss was originally returnable August 17, 2026. On Plaintiff's application under L.Civ.R. 7.1(d)(5), the Court adjourned the return date, which is now September 8, 2026.

On July 30, 2026, Plaintiff filed her motion to remand, also returnable September 8, 2026. The motion to remand seeks remand on two independent grounds: first, that the removal was procedurally defective because it was not unanimous; and second, that this Court lacks subject-matter jurisdiction because no federal question appears on the face of the well-pleaded Complaint, the case does not fall within the narrow category of state-law claims that turn on a substantial federal issue, and Plaintiff's claims are not completely preempted. Under L.Civ.R. 7.1(d)(2), Plaintiff's opposition to the motion to dismiss is due August 25, 2026.

Plaintiff has already used the one automatic adjournment available under L.Civ.R. 7.1(d)(5). Under the final sentence of that Rule, no further extension of the time limits in L.Civ.R. 7.1(d)(2) and (3) may be granted without an Order of the Court, and any application for such an extension must advise the Court whether the parties consent. On July 29, 2026, counsel for Plaintiff requested Defendants' consent to a stay, and Defendants declined. A copy of that correspondence is attached to the accompanying Certification of G. Vincent Tese, Esq. as Exhibit A.

2

## III. Legal Standard

This motion is addressed to the Court's discretion. A district court has broad authority to control its own docket, including the power to stay proceedings, a power "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In exercising that discretion, the Court weighs the competing interests, and the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id*. at 255. However, "[c]onsiderations such as these, however, are counsels of moderation rather than limitations upon power." *Id*. at 255. Where a brief stay threatens no such damage to the opposing party, the showing required of the movant is modest.

The Court's discretion is also informed by a threshold principle: subject-matter jurisdiction must be established before the merits, and the remand statute makes the consequence of its absence mandatory. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When a pending motion to remand places the Court's jurisdiction in genuine question, the Court may stay a merits motion, including a motion to dismiss, until the jurisdictional question is resolved, so that the parties do not litigate, and the Court does not decide, a motion the Court may lack the power to reach.

## IV. Argument

### A. The Court Should Decide the Jurisdictional Remand Motion Before the Merits of the Motion to Dismiss.

Plaintiff's motion to remand challenges this Court's subject-matter jurisdiction, and that question is properly resolved before the Court reaches Defendants' Rule 12 motion, which

3

assumes the jurisdiction Plaintiff contests. When faced with this sequence of filings, Courts have taken up the jurisdictional question before the motion to dismiss. In *State Street Restaurant Group, Inc. v. Cincinnati Casualty Co.*, the defendant's motion to dismiss invited the court to make substantive rulings "in a setting where our subject matter jurisdiction is being actively questioned," and the court concluded: "If we lack jurisdiction to entertain this case, such an exercise would be imprudent. Accordingly, before addressing the merits issues raised by [the] motion to dismiss we should first resolve any lingering questions concerning our own jurisdiction raised by the plaintiff's motion to remand." No. 3:20-CV-816, 2021 WL 786013, at *3 (M.D. Pa. Feb. 10, 2021). The Eastern District of Pennsylvania took the same approach, explaining that "the power to grant a stay is subject to an important limitation: the existence of subject matter jurisdiction," and that "determinations of subject matter jurisdiction should be made on an individualized basis." *Pennsylvania v. Tap Pharm. Prods., Inc.*, 415 F. Supp. 2d 516, 521 (E.D. Pa. 2005). Sequencing the two motions the same way here, remand first, is the sound course.

## B. A Stay Conserves the Resources of the Court and the Parties.

When it has served the interests of orderly case management, this Court has granted the relief Plaintiff seeks. In *Iannuzzelli*, "the Court granted Plaintiffs' request to Stay the Motion to Dismiss pending resolution of the Motion to Remand." 2022 WL 16822575, at *1 n.1. In *Plaza v. Bernards Township Planning Board*, the court "granted Plaintiff's motion to stay and administratively terminated Defendants' motions to dismiss, pending a decision on Plaza's motion to remand." No. 17-11466, 2018 WL 3637515, at *2 (D.N.J. July 31, 2018). And in *Anderton v. 3M Co.*, "[t]he Court terminated the motions to dismiss, pending the resolution of the motion to remand." No. 18-14949, 2019 WL 2009788, at *1 (D.N.J. May 7, 2019); see also

