# EXHIBIT C

57 Fed.Appx. 47
This case was not selected for publication in the Federal Reporter.
Not for Publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1 generally governing citation of judicial decisions issued
on or after Jan. 1, 2007. See also Third Circuit LAR, App. I, IOP 5.7. (Find CTA3 App. I, IOP 5.7)
United States Court of Appeals,
Third Circuit.

David C. BROOKS, Esquire, pro se, Appellant,

v.

Philip J. PURCELL, Chairman and Chief Executive Officer; Robert G. Scott,
President and Chief Operating Officer Morgan; Stanley Dean Witter & Co.;
Morgan Stanley Dean Witter & Co.; David Nelms, Chairman of the Board
Discover Financial Services, Inc.; Discover Financial Services, Inc.; Brice
Brown, Executive Inquiry Specialist; Sue Doe; Jennifer Doe; Ozzie Doe; Jane
Doe Cook; John Does, One Through Nine; Jane Does, One Through Nine.

No. 02–2370.
|
Submitted under Third Circuit LAR 34.1(a) Dec. 17, 2002.
|
Decided Dec. 23, 2002.

**Synopsis**
Credit card holder brought state court action against card's issuer, based on alleged wrongful disclosure of inadvertent delinquency in his account to credit reporting agencies. Following removal to federal court, the United States District Court for the Eastern District of Pennsylvania, Marvin Katz, J., dismissed action, and plaintiff appealed. The Court of Appeals, Greenberg, Circuit Judge, held that: (1) defendants sued under partially fictitious names could be regarded as fictitious, and their citizenship could thus be disregarded in determining whether diversity jurisdiction existed, and (2) plaintiff acted at his own peril when he did not oppose motion to dismiss, permitting court to grant motion as uncontested under local rule.

Affirmed.

**Procedural Posture(s):** On Appeal; Motion to Dismiss.

West Headnotes (3)

**[1]**    **Removal of Cases**⚷Proceedings for Remand and Review Thereof
        **Removal of Cases**⚷Review
        Case that has been removed to district court from a state court is subject to an ongoing
        constructive motion to remand; moreover, a court of appeals on an appeal must inquire into

the subject matter jurisdiction of the district court so the constructive ongoing motion to remand survives when the case is appealed.

3 Cases that cite this headnote

[2]    **Federal Courts**⊷Nominal or formal parties;  real parties in interest

Defendants sued under partially fictitious names could be regarded as fictitious, and their citizenship could thus be disregarded in determining whether diversity jurisdiction existed; plaintiff used names that he had no reason to believe were those of real people, which he allocated to partially named defendants, and did not supply sufficient information for district court to know specific identity of those defendants. ⚑28 U.S.C.A. § 1441(a).

21 Cases that cite this headnote

[3]    **Removal of Cases**⊷Forms and rules of procedure in general

Plaintiff acted at his own peril when he did not oppose motion to dismiss, permitting court to grant motion as uncontested under local rule, despite prior order suggesting that plaintiff's motion to remand was open; although plaintiff had some reason to believe that district court might ultimately remand the case, district court did not stay proceedings in the prior order, and plaintiff should have understood the proceedings were not stayed. U.S.Dist.Ct.Rules D.Pa., Rule 7(1)(c).

2 Cases that cite this headnote

**\*48** On Appeal from the United States District Court for the Eastern District of Pennsylvania. (D.C.Civ. No. 02–00882). Honorable Marvin Katz, District Judge.

**Attorneys and Law Firms**

David C. Brooks Glenside, PA, Appellant pro se.

William T. Hangley Hangley, Aronchick, Segal & Pudlin One Logan Square Philadelphia, PA, for Appellee.
Before SLOVITER, RENDELL, and GREENBERG, Circuit Judges.

OPINION OF THE COURT

GREENBERG, Circuit Judge.

**\*\*1** This matter comes on before this court on plaintiff David C. Brooks' appeal from orders dated April 16, 2002, and April 17, 2002, respectively entered on April 16, 2002, and April 18, 2002, in this civil action arising from a dispute regarding Brooks' dealings with Discover Financial Services. As Brooks explains in his brief, "[t]his case revolves around a series of irregular and unfortunate events which began in February 2001 when the computer network of [his] solo law practice was incapacitated by an insidious computer virus which corrupted all of [his] information, correspondence, pleadings, financial information and on-line banking software." Appellant's br. at 5. According to Brooks, one consequence of this unfortunate turn of events was that Brooks' account

on his Discover card became delinquent following which Discover card reported the delinquency to credit rating agencies. Brooks explains that this information negatively affected his creditworthiness "thus disqualifying him for a loan he needed to finish construction of an (income-producing) day care center and leaving him teetering on the brink of insolvency." *Id.* at 6.

