# EXHIBIT D

Case 2:26-cv-08140-KSH-AME Document 10-7 Filed 08/12/26 Page 2 of 7 PageID: 568

Iannuzzelli v. Alliance HC 11 LLC, Not Reported in Fed. Supp. (2022)

2022 WL 16822575
Only the Westlaw citation is currently available.
**NOT FOR PUBLICATION**
United States District Court, D. New Jersey.

Pasquale IANNUZZELLI, et al., Plaintiffs,

v.

ALLIANCE HC 11 LLC, et al., Defendants.

Civil Action No. 22-4473 (MAS) (LHG)
|
Filed November 8, 2022

**Attorneys and Law Firms**

Francisco J. Rodriguez, Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C., Jersey City, NJ, for Plaintiffs.

Salvatore Christopher Martino, Malinda A. Miller, Lewis, Brisbois, Bisgaard & Smith, LLP, Newark, NJ, for Defendants Alliance HC 11 LLC, Woodland Behavioral and Nursing Center, Andover Subacute and Rehabilitation II, Chaim Scheinbaum, Louis Schwartz.

**MEMORANDUM OPINION**

SHIPP, District Judge

**\*1** This matter comes before the Court on Plaintiffs Pasquale Iannuzzelli ("Iannuzzelli") and the Estate of Elizabeth Iannuzzelli's (together, "Plaintiffs") Motion to Remand. (ECF No. 7.) Defendants, a group of entities and individuals associated with a nursing home in Andover, New Jersey ("Defendants"), opposed (ECF No. 11), and Iannuzzelli replied (ECF No. 13).[1] The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court remands this action.

**I. BACKGROUND**

Tragic facts predate the instant action. Elizabeth Iannuzzelli ("Elizabeth") passed away in April 2020 from the COVID-19 virus while a resident at Andover Subacute II, a nursing home owned and operated by Defendants. (*See* Compl. 2, ECF No. 1-1.) Iannuzzelli asserts that Elizabeth's death was due to mismanagement of the nursing home, misallocation of resources, and understaffing. (*See* Compl. 14-16.) For instance, one example of mismanagement alleged by Iannuzzelli is Defendants' failure to isolate Elizabeth from those who tested positive for COVID-19. (*Id.* ¶ 89.)

Iannuzzelli initially sued Defendants in the Superior Court of Ocean County, N.J., alleging five counts: (1) violations of N.J. Stat. Ann. 30:13, *et seq.* and the Omnibus Budget Reconciliation Act of

Case 2:26-cv-08140-KSH-AME    Document 10-7    Filed 08/12/26    Page 3 of 7 PageID: 569

Iannuzzelli v. Alliance HC 11 LLC, Not Reported in Fed. Supp. (2022)

1987; (2) medical malpractice; (3) negligence; (4) gross negligence; and (5) violations of the Wrongful Death Act, N.J. Stat. Ann. 2A:31-1, *et seq.* (*See generally* Compl.) Defendants removed the action to this Court, asserting that Iannuzzelli's Complaint raised a federal question by virtue of preemption under the Public Readiness and Emergency Preparedness ("PREP") Act, the existence of a substantial embedded-federal question under the standard set forth in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) ("*Grable* test"), and federal-officer jurisdiction under 28 U.S.C. § 1442(a)(1). (*See* Notice of Removal 2-3, ECF No. 1.) The instant Motion to Remand followed. (ECF No. 7.) In Plaintiffs' Motion to Remand, Iannuzzelli argues that: (1) Defendants should be collaterally estopped from relitigating these issues; (2) the PREP Act does not preempt state law negligence claims; (3) there is no significant federal issue; and (4) Defendants do not qualify as federal officers. (*See generally id.*)

Importantly, Defendants previously removed two complaints asserting similar facts and nearly identical claims, albeit with different plaintiffs. *See Estate of Maglioli v. All. HC Holdings LLC*, 16 F.4th 393 (3d Cir. 2021); *Le Carre v. All. HC 11 LLC*, No. 21-20226, 2022 WL 2805639 (D.N.J. July 18, 2022). In both cases, Defendants asserted the same bases for removal, and the Third Circuit and this Court rejected them all. *See Maglioli*, 16 F.4th at 411; *Le Carre*, 2022 WL 2805639, at *3.

