# EXHIBIT F

Case 2:26-cv-08140-KSH-AME   Document 10-9   Filed 08/12/26   Page 2 of 8 PageID: 582

State Street Restaurant Group, Inc. v. Cincinnati Casualty Co., Not Reported in Fed. Supp. (2021)

2021 WL 786013
Only the Westlaw citation is currently available.
United States District Court, M.D. Pennsylvania.

STATE STREET RESTAURANT GROUP, INC., Plaintiff,

v.

The CINCINNATI CASUALTY CO., et al., Defendants.

Civil No. 3:20-CV-816
|
Signed 02/10/2021

**Attorneys and Law Firms**

Marion K. Munley, Caroline Munley, John M. Mulcahey, Munley, Munley & Cartwright, P.C., Scranton, PA, for Plaintiff.

Lawrence M. Silverman, Daniel G. Litchfield, Litchfield Cavo, LLP, Philadelphia, PA, for Defendant The Cincinnati Casualty Company.

Timothy G. Ventura, Dana A. Gittleman, Pro Hac Vice, Marshall Dennehey Warner Coleman & Goggin, Philadelphia, PA, Benjamin A. Nicolosi, Jr., Marshall Dennehey Warner Coleman & Goggin, Scranton, PA, for Defendant AssuredPartners of New Jersey, LLC.

## REPORT AND RECOMMENDATION

Martin C. Carlson, United States Magistrate Judge

### I. Introduction

**\*1** The coronavirus pandemic that is sweeping this nation has exacted a staggering human toll in terms of lives lost to this disease. Currently more than 400,000 Americans have lost their lives to this disease and some 25,000,000 people have reportedly contracted COVID-19. Along with this human toll, there has been a concomitant economic injury, as businesses have struggled to adapt and survive during a time of pandemic. This case, which comes before us for consideration of a motion to dismiss and a motion to remand, invites us to consider some of the collateral legal consequences that have flowed from the economic harm visited upon businesses as a result of this unprecedented public health crisis.

### II. Factual Background

On April 24, 2020, State Street Restaurant Group filed this lawsuit in the Court of Common Pleas of Lackawanna County. (Doc. 17-1). State Street's 32 page, 138 paragraph complaint is accompanied by more than 400 pages of exhibits. (Id.) In its complaint, State Street sued two defendants, the

Cincinnati Insurance Company, and an insurance agent, Kincel & Company, which is also known as AssuredPartners (Id.) According to the complaint, in 2018 State Street acquired a commercial property insurance policy from Cincinnati through Kincel/AssuredPartners.

In March of 2020, COVID pandemic restrictions compelled the Commonwealth to issue orders curtailing many restaurant operations. (Id.) In the wake of these restrictions, State Street contacted Kincel/Assured Partners, inquiring into whether its business losses were covered under the policy it had with Cincinnati Insurance. (Id., ¶¶ 56-64). While Kincel/AssuredPartners advised State Street that insurers typically were not covering COVID related business losses, it nonetheless forwarded a claim on behalf of State Street to Cincinnati Insurance. (Id.) That claim was then denied by Cincinnati Insurance in what State Street describes as an unlawful fashion, giving rise to this insurance coverage dispute and lawsuit. In its complaint, State Street brings breach of contract and declaratory judgment claims against both Cincinnati Insurance and Kincel/AssuredPartners. State Street also alleges a bad faith denial of insurance coverage by Cincinnati. (Id.)

On May 24, 2020, Cincinnati removed this case to federal court, based upon this court's diversity jurisdiction. (Doc. 1). Cincinnati's removal petition alleged that State Street was a citizen of Pennsylvania, and that Cincinnati Insurance is an Ohio corporation. The removal petition further recited that "Defendant Kincel & Company, Inc. is a fictitious name registered in the Commonwealth of Pennsylvania by AssuredPartners of New Jersey, LLC. ("AssuredPartners"). (Exhibit 2). AssuredPartners is a New Jersey limited liability company." (Id., ¶ 6). On the basis of these averments Cincinnati asserted that complete diversity of citizenship existed in this case, warranting removal of the lawsuit from state to federal court.

