GOLDBERG
SEGALLA

Claudia A. Costa | Partner
Direct 646.292.8888 | ccosta@goldbergsegalla.com

August 18, 2026

**Via CM/ECF**
Hon. Katharine S. Hayden
United States District Judge
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

**Re: Yukich v. Chamley-Watson, *et al*.**
**Case No.: 2:26-cv-8140-KSH-AME**

Dear Judge Hayden:

This firm represents defendants United States Fencing Association ("USAF"), Miles Chamley-Watson, Jessica Saxon ("Saxon"), Create a Legacy Not a Moment, Inc., and Shannon Daugherty (collectively, "Defendants").

In accordance with Your Honor's Order of August 13, 2026 (ECF No. 12), Defendants herein submit this letter regarding the current application by plaintiff Dinah Yukich ("Plaintiff") to stay Defendants' pending motion to dismiss pending the motion to remand.

On behalf of Defendants, we respectfully objected to any stay of the proceedings given the many litigations which the Defendants face by the same Plaintiff. In this district there are two actions by the same plaintiff against USAF, and other Defendants. *Dinah Yukich v. USA Fencing, United States Olympic and Paralympic Committee, et al.*, Case No. 2:25-18011-KSH-AME. Recently, in this case and others, Plaintiff has chosen to add the General Counsel for USAF as a defendant as well.

USAF, its General Counsel (Saxon) and others are facing similar claims by this same Plaintiff in Virginia and in Maryland. *Dinah Yukich v. USA Fencing and United States Olympic and Paralympic Committee, et al.*, Commonwealth of Virginia's Office of Civil Rights, and *Dinah Yukich v. USA Fencing and Jessica Saxon*, Circuit Court of Prince George County, Maryland, Case No. C-16-cv-26-004174.

The first case filed by Plaintiff in New Jersey is pending before this Court and a motion to dismiss was filed in that case by not only USAF, but the United States Olympic and Paralympic Committee ("USOPC"). The USOPC filed its motion to dismiss in January of 2026, and USAF followed thereafter. Both motions are pending. Now, USAF and its employees, including its General Counsel, are faced with yet more cases with the same allegations.

Given the number of proceedings against USAF by the same Plaintiff, Defendants wished for the matter to proceed without any further delay. Therefore, when it was mentioned that an

application to remand was being filed, my clients did not want to delay matters any further, particularly since now Plaintiff has decided to include USAF's General Counsel as a defendant. Defendants do not believe that the matter should be remanded, and therefore feared that the motion to remand would just delay a decision on a motion to dismiss.

Nonetheless, we appreciate that from a procedural perspective, the Court wishes to decide Plaintiff's Motion to Remand (ECF Nos. 8 through 8-11) before proceeding on any motion to dismiss in order to determine whether it has jurisdiction. In that regard, we understand the procedures that the Court will follow. Our objection was merely that a motion for remand would just delay these proceedings further.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

*/s/ Claudia A. Costa*

Claudia A. Costa

CAC: asl
cc: All Counsel of Record