# EXHIBIT A

Susan M. Cirilli, Esq. (017972012)
**SPECTOR GADON ROSEN VINCI P.C.**
130 N. 18th Street
Suite 1800
Philadelphia, PA 19103
P: 215.241.8857
scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

| | |
|---|---|
| DINAH YUKICH<br><br>Plaintiff,<br><br>v.<br><br>MILES CHAMLEY-WATSON, USA FENCING, JESSICA SAXON, CREATE A LEGACY NOT A MOMENT, INC., SHANNON DAUGHERTY<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: CIVIL PART<br>ATLANTIC COUNTY<br><br>Docket No.<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

## INTRODUCTION

1. The present case challenges the discriminatory decision of a world class fencer, his sponsored fencing competition, and other controlling entities and individuals aiding and abetting that decision by disallowing a longstanding transgender fencer to participate in the the Miles Cleveland Chamley-Watson World Cup held in Atlantic City in Atlantic City in March 2026 in direct violation of the anti-discrimination laws of the state of New Jersey.

2. It highlights how a highly successful black fencing star, Miles Cleveland Chamley-Watson (Chamley-Watson) (a British-American right-handed foil fencer who is a 13-time team Pan American champion, the 2019 team world champion, the 2013 individual world champion, a three-time Olympian, and the 2016 team Olympic bronze medalist who has herald his own experience in overcoming barriers) has broken the law by not permitting Plaintiff, Dinah Yukich ("Plaintiff" or "Dinah"), a long standing fencing enthusiast, from participating in an open fencing competition.

3. Aided by the national official controlling body in the United States, USA Fencing (recognized for overseeing fencing in the United States by the United States Olympic & Paralympic Committee (USOPC)) as well as the competition sponsors and its presiding officials, Chamley-Watson denied Plaintiff participation in the sport that she loves based solely upon unlawful discrimination against a transgender athlete who just like approximately 30,000 of her American counterparts in grass root clubs and on national teams just wanted to face competition in a sanctioned event.

4. Dinah Yukich has long ties to the sport. She fenced in high school and then while attending college at Johns Hopkins University

5. In the winter of 2005-2006, with her wife Sarah's encouragement, Dinah began her physical transition to female in 2021 with the full support of Sarah and their two children.

6. After recovery, Dinah, decided to get back into the sport she loved in July of 2023, she re-activated her USA Fencing membership and used the training and discipline it takes to get back into competitive to aid here in her physical and emotional debilitating journey helped Dinah on a physical and emotional level.

7. Most fencing competitions are sanctioned by USA Fencing. In order to compete in USA Fencing sanctioned events, individuals must be a member of USA Fencing. Dinah was a card-carrying member of USA Fencing, equipped with a Fencer Identification Number and even a USA Fencing membership card.

8. In July of 2023, Dinah contacted USA Fencing and changed her gender marker on her membership card from "M" to "F." This marked her eligible to compete in women's events.

9. In early 2025, Dinah began to really commit to her training and fitness and USA Fencing that her name had legally been changed to Dinah. Despite being an "Unclassified Fencer"

which is the lowest rating a fencer can maintain, the sport continued to be the hook that kept her grounded and hopeful.

10. This momentum of hopefulness and happiness came to a screeching halt when USA Fencing implemented a bigoted policy banning transgender women from competing in women's' events. On or about August 1, 2025, USA Fencing unilaterally changed Dinah's gender marker from "F" to "M" and blocked her from registering from any women's competitions.

11. In November of 2025, Dinah tried to register for the Miles Chamley-Watson Cup which was held on March 20-22, 2026 at the Atlantic City Convention Center in Atlantic City, New Jersey but was blocked from registration and participation in any events scheduled for women.

12. The stated event was sanctioned by USA Fencing, and sponsored by a company called Create a Legacy Not a Moment, Inc. by Defendant Miles Chamley-Watson. USA Fencing and Create a Legacy Not a Moment, Inc., controlled the operations of this public event, with the direct involvement of USA Fencing officials Jessica Saxon and Shannon Daugherty.

## THE PARTIES

**Plaintiff- Ms. Yukich**

13. Plaintiff Dinah Yukich is an individual residing in Maryland.

14. Dinah Yukich's Social Security records and driver's license confirm that she is a female individual.

15. Additionally, she has obtained a Judicial Declaration of Gender Identity and Name Change from Howard County Circuit Court.

16. Further, Dinah Yukich's birth certificate reflects that her sex is female.

**Defendant – Miles Chamley-Watson**

17. Defendant, Miles Chamley-Watson, upon information and belief is a resident of Los Angeles, California.

18. Defendant Miles Chamley-Watson is the Chief Executive Officer, Chief Financial Officer, Director, and Secretary of Create a Legacy Not a Moment, Inc.

