# EXHIBIT D

# *Hale v. McGregor*

United States District Court for the Western District of Texas, Austin Division

June 26, 2025, Decided; June 26, 2025, Filed

1-24-CV-1076-RP

**Reporter**
2025 U.S. Dist. LEXIS 151470 *; 2025 LX 329753; 2025 WL 2622360

JUSTIN X. HALE, Plaintiff, v. JAMIE MCGREGOR AND USA RUGBY, Defendants.

**Subsequent History:** Adopted by *Hale v. McGregor, 2025 U.S. Dist. LEXIS 150018, 2025 WL 2218882 (Aug. 4, 2025)*

Magistrate's recommendation at *Hale v. Jamie McGregor & United States Rugby, 2026 U.S. Dist. LEXIS 112838 (May 21, 2026)*

**Counsel:** **[*1]** Justin X. Hale, Plaintiff, Pro se, Seguin, TX.

For Jamie McGregor, USA Rugby Corporation, Defendants: Philip Robert Brinson, LEAD ATTORNEY, Gordon Rees Scully Mansukhani LLP, TransWestern Tower, HOUSTON, TX.

**Judges:** MARK LANE, UNITED STATES MAGISTRATE JUDGE. HONORABLE ROBERT PITMAN, UNITED STATES DISTRICT JUDGE.

**Opinion by:** MARK LANE

## Opinion

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN

UNITED STATES DISTRICT JUDGE:

Before the court are Jamie McGregor's Motion to Dismiss Pursuant to *Federal Rule of Civil Procedure 12(b)(6)* (Dkt. 6), USA Rugby's Motion to Dismiss Pursuant to *Federal Rule of Civil Procedure 12(b)(6)* (Dkt. 7), Justin Hale's Motion for Leave to File Second Amended Complaint (Dkt. 13), and all related briefing.[1] Having considered the pleadings and the relevant case law, the undersigned submits the following Report and Recommendation to the District Judge.

### I. Background

Proceeding pro se, Plaintiff Justin Hale brings this case against Defendants USA Rugby and Jamie McGregor, the Director of Training & Education at USA Rugby National Office. Dkt. 3 (First Amd. Compl. or FAC). Hale is a rugby

[1] The motions were referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits or for disposition, as appropriate, pursuant to *28 U.S.C. § 636(b)*, *Rule 72 of the Federal Rules of Civil Procedure*, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Orders April 9, 2025.

referee who works as an independent contractor for various rugby organizations, including National Collegiate Rugby ("NCR"). *Id.* ¶¶ 12-14. NCR organizes **[*2]** the Collegiate Rugby Championships ("CRCs"). *Id.* Hale alleges that USA Rugby recognizes the Collegiate Rugby Association of America ("CRAA"), a parallel collegiate rugby association to NCR. *Id.* ¶ 15.

Hale alleges that after he officiated matches at the CRCs, he was excluded from officiating for the CRAA based on false statements made by McGregor acting on behalf of USA Rugby. *Id.* ¶ 18. Hale alleges he was also excluded from officiating Major League Rugby ("MLR") matches for the same reasons. *Id.* ¶ 24.

Hale asserts a variety of claims, including tortious interference, *id.*, ¶ 34; retaliation, *id.* ¶ 35; defamation, *id.* ¶ 36; breach of contract, *id.* ¶ 37; violation of the *Ted Stevens Act, 36 U.S.C. § 220501, et seq.*, FAC ¶ 38; discrimination, *id.* ¶ 39; intentional infliction of emotional distress, *id.* ¶ 40; and disparate treatment based on race, *id.* ¶ 41. Hale seeks compensatory damages of $250,000 for loss of income, emotional distress, and reputational harm. He seeks other compensatory damages as well.

McGregor and USA Rugby separately moved to dismiss Hale's claims, arguing that he failed to state a claim for which relief can be granted under *Rule 12(b)(6)*. Dkts. 6, 7, respectively. Hale responded to the motions, and Defendants separately replied. **[*3]** Hale has moved to file a Second Amended Complaint, Dkt. 13, and that motion is ripe as well.

However, before addressing those motions, the court must first satisfy itself that it has subject matter jurisdiction.

## II. Subject Matter Jurisdiction

### A. Applicable Law

Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." *Gunn v. Minton, 568 U.S. 251, 256, 133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013)* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)*). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria, 739 F.3d 255, 258-59 (5th Cir. 2014)* (quoting *Kokkonen, 511 U.S. at 377*).

