**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

DINAH YUKICH

Plaintiff,

v.

MILES CHAMLEY-WATSON, USA FENCING ASSOCIATION, JESSICA SAXON, CREATE A LEGACY NOT A MOMENT, INC., and SHANNON DAUGHERTY

Defendants.

No. 2:26-cv-8140-KSH-AME

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S TO REMAND**

## TABLE OF CONTENTS

Page(s)

I. Introduction ..... 6

II. Background ..... 7

III. Standard ..... 9

IV. Argument ..... 11

A. Remand Is Required For The Independent Procedural Defect: The Removal Was Not Unanimous ..... 11

B. No Federal Question Appears On The Face Of The Well-Pleaded Complaint ..... 13

C. This Case Is Not Among The "Special And Small Category" Of State Law Cases That Turn On A Necessary And Substantial Federal Issue ..... 14

1. The Complaint Does Not "Necessarily Raise" Any Federal Questions ..... 14

2. No Federal Issues Are "Actually Disputed" In Plaintiff's Complaint ..... 15

3. No Federal Questions Are "Substantial" ..... 15

4. Antidiscrimination Law Is A Core State Police Power That Would BE Disrupted By Preempting State Court Jurisdiction ..... 18

D. Plaintiff's Claims Are Not Completely Preempted By A Federal Law ..... 19

V. Conclusion ..... 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Asset Finance, LLC v. Corea Firm*, 821 F.Supp.2d 698 (D.N.J. 2011) ............ 8

*Bradford v. Harding,* 370 U.S. 632 (1962)............................................................... 8

*Brown v. Sarubbi*, 2006 WL 2014227 ...................................................................... 13

*Dougherty v. Drew University*, 534 F.Supp.3d 363 (D.N.J. 2021).................................... 8

*Evanston Ins. Co. v. Cozen O'Connor, P.C.*, 2007 WL 869614 (March 20, 2007) ......... 12

*Giangola v. Walt Disney World Company*, 753 F.Supp. 148 (D.N.J. 1990) .................... 13

*Granovsky v. Pfizer*, 631 F.Supp.2d 554 (D. N.J. 2009) ............................................ 9,10

*Joyce v. RJR Nabisco Holdings Corp.,* 126 F.3d 166 (3d Cir. 1997) ............................. 19

*Lewis v. Rego Co.*, 757 F.2d 66, (3d Cir. 1985)......................................................... 12,13

*Maglioli v. Alliance HC Holdings, LLC,* 16 F.4th 393 (3d Cir. 2021) ........................... 18

*Metropolitan Edison Co. v. Pennsylvania Public Utility Commission*, 767 F.3d. 335 (3d. Cir. 2014).................................................................................................... 18

*Michaels v. State of N.J.*, 955 F.Supp. 315 (D.N.J. 1996) .......................................... 9,12

*Micheletti v. McGregor,* 2025 WL 1914888 (D.N.J. June 26, 2025) ............................ 17

*National Organization for Women, Essex County Chapter v. Little League Baseball,* 318 A.2d 33 (N.J. Super 1974) ..................................................................... 16

*Pinnacle Choice, Inc. v. Silverstein*, 2008 WL 2003759 (D.N.J. May 6, 2008) .............. 14

*San Francisco Arts and Athletics, Inc. v. U.S. Olympic Committee*, 485 U.S. 522 (1987)......................................................................................................... 15,16

*Schlosser v. Kinsey's Archery Products, Inc.*, 2026 WL 2199226 .................................. 12

*Scurko v. N.J. State Police,* 2010 WL 2697108 (D.N.J. July 6, 2010) ...........................13

