# EXHIBIT D

2018 WL 4223239
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.

Rashawn WARD, Plaintiff,
v.
State of NEW JERSEY, et al., Defendants.

Civil Action No. 18-3991 (SDW)(LDW)
|
Signed 08/14/2018
|
Filed 08/15/2018

**Attorneys and Law Firms**

Christina Vassiliou Harvey, Jonathan H. Lomurro, Lomurro, Munson, Comer, Brown & Schottland, LLC, Freehold, NJ, for Plaintiff.

Jeffrey S. Mcclain, Stephen D. Holtzman, Holtzman & McClain, PC, linwood, NJ, for Defendants.

**REPORT AND RECOMMENDATION**

LEDA DUNN WETTRE, United States Magistrate Judge

***1** Before the Court is plaintiff's motion to remand this action to the Superior Court of New Jersey. ECF No. 8. The Honorable Susan D. Wigenton, U.S.D.J., referred this motion to the undersigned for a Report and Recommendation. Having considered the parties' submissions and for the reasons set forth below, this Court recommends that the motion to remand be **GRANTED**.

Plaintiff Rashawn Ward alleges in the Complaint that he was not provided with proper medical treatment while incarcerated, in violation of the Eighth and Fourteenth Amendments. Compl., ECF No. 1-1 at ¶¶ 1, 11-46. He asserts claims under 42 U.S.C. § 1983 and state law against the State of New Jersey, Essex County Correctional Facility, and various health care entities and individuals who allegedly oversaw and/or administered his treatment. *Id.* ¶¶ 11-74.

Plaintiff filed the Complaint in the Superior Court of New Jersey, Law Division, Essex County in February 2018. Notice of Removal, ECF No. 1 at ¶ 1. He served the defendants with process in March and April 2018. ECF No. 28. On March 22, 2018, defendant CFG Health Systems, LLC ("CFG") filed a Notice of Removal to this Court on the basis of original federal question jurisdiction. See Notice of Removal; 28 U.S.C. §§ 1331, 1441(a).

Plaintiff moves to remand this action back to the Superior Court. ECF No. 8. He argues that remand is warranted because not all of the defendants consented to removal of this action. ECF No. 8-1 at 7.[1] CFG opposes the motion, and defendant Essex County Correctional Facility joins in CFG's opposition. ECF Nos. 12, 13.

Remand is appropriate here. A defendant may remove any civil action filed in state court to a federal district court having original jurisdiction over the action. 28 U.S.C. § 1441(a). Section 1446, which sets forth procedural requirements for removal, provides "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This is known as the "rule of unanimity." *Di Loreto v. Costigan*, 351 F. App'x 747, 752 (3d Cir. 2009).[2] The failure of all defendants to join in or consent to removal creates a defect in the removal procedure warranting remand under 28 U.S.C. § 1447(c). *Burns v. City of Hoboken*, Civ. A. No. 10-5754 (ES), 2011 WL 2881311, at *2 (D.N.J. July 15, 2011).[3]

***2** The rule of unanimity requires each defendant to file "some form of unambiguous *written* evidence of consent to the court in timely fashion." *Michaels v. State of N.J.*, 955 F. Supp. 315, 321 (D.N.J. 1996). In this District, a removing defendant may not certify consent to the Court on behalf of all defendants; rather, each properly served defendant must communicate consent to removal directly to the Court in writing. *See Estate of Lakatos v. Monmouth Cty. Dep't of Corrs.*, Civ. A. No. 13-5701 (AET), 2014 WL 284450, at *2 (D.N.J. Jan. 24, 2014); *Estate of Dean v. N.J.*, Civ. No. 12-00505 (JAP), 2012 WL 1900924, at *2 (D.N.J. May 24, 2012).

Here, CFG's Notice of Removal was based solely on § 1441(a) and several defendants—the State of New Jersey, University Correctional Health Care, Rutgers Biomedical & Health Services, Elizabeth Mundanhira, R.N., Margaly Montilus, A.P.N., Mark C. Reilly, M.D., University Hospital, and Cassandra Bradford—were properly joined and served prior to removal but did not file written consent to removal as required by § 1446(b)(2)(A). *See* ECF No. 28 at ECF pp. 2, 4,

8-20. CFG argues that certain defendants have filed Answers to the Complaint and either "indicated" their consent to removal or do not "object" to removal. ECF No. 12 at 3. Filing an answer, however, does not constitute unambiguous written consent to removal. *Estate of Dean*, 2012 **WL** 1900924, at *3. Furthermore, CFG does not point to unambiguous written consent by all of the properly joined and served defendants in either its Notice of Removal or opposition to plaintiff's motion, and the Court has identified none.[4] Therefore, the Notice of Removal does not comply with 1446(b)(2)(A).

Accordingly, for the reasons stated above, this Court respectfully recommends that plaintiff's motion to remand (ECF No. 8) be **GRANTED**. The parties are hereby advised that, pursuant to Federal Rule of Civil Procedure 73(b)(2), they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

**All Citations**

Not Reported in Fed. Supp., 2018 WL 4223239

Footnotes

1 Plaintiff also argues that this Court lacks jurisdiction over the Complaint because it asserts claims against the State of **New Jersey**, which is immune from suit in federal court under the Eleventh Amendment to the U.S. Constitution. ECF No. 8-1. Because the Court concludes that CFG's removal is defective under 28 U.S.C. § 1446(b), it need not address the parties' arguments regarding the State of **New Jersey's** Eleventh Amendment immunity.

2 Certain limited exceptions may apply, *see, e.g., Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995), but CFG does not rely on any exception.

3 Plaintiff preserved his right to seek remand based on this procedural defect by moving to remand on this basis within 30 days after CFG filed the Notice of Removal. *See* 28 U.S.C. § 1447(c); ECF No. 8-1 at 7.

4 Although defendant Essex County Correctional Facility joins in CFG's opposition to remand, ECF No. 13, CFG has not argued that this constitutes written consent. Moreover, Essex County Correctional Facility was not served until after CFG filed its Notice of Removal, and there are several defendants who were properly joined and served at the time of removal yet did not file written consent. *See* ECF No. 28 at ECF p. 2.

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.