4

*Witchey v. First Gold Buyers, Inc.*, No. 3:16-CV-2312, 2017 WL 1550039, at *7 (M.D. Pa. May 1, 2017) (describing the court's earlier "stay of the briefing deadlines concerning [the] motion to dismiss pending disposition of Plaintiffs' motion to remand," lifted only after remand was denied). This case presents the same circumstance that made a stay appropriate in those cases: the remand motion turns on whether the Court has jurisdiction, and no federal statute appears on the face of the Complaint. If the Court grants remand, the parties' work on the motion to dismiss will have been unnecessary, and the merits will have been addressed by a court without power to decide them. For that reason, Plaintiff's proposed order follows *Plaza* and *Anderton*, staying the motion and administratively terminating it without prejudice to reinstatement if the action is not remanded.

### C.  The Equities Favor a Stay, and Defendants Identify No Prejudice.

The equities support a stay because Plaintiff's motion to remand is likely to succeed, and a stay therefore spares the parties and the Court from litigating the merits of a case that will return to state court. Federal-question jurisdiction reaches only "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and under the well-pleaded complaint rule the federal question must appear on the face of the plaintiff's complaint. A state-law claim comes within federal jurisdiction only in the narrow circumstance where it necessarily raises "a stated federal issue, actually disputed and substantial." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Plaintiff's Complaint pleads only New Jersey state-law claims; no federal statute appears on its face; the claims are not completely preempted; and they raise no substantial, disputed federal issue that would bring the case within that narrow exception. This District has remanded on comparable facts. See *Weinberg v. Sprint Corp.*, 165 F.R.D. 431, 444 (D.N.J. 1996) ("find[ing] this case to be lacking

5

federal jurisdiction and, therefore, grant[ing] plaintiff Weinberg's motion to remand"). Because remand is the likely outcome, briefing the motion to dismiss now would be effort spent on a merits question this Court may never reach.

The balance of harms confirms the point. Without a stay, Plaintiff must brief a dispositive motion, at real expense, that this Court may lack jurisdiction to decide, or risk having it granted against her as unopposed. That is the bind the Third Circuit described in *Brooks*, where the plaintiff relied on his pending remand motion, did not oppose the motion to dismiss, and, because the district court had not stayed the proceedings, was held to have "acted at his own peril" when the case was dismissed. 57 F. App'x at 49; *see id.* at 49-50 (a removed "case … is subject to an ongoing constructive motion to remand"). Defendants face no comparable hardship. Plaintiff's stipulated to give them more time to respond to the Complaint in State court. Defendants then removed this action on July 2, 2026, obtained an extension of their own time to respond, and filed their motion to dismiss on the last day of that extended period, July 23, 2026. Having taken that time for themselves, Defendants can claim no prejudice from a brief stay of Plaintiff's time to respond. If anything, requiring Plaintiff to oppose now, before the Court rules on remand, would give Defendants, as the moving party, an early preview of Plaintiff's arguments and an opportunity to refine their reply. That Defendants declined to consent confirms only that an Order of the Court is required.

**D. Interim Relief Is Necessary Because the Opposition Deadline Precedes Any Ruling.**

Because both motions are returnable September 8, 2026, but Plaintiff's opposition is due August 25, 2026, Plaintiff respectfully requests that the Court consider this motion on an expedited basis and, pending its disposition, stay Plaintiff's time to respond to the motion to dismiss. Otherwise, the deadline this motion addresses would pass before the motion could be

6

heard in the ordinary course, and Plaintiff would be required to brief the very motion the stay is meant to defer. A short interim stay avoids that result.

## V. Conclusion

For these reasons, Plaintiff respectfully requests that the Court stay Defendants' motion to dismiss and extend Plaintiff's time to respond until fourteen (14) days after entry of the order deciding Plaintiff's motion to remand, and, pending disposition of this motion, stay Plaintiff's time to respond to the motion to dismiss, together with such other and further relief as the Court deems just.

SPECTOR GADON ROSEN VINCI P.C.

By: /s/ G. Vincent Tese_____
    G. Vincent Tese, Esq. (005642009)
    One Logan Square
    130 N. 18th Street, 18th Floor
    Philadelphia, PA 19103
    Telephone: (215) 241-8887
    Email: gtese@sgrvlaw.com

***Attorneys for Plaintiff, Dinah Yukich***

Dated: August 12 , 2026

7