By reason of the foregoing circumstances, Brooks instituted an action in the Montgomery County, Pennsylvania, Common Pleas Court against Discover Financial Services, Inc., apparently the issuer of his Discover card, as well as certain named and fictitious individuals. The gravamen of the complaint was that the defendants engaged in various wrongful acts against Brooks arising out of his inadvertent delinquency in his Discover card account. The case then went through convoluted twists and turns including being removed to the district court on diversity of citizenship grounds, being remanded to the state court, and then being removed again. Following the second removal, Brooks moved on February 25, 2002, to remand the case again to the state court but the district court on March 12, 2002, entered an order denying the motion "without prejudice to [Brooks] filing an appropriate motion when diversity[1] [sic] has ascertained whether the Doe defendants affect this court's diversity jurisdiction." On February 27, **\*49** 2002, the defendants moved for an order postponing their deadline for filing an answer or motion in response to the complaint until after the court ruled on the motion to remand. On March 22, 2002, the court granted the motion and provided that the defendants "shall have until ten days after this Court issues an Order granting or denying Plaintiff's pending Motions for Remand ... in which to plead or move with respect to the Amended Complaint in this matter." In entering this order, the district court apparently overlooked its March 12, 2002 order that already denied Brooks' second motion to remand.

Subsequently, the proceedings leading directly to the orders on appeal ensued. On March 26, 2002, the defendants served and filed a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that it failed to state a claim on which relief could be granted. Under Local ⚑R. Civ. P. 7(1)(c) in the Eastern District of Pennsylvania Brooks had 14 days to respond to this motion but Fed.R.Civ.P. 6(e) extended this period three days until April 12, 2002, because the defendants served the motion to dismiss by mail. In the Eastern District of Pennsylvania it is critical that a plaintiff respond to a motion to dismiss because Local ⚑R. Civ. P. 7(1)(c) provides with respect to most motions that "[i]n the absence of timely response, the motion may be granted as uncontested...." Brooks, however, did not respond. Accordingly, as authorized by the local rule, the district court granted the motion as uncontested on April 16, 2002, stating in the order, "See Local Rule 7.1(c)." Thus, the court did not rule on the merits and did not determine that the complaint failed to state a claim on which relief could be granted.

**\*\*2** Brooks, however, did not ignore completely the defendants' motion to dismiss, for on April 15, 2002, after the time to respond had expired, he filed a motion seeking to postpone the time for filing his response to the motion to dismiss "until discovery is completed and [the court] has ruled on the pending Motion for Remand to the Court of Common Pleas of Montgomery County." On April 17, 2002, the court denied Brooks' motion as moot because it already had dismissed the case. The court entered the order, however, "without prejudice to the filing of a timely Motion for Reconsideration."

Thereafter on April 26, 2002, Brooks filed a motion for reconsideration of the April 16, 2002 and April 17, 2002 orders. He indicated in his motion that the "grounds for his reconsideration are: (1) the jurisdiction issue is still pending per the Order dated March 22, 2002, (2) discovery, which has a direct bearing [on] this Honorable Court's jurisdiction, is not complete, and (3) Plaintiff's motion to Postpone Response Deadline should have been considered before the Court signed the Order

dated April 16, 2002." On May 14, 2002, the district court denied the motion for reconsideration following which Brooks appealed.

On this appeal Brooks contends that the defendants did not demonstrate that the district court had jurisdiction because the citizenship of what he characterizes as "partially named Defendants" was not established. He thus argues that the district court erred in granting the motion to dismiss before the presence of complete diversity of citizenship was demonstrated. He also maintains that he demonstrated that his neglect in failing to respond to the motion to dismiss was excusable. Finally, he contends that the order of March 22, 2002, granting defendants' motion to postpone their deadline to answer or otherwise move as to the complaint pending the ruling on the motion to remand conveyed the **\*50** impression that the jurisdictional issue still was pending and "that all other proceedings were temporarily stayed." Appellant's br. at 3.