**\*2** First, the Third Circuit rejected Defendants' theory of PREP Act preemption. The PREP Act provides an exclusive federal cause of action for claims "against a covered person for death or serious physical injury proximately caused by *willful misconduct.*" *Maglioli*, 16 F.4th at 409 (emphasis added) (quoting 42 U.S.C. § 247d-6d(d)(1)). To remove to federal court, Defendants must show that the state law claims fall within the scope of the exclusive federal cause of action or, in other words, the Court must determine whether Plaintiffs could have brought their claims under the PREP Act's cause of action for willful misconduct. *Id.* at 410 (citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)). Both the *Maglioli* and *Le Carre* courts held that the state law negligence claims could not have been brought (and concomitantly, could not have been preempted) under the PREP Act because the complaints did not allege Defendants acted "intentionally to achieve a wrongful purpose." *Maglioli*, 16 F.4th at 411; *Le Carre*, 2022 WL 2805639, at *3.

Next, the Third Circuit rebuffed Defendants' argument that the state law claims raised significant federal issues. Under the *Grable* test, the federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The *Maglioli* court held that the plaintiffs in that case could properly plead their state law negligence claims without mentioning the PREP Act; therefore, the PREP Act is not necessarily raised by the state law claim and thus, the court lacked federal question jurisdiction under *Grable*. *Maglioli*, 16 F.4th at 413.

Finally, the Third Circuit rejected Defendants' contention that federal-officer jurisdiction applied. The Third Circuit explained that Defendants are not federal contractors, nor do they "assist or help carry out the duties of a federal superior." *Id.* at 405. Furthermore, Defendants are not "delegated federal authority," nor do they "provide a service that the federal government would otherwise provide." *Id.* (citing *In re Commonwealth's Motion to Appoint Couns. Against or Directed to Def. Ass'n of Phil.*, 790 F.3d 457 (3d Cir. 2015)). Because Defendants could not prove federal jurisdiction, the Third Circuit affirmed the district court's grant of remand.[2]

Case 2:26-cv-08140-KSH-AME    Document 10-7    Filed 08/12/26    Page 4 of 7 PageID: 570

Iannuzzelli v. Alliance HC 11 LLC, Not Reported in Fed. Supp. (2022)

With this background in mind, the Court turns to the present Motion to Remand.

## II. LEGAL STANDARD

A defendant may remove an action brought in state court if the federal court has original jurisdiction. 28 U.S.C. § 1441(a); *see Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990). The defendant bears the burden of proving that federal jurisdiction is proper at all stages of litigation. *See Stephens v. Gentilello,* 853 F. Supp. 2d 462, 465 (D.N.J. 2012) (citations omitted). "A case must be remanded if, at any time before final judgment, the district court discovers that it lacks subject matter jurisdiction to hear the case." *Id.* (citing 28 U.S.C. § 1447(c)). Further, a court "should strictly construe removal statutes and resolve all doubts in favor of remand." *Id.* at 466 (citations omitted).

## III. DISCUSSION

The true question before the Court is whether the present case is any different from *Maglioli*—which is binding precedent—and *Le Carre.* Regarding Defendants' first two bases for jurisdiction, federal-officer and embedded-federal-question jurisdiction, Defendants do not present any new arguments or attempt to distinguish the present case from the Third Circuit's holding that the state law negligence claims do not present a significant federal issue, and that nursing homes and their employees are not federal officers. (*See generally* Defs.' Opp'n Br. 23-28, ECF No. 11.) Defendants, however, contend that the facts in the present Complaint differ from those alleged in the complaints in *Maglioli* and *Le Carre* because the present Complaint contains "repeated and extensive allegations of intentional and willful misconduct...." (*Id.* at 12.) The Court will first consider Defendants' contention that nursing homes and their staff are federal officers, then whether the claims raise a significant federal issue, and finally whether the PREP Act preempts the state law claims.

### A. Federal Officer Removal Statute

**\*3** First, the Court turns to Defendants' argument that this Court has original jurisdiction because the nursing homes are federal officers within the meaning of 28 U.S.C. § 1442(a)(1). The Supreme Court has held:

> A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase "acting under" a federal "official." And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored.