With the stage set in this fashion, we are now called upon to consider two motions: First, the plaintiff has filed a motion to remand this case to state court, arguing that Cincinnati has not shown complete diversity of citizenship in this case since it is not clearly established that Kincel/AssuredPartners is a citizen of New Jersey rather than a Pennsylvania resident, as alleged by the plaintiff in its complaint. (Doc. 15). For its part, Kincel/AssuredPartners has moved to dismiss this complaint lodged against it as an insurance broker, arguing that is not legally responsible for Cincinnati's decision to deny coverage to State Street under the policy between Cincinnati and the plaintiff. (Doc. 12). Both motions are fully briefed and are therefore ripe for resolution.

**\*2** For the reasons set forth below, we recommend as follows: First, since the motion to remand addresses a basic jurisdictional issue regarding whether we can exercise jurisdiction in this case, we believe that this motion should be resolved prior to addressing the motion to dismiss. Adopting this ordinal approach to the pending motions, we note that the motion to remand presents a factual, rather than facial, challenge to the removal petition, asserting that it has not been shown that complete diversity exists here because it is unclear whether Defendant Kincel/Assured Partners, a limited liability company, has members who reside in Pennsylvania. While the defendants have offered a declaration that supports their claim of complete diversity, the plaintiff asserts that very limited discovery may still be necessary in this case.

In this setting, where questions of subject matter jurisdiction turn on factual issues, courts are authorized and often encouraged to order limited jurisdictional discovery to determine whether jurisdiction exists. Accordingly, it is recommended that the district court defer consideration of the motion to remand for 30 days, direct that the parties engage in specific targeted discovery to determine whether any members of Kincel/AssuredPartners reside in Pennsylvania, and stay

consideration of the pending motion to dismiss until the question of this court's jurisdiction is resolved.

## III. <u>Discussion</u>

### A. <u>This Court Should First Determine Whether It Retains Subject Matter Jurisdiction Before Addressing Merits Defenses.</u>

The constellation of motions before us call upon the court to engage in two separate legal exercises. First, the plaintiff's motion to remand challenges the defense assertion of diversity jurisdiction and invites us to ascertain whether this court has any subject matter jurisdiction over this dispute. Second, Kincel/AssuredPartner's motion to dismiss urges us to examine the merits of the plaintiff's case as it relates to this defendant and urges us to dismiss that case, arguing that the claim fails on its merits on the face of the complaint.

When presented with this combination of motions, the threshold matter we must consider is the proper ordinal approach to addressing these motions; namely, whether we should first consider questions of jurisdiction or examine the underlying merits of this dispute. In this regard, both caselaw and the text of the removal statutes suggest that we should first address the jurisdictional questions before foraying into a merits analysis.

This conclusion stems from the language of the statutes governing removal and remand, specifically, 28 U.S.C. § 1447, which directs that: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Given the mandatory nature of Section 1447(c)'s command that the court shall remand lawsuits when subject matter jurisdiction is lacking, it has been held that:

> [A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court. <u>See, e.g.,</u> Marathon Oil, 145 F.3d at 220 (holding that district court should have considered motion to remand for lack of subject matter jurisdiction before it addressed motion to dismiss for want of personal jurisdiction); Toumajian v. Frailey, 135 F.3d 648, 655 (9th Cir. 1998) (holding that district court should have remanded for lack of subject matter jurisdiction and should not have dismissed on grounds of ERISA preemption); Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995) (per curiam) (holding that district court had no jurisdiction to order interim costs and attorneys' fees where action should have been immediately remanded for lack of subject matter jurisdiction); Smith, 23 F.3d at 1139 (holding that district court had no authority to dismiss removed claim without subject matter jurisdiction); In re Bear River Drainage Dist., 267 F.2d 849, 851 (10th Cir. 1959) (holding that motion to remand for lack of subject matter jurisdiction necessarily precedes motion to dismiss); Nichols v. Southeast Health Plan of Ala., Inc., 859 F.Supp. 553, 559 (S.D. Ala. 1993) (same).