19. Miles Chamley-Watson is a highly-regarded fencer in his own right. He has a total of five (5) World Championship medals, including two (2) gold medals at the 2019 and 2013 World Championships. Miles competed in three Olympics and was part of the 2019 foil team that won the bronze medal in Paris. Miles has been an icon and advocate for inclusion and diversity in the sport of fencing.

20. In a 2024 interview on the Pivot Podcast, he explained "…whether you're white, black, girl, boy, whatever, if you're like scared to do a sport [on account of] being accepted, I'm here to show you that you can do whatever you want- and that's the bigger picture for me."

21. Unfortunately, at all times applicable to the present action, Miles Chamley-Watson's actions did not match his words and he lost sight of his own "bigger picture." Miles Chamley-Watson had the opportunity to open the door for Dinah Yukich so she could simply fence. Unlike Miles Chamley-Watson, Dinah was not looking to push boundaries in sport or life. She was simply trying to live her life and fence recreationally. Miles Chamley-Watson, instead of opening the door for inclusion, he shut the door and excluded.

22. In November of 2025, Dinah reached out to the contact for the Miles Chamley-Watson Cup asking for assistance in registering. Instead of representatives from the actual event responding, USA Fencing intervened and reiterated multiple times that only "athletes of the female sex" can participate. As such, Dinah was told she is not eligible to compete in the women's category.

23. Feeling at a loss, Dinah tried to connect with Miles Chamley-Watson. She contacted him via e-mail at two separate e-mail addresses- one from his management company, and another that USA Fencing themselves provided. Miles Chamley-Watson ignored Dinah's pleas for acceptance and inclusion.

24. Defendant Miles Chamley-Watson availed himself to the state of New Jersey when he, upon information and belief, permitted his name to be in the title of the fencing event that took place on March 20-22, 2026 at the Atlantic City Convention Center, located in Atlantic City, New Jersey.

25. As the CEO of Create a Legacy Not a Moment, Inc., acting on behalf of Create a Legacy Not a Moment, Inc., he had full and final responsibility to control who would participate in the Miles Chamley-Watson Cup in March of 2026 that took place in Atlantic City, New Jersey.

26. At all times relevant to the present action, Defendant, Miles Chamley Watson, aided and abetted the unlawful actions of USAF in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events that took place in March of 2026.

**Defendant – Create a Legacy Not a Moment, Inc.**

27. Defendant, Create a Legacy Not a Moment, Inc., is located at 888 Seventh Avenue, Floor 4, New York, NY 10106.

28. Upon information and belief, Defendant Create a Legacy Not a Moment, Inc. is in the business of Entertainment Services.

29. The Miles Chamley-Watson Cup webpage advertised that the event was "presented by" Defendant, Create a Legacy Not a Moment.

30. Upon information and belief, Defendant Create a Legacy Not a Moment, Inc., was a manager, agent and lessee of the Atlantic City Convention Center during the Miles Chamley-Watson Cup.

31. At all times relevant to the present action, Defendant, Create a Legacy Not a Moment, Inc., aided and abetted the unlawful actions of USAF in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events.

**Defendant - USA Fencing ("USAF")**

32. USAF is the National Governing Body ("NGB") for the sport of fencing in the United States.

33. At all times relevant to the Present Action, USA Fencing, sanctioned the Miles-Chamley-Watson Cup, meaning the event was authorized by a USA Fencing representative, and conducted in accordance with the USA Fencing "Rules of Competition" and the related "USA Fencing Operations Manual."

34. Upon information and belief, Defendant USAF was an agent, lessee, manager and agent of the Atlantic City Convention Center during the Miles Chamley-Watson Cup that occurred on March 20-22, 2026.

35. At all times relevant to the present action, USAF aided and abetted by the other defendants, violated state law in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events at the Miles Chamley-Watson Cup that took place in New Jersey.

36. At all times relevant to the Present Action and upon information and belief, USAF compelled the unlawful actions of Defendants, Miles Chamley-Watson and Defendants, Create a

Legacy Not a Moment, Inc., in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events.

**Defendant – Shannon Daugherty**

37. Defendant Shannon Daugherty, at all times relevant hereto was the Senior Regional Events Manager for USA Fencing and as a USA Employee maintained her office at 210 USA Cycling Point, Suite 120, Colorado Springs, Colorado, 80919.

38. Defendant Shannon Daugherty engaged in activity in the state of New Jersey when she communicated with Dinah on behalf of the Miles Chamley-Watson Cup, and excluded Dinah from the event that took place in New Jersey.

39. As the Senior Regional Events Manager for USA Fencing, Shannon Daugherty acting on behalf of USA Fencing aided, abetted, incited and compelled the unlawful actions of the other Defendants.

**Defendant – Jessica Saxon**

40. Defendant Jessica Saxon, at all times relevant hereto was the General Counsel for USAF with an office at 210 USA Cycling Point, Suite 120, Colorado Springs, Colorado, 80919.

41. Defendant Jessica Saxon engaged in activity in the state of New Jersey when she communicated with Dinah on behalf of the Miles Chamley-Watson Cup and excluded Dinah from the event that took place in New Jersey.