Generally, a federal court has jurisdiction over a case in two circumstances. The first, known as federal question jurisdiction, exists if a case "arises under the Constitution, treaties or laws of the United States." *28 U.S.C. § 1331*. The second circumstance in which a federal court has jurisdiction is frequently termed diversity jurisdiction. *See generally* *28 U.S.C. § 1332* (setting out the elements required for jurisdiction based on "diversity of citizenship"). "Diversity jurisdiction under *28 U.S.C. § 1332* only exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *White v. FCI USA, Inc., 319 F.3d 672, 674-675 (5th Cir. 2003)*. If the asserted basis of federal jurisdiction is the **[*4]** diversity of the parties, *28 U.S.C. § 1332*, the party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)*.

### B. Analysis

1. Diversity Jurisdiction

Hale asserts this court has diversity jurisdiction under *28 U.S.C. § 1332(a)*. FAC ¶ 10. The court is satisfied that the amount in controversy is met. *Id.* § V.a. However, Hale did not adequately allege complete diversity. For natural persons, such as Hale and McGregor, *§ 1332* citizenship is determined by domicile, which requires residency plus

an intent to make the place of residency one's permanent home. *SXSW, L.L.C. v. Fed. Ins. Co., 83 F.4th 405, 407 (5th Cir. 2023)*. An allegation of residency alone does not satisfy the requirement of an allegation of citizenship. *Id.* Hale alleged that he is a resident of Texas and McGregor's office is in Colorado. *Id.* ¶¶ 10, 7. Hale also did not adequately plead USA Rugby's citizenship. A corporation is deemed to be a citizen of every state in which it has been incorporated and the state where it has its principal place of business. *28 U.S.C. § 1332(c)(1)*. Hale alleged USA Rugby's principal place of business is in Colorado, but he did not allege where USA Rugby is incorporated. *Id.* ¶ 8.

Hale has not sufficiently alleged **[*5]** the court's diversity jurisdiction.

2. Federal Question Jurisdiction

Title *28 U.S.C. § 1331* provides that district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Under this provision, federal courts have jurisdiction (even over suits with only a state-law cause of action) when the case presents a federal question that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disturbing the federal-state balance approved by Congress." *Ibarra Consulting Eng'rs Inc. v. Jacobs Eng'g Grp. Inc., 579 F. Supp. 3d 850, 854 (N.D. Tex. 2022)* (quoting *Gunn v. Minton, 568 U.S. 251, 258, 133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013)*). This "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues ...." *Id.* (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005)*).

Here, Hale's claims center on whether Defendants have complied with the Ted Stevens Act. Setting aside the dispute of whether Hale can assert claims under the Ted Stevens Act, his claims will turn on substantial questions of how the Act is interpreted and applied. Accordingly, it provides the court with **[*6]** federal question jurisdiction.

**III. *Standard of Review Rule 12(b)(6)***

When evaluating a motion to dismiss for failure to state a claim under *Rule 12(b)(6)* the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993)*; *Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996)*. Although *Federal Rule of Civil Procedure 8* mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*. Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id. at 570*. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*. The standard is properly guided by "[t]wo working principles." *Id.* First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, **[*7]** supported by mere conclusory statements, do not suffice." *Id. at 678*. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. at 679*. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id. at 679* (quoting *FED. R. CIV. P. 8(a)(2)*).

**IV. Motions to Dismiss**

Although McGregor and USA Rugby separately moved to dismiss, they raise many of the same arguments. Accordingly, the court will address the motions together and differentiate the motions if needed.

**A. Ted Stevens Act**

The "Ted Stevens Olympic and Amateur Sports Act," (the "Act") *36 U.S.C. § 220501, et seq.*, creates a vertical structure for the management of certain amateur sports in the United States. *Eleven Line, Inc. v. N. Texas State Soccer Ass'n, Inc., 213 F.3d 198, 203 (5th Cir. 2000)*. At the head of this vertical structure is the U.S. Olympic Committee, which Congress intended as a coordinating body for amateur sports that Americans **[*8]** compete in internationally. *Id.* At the next level are "national governing bodies" for each sport included in the Olympic Games or the Pan-American Games. *Id.* Once established, a national governing body has broad authority. *Abdallah v. U.S. Ass'n of Taekwondo, Inc., No. CIV.A. H-07-2880, 2007 U.S. Dist. LEXIS 68179, 2007 WL 2710489, at *1 (S.D. Tex. Sept. 14, 2007)*. In addition to other powers, it may establish national goals for the sport, act as the coordinating body for amateur athletic activity in the United States, conduct amateur athletic competition, and establish procedures for determining eligibility standards. *Id.*; *36 U.S.C. § 220523*.