*Ward v. New Jersey*, 2018 WL 4223239 .......... 9, 10, 11,12

*Weinberg v. Sprint Corp.*,165 F.R.D. 431 (D.N.J. 1996) .......... 18

**Statutes**

36 U.S.C.A. §220524(b) .......... 17

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DINAH YUKICH<br><br>Plaintiff,<br>v.<br><br>MILES CHAMLEY-WATSON, USA FENCING ASSOCIATION, JESSICA SAXON, CREATE A LEGACY NOT A MOMENT, INC., and SHANNON DAUGHERTY<br><br>Defendants. | No. 2:26-cv-8140-KSH-AME |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

## I. Background

Plaintiff incorporates the Fact Section from her Motion to Remand as if fully set forth herein. In an effort to provide further context, Plaintiff sets forth the following additional facts for consideration:

1. As of June 17, 2026, all defendants except for Create a Legacy Not a Moment ("Legacy") were served under the rules of civil procedure of New Jersey.
2. On June 17, 2026, Plaintiff filed a Motion for Alternative Service in order to effectuate service against Legacy.
3. On June 29, 2026, counsel for Defendants communicated that they would like to enter into a stipulation for timing of filing an answer or otherwise responsive pleading on behalf of all defendants, including Legacy. A copy of the E-Mail Communication is attached hereto as Exhibit A

4. In response to this e-mail correspondence, Plaintiff (through counsel) inquired as to whether counsel would accept service for Legacy. Ex. A.

5. Counsel responded that they were in fact going to accept service for Legacy. Ex. A.

6. On June 29, 2026, counsel sent over a draft stipulation that included a timeline for answering or otherwise responding to Plaintiff's Complaint. Ex. B.

7. On June 29, 2026, Plaintiff executed the stipulation and sent a copy back to Defendants' counsel. Ex. B.

8. Defendants never filed the stipulation.

9. Instead, on July 2, 2026 Defendant, USA Fencing, filed a Notice of Removal. (Doc. 8-2, Ex. D).

*10.* The Notice of Removal was filed by USA Fencing. *Id.* The Notice of Removal to Federal Court reads, "PLEASE TAKE NOTICE….Defendant USA Fencing Club filed a Notice of Removal in the United States District Court of New Jersey." *Id.*

11. The Notice of Removal reads, "Defendant USA Fencing Association…by and through undersigned counsel, hereby removes this action…" *Id., see also* ¶¶11-12, 14, and 16.

12. The Wherefore clause of the Notice of Removal reads, "WHEREFORE, USA Fencing removes this action…" *id.*

*13.* Paragraph 9 of the Notice of Removal reads, "All properly served defendants consent to removal though consent not necessary. All defendants are also represented by the same counsel." *Id.*

14. The Certificate of Service of the Notice of Removal indicates that counsel represents all defendants, including Create a Legacy Not a Moment ("Legacy"). *Id.* at ¶1.

15. On August 29, 2026, since Legacy had not been properly served, Plaintiff requested that counsel execute a Waiver of Service form to be filed on the federal docket. A copy of the e-mail correspondence and proposed waiver is attached as Exhibit C.

## III. <u>Standard</u>

Plaintiff incorporates the standard set forth her in Motion to Remand as if fully set forth herein.

## IV. <u>Argument</u>

### A. The Removal Is Procedurally Defective

The Notice of Removal is procedurally defective for two (2) reasons: First, the non-signing, properly served defendants (Miles ChamleyWatson, Jessica Saxon and Shannon Daugherty) did not provide consent to this Court. Second, USA Fencing did not allege that an exception to the Rule of Unanimity applied.

First, Defendants are correct that under Rule 1446(b)(2)(A), all properly served parties must provide consent to removal to federal court, often referred to as the Rule of Unanimity. 28 U.S.C.A. ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). It is essential that all defendants who have been served, must provide direct consent to the court. *See* Motion to Remand at p. 12. Here, only USA Fencing signed and consented to the Notice of Removal. The remaining properly served

defendants, did not provide the requisite consent directly to this Court. The Notice of Removal is defective.