[1] After carefully considering this appeal we have concluded as follows. First, the question of whether a motion for remand still was pending when defendants filed their motion to dismiss under Fed.R.Civ.P. 12(b)(6) is in a sense immaterial for with or without a motion to remand, 28 U.S.C. § 1447(c) provides with respect to a removed case that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, effectively a case that has been removed to the district court from a state court is subject to an ongoing constructive motion to remand. Moreover, a court of appeals on an appeal must inquire into the subject matter jurisdiction of the district court so the constructive ongoing motion to remand survives when the case is appealed. *See In re: The Guild and Gallery Plus, Inc.,* 72 F.3d 1171, 1176 (3d Cir.1996). Thus, without regard for what happened in the district court unless we were satisfied that the district court had jurisdiction we would vacate its order dismissing this matter and remand the case to the district court with instructions to remand it in turn to the state court.

**\*\*3** In fact, however, making a plenary determination, *see In re Phar–Mor, Inc. Securities Litigation,* 172 F.3d 270, 273 (3d Cir.1999), we find that the district court had jurisdiction. Brooks names three categories of defendants, the specifically named defendants, the John Doe and Jane Doe defendants, and the "partially named" defendants, in particular Sue Doe, Jennifer Doe, Ozzie Doe, and Jane Doe Cook. The parties agree that there is complete diversity of citizenship between Brooks on the one hand and the specifically named defendants on the other hand. Moreover, there is no doubt that in determining whether there is complete diversity of citizenship we disregard the John Doe and Jane Doe defendants inasmuch as 28 U.S.C. § 1441(a) provides that for purposes of removal "the citizenship of defendants sued under fictitious names shall be disregarded." Accordingly, inasmuch as Brooks is seeking damages in excess of $75,000 there can be no doubt that in the absence of the four "partially named" defendants the district court would have had removal jurisdiction under 28 U.S.C. § 1441(a).

[2] The question then is whether Sue Doe, Jennifer Doe, Ozzie Doe, and Jane Doe Cook have been sued "under fictitious names." In his brief Brooks indicates that "[f]or all we know, at this juncture" their names may be the ones he has specified. Appellant's br. at 14. Plainly, however, unless Brooks can represent that the names are entirely real, and he does not do so, then we must regard the names as at least partially fictitious. Accordingly, we must determine whether these at least partially fictitious four names must be regarded as fictitious for purposes of 28 U.S.C. § 1441(a).

Certainly, a name will not be treated as fictitious merely because the name varies from that on a person's birth certificate. Thus, a person named "William" at birth may be known as "Bill" and if so may be sued in that name. Moreover, frequently at marriage a wife will take a husband's name in part. Here, however, Brooks has used names that he has no reason to believe are those of real people and allocated them to the partially named defendants. Moreover, he did not supply sufficient information for the district court to know the specific identity of the four partially named defendants. While it is conceivable that the named defendants could have **\*51** identified these defendants they were under no obligation to do so before moving to dismiss. *See* ⚑*Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690–91 (9th Cir.1998). Thus, we conclude that we must regard the four names as fictitious for purposes of ⚑28 U.S.C. § 1441(a) as we believe that Congress intended parties to be disregarded unless they were identified so that their citizenship could be ascertained. Consequently, we conclude that the district court properly exercised jurisdiction on the basis of diversity of citizenship.

[3] Having reached the merits of the appeal with respect to the granting of the motion to dismiss we will affirm. While we do not doubt that Brooks had some reason to believe that the district court ultimately might remand the case in view of its March 22, 2002 order suggesting that the motion for remand was open, so that to this extent the question of whether the motion to remand was pending is material, the district court nevertheless did not stay the proceedings before it. Furthermore, Brooks should have understood that the proceedings were not stayed. Thus, Brooks acted at his own peril when he did not oppose the motion to dismiss and we cannot say that the district court abused its discretion in dismissing the action. *See* ⚑*Dominic v. Hess Oil V.I. Corp.,* 841 F.2d 513, 516 (3d Cir.1988). Accordingly, we will affirm for this procedural reason.

**\*\*4** We close with the following observation. Brooks indicates in his brief that we exercise plenary review on this appeal, citing ⚑*Doug Grant, Inc. v. Greate Bay Casino Corp.,* 232 F.3d 173, 183 (3d Cir.2000). But *Doug Grant* dealt with a situation in which the district court had made a determination on the merits. Here the court granted a Rule 12(b)(6) motion but did not do so on the basis of its considered determination that the complaint did not state a claim on which relief could be granted. Thus, *Doug Grant* is not an apposite citation.

For the foregoing reasons we will affirm the orders entered on April 16, 2002, and April 18, 2002.

## All Citations

57 Fed.Appx. 47, 2002 WL 31953511

Footnotes
1       We believe that the court meant "discovery."

**End of Document**                                    © 2026 Thomson Reuters. No claim to original U.S. Government Works.