*Watson v. Philip Morris Cos.,* 551 U.S. 142, 153 (2007).[3] The regulations and guidelines issued by the Centers for Medicare & Medicaid Services ("CMS"), the Centers for Disease Control and Prevention ("CDC"), and other federal agencies are also not evidence of direct control within the definition of § 1442(a)(1). In *Watson,* the Supreme Court found that the defendants were not acting under the control of federal officers even though the Federal Trade Commission ("FTC") set detailed rules concerning Philip Morris's manufacturing, testing, labeling, and advertising of cigarettes. *See id.* at 155-56.

Defendants present no new legal issues or facts in the present case. Rather, Defendants' only attempt to distinguish the present case from *Maglioli* and *Le Carre* is their claim that the Third Circuit "failed to analyze the direct control exercised by CMS, the CDC, and other federal agencies[,] and the fact that Defendants were carrying out duties which the federal government proclaimed were its own." (Defs.' Opp'n Br. 26.) Yet the opposite is true. The Third Circuit dedicated almost five pages of its opinion to this very issue and concluded that despite close regulation, "Congress did not deputize all of these private-sector workers as federal officers." *Maglioli*, 16 F.4th at 406. In light of the Supreme Court's decision in *Watson* and the Third Circuit's holding in *Maglioli*, the Court finds that Defendants are not federal officers under § 1442(a)(1).

### B. Embedded-Federal-Question Jurisdiction

Second, Defendants once again raise, for the third time, the same embedded-federal-question argument. Not only do Defendants fail to raise any new facts or legal issues, but much of their argument is also copied and pasted from previous filings in both *Maglioli* and *Le Carre.* (*Compare* Defs.' Opp'n Br. 27 ("In the context of the COVID-19 pandemic, which has affected every state in the country, the present case raises substantial questions concerning the application of various provisions of the PREP Act, including the broad immunity provision and the interpretation of the exception for claims involving willful misconduct...."), *with* Defs.' Opp'n Br. 30, *Le Carre*, No. 21-20226, ECF No. 23 ("In the context of the COVID-19 pandemic, which has affected every state in the country, the present case raises substantial questions concerning the application of various provisions of the PREP Act, including the broad immunity provision and the interpretation of the exception for claims involving willful misconduct...."), *and* Appellants' Opening Br. 63, *Maglioli*, No. 20-2833, ECF No. 28 ("In the context of the COVID-19 pandemic, which has affected every state in the country, the present case raises substantial questions concerning the application of various provisions of the PREP Act, including the broad immunity provision and the interpretation of the exception for claims involving willful misconduct....").)

**\*4** As the *Maglioli* court found and as this Court has previewed, Defendants' argument fails at the *Grable* test's first step because a "PREP Act preemption defense is not 'necessarily raised' by a well-pleaded state-law negligence complaint." *Maglioli*, 16 F.4th at 413; *see* *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 165 (3d Cir. 2014), *aff'd*, 578 U.S. 374 (2016). In other words, Plaintiffs properly plead their negligence claims without mentioning the PREP Act, so the PREP Act is not an essential element to the state law claim. *See* *Manning*, 772 F.3d at 163. The *Maglioli* and *Le Carre* courts previously dismissed Defendants' embedded-federal-question argument, and this Court does so today as well.

### C. PREP Act Preemption

Third, Defendants argue that the PREP Act preempts the state law claims. The key question is not whether the plaintiff alleged willful misconduct, but rather, whether the complaint would support a claim of willful misconduct. *Maglioli*, 16 F.4th at 410; *see also* *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). The *Maglioli* court explained:

> A claim for willful misconduct under the PREP Act has several elements. The plaintiff must show (1) "an act or omission," that is taken (2) "intentionally to achieve a wrongful purpose," (3) "knowingly without legal or factual justification," and (4) "in disregard of a known or obvious risk that is so great as to make it highly probable that the harm will outweigh the benefit." 42 U.S.C.