*3 Univ. of S. Alabama v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). The rationale for this requirement that we first address the question of our subject matter jurisdiction before considering merits issues has been aptly explained. Thus, "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal

Case 2:26-cv-08140-KSH-AME    Document 10-9    Filed 08/12/26    Page 5 of 8 PageID: 585

State Street Restaurant Group, Inc. v. Cincinnati Casualty Co., Not Reported in Fed. Supp.
(2021)

statute should be strictly construed [when implicating questions of federal jurisdiction] and all doubts resolved in favor of remand." Yellen v. Teledne Cont'l Motors, Inc., 832 F. Supp. 2d 490, 495 n.8 (E.D. Pa. 2011) (quoting Brown v. Francis, 75 F.3d 860, 864–65 (3d Cir. 1996) and Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)) (internal quotations omitted). Such caution is particularly appropriate here since Kincel/AssuredPartners' motion to dismiss invites us to make legal determinations regarding the sufficiency of the plaintiff's 32 page, 138 paragraph complaint which is accompanied by more than 400 pages of exhibits. Yet we are invited to make these substantive rulings in a setting where our subject matter jurisdiction is being actively questioned. If we lack jurisdiction to entertain this case, such an exercise would be imprudent.

Accordingly, before addressing the merits issues raised by Kincel/Assured Partners' motion to dismiss we should first resolve any lingering questions concerning our own jurisdiction raised by the plaintiff's motion to remand.

### B. Motion to Remand Standard of Review

Removal of cases to federal court is governed by 28 U.S.C. § 1446, which provides as follows:

> (a) Generally.—A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).

In this case, removal of State Street's breach of contract suit is premised upon this court's diversity jurisdiction. That jurisdiction is outlined in 28 U.S.C. § 1332, which confers federal court jurisdiction over disputes between citizens of two different states and provides that: "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) *citizens of different States.*" 28 U.S.C. § 1332(a)(1) (emphasis added).

It is well settled that "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.' " Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)). Further, it is clearly established that "[t]he party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." Samuel–Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Therefore, in a removal setting, that burden rests with the defendant, the party who has sought the federal forum. Moreover, where "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In this case, Cincinnati Insurance sought removal on the basis of diversity of citizenship. On this score, it is undisputed that the plaintiff, State Street, is a citizen of Pennsylvania and the defendant, Cincinnati Insurance, is an Ohio corporation. Thus, as between these two parties diversity exists.

Case 2:26-cv-08140-KSH-AME    Document 10-9    Filed 08/12/26    Page 6 of 8 PageID: 586

**State Street Restaurant Group, Inc. v. Cincinnati Casualty Co., Not Reported in Fed. Supp. (2021)**

However, there is another party defendant in this case, Kincel/Assured Partners. Accordingly, the question that controls here as to whether complete diversity exists that would support removal of this case is the citizenship status of Kincel/Assured Partners. According to Cincinnati's removal petition, "Defendant Kincel & Company, Inc. is a fictitious name registered in the Commonwealth of Pennsylvania by AssuredPartners of New Jersey, LLC. ("AssuredPartners"). (Exhibit 2). AssuredPartners is a New Jersey limited liability company." (Doc. 1., ¶ 6). Accepting this characterization of Kincel/Assured Partners as an LLC, it is well settled that:

> **\*4** [T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members. Swiger, 540 F.3d at 182. Accordingly, the citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be" to determine the citizenship of the LLC. Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (quotation omitted).
> Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010). See Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 350 (3d Cir. 2013) ("[T]he citizenship of an unincorporated association like a limited liability company is determined by looking to the citizenship of its members").

Jurisdictional challenges to removal can be either facial or factual; that is, the jurisdictional challenge can turn on either the quality of the pleadings or the adequacy of the evidence establishing diversity of citizenship. Where a jurisdictional challenge is factual, the court may in the exercise of its discretion order limited jurisdictional discovery prior to ruling on a claim that federal jurisdiction is lacking. Thus, "where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336, 51 V.I. 1219, 1236 (3d Cir. 2009) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978)). Indeed, except when the jurisdictional issues are clearly frivolous, we have been enjoined that "the district court should ordinarily allow discovery on jurisdiction." Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances, 723 F.2d 357, 362 (3d Cir. 1983).

Guided by these principles we turn to a consideration of the jurisdictional issues in this case.