42. At all times relevant to the present action, Defendant, Jessica Saxon, aided and abetted the unlawful actions of USAF in denying the participation of Plaintiff Dinah Yukich in the VET Women's Epee and Div 2 Women's Epee events that took place in March of 2026.

## JURISDICTION AND VENUE

43. Venue is proper under Rule 4:3-2 as the cause of action arises in Atlantic County.

44. The Court has proper subject matter jurisdiction under N.J. Const. art. VI, § 3, ¶ 2, and personal jurisdiction over each defendant under R. 4:4-4 based on conduct directed at New Jersey.

## FACTUAL BACKGROUND

45. Dinah became a USAF member in the early 2000s. and thereafter, took time off from fencing from 2009 through 2024 to raise a family with her wife, Sarah and commence the physical process of transitioning her body and undergo hormone regimen.

46. Encouraged by fellow fencers, Dinah began fencing again at the DC Fencers Club.

47. In order to compete in USAF sanctioned events, Dinah had to become a member of USAF again.

48. In July of 2023, Dinah re-activated her USAF membership as she was ready to get back into fencing after her transition.

49. On July 12, 2023, Dinah contacted USAF via e-mail and notified them that she is transgender and expressed her desire to change her gender marker on her membership from "M" to "F."

50. That same month, USAF changed Dinah's gender marker from "M" to "F" and marked her eligible to compete in women's events.

51. While technically eligible to compete, Dinah did not actually compete in any events in 2023 and 2024, as she was just getting back into shape after approximately 15 years away from the sport.

52. After letting her USAF membership lapse briefly, on April 9, 2025, Ms. Yukich re-activated her USAF membership and increased her training with the intent of competing in 2025. She also notified USAF that her name had been legally changed to "Dinah Yukich."

53. On July 22, 2025, Phil Andrews, the CEO of USAF, notified its members that USAF was being forced by the USOPC to implement the Trans Ban that excludes transgender women from competing in women's events:

> *…[O]n July 18, the U.S. Olympic and Paralympic Committee (USOPC) released new athlete-eligibility guidelines, via their Athlete Safety Policy, that every national government body must follow…In response, USA Fencing is forced to apply the Transgender & Non-Binary Participation Policy we first shared on April 15, 2025*

54. The Trans Ban explicitly admits that there may be state laws that are contrary to this policy:

> *It is important to note that there may be existent laws per state, and an evolving federal legal landscape that have implications on the adherence to the proposed policy. In such cases, it is the responsibility of that event host(s) or individual(s) to make USA Fencing aware.*

55. Despite knowing the emotional distress it was causing, USAF implemented and enforced the Trans Ban.

56. On July 26, 2025, Ms. Yukich submitted a formal complaint to USAF through the USAF portal to dispute the discriminatory Trans Ban.

57. On July 28, 2025, USAF General Counsel defendant Jessica Saxon, closed the complaint without a finding, stating in part:

> *Because this policy has been approved by the USOPC, your report does not allege a violation, and we must close it with no finding.*

58. On or about August 1, 2025, USAF unilaterally changed Dinah's's sex marker from "F" to "M" on her USAF Account. USAF announced this unilateral change so that "each athlete is automatically assigned to the correct event category for the 2025-2026 season."

59. On August 3, 2025, Ms. Yukich contacted USAF notifying the organization that it had incorrectly modified her gender and requesting that it change her gender marker back to "F."

> *My account appears to have been incorrectly modified to classify my gender as a male fencer. I am female….I expect this to be corrected promptly.*

60. On August 3, 2025, Phil Andrews, the CEO of USAF, admitted Dinah that the Trans Ban has a negative effect on her and further explicitly stated that the USOPC compelled USAF to implement the discriminatory ban.

> *…[U]nfortunately USA Fencing has no choice but to adhere to the requirements of the USOPC at this time….We have made diligent efforts to ensure as a respectful as possible implementation of the required policies, but I understand they have had a negative effect on a number of members.*

61. Upon information and belief, the Board of Directors of the USOPC were aware of the emotional distress the Trans Ban would cause its transgender members. Damien Lehfeldt, the Chair of the Board of Directors of USAF, admitted as much when he e-mailed Ms. Yukich:

> *I am writing to express my deep sympathy regarding the recent shift in policy from the USOPC and its impact on you and other transgender fencers within our community.*

62. The Miles Chamley-Watson Cup was a USAF-sanctioned event held at the Atlantic City Convention Center on March 20-22, 2026. It is a USAF Sanctioned Event. The Miles Chamley-Watson Cup is an event that is open for members of the public to both participate and spectate. In order to register, members of the public can go to the event webpage with a link for an individual to register.

63. The webpage for the event includes that all questions related to the event be sent to an email address: boutbureau@gmail.com ("Bout Bureau E-Mail").