One purpose of the Act is to provide swift resolution of conflicts involving national governing bodies and amateur sports organizations and, as relevant here, to protect the opportunity of any official to participate in amateur athletic competition. *36 U.S.C § 220503(8)*. Under the Act, all NGBs agree to submit to binding arbitration any controversy involving the opportunity of an official to participate in an amateur athletic competition. *36 U.S.C. § 220522(4)(b)*. Similarly, any party aggrieved by a U.S. Olympic Committee decision may obtain review by binding arbitration. *36 U.S.C. § 220529(a)*, *(d)*.

Defendants assert, and Hale does not dispute, that USA Rugby is a national governing body under the Act. The Act also recognizes "amateur sports organizations"—not-for-profit **[*9]** corporations, associations, or other groups organized in the United States that sponsor or arrange an amateur athletic competition. *36 U.S.C. § 220501(b)(3)*. "An amateur sports organization that conducts amateur athletic competition shall have exclusive jurisdiction over that competition if participation is restricted to a specific class of amateur athletes, such as high school students, *college students*, members of the Armed Forces, or similar groups or categories." *36 U.S.C. § 220526(a)* (emphasis added). An amateur sports organization must obtain a sanction, or permission, from the appropriate national governing body if the organization wishes to conduct international amateur athletic competition in the United States or sponsor international amateur athletic competition outside the United States. *36 U.S.C § 220526(b)*.

Hale specifically asserts Defendants violated *sections 220523*, *220524*, 220525 of the Act. Defendants move to dismiss any claims Hale brings under the Act. Defendants argue there is no private right of action under the Act and even if Hale could assert a claim under the Act he failed to exhaust the Act's administrative remedies. Hale argues the Act's no-private-right-of-action provision only applies to eligibility issues for the Olympics and other similar international **[*10]** amateur athletic competitions. Hale also argues the exhaustion requirement would be futile because he tried to resolve the issues with McGregor. Hale also implies he filed a complaint with SafeSport, which closed his case as Hale's complaints are employment based, which are outside of SafeSport's authority.

The Act states, "neither this paragraph nor any other provision of this chapter shall create a private right of action under this chapter." 28 U.S.C. § 220505(b)(9). Courts have consistently held that the Act does not create a federal cause of action. *See Gonzalez v. United States Ctr. for SafeSport, 374 F. Supp. 3d 1284, 1290 (S.D. Fla. 2019)* ("section 220505(b)(9) is not a source of federal subject matter jurisdiction in this case"); *Navarro v. United States Ctr. for SafeSport, No. 3:24-CV-00030, 2025 U.S. Dist. LEXIS 7929, 2025 WL 209166, at *9 (W.D. Va. Jan. 15, 2025)* ("The 2020 Amendment did add two provisions to § 220541 clarifying that the Amateur Sports Act does not create a private right of action."); *U.S. Olympic Comm. v. Ruckman, No. CIV.A.09-4618FLW, 2010 U.S. Dist. LEXIS 52840, 2010 WL 2179527, at *6 (D.N.J. May 28, 2010)* ("By stating that 'neither this paragraph nor any other provision of this chapter shall create a private right of action under this chapter ....,' Congress apparently intended to limit the private right of action bar to actions purporting to be rooted in the Sports Act."); *Pliuskaitis v. USA Swimming, Inc., 243 F. Supp. 3d 1217, 1224 (D. Utah 2017)*, aff'd sub nom. *Pliuskaitis v. USA Swimming, 720 F.*

*App'x 481 (10th Cir. 2018)*, ("While the Sports Act specifically provides that the USOC (and thus its NGBs like USA Swimming) may sue and be sued in federal court, it also expressly negates **[*11]** the establishment of a private right of action.").

Hale argues that this language only applies to Olympic or other international competition participation. While the beginning of the section at issue is limited to the U.S. Olympic Committee, the clause "neither this paragraph *nor any other provision of this chapter* shall create a private right of action under this chapter" is not so limited. *36 U.S. Code § 220505(b)(9)* (emphasis added). The Act does not provide a private cause of action. Hale points to no case allowing a private right of action under the Act to go forward.

Courts have found the Act not only preempts eligibility challenges brought directly under the Act, but other state law causes of action that essentially sought relief for issues governed by the Act. *Lee v. U.S. Taekwondo Union, 331 F. Supp. 2d 1252, 1257 (D. Haw. 2004)* (citing *Slaney v. Int'l Amateur Athletic Fed'n, 244 F.3d 580, 596 (7th Cir. 2001)*). Hale points out the Act also states that "Nothing in this subsection shall be construed to preempt or otherwise abrogate the duty of care of the corporation under State law or the common law." *36 U.S. Code § 220505(d)(3)*. Hale argues that his state law claims do not arise under the Act and so should not be preempted. The court disagrees. The gravamen of Hale's claims is that McGregor and USA Rugby have blocked him from officiating rugby matches. The Act requires **[*12]** that any national governing body agree to submit to arbitration a dispute with *any* aggrieved official who disputes their right to participate in an amateur athletic competition. *36 U.S.C. § 220522(4)(B)*,*(8)*. Accordingly, the Act preempts Hale's state-law claims.