Second, it is well established that consent is not required in three (3) situations: (1) when a non-joining party is a nominal party, (2) when the defendant has been fraudulently joined, and (3) when the non-resident defendant has not been served. *American Asset Finance, LLC v. Corea Firm*, 821 F.Supp.2d 698, 700 (D.N.J. 2011). The burden is on the removing party to allege that an exception applies to the Rule of Unanimity. *See Dougherty v. Drew University*, 534 F.Supp.3d 363, 373 (D.N.J. 2021). Here, USA Fencing failed to even mention Legacy is a defendant in the litigation, let alone allege that the Non-Service exception applies. *See* that to Remand. For this reason, also, the Notice of Removal is defective.

**i. Defendants Miles Chamley-Watson, Jessica Saxon and Shannon Dougherty Are Required to Provide Written Consent to the Court.**

Defendant USA Fencing filed the Notice of removal. ECF Doc. No. 1. It follows that all non-signing defendants who have been served, Miles Chamley-Watson, Jessica Saxon and Shannon Dougherty, must provide express consent to directly to the court. *See*, Motion to Remand. Defendant USA Fencing is the signing defendant on the Notice of Removal. ECF Doc. No. 1. Defendant USA Fencing relies on paragraph 9 of their Notice as evidence of consent from the other properly served defendants, which reads as follows:

> All properly served defendants consent to removal though consent is not necessary. All defendants are also represented by the same counsel.

Notice of Removal at ¶9. Defendant, USA Fencing cites to *Bradford v. Harding* which stands for the notion that each party is "deemed bound by the acts of [their] lawyer-agent…" 370 U.S. 632, 634 (1962).

First, as mentioned above in the facts, Defendant USA Fencing is the only party that submitted the Notice of Removal. It is true that: (1) the signature block at the top of the pleadings indicates that Counsel represents Miles Chamley-Watson, USA Fencing, Jessica Saxon and Shannon Dougherty, and (2) the Certificate of Service indicates that counsel represents all defendants, but the actual Notice reads that only USA Fencing is filing the Notice of Removal. ECF Doc. No 1. This means that USA Fencing is the signing party. The docket reflects this reading, "NOTICE OF REMOVAL filed by USA Fencing…" *Id.*

Since USA Fencing is the signing party to the removal, it means that the non-signing defendants who have been served, (Miles Chamley-Watson, Jessica Saxon and Shannon Dougherty) must provide unambiguous direct consent directly to the Court. *See Michaels v. State of N.J.*, 955 F.Supp. 315, 321 (D.N.J. 1996)("…most courts have required some form of unambiguous *written* evidence of consent to the court in a timely fashion."), *see also Ward v. New Jersey*, 2018 WL 4223239, slip op *2 (August 15, 2018)("In this District, a removing defendant may not certify consent to the Court on behalf of all defendants; rather each properly served defendant must communicate consent to removal directly to the court in writing.") [1]

As discussed above, the Notice of Removal is anything but unambiguous. The Notice was filed and submitted by Defendant USA Fencing. ECF Doc. No. 1. This is

[1] A copy of the unreported case is attached hereto as Exhibit D.

reflected in the docket, and repeatedly in the averments in the Notice of Removal. (***cite***). Defendants' reliance on paragraph 9 of their Notice of Removal is misplaced and unhelpful to their cause. These types of general averments of consent are repeatedly deemed insufficient in the District of New Jersey. *See Granovsky v. Pfizer*, 631 F.Supp.2d 554, 563 (D. N.J. 2009). In *Granovsky*, the Court granted a motion for remand based on failure to conform to the Rule of Unanimity. *Id.* This Court found that Defendant's Notice that included an averment saying that co-defendant orally consented to the removal was insufficient. *Id.* In that case, the removing defendant (Pfizer) noted that the only other defendant (KFORCE) orally consented to the removal. *Id., see also* Pfizer's Notice of Appeal attached as Exhibit E, at ¶4. In Pfizer's Notice of Removal, they averred: "KFORCE's counsel, Marvin L. Weinberg, Esq. of Fox Rothschild LLP, advised that KFORCE consents to the removal of this matter." This Court found that averment insufficient for the purposes of the consent. *Id.*

The averment in *Granovsky* includes more detail than the averment in paragraph 9 of USA Fencing's Notice of Removal. Pfizer went as far as to identify the defendant and the name of the attorney who provided oral consent, and it was still deemed insufficient. *Id.* USA Fencing did not even bother to name the other defendants who purported to consent to the removal. *See* ECF Doc. No. 1.