§ 247d-6d(c)(1)(A). Moreover, the action must be (5) "against a covered person," (6) "for death or serious physical injury" that is (7) "proximately caused by [the covered person's] willful misconduct." *Id.* § 247d-6d(d)(1). The plaintiff must prove these elements by "clear and convincing evidence." *Id.* § 247d-6d(c)(3). The PREP Act also provides a rule of construction: the willful-misconduct requirement "shall be construed as establishing a standard for liability that is more stringent than a standard of negligence in any form or recklessness." *Id.* § 247d-6d(c)(1)(B).

*Maglioli*, 16 F.4th at 410-11. Defendants in the present case point to multiple instances in the Complaint where the terms "willful," "intentional," and "consciously chose" appear as support for their argument that the allegations in the Complaint could have supported a willful misconduct claim within the definition of the PREP Act. (*See* Defs.' Opp'n Br. 11.) Defendants attempt to distinguish the instant case from *Maglioli* and *Le Carre* by stating that the "repeated and extensive allegations of intentional and willful misconduct ... clearly satisfies the definition under 42 U.S.C. § 247d-6d(c)(1)(A)." (*See* Defs.' Opp'n Br. 12.)

The Court disagrees. Here, the scattered and vague uses of the terms "willful," "intentional," and "consciously" hardly provide "clear and convincing evidence" of an act taken "intentionally to achieve a wrongful purpose." *See* 42 U.S.C. § 247d-6d(c)(3); § 247d-6d(c)(1)(A). This conclusion is buttressed by the *Maglioli* and *Le Carre* courts' decisions and the rule of construction provided in 42 U.S.C. § 247d-6d(c)(1)(B), which clearly indicates the intent to separate negligence from willful-misconduct claims. Because the allegations in the Complaint would not support a claim for willful misconduct as defined by the PREP Act, the Court therefore finds—for a third time—that the PREP Act does not preempt the Complaint's state law claims.[4]

## IV. CONCLUSION

**\*5** This case belongs in state court. The Court, therefore, grants Plaintiffs' Motion to Remand. An appropriate order will follow.

## All Citations

Not Reported in Fed. Supp., 2022 WL 16822575

Footnotes

[1]    Defendants filed a Motion to Dismiss (ECF No. 6), and the Court granted Plaintiffs' request to Stay the Motion to Dismiss pending resolution of the Motion to Remand. (ECF No. 12.)

[2]    At least three other U.S. Courts of Appeals have affirmed the remand of similar cases since *Maglioli*. *See generally Mitchell v. Advance HCS, LLC*, 28 F.4th 580 (5th Cir. 2022); *Martin v. Petersen Health Operations, LLC*, 37 F.4th 1210 (7th Cir. 2022); *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679 (9th Cir. 2022).

[3]    Defendants misstate the Court's finding in *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Defender Association of Philadelphia*, 790 F.3d 457, 468 (3d Cir. 2015). (*See* Defs.' Opp'n Br. 24.) There, the Court found that government contractors will fall within the terms of the federal officer removal statute "when the relationship between the *contractor* and the Government is an

unusually close one involving detailed regulation, monitoring, or supervision." *Id.* (emphasis added) (quoting *Watson*, 551 U.S. at 153).

4    Other courts in this Circuit have come to the same conclusion. *See, e.g.*, *Guyer Est. of Markle v. Milton Nursing & Rehab. Ctr., L.P.*, No. 20-2381, 2021 WL 5112269, at *3-4 (M.D. Pa. Nov. 3, 2021); *Hereford v. Broomall Operating Co.*, 575 F. Supp. 3d 558, 561-62 (E.D. Pa. 2021); *Boyle v. Meyer*, No. 21-694, 2021 WL 6051439, at *6 (W.D. Pa. Dec. 20, 2021); *Hansen v. Brandywine Nursing & Rehab. Ctr., Inc.*, No. 21-649, 2022 WL 608968, at *3 (D. Del. Jan. 19, 2022); *Battista v. Broomall Operating Co.*, Nos. 22-966, 22-968, 22-969, 22-970, 22-1792, 2022 WL 1774262, at *1 (E.D. Pa. June 1, 2022).

**End of Document**    © 2026 Thomson Reuters. No claim to original U.S. Government Works.