**C. The District Court Should Defer Consideration of the Motion to Remand, Direct that the Parties Engage in Specific Targeted Discovery to Determine Whether any Members of Kincel/AssuredPartners Reside in Pennsylvania, and Stay Consideration of the Pending Motion to Dismiss Until the Question of this Court's Jurisdiction is Resolved.**

In considering this motion to remand, we conclude initially that there can be no facial challenge to the removal petition since that petition on its face asserts complete diversity between the parties. While Cincinnati's removal petition did not described in granular detail the membership of Kincel/AssuredPartners, it is not necessary as a matter of pleading for the party asserting diversity to provide a complete recital of the citizenship of all members of an limited liability company. See Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99 (3d Cir. 2015). Rather, such matters are better addressed through a factual challenge to subject matter jurisdiction, and we construe State Street's motion to remand as also making such a factual challenge.

Case 2:26-cv-08140-KSH-AME   Document 10-9   Filed 08/12/26   Page 7 of 8 PageID: 587

State Street Restaurant Group, Inc. v. Cincinnati Casualty Co., Not Reported in Fed. Supp. (2021)

Construing State Street's motion in this fashion, we note that Cincinnati has filed a response in opposition to the motion that contains an affidavit from Stanley Kinnett, which recites as follows:

I, Stanley K. Kinnett II, Esq., do hereby swear and aver as follows: At all times pertinent hereto:

1. I am an adult individual citizen employed at AssuredPartners, Inc. as General Counsel & Executive Vice President.

2. In my capacity as General Counsel, I am knowledgeable about the corporate structure and business of AssuredPartners of New Jersey, LLC.

**\*5** 3. Kincel & Company, Inc. is a fictitious name registered in the Commonwealth of Pennsylvania by AssuredPartners of New Jersey, LLC. (Ex. A)

4. AssuredPartners of New Jersey, LLC is a New Jersey Domestic Limited Liability Company, registered with the State of New Jersey Department of the Treasury on October 11, 2012. (Ex. B)

5. Since March 12, 2019, AssuredPartners Jamison, LLC has been, and remains, the sole member and shareholder of AssuredPartners of New Jersey, LLC.

6. AssuredPartners Jamison, LLC (formerly known as Herbert L. Jamison & Co., LLC) is a New Jersey Domestic Limited Liability Company, registered with the State of New Jersey Department of the Treasury on March 1, 1995. (Ex. C).

7. Since March 12, 2019, AssuredPartners Capitol, Inc. has been, and remains, the sole member of AssuredPartners Jamison, LLC.

8. AssuredPartners Capitol, Inc. is a corporation organized and existing under the laws of the State of Delaware and it maintains it principal place of business at 200 Colonial Center Parkway, Suite 150, Lake Mary, Florida 32746. (Ex. D).

(Doc. 27-1).

While this affidavit appears to go a long way towards answering the question of complete diversity, State Street nonetheless voices a concern that the residences of the purported owners of Kincel/Assured Partners, Brian Fitzgerald and Stanley Kinnett, remain unclear and could defeat diversity jurisdiction. While this averment potentially seems a thin reed upon which to seek remand, we are mindful of the fact that except when the jurisdictional issues are clearly frivolous, "the district court should ordinarily allow discovery on jurisdiction." [Compagnie Des Bauxites de Guinee, 723 F.2d at 362](). Furthermore, ascertaining the residence of these individuals would seem to be a very discrete task Therefore, acting out of an abundance of caution, it is recommended as follows: the district court should defer consideration of the motion to remand for 30 days, direct that the parties engage in specific targeted discovery to determine whether any members of Kincel/AssuredPartners reside in Pennsylvania, and stay consideration of the pending motion to dismiss until the question of this court's jurisdiction is resolved.

## IV. **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED as follows: The district court should defer consideration of the motion to remand (Doc. 15), for 30 days, direct that the parties engage in specific targeted discovery to determine whether any members of Kincel/AssuredPartners reside in Pennsylvania, and stay consideration of the pending motion to dismiss (Doc. 12) until the question of this court's jurisdiction is resolved.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in ⚑28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**\*6** Submitted this 10th day of February 2021.

**All Citations**

Not Reported in Fed. Supp., 2021 WL 786013

| | |
|---|---|
| **End of Document** | © 2026 Thomson Reuters. No claim to original U.S. Government Works. |