64. On November 12, 2025, Dinah contacted the event by sending an email to Bout Bureau E-Mail seeking assistance in registering for the VET Women's Epee and Div 2 Women's Epee events at the Miles Chamley-Watson event that took place on March 20-22, 2026. She notified the event, through her email to the Bout Bureau, that she was blocked from registering for any women's events. A copy of the e-mail is attached as Exhibit A.

65. That same day, USA Fencing through Shannon Daugherty, responded via e-mail denying Dinah's request to participate in the women's fencing events and citing to the UASF "Transgender & Non-Binary Athlete Eligibility Policy." A copy of the email is attached hereto as Exhibit B.

66. In an effort to get help from Defendant Miles Chamley-Watson, on November 14, 2025, Dinah called ML Management, a company that upon information and belief provides management services to Defendant Miles Chamley-Watson. Dinah explained that she was trying to get in touch with Defendant, Create a Legacy Not a Moment, Inc.

67. Dinah was connected with an individual named Jessica who explained that she worked with Defendant Miles Chamley-Watson. Dinah obtained Defendant Miles Chamley-Watson's e-mail address with the ML Management.

68. On November 17, 2025, Dinah Defendant Miles Chamley-Watson seeking assistance in registering for the VET Women's Epee and the Div 2 Women's Epee events at the Miles Chamley-Watson Cup. Dinah included that she was a transgender female. A copy of the email is attached as Exhibit C.

69. Upon information and belief, Defendant Miles Chamley-Watson received the email and ignored same. On November 20, 2025, Dinah followed up via e-mail.

70. Upon information and belief, Defendant Miles Chamley-Watson received Dinah's follow-up email and ignored same.

71. On December 12, 2025, Dinah followed up with an e-mail to the Bout Bureau E-Mail Address. As of that date, Dinah had not received any response from the Bout Bureau. Dinah sent the follow-up e-mail to the same e-mail address.

72. The following day, Defendant Jessica Saxon responded via e-mail and copied Bout Bureau, Defendant Shannon Daugherty and Defendant Miles Chamley-Watson.

73. Defendant Jessica Saxon included a different e-mail address for Miles Chamley-Watson than the one Dinah had been provided by ML Management. Upon information and belief, Jessica Saxon included Miles Chamley-Watson's personal e-mail address – a different email address than the one obtained through ML Management, Inc.

74. Defendant Jessica Saxon responded that Dinah was not allowed to compete in any women's events at the Miles Chamley-Watson Cup. She further directed Dinah to forward any other questions to her attention. A copy of this E-mail correspondence is attached as Exhibit D.

75. Upon information and belief, Defendant USAF through Defendants Jessica Saxon and Shannon Daugherty controlled the responses to all inquiries relating to the Miles Chamley-Watson Cup and acted on behalf of Defendants USAF, Miles Chamley Watson and Create a Legacy Not a Moment, Inc.

76. Upon information and belief, Defendants Create a Legacy Not a Moment, Inc. and Miles-Chamley Watson agreed with Defendants USAF, Jessica Saxon and Shannon Daugherty's exclusion of Dinah from the events.

77. In an effort to seek help from the sponsoring company, Defendant Create a Legacy Not a Moment, Inc., on December 15, 2025, Dinah contacted the company's president, Defendant Miles Chamley-Watson. Dinah again told Defendant Miles Chamley-Watson that she was a transgender woman and looking to compete in the women's events at the Miles Chamley-Watson Cup in New Jersey on March 20-22, 2026. A copy of this e-mail is attached hereto as Exhibit E.

78. Upon information and belief, Defendant Miles Chamley-Watson ignored Dinah's request for inclusion and acceptance.

79. On January 7, 2026, Dinah followed-up with Defendant Miles-Chamley Watson, to no avail. Despite her second request for inclusion and acceptance, Defendant Miles-Chamley Watson, upon information and belief, chose to ignore Dinah's pleas for acceptance and inclusion.

**COUNT ONE**
**YUKICH v. USA FENCING and CREATE AND LEGACY NOT A MOMENT, INC.**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(f)(1))**

80. Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

81. Defendants, USA Fencing and Create a Legacy Not a Moment, Inc., each is a "person" as defined by the New Jersey Law Against Discrimination ("NJLAD"). N.J.S.A. 10:5-5(a).

82. Upon information and belief, Defendants, USA Fencing and Create a Legacy Not a Moment, Inc., each were a lessee, manager and agent of the Atlantic City Convention Center during the Miles Chamley-Watson Cup that occurred on March 20-22, 2026.

83. USA Fencing and the Miles Chamley-Watson Cup is itself a "places of public accommodation" entity as defined by NJLAD. N.J.S.A. 10:5-5(l).

84. Gender identity or expression is a protected status under the NJLAD. N.J.S.A. 10:5-12(f)(1).

85. "Gender identity or expression" under the NJLAD "means having or being perceived as having a gender related identity or expression whether or not stereotypically associated with a person's assigned sex at birth." N.J.S.A. 10:5-5(rr).