Hale's arguments that exhaustion under the Act would be futile are unconvincing. First, Hale implies he tried to resolve the dispute by making a complaint to SafeSport. The Act designates the United States Center for SafeSport to exercise jurisdiction over the U.S. Olympic Committee and national governing bodies to protect amateur athletes from abuse. 26 U.S.C. § 220541(a)(1)(B). Under the statutory framework, Hale's claims do not fall within SafeSport's jurisdiction. That Hale sought to use the wrong mechanism under the Act to resolve his claims does not mean his claims cannot be resolved under the Act. Hale also asserts he tried to resolve the dispute with McGregor himself. But this does not satisfy exhaustion under the Act.

However, the Act does not expressly supersede other federal statutes. *Lee, 331 F. Supp. 2d at 1259*. A number of courts recognize carve-outs to the Act's exclusive jurisdiction. *Abdallah v. U.S. Ass'n of Taekwondo, Inc., No. CIV.A. H-07-2880, 2007 U.S. Dist. LEXIS 68179, 2007 WL 2710489, at *1 (S.D. Tex. Sept. 14, 2007)*; *see, e.g.*, *Slaney, 244 F.3d 580* (finding RICO and conspiracy allegations not preempted); *Akiyama v. U.S. Judo Inc., 181 F. Supp. 2d 1179* (holding Title II of Civil Rights Act **[*13]** of 1964 applied to prevent discrimination on basis of religion at judo competition); *Sternberg v. USA Nat'l Karate-Do Fed'n, Inc., 123 F. Supp. 2d 659 (E.D.N.Y. 2000)* (proceeding on a Title IX claim against karate national governing body based on organization's decision to withdraw women's karate team from international competition); *Lee, 331 F. Supp. 2d at 1252* (rejecting the Act's preemption of federal civil rights laws, specifically race discrimination in violation of § 1981). Thus, the Act does not preempt any federal claims Hale might bring.

Accordingly, the court will next determine whether each of Hale's claims is preempted. Additionally, in the event the District Judge does not adopt the preemption recommendation, the court will also examine whether each claim is adequately pleaded.

**B. Tortious Interference**

Defendants move to dismiss Hale's claim for tortious interference with contractual relationships. This is a state law claim, *see* *Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 402 (5th Cir. 2013)*. Hale alleges Defendants interfered with his contracts when they prevented others from using him as a rugby referee. It is therefore preempted under the Act.

Under Texas law, the elements of tortious interference with contract are: (1) the existence of a contract, (2) willful and intentional interference, (3) interference that proximately caused damage, and (4) **[*14]** actual damage or loss. *Mumfrey, 719 F.3d at 402*. Defendants argue Hale fails to identify the existence of any specific contract under which he brings this claim. Defendants also argue that Hale did not allege they caused the other party to cancel the contract.

The court disagrees with Defendants. Hale alleged that he had been invited to participate as a referee at the CRAA 7s Championship, but was later disqualified from participation based on false and malicious statements made by Defendants. FAC ¶¶ 17-20, Exhs. A, B.

Hale has adequately pleaded this claim, if the District Court does not find it preempted.

However, Hale alleges Defendants interfered with his "contractual relationships and *prospective* business opportunities." FAC ¶ 34 (emphasis added). In Texas, tortious inference with prospective business relationships and tortious inference with existing business relationships are two separate claims. *Mumfrey, 719 F.3d at 402*; *Coinmach Corp. v. Aspenwood Apartment Corp., 417 S.W.3d 909, 923 (Tex. 2013)*. Defendants did not move to dismiss the prospective business relationship claim. Nonetheless, as this claim is also based on Defendants' alleged interference with Hale's referee opportunities, it is also preempted under the Act.

**C. Breach of Contact**

Defendants move to dismiss Hale's breach of contract claim. **[*15]** Hale alleges he had valid contracts with rugby organizations, which Defendants interfered with. The elements of a breach of contract action under Texas law are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C., 892 F.3d 167, 170 (5th Cir. 2018)*. This is a state law claim, and is preempted by the Act.

Defendants argue that Hale did not plead any contracts he entered into with USA Rugby. The court agrees. Hale alleged that he "had valid contracts with rugby organizations, including Major League Rugby (MLR) and Collegiate Rugby Championships (CRCs), for officiating assignments," and Defendants interfered with these contracts, preventing him from fulfilling his contractual obligations. FAC ¶ 37. As Hale has pleaded the claim, it merely restates his tortious interference with contract claim.