Even more, in their Opposition, USA Fencing did not even address or combat the very real issue that there is no express unambiguous written consent of Miles Chamley-Watson, Jessica Saxon or Shannon Daughtery. *See* Opp. to Remand. In *Ward v. New Jersey*, this Court found the Notice of Removal to be defective and granted remand when the removing defendant, "[did] not point to any unambiguous written consent by all of

the properly joined and served defendants in either its Notice of Removal or Opposition to Plaintiff's Motion, and the Court has identified none." 2018 WL 4223239, slip op 2 (August 15, 2018). Just like in *Ward v. New Jersey*, USA Fencing did not point to any unambiguous written consent of Miles Chamley-Watson, Jessica Saxon or Shannon Daugherty. ECF Doc. No.16.

Another case that sheds light on the standard for consent in the District of New Jersey is *Monaghan v. City of Hackensack*, where the defendants City of Hackensack ("City") and the Mayor/Council of the City of Hackensack ("Mayor") were represented by the same attorney. 2018 WL 4223239 (August 15, 2018).[2] In that case, counsel for the City and Mayor filed a Notice of Removal. A copy of the Monaghan Notice of Removal is attached as Exhibit G. Unliked USA Fencing's Notice, the Monaghan Notice of Removal indicates that it was being filed by both the City and Mayor. *Id.* The docket for Monaghan also reflects that the Notice was filed by the City and the Mayor. A copy of the docket is attached hereto as Exhibit H, *cf* Docket entry for USA Fencing.

USA Fencing attempts to argue that because their representing Miles Chamley-Watson, Jessica Saxon and Shannon Daughtery, serves as their consent to the removal. See Opposition. That is not the law. The law is that the non-signing defendants, who have been properly served, must consent to the removal. *See.* In *Monaghan*, counsel represented the City and Mayor and correctly jointly filed the Notice on their behalf, stating, "the undersigned attorneys for Defendants City of Hackensack and Mayor and Council of Hackensack…petition this Honorable Court…" Ex. G. That is not the case here. Counsel filed the Notice of Removal on behalf of USA Fencing. ECF Doc. No. 1.

---

[2] A copy of the unreported case is attached hereto as Exhibit F.

Even more in *Monaghan*, paragraph 8 of their Notice of Removal include nearly identical language in paragraph 9 of USA Fencing's Notice of Removal. Ex. G. In *Monaghan*, the removing party averred, "All defendants that have been properly served consent to the removal of this matter." *Id.* This Court remanded that case on the basis that not all properly served defendants provided consent to the removal. 2018 WL 4223239, slip op *5 (August 15, 2018)("…one defendant may not make a proffer of consent on behalf of another…"). It follows that the language in paragraph 9 of the Notice of Removal is insufficient to serve as consent for the non-signing, properly served defendants.

**ii. The Notice Fails to Allege Non-Service Exception to the Rule of Unanimity**

The burden is on the removing defendant to assert that removal is proper and that involves indicating when an exception to the Unanimity Rule applies. *See Lewis v. Rego Co.*, 757 F.2d 66, 68, (3d Cir. 1985)("In that situation, the removal petition will be effective provided that it alleges that the defendants who did not join in it were not served in the state proceeding.")