86. It is simply unlawful discrimination for an owner of any place of public accommodation to "directly or indirectly refuse, withhold from or deny any person of any of the accommodations, advantages, facilities or privileges thereof, or to discriminate against any person in the furnishing thereof…on account of sex, gender identity or expression…" N.J.S.A 10:5-12(f)(1).

87. At all times applicable to the present matter, each of the Defendants was aware that Dinah was a transgender woman and knowingly and maliciously discriminated against Dinah Yukich on the basis of her gender identity and expression.

88. Defendant USA Fencing, aided and abetted by the other four defendants discriminated against Dinah when they individually and collectively prohibited Dinah from competing in the VET Women's Epee and Div 2 Women's Epee events on account of her gender identity and expression.

89. Dinah suffered and continues to suffer great emotional harm as a direct result of Defendants actions.

90. USA Fencing, and the other four defendants, acted with actual malice when it discriminated against Dinah by removing her from the events because she is a transgender woman.

91. USA Fencing acted with wanton and willful disregard for the rights of Dinah to participate under New Jersey law when it was foreseeable that Dinah would suffer great harm by the act of excluding her from the VET Women's Epee and the Div 2 Women's Epee.

**WHEREFORE**, Plaintiff demands judgment against each of the Defendants as follows:

a. The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b. An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c. An awarding to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d. An award of such other and further relief as the Court determines just and equitable.

**COUNT TWO**
**YUKICH v.. CREATE A LEGACY NOT A MOMENT**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))**

92. Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein

93. Defendant, Create a Legacy Not a Moment, Inc., is a "person" as defined by the NJLAD. N.J.S.A. 10:5-5(a).

94. It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so." N.J.S.A 10:5-12(e).

95. Create a Legacy Not a Moment, Inc., actively aided and abetted Defendant USA Fencing, Defendant Miles Chamley-Watson, Defendant Jessica Saxon and Defendant Shannon Daugherty., in the affecting of the discrimination that caused harm to Dinah.

96. Create a Legacy Not a Moment, Inc. was aware of its role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New Jersey Law Against Discrimination that caused Dinah harm.

97. Create a Legacy Not a Moment acted with actual malice when it aided and abetted Defendants USA Fencing, Miles Chamley-Watson, Shannon Daugherty and Jessica Saxon's, discrimination against Dinah by removing her from the VET Women's Epee and Div 2 Women's Epee events because she is a transgender woman.

98. Create a Legacy Not a Moment, Inc., acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and abetting the unlawful actions of Defendants, USA Fencing, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc., by excluding her from the VET Women's Epee and Div 2 Women's Epee events.

99. As a direct result of Create a Legacy Not A Moment, Inc.'s actions, Plaintiff has suffered *inter alia* severe and continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Create a Legacy Not a Moment Inc. and in favor of Plaintiff, Dinah Yukich as follows:

a. The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b. An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c. An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d. An award of such other and further relief as the Court determines just and equitable.

## COUNT THREE
## YUKICH v.. JESSICA SAXON
## NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))

100. Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

101. Defendant, Jessica Saxon, is a "person" as defined by the NJLAD. N.J.S.A. 10:5-5(a).

102. It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so." N.J.S.A 10:5-12(e).

103. Jessica Saxon actively aided and abetted Defendant USA Fencing, Defendant Miles Chamley-Watson and Defendant Create a Legacy Not a Moment, Inc., in the affecting of the discrimination that caused harm to Dinah.

104. Jessica Saxon was aware of her role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New Jersey Law Against Discrimination that caused Dinah harm.

105. Jessica Saxon acted with actual malice when she aided and abetted Defendants USA Fencing, Miles Chamley-Watson, Shannon Daugherty and Create a Legacy Not a Moment, Inc., discrimination against Dinah by removing her from the VET Women's Epee and Div 2 Women's Epee events because she is a transgender woman.

106. Jessica Saxon acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and abetting the unlawful actions of Defendants, USA Fencing, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc., by excluding her from the VET Women's Epee and Div 2 Women's Epee events.

107. As a direct result of Jessica Saxon's actions, Plaintiff has suffered *inter alia* severe and continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Jessica Saxon and in favor of Plaintiff, Dinah Yukich as follows:

e. The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

f. An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

g. An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

h. An award of such other and further relief as the Court determines just and equitable.

**COUNT FOUR**
**YUKICH v. . SHANNON DAUGHERTY**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))**

108. Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

109. Defendant, Shannon Daugherty, is a "person" as defined by the NJLAD. N.J.S.A. 10:5-5(a).

110. It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so." N.J.S.A 10:5-12(e).

111. Shannon Daugherty actively aided and abetted Defendant USA Fencing, Defendant Miles Chamley-Watson and Defendant Create a Legacy Not a Moment, Inc., in the affecting of the discrimination that caused harm to Dinah.

112. Shannon Daugherty was aware of her role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New Jersey Law Against Discrimination that caused Dinah harm.