This claim should be dismissed as preempted and inadequately pleaded.

**D. Defamation**

This is a state law claim, *see* *Parker v. Spotify USA, Inc., 569 F. Supp. 3d 519, 528 (W.D. Tex. 2021)*. Hale alleges Defendants defamed him when they interfered with his ability to officiate rugby matches. FAC ¶ 36. It is therefore preempted under the Act.

To maintain **[*16]** a defamation claim, the plaintiff must plead facts that show the defendant: (1) published "a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases." *Parker, 569 F. Supp. 3d at 528* (citing *In re Lipsky, 460 S.W.3d 579, 593 (Tex. 2015)*).

Defendants argue Hale has not sufficiently pleaded this claim because he did not adequately describe what statements were made. The court agrees. Hale alleges Defendants defamed him when they made malicious and false statements about him to others regarding his participation in rugby events and his qualifications as a referee. FAC ¶ 36. These statements do not adequately clarify the nature of the defamatory statements. Although Hale describes the statements as "malicious and false," he does not actually articulate what those statements were. Hale

tries to clarify in his briefing what those statements were, but the nature of the statements must be contained in the Complaint, not in subsequent briefing.

Accordingly, this claim should be dismissed as preempted and inadequately pleaded.

### E. Intentional Infliction of Emotional Distress

This is a state law claim, *see* *Wal-Mart Stores, Inc. v. Canchola, 121 S.W.3d 735, 740-41 (Tex. 2003)*. Hale alleges Defendants caused him emotional distress when **[*17]** they made malicious and false statements about his qualifications and participation in rugby events, resulting in significant interference with his professional opportunities. FAC ¶ 40. As such, this claim is preempted by the Act.

To recover damages for intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Canchola, 121 S.W.3d at 740-41*. To be extreme and outrageous, a defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id. 740-41*. Conduct that is merely insensitive or rude is not extreme and outrageous, nor are "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id. at 741*. A claim for intentional infliction of emotional distress does not lie for "'ordinary employment disputes.'" *Id.* Only "in the most unusual of circumstances" is conduct so extreme and outrageous that **[*18]** it is removed from the realm of ordinary employment disputes. *Id.*

Additionally, intentional infliction of emotional distress is a "gap-filler" tort, created to permit recovery in "those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann-La Roche, Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004)*. Thus, if the gravamen of a plaintiff's complaint is another tort, a claim for intentional infliction of emotional distress claim will not lie regardless of whether the plaintiff succeeds on or asserts the alternate claim. *Id.*

Defendants argue Texas law does not allow this claim when it is essentially another claim. Despite Hale's arguments to the contrary, Defendants are correct. Hale has asserted other claims that cover Defendants' conduct at issue. Hale's pleadings that Defendants' conduct was extreme and outrageous are legal conclusions that do not carry any weight. The undersigned will recommend that this claim be dismissed as preempted and inadequately pleaded.

### F. Retaliation and Association Discrimination

Hale alleges he was retaliated against for participating in the Collegiate Rugby Championships (CRCs), which is sanctioned by a **[*19]** different governing body than USA Rugby. FAC ¶ 35. Hale also alleges he was discriminated against for participating in NCR events, such as the CRCs.[2] *Id.* ¶ 39.

Defendants move to dismiss Hale's retaliation and association-discrimination claims and points out that Hale did not plead under what law he intends to bring these claims. Nonetheless, Defendants argue he failed to adequately plead his claims under § 1981, Title VII, or Texas state law. In response, Hale argues he brings his retaliation and association-discrimination claims under § 1981.

But, Hale did not plead the legal basis for his retaliation or discrimination claim, and the court will not engage in hypothetical analysis of statutes under which he might assert his claims. Accordingly, Hale is ordered to replead these claims if he wishes to pursue them.

---

[2] Hale describes this claim as relating to his First Amended right to freedom of association. FAC ¶ 39. To distinguish it from his race-based discrimination claim, the court will refer to this claim as one for association discrimination.

### G. Disparate Treatment Based on Race

Hale, a black man, asserts that white officials who participated in the same rugby events were not later excluded by USA Rugby. FAC ¶ 41. He brings this claim under Title VII. As a federal claim, it is not preempted by the Act.

Defendants argue this claim should be dismissed because disparate treatment is not its own cause of action but a way of demonstrating **[*20]** discrimination under § 1981. Defendants then argue the claim should be dismissed for the same reasons they argue Hale's retaliation and association-discrimination claim should be dismissed. In response, Hale argues he has sufficiently pleaded a race discrimination claim under § 1981.