There are three exceptions to the Unanimity Rule: First, when a non-joining party is unknown or nominal *Michaels v. State of New Jersey*, 955 F.Supp. 315, 319 (D.N.J. 1996). Second, when a defendant has been fraudulently joined. *Id.* Third, when a non-resident defendant has not been served at the time the removing defendants filed their petition. *Id.* Removing Defendant, USA Fencing must allege that an exception applies to the situation. *Lewis v. Rego Co.*, 757 F.2d 66, 68, (3d Cir. 1985). This Court repeatedly grants motion to remand where Notices of Removal fail to assert or allege why a defendant had not joined or consented to the removal. *See Evanston Ins. Co. v. Cozen*

*O'Connor, P.C.*, 2007 WL 869614 (March 20, 2007)(Court granting remand where removing defendant failed to demonstrate without a doubt that a defendant was an "unknown party" for the purposes of unanimity.)[3], *see also Schlosser v. Kinsey's Archery Products, Inc.*, 2026 WL 2199226 slip op *3 (July 30, 2026)("Given that the removing party seeks to impose jurisdiction upon a federal court, it must meet a 'heavy burden of persuasion' to establish fraudulent joinder.").[4]

Here, Legacy was not properly served as of the date of the Removal and it is a non-resident defendant. It follows that USA Fencing was required to allege that Defendant Legacy is an out of state defendant who had not been properly served in the Notice of Removal, so as to explain why removal was proper and the reason why legacy did not consent or join on the removal. *See Lewis v. Rego Co.*, 757 F.2d. 66, 68 (3d Cir. 1985), *see also Giangola v. Walt Disney World Company*, 753 F.Supp. 148, 153 (D.N.J. 1990)[5], *Brown v. Sarubbi*, 2006 WL 2014227, slip op *2 (July 18, 2006).[6]

This Court in *Scurko v. NJ State Police*, was clear:

> In a situation where not all defendants have been served at the time of removal, and therefore have not joined or consented to the removal, removal may nevertheless be effective provided the notice of removal alleges that the defendant's not joined the notice of removal were not served in the state court action.

[3] A copy of the unreported case is attached as Exhibit N.

[4] A copy of the unreported case is attached hereto as Exhibit I.

[5] A copy of the unreported case is attached hereto as Ex. J.

[6] A copy of the unreported case is attached hereto as Ex. K.

2010 WL 2697108, slip op 2 (July 6, 2010).[7] In that case, while all defendants were properly served, not all defendants consented and joined in on the Notice of Removal. *Id.* The court granted the Motion to Remand due and found the Notice of Removal defective, because it did not allege "that the defendants not joining in the notice of removal had yet to be served in the state court action." *Id.*

*Pinnacle Choice Inc. v. Silverstein* is illustrative case. 2008 WL 2003759 (May 6, 2008).[8] In that case, the District Court reiterated that "…the removing party bears the burden of proving that jurisdiction is proper in federal court." *Id.* at slip op 3. In *Pinnacle*, the removing party left out twenty-two (22) defendants unaccounted for in the Notice of Removal. *Id.* The Notice of Removal accounted for nine (9) defendants. *Id.* It turned out that one of the defendants that was unaccounted for in the Notice of Removal, was actually properly served, and removing defendant failed to account for their non-consent and why removal was appropriate in the actual Notice. *Id.* This Court found that the failure to allege that the defendant was either fraudulently joined or an unknown nominal party, was a "clear defect in the removal procedure." *Id.*

Here, USA Fencing did not even mention Legacy in their Notice of Removal. USA Fencing argued in its opposition that, "…Legacy was NOT properly joined or served at the time [of removal], its consent was not required." *See* ECF Doc. No. 16. While consent was not required, an averment as to their existence and status as a non-resident defendant who had not been properly served, is required for the Notice of Removal.

---

[7] A copy of the unreported case is attached hereto is Ex. L.

[8] A copy of the unreported case is attached as Exhibit M.