113. Shannon Daugherty acted with actual malice when she aided and abetted Defendants USA Fencing, Jessica Saxon, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc.'s discrimination against Dinah by removing her from the VET Women's Epee and Div 2 Women's Epee events because she is a transgender woman.

114. Shannon Daugherty acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and abetting the unlawful actions of Defendants, USA Fencing, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc., by excluding her from the VET Women's Epee and Div 2 Women's Epee events.

115. As a direct result of Shannon Daugherty actions, Plaintiff has suffered *inter alia* severe and continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Shannon Daugherty and in favor of Plaintiff, Dinah Yukich as follows:

a. The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b. An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c. An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d. An award of such other and further relief as the Court determines just and equitable.

**COUNT FIVE**
**YUKICH v. MILES CHAMLEY-WATSON**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))**

116. Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

117. Defendant, Miles Chamley-Watson, is a "person" as defined by the NJLAD. N.J.S.A. 10:5-5(a).

118. It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so." N.J.S.A 10:5-12(e).

119. Miles Chamley-Watson actively aided and abetted Defendants USA Fencing, Jessica Saxon, Shannon Daugherty and Create a Legacy Not a Moment, Inc., in the affecting of the discrimination that caused harm to Dinah.

120. Miles Chamley-Watson was aware of his role in the scheme of discrimination against Dinah and knowingly and substantially assisted in the acts that were violations of the New Jersey Law Against Discrimination that caused Dinah harm.

121. Miles Chamley-Watson acted with actual malice when he aided and abetted Defendants, USA Fencing, Jessica Saxon, Shannon Daugherty and Create a Legacy Not a Moment, Inc.'s, discrimination against Dinah by removing her from the VET Women's Epee and Div 2 Women's Epee events because she is a transgender woman.

122. Miles Chamley Watson acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the act of aiding and abetting the unlawful actions of Defendants USA Fencing, Jessica Saxon, Shannon Daugherty and Create a Legacy Not a Moment, Inc., by excluding her from the VET Women's Epee and Div 2 Women's Epee events.

123. As a direct result of Miles Chamley-Watson's actions, Plaintiff has suffered *inter alia* severe and continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant Miles Chamley-Watson and in favor of Plaintiff, Dinah Yukich as follows:

e. The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

f. An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

g. An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

h. An award of such other and further relief as the Court determines just and equitable.

**COUNT SIX**
**YUKICH v. USA FENCING**
**NEW JERSEY LAW AGAINST DISCRIMINATION (N.J.S.A. 10:5-12(e))**

124. Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

125. Defendant, USA Fencing, is a "person" as defined by the NJLAD. N.J.S.A. 10:5-5(a).

126. It is unlawful discrimination for "any person…to aid, abet, incite, compel or coerce the doing of any acts forbidden under [the NJLAD] or attempt to do so." N.J.S.A 10:5-12(e).

127. Upon information and belief, USA Fencing actively compelled Defendants Jessica Saxon, Shannon Daugherty, Miles Chamley-Watson and Create a Legacy Not a Moment, Inc., to follow the Trans Ban and ensure that that transgender women be excluded from the women's

events at the Miles Chamley-Watson Cup that was held on March 20-22, 2026 at the Atlantic City Convention Center.

128. USA Fencing was aware of its role in the scheme of discrimination against Dinah. Upon information and belief, USA Fencing utilized its status as the NGB for the sport of fencing, to compel the other defendants to violated the New Jersey Law Against Discrimination and excluded Dinah, a member of the public, from participating in the women's events at the Miles Chamley-Watson Cup.

129. USA Fencing acted with actual malice when it implemented the Trans Ban and upon information and belief, compelled Create a Legacy Not a Moment, Inc. (the event sponsor) to follow USA Fencing's illegal Trans Ban and exclude Dinah from the VET Women's Epee and Div 2 Women's Epee events because she is a transgender woman.

130. USA Fencing acted with wanton and willful disregard for the rights of Dinah, who was foreseeably harmed by the coercion and compelling Defendants Miles Chamley-Watson, Jessica Saxon, Shannon Daugherty and Create a Legacy Not a Moment, Inc., to effectuate the Trans Ban by excluding Dinah from the VET Women's Epee and Div 2 Women's Epee events.

131. As a direct result USA Fencing's actions, Plaintiff has suffered *inter alia* severe and continuing emotional distress, humiliation and embarrassment.

**WHEREFORE**, Plaintiff demands judgment against Defendant USA Fencing and in favor of Plaintiff, Dinah Yukich as follows:

1. The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey
2. An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

3. An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

4. An award of such other and further relief as the Court determines just and equitable.

**COUNT SEVEN**
**YUKICH v.. ALL DEFENDANTS**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

132. Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

133. Defendants, individually and collectively, acted intentionally when they excluded Dinah from the VET Women's Epee and Div 2 Women's Epee events at the Miles Chamley-Watson Cup.

134. Defendant's individual actions were outrageous, extreme, atrocious and utterly intolerable in a civilized community and go beyond the possible bounds of decency.