But, Hale pleaded that he brought his race-based claim under Title VII, not § 1981. FAC ¶ 41.a.v. However, the court does not agree with Defendants that disparate treatment claims can only be brought under § 1981. To show a disparate-treatment claim under Title VII, a plaintiff must demonstrate facts plausibly showing "(1) an 'adverse employment action,' (2) taken against a plaintiff 'because of her protected status.'" *Hamilton v. Dallas Cnty., 79 F.4th 494, 502 (5th Cir. 2023)*. Accordingly, Defendants have not shown this claim should be dismissed.

### V. Motion to File Second Amended Complaint

During the course of the briefing on the motions to dismiss, Hale sought leave to file a Second Amended Complaint. Dkt. 13. Hale attached the Second Amended Complaint to his motion. The motion was filed well before the deadline to amend pleadings. Dkt. 29 ¶ 4. Nonetheless, Defendants oppose the motion. Dkt. 17.

*Rule 15* governs motions to amend made before trial and provides that "[t]he court should freely give **[*21]** leave when justice so requires." *Thomas v. Chevron U.S.A., Inc., 832 F.3d 586, 590 (5th Cir. 2016)* (quoting *Fed. R. Civ. P. 15(a)(2)*). "*Rule 15(a)* 'evinces a bias in favor of granting leave to amend.'" *Id.* (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc., 302 F.3d 552, 566 (5th Cir. 2002)*). A movant is required to give the court some notice of the nature of his or her proposed amendments. *Id.* ("it is clear that some specificity is required"). Even when proper notice is given, permissible reasons for denying a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id. at 591* (citing *Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)*). Courts use the *Rule 12(b)(6)* standard to evaluate futility, and courts deny leave as futile when "the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint." *Id. at 591-92*; *Jamieson By & Through Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985)*.

Hale intends his Second Amended Complaint to address the issues raised by Defendants in their motions to dismiss. Defendants first oppose the Second Amended Complaint on procedural grounds because Hale filed it without leave and the court ordered it stricken. This argument carries no weight. Through his motion, Hale is now **[*22]** properly seeking to amend his Complaint. Second, Defendants argue the Second Amended Complaint will not cure the defects they raise in their motions to dismiss. Accordingly, the court will evaluate the Second Amended Complaint for futility.

First, the court notes the Second Amended Complaint adequately asserts the court's diversity jurisdiction. Hale pleads he is a citizen of Texas; McGregor is a citizen of Colorado; and USA Rugby is incorporated in Colorado and maintains its principal place of business there. Dkt. 13-1 (SAC) ¶ 14. Hale alleges the amount in controversy exceeds $75,000. *Id.* ¶ 15.

### A. State Law Claims

In the Second Amended Complaint, Hale asserts the state-law claims of tortious interference, SAC ¶ 63; breach of contract, *id.* ¶¶ 65-68; and intentional infliction of emotional distress, *id.* ¶ 77. Although Hale has pleaded additional

facts that bolster these claims, the gravamen of his claims are that he has been unfairly prevented from officiating rugby matches over which USA Rugby has any authority. These claims are preempted by the Act. Asserting these claims in a Second Amended Complaint would be futile.

### B. Ted Stevens Act Claims

Hale acknowledges that "The Act's primary **[*23]** purpose is to establish a mechanism for resolving disputes within the context of eligibility for competitions directly governed by National Governing Bodies (NGBs)" but argues his claims "do not challenge his eligibility to officiate in such competitions but instead focus on the retaliatory and discriminatory conduct of Defendant McGregor." SAC ¶ 71. However, Hale also asserts "Defendant Jamie McGregor, in his capacity as Director of Training & Education at USA Rugby, acted beyond his statutory authority by unilaterally interfering with the sanctioning and participation of rugby events. His actions, including the removal of officials from events, directly contradicted the responsibilities and powers outlined under § 220523 of the Ted Stevens Act." *Id.* ¶ 75.1. Hale asserts he was denied due process as required by § 220524 of the Act. *Id.* ¶ 75.2.

The court stands by its earlier analysis that the Act does not create a private right of action and any complaints that Hale has that Defendants are not complying with the Act or are overstepping their authority given in the Act must be resolved through the Act's arbitration process, unless another federal law provides a basis for the claim.

### C. Possibly-Federal-Law Claims

In the Second **[*24]** Amended Complaint, Hale asserts claims of retaliation, SAC ¶ 64; association discrimination under § 1981, *id.* ¶ 76; and "denial of equal rights under the law" or race discrimination under § 1981, *id.* ¶ 79. Hale has stated a federal basis for his association and race discrimination claims. However, he has not stated a federal basis for his retaliation claim.

The court grants Hale leave to file a Second Amended Complaint asserting his federal association discrimination and rase discrimination claims. Hale may include his retaliation claim if he can assert a federal basis for that claim.