**B. Defendant's Confuse the Application of the Grable Factors**

First, as explained in Plaintiff's Motion to Remand, the causes of action are based on state law claims that are well-within the police powers of the state. Remand at p. 14. Defendants misinterpret the "necessarily raised" element of the *Grable Test*. In order for a federal question to be "necessarily raised" it must turn on some construction of federal law. Mot. for Remand at p. 14-15. Defendant seems to be of the mind that an eligibility rule set by a private organization is a federal law. (Opposition at p. 9)("…adjudication of the LAD claim necessarily requires interpretation and application of federal law."). Defendants seem to believe that the USOPC and any NGB's certified by the USOPC are government agencies and have rulemaking authority. The USOPC is not a government agent. *San Francisco Arts and Athletics, Inc. v. U.S. Olympic Committee*, 483 U.S. 522, 543 (1987)("The fact that Congress granted it a corporate charter does not render the [USOPC] an agent of the government."). The USOPC is a private entity and USA Fencing is a private entity. Eligibility rules issued by an NGB are not federal law. Therefore, it is misguided to represent that eligibility rules are federal law. Even more, as made abundantly clear in the Motion to Remand, this is a simple discrimination case that turns on the construction of the LAD. *See*, Motion for Remand.

It must be noted that USA Fencing itself acknowledges that the effectuation and implementation of the Trans Ban may be affected by state law. A copy of the USA Fencing Trans Ban is attached as Exhibit O ("It is important to note that there may be existent laws per sate, and an evolving federal landscape that have implications on adherence to the proposed policy.").

Second, Defendants use the colloquial instead of the legal definition for the phrase "actually disputed." Opp. at p. 9. Defendants disregard the established principle

that "actually disputed" for the purposes of preemption based on federal question means whether a federal issue must be decided to resolve the state law claim. Remand at p. 15.

Third, as it relates to whether a federal question is "substantial," Defendants are correct that the "…substantial inquiry focuses on the federal government's interest in obtaining uniform interpretation and application of federal law." Opp. at p. 10. There is no "substantial" federal question here. First, there is no federal law that protects against discrimination based on sex in places of public accommodation. *See* Motion to Remand at p. 14. It is impossible to obtain a uniform interpretation and application of a federal law that does not exist.

Next, again Defendants seem to think that the USAF Trans Ban is federal law. Rules of eligibility issued by an NGB (a private entity) are not law. The *National Organization for Women, Essex County Chapter v. Little League Baseball*, 318 A.2d 33 (N.J. Super 1974) provides guidance for our case. In that case, the Division of Civil Rights recommended an order to require Little League Baseball, Inc. ("Little League") to admit girls ages 8-12 to participate in Little League baseball. *Id.* at 527. In response, Little League, just like Defendants here, argued that the eligibility rules are federally mandated. *Id.* The Little League tried to hide behind the fact that they are federally chartered. The Court found that the NJLAD was not preempted:

> When the federal statute is seen as simply bestowing a national charter and not as embodying any substantive policy the asserted conflict becomes illusory. The New Jersey statute as applied does not vitiate the charter of incorporation; it merely regulates how Little League shall conduct its activities in the State of New Jersey in respect to exclusion of participants on the basis of sex. **In this regard**

> **it may be noted that the charter's objects are required to be pursued in lawful ways.**

*Id.* at 537.

Fourth, Defendants state that a finding of federal question jurisdiction would not disturb the federal/state balance. Opp at p . 10. First, finding federal question jurisdiction would absolutely overthrow the federal and state balance. Congress protected this balance in ensuring that NGB's would adhere to state law. 36 U.S.C.A. §220524(b)("Nothing in this section shall be construed to preempt or otherwise obrogate the duty of care of a national governing body under State law or the common law."). Defendants' position that eligibility rules issued by a private entity (NGB) that is certified by a federally chartered organization, ( USOPC) is an attempt to overthrow and degrade a state's right to implement and effectuate laws against discrimination.