135. Defendants individually and collectively caused Dinah great emotional distress that was and is so severe that no reasonable person could be expected to endure it.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually and collectively as follows:

a. The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b. An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c. An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d. An award of such other and further relief as the Court determines just and equitable.

**COUNT EIGHT**
**YUKICH v. ALL DEFENDANTS**
**CIVIL CONSPIRACY**

136. Plaintiff repeats, reiterates and incorporates the averments contained in the preceding paragraphs as if fully set forth herein.

137. Defendants USA Fencing and Create a Legacy Not a Moment, Inc., upon information and belief, agreed to implement the Trans Ban that would violate the New Jersey Law Against Discrimination.

138. Defendants, Jessica Saxon, Shannon Daugherty and Miles Chamley-Watson also agreed to ensure that the Trans Ban was implemented for the Miles Chamley-Watson Cup.

139. All Defendants entered into this agreement with the purpose of excluding Dinah Yukich from the women's events at the Miles Chamley-Watson Cup because she is a transgender.

140. Defendants Jessica Saxon and Shannon Daugherty committed overt acts in furtherance of the agreement to violate the NJLAD, by communicating to Dinah that she was excluded from the women's events.

141. Defendant Miles Chamley-Watson committed the overt act of ignoring Dinah's repeated requests for assistance with registering for the women's events.

142. The Defendants acted in concert to unlawfully deny Dinah from participating in the VET Women's Epee and Div 2 Women's Epee at the Miles Chamley-Watson Cup, resulting in her non-participation in the events and causing her great emotional harm.

**WHEREFORE**, Plaintiff demands judgment against Defendants, individually and collectively as follows:

a. The Court's Declaration that the actions of the defendants were individually and collectively discriminatory under the controlling laws of the State of New Jersey

b. An award to Plaintiff for compensatory and punitive damages in an amount to be determined at trial;

c. An award to Plaintiff for interest, costs of litigation and reasonable attorneys' fees; and

d. An award of such other and further relief as the Court determines just and equitable.

Respectfully Submitted,

SPECTOR GADON ROSEN VINCI, P.C.

By: ______________________________

**SUSAN M. CIRILLI, ESQUIRE**
NJ Attorney No. 017972012
**SPECTOR GADON ROSEN VINCI P.C.**
130 N.18th Floor
Philadelphia, PA 19103
215.241.8857
scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

Date: May 19, 2026

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of 12 members on all issues triable by a jury. Good cause exists for a jury of 12 members because the triable issues are in the public domain and of public interest.

**Dated: May 19, 2026**

Susan M. Cirilli, Esq. (017972012)
**SPECTOR GADON ROSEN VINCI P.C.**
130 North 18th Street
Suite 1800
Philadelphia, PA 19103
215.241.8857
scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

**DESIGNATION OF TRIAL COUNSEL**

In accordance with Rule 4:25-4, Plaintiff hereby designates Susan M. Cirilli, Esquire as trial counsel in this action.

I hereby certify that to the best of my knowledge, information, and belief, the within matter in controversy is not the subject of any other pending or contemplated court actions or arbitration proceedings.

I further certify that to the best of my knowledge, information, and belief, I am not aware of any non-parties who should be joined in the action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Susan M Cirilli

Susan M. Cirilli, Esq. (017972012)
**SPECTOR GADON ROSEN VINCI P.C.**
130 North 18th Street
Suite 1800
Philadelphia, PA 19103
215.241.8857
scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

Dated: May 19, 2026

**RULE 1:38-7(b) CERTIFICATION**

I certify that confidential personal identifiers have been redacted from the documents now submitted to the Court and will be redacted from all documents submitted to the Court in the future in accordance with Rule 1:38-7(b).

____________________________
Susan M. Cirilli, Esq. (017972012)
**SPECTOR GADON ROSEN VINCI P.C.**
130 North 18th Street
Suite 1800
Philadelphia, PA 19103
215.241.8857
scirilli@sgrvlaw.com
*Attorney for Plaintiff Dinah Yukich*

Dated: May 19, 2026

# EXHIBIT A

Subject: Seeking assistance registering for the Miles Chambley-Watson Cup To: boutbureau@gmail.com <boutbureau@gmail.com>

Brandon,

My name is Dinah Yukich and I am writing with regard to the Miles Chamley – Watson Cup to be held March 20-22, 2026 in Atlantic City, NJ. I am trying to register for women's events, but I am not able to. Briefly, I am a transgender women. Before August of this year, I was able to register for the women's events. However, since USA Fencing's policy change, I am not able to register for any women's events. Attached are the screenshots.

I am contacting you because you are listed as the event organizer and running this event. I am seeking assistance in getting me registered for the VET Women's Epee and Div 2 Women's Epee events.

I look forward to hearing from you, and I appreciate your help. For your purposes, my Fencing ID No. is 100058201.