## VI. Recommendations

The undersigned **RECOMMENDS** that the District Judge **GRANT** Jamie McGregor's Motion to Dismiss Pursuant to *Federal Rule of Civil Procedure 12(b)(6)* (Dkt. 6), USA Rugby's Motion to Dismiss Pursuant to *Federal Rule of Civil Procedure 12(b)(6)* (Dkt. 7) **WITH PREJUDICE** as to Hale's state-law claims and **WITHOUT PREJUDICE** as to his federal claims.

The court **GRANTS** Hale's Motion for Leave to File Second Amended Complaint (Dkt 13) in part. Hale is **ORDERED** to file a Second Amended Complaint in the **next 14 days**, asserting any federal claims as described in this Report and Recommendation.

## VII. Objections

The parties may file objections to this Report and Recommendation. A party filing objections **[*25]** must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987)*.

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of

plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* *28 U.S.C. § 636(b)(1)(C)*; *Thomas v. Arn, 474 U.S. 140, 150-53, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985)*; *Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996)*(en banc).

SIGNED June 26, 2025.

/s/ Mark Lane

MARK LANE

UNITED STATES MAGISTRATE JUDGE

---

End of Document

# *Hale v. McGregor*

United States District Court for the Western District of Texas, Austin Division

August 4, 2025, Decided; August 4, 2025, Filed

1:24-CV-1076-RP

**Reporter**
2025 U.S. Dist. LEXIS 150018 *; 2025 LX 392671; 2025 WL 2218882

JUSTIN X. HALE, Plaintiff, v. JAMIE MCGREGOR and USA RUGBY CORPORATION, Defendants.

**Prior History:** *Hale v. McGregor, 2025 U.S. Dist. LEXIS 151470 (W.D. Tex., June 26, 2025)*

**Counsel:** **[*1]** Justin X. Hale, Plaintiff, Pro se, Seguin, TX.

For Jamie McGregor, USA Rugby Corporation, Defendants: Philip Robert Brinson, LEAD ATTORNEY, Gordon Rees Scully Mansukhani LLP, TransWestern Tower, HOUSTON, TX.

**Judges:** ROBERT PITMAN, UNITED STATES DISTRICT JUDGE.

**Opinion by:** ROBERT PITMAN

## Opinion

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning Defendants' motions to dismiss, (Dkts. 6, 7). (R. & R., Dkt. 32). Plaintiff timely filed objections, (Objs., Dkt. 35), and Defendants filed a response, (Dkt. 37). Having reviewed the report and recommendation, the parties' briefs, the record, and the relevant law, the Court issues the following order.

Plaintiff Justin X. Hale ("Plaintiff"), proceeding *pro se*, brings this case against Defendants USA Rugby Corporation ("USA Rugby") and Jamie McGregor ("McGregor"), the Director of Training and Education at USA Rugby (collectively, "Defendants"). (R. & R., Dkt. 31, at 1). Hale is a rugby referee who works as an independent contractor for various rugby organizations, including National Collegiate Rugby ("NCR"), which organizes the Collegiate Rugby Championships ("CRCs"). Hale alleges that after he officiated matches at the **[*2]** CRCs, Defendants excluded him from officiating for the Collegiate Rugby Association of America and for the Major League Rugby, organizations recognized by USA Rugby. (*Id.* at 1-2). In his Amended Complaint, Plaintiff asserts a variety of claims including tortious interference, retaliation, defamation, breach of contract, intentional infliction of emotional distress, retaliation, discrimination, disparate treatment based on race, and violation of the *Ted Stevens Act, 36 U.S.C. § 220501, et seq.* (*Id.* at 2).

McGregor and USA Rugby separately moved to dismiss Plaintiff's claims under *Federal Rule of Civil Procedure 12(b)(6)*. (Dkts. 6, 7). Plaintiff responded to the motions, (Dkts. 14, 15), and Defendants separately replied, (Dkts. 19, 20). During briefing on the motions to dismiss, Plaintiff also moved for leave to file a second amended complaint. (Dkt. 13). By text order, the Court referred the motions to dismiss and the motion for leave to file a second amended complaint to United States Magistrate Judge Mark Lane.