Lastly defendants cite two cases that are inapplicable to the case at bar. First, *Micheletti v. McGregor* the Court found arising under jurisdiction because the cause of action actually involved the Ted Stevens Act. 2025 WL 1914888, slip op *3 (June 26, 2025)(ECF Doc. 16-4). In that case, the issue on that case centered on, "whether Defendants have disparaged [Plaintiff] by saying that [National Collegiate Rugby] matches are "unsanctioned" under the Ted Stevens Act…" *Id.* The complaint in that case turned on whether the matches were "unsanctioned" under the Sports Act. *Id.* That is not the case here. Plaintiff's case is based solely on state discrimination laws.

The second case Defendants rely one is also inapplicable. *See Hale v. McGregor*, ECF Doc. No. 16-5. In that case, the court found arising under jurisdiction because the "claims center[ed] on whether defendants have complied with the Ted Stevens Act." *Id.*

at slip op 5. In that case, the complaint actually referenced the violations of the Ted Stevens Act. A copy of the *Hale* Complaint is attached as Exhibit P, at ¶31. The *Hale* complaint on its face revolves around the Ted Stevens Act. *Id.* Plaintiff's complaint for the case at bar does not even allude to the Ted Stevens Act. ECF Doc. No.1. Plaintiff's complaint is based on state law.

### C. Defendants Assert Preemption Defenses that are Inapplicable at the Remand Stage

Defendant asserts the defense of conflict preemption as the basis for removal. Opposition at p. 15. This runs afoul of established principles for removal. *See* Motion for Remand at p. 19-20. As discussed in the Motion for Remand, the only type of preemption that is valid for the purposes of removal to federal court is Complete Preemption. *Id.* Other preemption principles, such as conflict or field preemption are merely defenses to the merits of the case. *See Weinberg v. Sprint Corp.*, 165 F.R.D. 431, 437 (D.N.J. 1996).

The Third Circuit confirmed this principle in *Maglioli v. Alliance HC Holdings, LLC*, where the defendant argued that because federal law displaced the state law claims, the matter should be removed to federal court. 16 F. 4th 393, 406 (3d. Cir. 2021)("The fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted…does not establish that they are removable to federal court"). The Court reiterated, "a defense of federal preemption does not provide a basis for removal because it does not appear on the face of the well-pleaded complaint." *Id.* at 407, *see also Weinberg v. Sprint Corp.,* 165 F.R.D. 431, 437 (D.N.J. 1996)("[Defendants] 'actual

conflict' preemption argument however, is presented as a defense to plaintiff's state law claims, and is therefore insufficient to support removal."). The Third Circuit also reversed a District Court's decision in *Joyce v. RJR Nabisco Holdings*, when the lower court "erred in failing to distinguish between the complete preemption doctrine for jurisdictional purposes an ordinary preemption, which merely constitutes a defense to a state law cause of action." 126 F.3d. 166, 174 (3d Cir. 1997), *see also Metropolitan Edison Co. v. Pennsylvania Public Utility Commission*, 767 F.3d. 335, 362 (3d. Cir. 2014).

## V. **Conclusion**

For the foregoing reasons, Plaintiff, Dinah Yukich, requests that this Court remand this action to the Superior Court of New Jersey: Civil Division, Atlantic County, and award Dinah Yukich fees and expenses in connection with the preparation and argument of the instant motion.

Respectfully submitted,

SPECTOR GADON ROSEN VINCI, P.C.

/s/ Susan M. Cirilli
Susan M. Cirilli, Esq.
Gabriel V. Tese, Esq.
One Logan Square
130 N. 18th Street, 18th Floor
Philadelphia, PA 19103
Telephone: (215) 241-8887/(215) 241-8873
Email: scirilli@sgrvlaw.com,
GTese@sgrvlaw.com
*Attorneys for Plaintiff, Dinah Yukich*