Thank you,

Dinah Yukich

# EXHIBIT B

REDACTED

**From:** Shannon Daugherty <s.daugherty@usafencing.org>
**Date:** November 12, 2025 at 5:02:13 PM EST
**To:** Dinah Yukich [redacted]
**Cc:** Jess Saxon <J.Saxon@usafencing.org>
**Subject: RE: External:Fwd: Seeking assistance registering for the Miles Chambley-Watson Cup**

Hi Dinah,

Thank you for the inquiry regarding your participation at the Miles Chamley Watson Cup in Atlantic City.

Effective August 1, 2025, USA Fencing's **Transgender & Non-Binary Athlete Eligibility Policy** governs participation in all sanctioned competitions. Pursuant to Section III of the policy, eligibility for the Women's category is limited to athletes of the female sex, provided all other entry requirements are satisfied. Athletes who do not meet this criterion are not eligible to compete in the Women's category.

Accordingly, you are ineligible to compete in the women's events at this regional tournament.
If you have any further questions, please forward them the Jess Saxon.

Best,

USA FENCING | USA PARAFENCING

**Shannon Daugherty**
Sr. Regional Events Manager
USA Fencing

# EXHIBIT C

**REDACTED**

From: Dinah Yukich [redacted]
Sent: Monday, November 17, 2025 11:59 AM
To: [redacted]
Subject: Miles Chamley-Watson Cup

Miles,

My name is Dinah Yukich and I am writing with regard to the Miles Chamley – Watson Cup to be held March 20-22, 2026 in Atlantic City, NJ. I am trying to register for women's events, but I am not able to. I am a transgender women. Before August of this year, I was able to register for the women's events. However, since USA Fencing's policy change, I am not able to register for any women's events. Attached are the screenshots.

I am contacting you because the entity "Create a Legacy Not a Moment, LLC" is presenting this event. I am seeking assistance in getting me registered for the VET Women's Epee and Div 2 Women's Epee events.

I look forward to hearing from you, and I appreciate your help. For your purposes, my Fencing ID No. is 100058201.

Thank you,
Dinah Yukich

# EXHIBIT D

REDACTED

**From:** Jess Saxon <J.Saxon@usafencing.org>
**Date:** December 13, 2025 at 2:50:12 PM EST
**To:** Dinah Yukich [redacted]
**Cc:** Bout Bureau <boutbureau@gmail.com>, Shannon Daugherty <s.daugherty@usafencing.org>, [redacted]
**Subject: Miles Chambley-Watson Cup**

Hi Dinah,

Thank you for the inquiry regarding your participation at the Miles Chamley Watson Cup in Atlantic City.
As explained in an email on November 12, 2025, effective August 1, 2025, USA Fencing's **Transgender & Non-Binary Athlete Eligibility Policy** governs participation in all sanctioned competitions. Pursuant to Section III of the policy, eligibility for the Women's category is limited to athletes of the female sex, provided all other entry requirements are satisfied. Athletes who do not meet this criterion are not eligible to compete in the Women's category.

Accordingly, you are ineligible to compete in the women's events at this regional tournament.

The event organizers are unable to assist further. If you have any further questions, please forward them to me.

Thank you.

# EXHIBIT E

**REDACTED**

**From:** Dinah Yukich <[redacted]
**Date:** December 15, 2025 at 12:22:47 PM EST
**To:** [redacted]
**Subject: Assistance with Miles Chamley-Watson Cup**

Miles,
My name is Dinah Yukich and I am a transgender woman and a member of USA Fencing (ID No. 100058201). I am reaching out to you regarding the Miles Chamley-Watson Cup that is going to be held in March of 2026 in Atlantic City, New Jersey. It is my understanding that your company, Create a Legacy Not a Moment, is presenting this event. That is why I am writing to you.
Briefly, before August of this year, I was able to register for the women's events. However, since USA Fencing's policy change, I am unable to register for any women's events. While USA Fencing continues to communicate to me regarding this event, I am writing to you because your company is putting on this event. Your company is presenting an event that is open to the public, and in the state of New Jersey where gender identity is a protected status.
I very much would appreciate your assistance in ensuring I am able to fence in accordance with New Jersey state law.

I appreciate your help.
Dinah Yukich

# Civil Case Information Statement

## Case Details: ATLANTIC | Civil Part Docket# L-001024-26

**Case Caption:** YUKICH DINAH VS CHAMLEY-WATSON MILES
**Case Initiation Date:** 05/19/2026
**Attorney Name:** SUSAN M CIRILLI
**Firm Name:** SPECTOR GADON ROSEN VINCI PC
**Address:** ONE LOGAN SQUARE, SUITE 1800 130 N. 18TH STREET
PHILADELPHIA PA 19103
**Phone:** 2152418888
**Name of Party:** PLAINTIFF : Dinah Yukich
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** CIVIL RIGHTS
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Dinah Yukich? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/19/2026
Dated

/s/ SUSAN M CIRILLI
Signed