In his report and recommendation, the magistrate judge recommends that this Court grant Defendants' motions. (R. & R., Dkt. 32, at 18). The magistrate judge found that Plaintiff's Ted Stevens Act claims should be dismissed because there is no private right of **[*3]** action under the Act. (*Id.* at 7-8). In addition, the magistrate judge found

that the Ted Stevens Act "not only preempts eligibility challenges brought directly under the Act, but other state law causes of action that essentially sought relief for issues governed by the Act." (*Id.* at 8-9). As such, the magistrate judge found that the Act preempts Plaintiff's state-law claims for tortious interference, breach of contract, defamation, and intentional infliction of emotional distress. (*Id.* at 9-12). In the alternative, the magistrate judge recommends that the Court dismiss Plaintiff's breach of contract, defamation, and intentional infliction of emotional distress claims as inadequately pleaded, if the Court does not find these claims preempted. (*Id.* at 11-14). Last, the magistrate judge found that although the Ted Stevens Act preempts Plaintiff's state-law claims, it does not preempt federal claims. (*Id.* at 9). As such, the magistrate judge found that Plaintiff's disparate treatment claim is not preempted, and Defendants have not shown that it should be dismissed. (*Id.* at 14-15). As for Plaintiffs' retaliation and "association-discrimination" claims, the magistrate judge found that these **[*4]** should be repleaded because Plaintiff did not plead the legal basis for either claim. (*Id.* at 14). In conclusion, the magistrate judge recommends that the Court dismiss Plaintiff's state-law claims with prejudice and his federal claims without prejudice. (*Id.* at 18).

The magistrate judge then analyzed Plaintiff's motion for leave to file a second amended complaint. The magistrate judge found that amendment for Plaintiff's state law claims and the Ted Stevens Act claims would be futile for the reasons stated above. (*Id.* at 16-17). However, the magistrate judge granted Plaintiff leave to file a second amended complaint to assert federal claims for association discrimination, race discrimination, and retaliation because these claims would not be preempted by the Ted Stevens Act. (*Id.* at 17). Accordingly, the magistrate judge granted Plaintiff's motion for leave to amend in part. (*Id.* at 18).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. *28 U.S.C. § 636(b)(1)(C)*. Because Plaintiff timely objected to the **[*5]** report and recommendation, the Court reviews the report and recommendation *de novo*.

The Court agrees with the magistrate judge that the Ted Stevens Act claim should be dismissed because there is no private right of action under the Act. The Court also agrees that the Act preempts Plaintiff's state-law claims and that those claims should be dismissed.[1] Last, the Court agrees that Plaintiff's retaliation and association discrimination claims should be dismissed as inadequately pleaded and that all Plaintiff's federal claims—except for the Ted Stevens Act claim—should be repleaded in an amended complaint. Accordingly, for the reasons given in the report and recommendation, the Court overrules Plaintiff's objections and grants Defendants' motion to dismiss Plaintiff's amended complaint.

However, as indicated by the magistrate judge's analysis of Plaintiff's motion for leave to amend, Plaintiff's federal claims may proceed because they are not preempted by the Ted Stevens Act. In the report and recommendation, the magistrate judge ordered Plaintiff to file a second amended complaint within fourteen days, "asserting any federal claims as described in this Report and Recommendation." (R. & R., **[*6]** Dkt. 32, at 18). Since the report and recommendation issued, Plaintiff has only partially complied with the magistrate judge's order. Plaintiff timely filed his second amended complaint, but the second amended complaint contains a recitation of all his claims: state and federal. (Dkt. 36).

The magistrate judge has already determined that amendment of Plaintiff's Ted Stevens Act claims and his state law claims would be futile. (R. & R., Dkt. 32, at 16-17). Because Plaintiff did not comply with the magistrate judge's instruction to file an amended complaint containing only his federal claims, the Court will strike Plaintiff's second amended complaint and give Plaintiff one more opportunity to file an amended complaint for only his retaliation, association discrimination, and race discrimination claims. The Court cautions Plaintiff that failure to file his amended complaint according to the Court's instructions may result in the Court dismissing this case. *See Fed. R. Civ. P. 41(b)* (action may be dismissed for failure to comply with court order); *Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998)* (district court has authority to dismiss case for failure to comply with court order).

---

[1] Because the Court agrees with the magistrate judge's preemption recommendation, the Court does not reach the issue of whether the state-law claims should be dismissed as inadequately pleaded.

Accordingly, the Court **ORDERS** that the report and recommendation of United **[*7]** States Magistrate Judge Mark Lane, (Dkt. 32), is **ADOPTED** in accordance with this order.

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss, (Dkts. 6, 7), are **GRANTED**. Plaintiff's state-law claims are **DISMISSED WITH PREJUDICE** and Plaintiff's federal claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint, (Dkt. 36), is **STRUCK** from the docket.

**IT IS FINALLY ORDERED** that, on or before **August 18, 2025**, Plaintiff shall file a Third Amended Complaint only asserting the federal claims (other than the Ted Stevens Act claims) he wishes to pursue in this case, such as the association discrimination, race discrimination, and retaliation claims.

**SIGNED** on August 4, 2025.

/s/ Robert Pitman

ROBERT PITMAN

NITED STATES DISTRICT JUDGE

---

End of Document