# EXHIBIT E

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

ATTORNEYS FOR DEFENDANT
PFIZER, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ALLA GRANOVSKY, Plaintiff, | : | Civil Action No. |
| v. | : | |
| PFIZER, INC. and KFORCE, INC. Defendants. | : | **NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY, LAW DIVISION** |

To: William T. Walsh, Clerk
United States District Court for the District of New Jersey
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Robert F. Hermann, Esq.
Hermann & Bateman
P.O. Box 721
Westfield, NJ 07091-0721
Attorney for Plaintiff

Marvin L. Weinberg, Esq.
Fox Rothschild LLP
2000 Market Street, Tenth Floor
Philadelphia, Pennsylvania 19103-3291
Attorney for KFORCE, Inc.

Defendant, Pfizer, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1332 1441, and 1446, respectfully submit this Notice and Petition for Removal of a case from the Superior Court of New Jersey, Bergen County, bearing Docket No. L-2546-08, and as grounds for this removal, allege as follows:

1. On or about April 1, 2008, Plaintiff filed a civil action in the Superior Court of New Jersey, Law Division, Bergen County, bearing Docket No. L-2546-08, entitled Alla Granovsky v. Pfizer, Inc. and KFORCE, Inc. A true copy of the summons and complaint is annexed hereto as Exhibit A. These documents constitute all pleadings, process and other documents served upon Defendant in this action. This document was the initial pleading served upon Defendant setting forth the claims upon which Plaintiff's action is based.

2. Defendant received a copy of the Summons and Complaint on or about April 14, 2008, within thirty (30) days of the filing of this notice and petition for removal.

3. It is our understanding, Defendant KFORCE, Inc. ("KFORCE") received a copy of the Summons and Complaint on April 10, 2008, within thirty (30) days of the filing of this notice and petition for removal.[1]

4. KFORCE's counsel, Marvin L. Weinberg, Esq. of Fox Rothschild LLP, advised that KFORCE consents to the removal of this matter.

5. Defendant has affected removal within thirty (30) days of service upon it and KFORCE of a paper from which it could be first ascertained that this action is removable. As such, this notice and petition is timely filed within the provisions of 28 U.S.C. § 1446.

6. Neither Defendant nor KFORCE has filed an answer or other pleading in the Superior Court of New Jersey.

7. Defendant submits this notice and petition without waiving any defenses to the claims asserted by Plaintiff, or conceding that Plaintiff has pleaded claims upon which relief may be granted.

8. This action is being removed to this Court pursuant to 28 U.S.C. § 1332 on the grounds that it involves a controversy between citizens of different states:

[1] We note neither Defendant was properly served with the summons and complaint.

a. Plaintiff is and has been, both upon the filing of the subject complaint on April 1, 2008 and the filing of this removal petition, a citizen and resident of the State of New Jersey.

b. Defendant has been and is, both upon the filing of the subject complaint on April 1, 2008 and the filing of this removal petition, a corporation duly created and organized under the laws of the State of Delaware, with its headquarters and principal place of business in New York, New York.

c. Based upon the representation of Marvin L. Weinberg, Esq., KFORCE, has been and is, both upon the filing of the subject complaint on April 1, 2008 and the filing of this removal petition, a corporation duly created and organized under the laws of the State of Florida, with its headquarters and principal place of business in Florida.

9. Plaintiff's Complaint alleges unlawful discharge and discrimination under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. §10:5-1, *et seq.* In her Complaint, Plaintiff seeks compensatory and consequential damages, including past present and future loss of income, employee benefits, pain and suffering and emotional distress, punitive damages and attorney fees and costs. As such, it appears the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00).

10. On May, 1, 2008, Nancy J. Arencibia, Esq. of this office contacted Plaintiff's counsel to confirm that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), inclusive of Plaintiff's demand for compensatory damages, costs of court

and attorneys fees. Ms. Arencibia advised Plaintiff's counsel that Defendant intended to remove this matter to Federal Court. Plaintiff's counsel indicated he needed to discuss the matter with his client.

11. On May 2, 2008, Plaintiff's counsel forwarded an e-mail to Ms Arencibia advising that "Ms. Granovsky has not at this point valued her claims for federal jurisdictional purposes and therefore cannot concede that the amount in controversy currently exceeds $75,000.00." A true copy of the Plaintiff's e-mail to Nancy Arencibia is attached hereto as Exhibit B.

12. In response to Plaintiff's e-mail, on May 2, 2008, Nancy Arencibia attempted to contact Plaintiff's counsel and left a voicemail message advising that his client's position was unacceptable. John Nolan also forwarded correspondence to Plaintiff's counsel advising that Plaintiff's position was unacceptable and simply an attempt to thwart an appropriate removal of this matter to Federal Court. Mr. Nolan advised if Plaintiff does not agree that the amount in controversy is more than $75,000.00, she should sign the enclosed stipulation, limiting her damages to $75,000.00 in state court. Mr. Nolan also requested pursuant to R. 4:5-2, for Plaintiff to produce a written statement of the amount of damages claimed, including the specific monetary amount. A true copy of the Correspondence from John M. Nolan to Robert F. Hermann dated May 2, 2008 and stipulation is attached hereto as Exhibit C.

13. By way of correspondence dated May 5, 2008, Plaintiff's counsel advised that Plaintiff "does not dispute that based upon the complaint itself it would not be unreasonable to value her claims at more than $75,000." Plaintiff's counsel also advised that Plaintiff would not execute the proposed stipulation limiting her damages in state court to $75,000.00. A true

copy of the Correspondence from Robert F. Hermann to Nancy J. Arencibia dated May 5, 2008 is attached hereto as Exhibit D.

14. On May 6, 2008, Nancy Arencibia forwarded correspondence to Plaintiff's counsel advising that based upon his clients refusal to execute the proposed stipulation, the amount in controversy is in excess of $75,000 and Defendant would proceed accordingly. A true copy of the Correspondence from Nancy J. Arencibia to Robert F. Hermann dated May 6, 2008 is attached hereto as Exhibit E.

15. As of the date of filing this removal petition, Plaintiff has not responded to Defendant's May 6, 2008 correspondence.

16. Because there is complete diversity between the parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), this action is one in which the District Court of the United States is given original jurisdiction pursuant to 28 U.S.C. §1332(a), and is therefore removable pursuant to 28 U.S.C. §1441(b).

17. Venue is proper in this Court.

18. Pursuant to 28 U.S.C. §1446(d), Defendant has given written notice of the removal of this action to all adverse parties. On May 8, 2008, a notice of petition for removal is being filed with the Clerk of the Superior Court of the State of New Jersey for the County of Bergen.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Bergen County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,
JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

By: s/John M. Nolan
John M. Nolan
Nancy J. Arencibia

ATTORNEYS FOR DEFENDANT
PFIZER, INC.

Dated: May 8, 2008

Pfizer\Granovsky\77777 pleading001-nor.doc

# EXHIBIT A

Attorney(s): Hermann & Bateman
Address: P.O. Box 721, Westfield, NJ 07091-0721 (mail to)
1108 Springfield Avenue, Mountainside, NJ 07092 (deliver to)
Telephone No.: (908) 654-8484
Attorney(s) for Plaintiff(s): Alla Granovsky

| | |
|---|---|
| ALLA GRANOVSKY Plaintiff(s)<br>vs.<br>PFIZER, INC. & KFORCE, INC. Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BERGEN COUNTY<br><br>DOCKET NO. L-2546-08<br><br>CIVIL ACTION<br>Summons |

From the State of New Jersey
To the Defendant(s) named above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee* payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: APRIL 8, 2008

Donald F. Phelan (AFH)
Clerk of the Superior Court
Donald F. Phelan

Name of Defendant to be Served:
PFIZER, INC.

Address of the Defendant to be Served:
235 EAST 42ND STREET
NEW YORK, NEW YORK 10017-5703

* $135.00 for Law Division Cases

SUPERIOR COURT BERGEN COUNTY
FILED
APR 01 2008
DEPUTY CLERK

RECEIVED
APR 01 2008
SUPERIOR COURT OF NEW JERSEY
COUNTY OF BERGEN
FINANCE DIVISION

HERMANN & BATEMAN
1108 Springfield Avenue **(delivery address)**
Mountainside, New Jersey 07092
P.O. Box 721
Westfield, New Jersey 07091-0721 **(mailing address)**
(908) 654-8484
Attorneys for Plaintiff
Alla Granovsky

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION - BERGEN COUNTY
DOCKET NO. L-2546-08

| | | |
|---|---|---|
| ALLA GRANOVSKY, | : | Civil Action |
| Plaintiff, | : | |
| vs. | : | |
| PFIZER, INC., | : | COMPLAINT AND JURY DEMAND |
| and KFORCE, INC. | : | |
| Defendants. | : | |

Plaintiff, Alla Granovsky (hereinafter "Granovsky"), by way of complaint against the Defendants, Pfizer, Inc.(hereinafter "Pfizer"), and KFORCE, Inc. (hereinafter "KFORCE"), says:

COUNT I

1.. This is an action by Granovsky seeking redress from Pfizer and KFORCE based on causes of action arising out of their retaliatory, discriminatory and wrongful termination of her employment.

2. Granovsky is an adult woman who resides in Bergen County at 12-01 Morlot Avenue, Fair Lawn, New Jersey 07410.

3. Pfizer is a pharmaceutical company incorporated in Delaware which maintains its corporate headquarters at 235 East 42nd Street, New York, New York 10017-5703. Pfizer conducts business internationally, throughout the United States and throughout New Jersey. At all relevant times, Pfizer maintained a facility in Morris Plains, New Jersey which housed its Consumer Health Care Research and Development operation. At all relevant times, Pfizer has been and is subject to the anti-discrimination laws of New Jersey.

4. KFORCE is a Florida corporation engaged in the staffing business which maintains its headquarters at 1001 E. Palm Avenue, Tampa, Florida 33605-3551. KFORCE does business directly and/or through subsidiaries throughout New Jersey and the United States. At all times relevant hereto, KFORCE has maintained an office in Princeton, New Jersey and conducted business in the state of New Jersey. At all relevant times, KFORCE has been and is subject to the anti-discrimination laws of New Jersey.

5. At all times pertinent to this complaint, KFORCE provided professional scientific personnel to Pfizer, including scientific personnel assigned to Pfizer's Morris Plains and other New Jersey facilities.

6. Granovsky is a Russian born and educated United States citizen who holds the equivalent of a masters degree in biotechnology.

7. In or about 1997, Granovsky was hired through a predecessor of KFORCE to work as a "temporary" analytical chemist at what was then Warner-Lambert, Inc.'s and

subsequently became Pfizer's Morris Plains facility. While Granovsky was denominated a temporary contract employee when she commenced employment, she was hired to perform analytical chemist duties and responsibilities which were needed on an ongoing basis and integral to the research and development operation. Granovsky became a de facto permanent employee and was at all times subject to Warner-Lambert/Pfizer's direction and control in all meaningful aspects of her employment. Pfizer acquired Warner-Lambert in or about 2001, and continued Granovsky's employment without interruption.

8. Over the period from 1997 through on or about April 7, 2006, Granovsky continuously worked full time as an analytical chemist for Warner-Lambert/Pfizer. She reported directly to Pfizer personnel and received supervision, direction, and assignments directly from them. Granovsky was paid by KFORCE based upon time sheets reviewed and approved by Pfizer.

9. At all relevant times, Granovsky was an employee of Pfizer and KFORCE and was entitled to the protections afforded by New Jersey's anti-discrimination laws.

10. Granovsky performed her job at Pfizer in a professional, competent manner.

11. Upon commencing employment, Granovsky was assigned to a work group supervised by Pfizer Research Associate Anirudh Desai. In or about the fall of 1999, Desai and Granovsky became involved in a personal, romantic relationship. The personal relationship between Desai and Granovsky ended in early 2003.

12. Desai began to harass and otherwise damage Granovsky in the Pfizer workplace after their personal relationship ended. Desai created a hostile work environment for Granovsky.

He denied Granovsky assignment to and responsibility for challenging work projects which would have allowed her to demonstrate her professional skills and advance her career with Pfizer. Desai's actions altered the terms and conditions of Granovsky's employment and made her work life difficult on an ongoing basis. Desai also "bad mouthed" Granovsky within Pfizer and otherwise sought to harm her reputation on both a professional and personal level. Desai used his position in an effort to make Granovsky look bad, impugn her competence, and otherwise damage her image in the workplace.

13. As a result of Desai's actions, Granovsky was not converted to a "permanent" Pfizer employee and remained a nominal temporary employee employed through KFORCE.

14. In or about November, 2004, Granovsky filed an internal equal employment opportunity complaint with Pfizer and KFORCE, alleging that she was working in a hostile environment and being harassed because she was a woman with whom Desai previously had a personal relationship.

15. KFORCE and Pfizer investigated the complaint and, upon information and belief, interviewed Desai regarding Granovsky's allegations. Granovsky was never officially apprised of the outcome of the investigation. However, soon after lodging the complaint, she was offered a reassignment away from Desai to another Pfizer work group in the same department. At that time, Granovsky believed that Pfizer and KFORCE were offering the reassignment in a good faith effort to remedy the hostile environment and assure her equal employment opportunity rights going forward. Granovsky therefore informed Pfizer and KFORCE that she would accept the reassignment to resolve the matter, and she was reassigned to another work group

reporting to a new supervisor.

16. Upon information and belief, Pfizer took no action against Desai, and he continued as a manager in Pfizer's Consumer Health Care R&D Department.

17. Over the period since Granovsky's 2004 complaint was ostensibly resolved, Desai's efforts to harm Granovsky's reputation professionally and personally have continued to negatively influence the attitudes of Pfizer managers and employees toward Granovsky. As a result, Granovsky's reputation in the workplace continued to suffer after her reassignment, and she continued to be passed over for permanent positions for which she was well qualified because of sexual innuendo and concern relating to the prior complaint.

18. After Granovsky was reassigned, she reported to Berton Minerley, who in turn reported to Senior Manager Gary McNeill. Minerley was very satisfied with Granovsky's work. Minerley actively sought to retain Granovsky and advance her employment and future at Pfizer. However, upper management at Pfizer continued to harbor animosity toward Granovsky as a result of her prior harassment complaint and Desai's efforts to damage her reputation.

19. Granovsky was effectively black-balled by Pfizer's upper management because of her prior involvement with the equal employment opportunity process and Desai's campaign to impugn her reputation.

20. In February, 2006, Pfizer Department Head Jonine Greyling, McNeill and KFORCE acted to concoct a pretext to terminate Granovsky even though she was a valuable resource, there was an ongoing need for her services, and there was no legitimate business reason to terminate her. Pfizer and KFORCE were motivated to terminate Granovsky's employment

because she was a woman who had complained of harassment by a member of Pfizer's management team and because of the campaign to damage her personal and professional reputation. Granovsky was earmarked for termination because of her sex and prior protected activity.

21. On or about February 9, 2006, Pfizer took steps to implement the illicit plan to terminate Gransosky. McNeill notified KFORCE that Pfizer proposed to terminate Granovsky's employment "on March 7, 2005" [sic] for the stated reason that she worked more independently than desired. Pfizer and KFORCE thereafter terminated Granovsky's employment on April 7, 2006 without stating any reason for the termination.

22. Granovsky was terminated even though her immediate supervisor, Minerly, wanted to continue her employment. At the time, Granovsky was actively involved with ongoing projects and there was a recognized, ongoing need for her knowledge, skill and ability in the department.

23. At all times relevant to this complaint, Granovsky was a well qualified person/employee who was subject to the protections afforded by New Jersey's anti-discrimination laws.

24. The actions of Pfizer and KFORCE had the intended affect and consequence of subjecting Granovsky to ongoing emotional distress, strain, and insecurity.

25. The termination of Granovsky by Pfizer and KFORCE constituted discrimination against Granovsky on the basis of her sex in violation of the New Jersey Law Against Discrimination.

WHEREFORE, Granovsky demands judgment against Pfizer and KFORCE for:

a. compensatory and consequential damages including, but not limited to, past, present, and future loss of income and employee benefits, pain, suffering, and emotional distress;

b. reinstatement with full back pay and retroactive restoration of benefits;

c. punitive damages;

d. attorney fees, pre-judgment and post-judgment interest, and costs of suit; and

e. such further relief as the Court deems just and equitable.

COUNT II

26. Granovsky repeats and realleges the allegations contained in Count I as though fully set forth at length in Count II.

27. The termination of Granovsky by Pfizer and KFORCE constituted prohibited reprisal/retaliation in violation of the New Jersey Law Against Discrimination.

WHEREFORE, Granovsky demands judgment against Pfizer and KFORCE for:

a. compensatory and consequential damages including, but not limited to, past, present, and future loss of income and employee benefits, pain, suffering, and emotional distress;

b. reinstatement with full back pay and retroactive restoration of benefits;

c. punitive damages;

d. attorney fees, pre-judgment and post-judgment interest, and costs of suit; and

e. such further relief as the Court deems just and equitable.

COUNT III

28. Granovsky repeats and realleges the allegations contained in Counts I and II as though fully set forth at length in Count III.

29. At all relevant times, Granovsky, Pfizer, and KFORCE were subject to the New Jersey Law Against Discrimination's proscription making it unlawful discrimination for any person to blacklist or refuse to buy from, sell to, lease from or to, license, contract with, or trade with, provide goods, sources or information to, or otherwise do business with any other person because of, among other things, the person's sex.

30. The actions of Pfizer and KFORCE in individually and/or collectively blacklisting and/or refusing to contract with and/or otherwise do business with Granovsky constituted a violation of Section 10:5-12(l) of the New Jersey Law Against Discrimination.

WHEREFORE, Granovsky demands judgment against Pfizer and KFORCE for:

a. compensatory and consequential damages including, but not limited to, past, present, and future loss of income and employee benefits, pain, suffering, and emotional distress;

b. reinstatement with full back pay and retroactive restoration of benefits;

c. punitive damages;

d. attorney fees, pre-judgment and post-judgment interest, and costs of suit; and

e. such further relief as the Court deems just and equitable.

COUNT IV

31. Granovsky repeats and realleges the allegations contained in Count I through III as

though fully set forth at length in Count IV.

32. The complained of actions of Pfizer and KFORCE individually and/or collectively constituted aiding and abetting proscribed discrimination in violation of Section 10-5-12(n) of the New Jersey Law Against Discrimination.

WHEREFORE, Granovsky demands judgment against Pfizer and KFORCE for:

a. compensatory and consequential damages including, but not limited to, past, present, and future loss of income and employee benefits, pain, suffering, and emotional distress;

b. reinstatement with full back pay and retroactive restoration of benefits;

c. punitive damages;

d. attorney fees, pre-judgment and post-judgment interest, and costs of suit; and

e. such further relief as the Court deems just and equitable.

COUNT V

33. Granovsky repeats and realleges the allegations contained in Counts I through IV as though fully set forth at length in Count V.

34. Pfizer's actions constitute tortious interference with Granovsky's employment relationship with KFORCE.

WHEREFORE, Granovsky demands judgment against Pfizer and KFORCE for:

a. compensatory and consequential damages including, but not limited to, past, present, and future loss of income and employee benefits, pain, suffering, and emotional distress;

b. reinstatement with full back pay and retroactive restoration of benefits;

c. punitive damages;

d. attorney fees, pre-judgment and post-judgment interest, and costs of suit; and

e. such further relief as the Court deems just and equitable.

COUNT VI

35. Granovsky repeats and realleges the allegations contained in Counts I through V as though fully set forth at length in Count VI.

36. Granovsky's termination was contrary to a clear mandate of the public policy of New Jersey and in violation of her express and/or implied contract of employment with Pfizer and KFORCE.

WHEREFORE, Granovsky demands judgment against Pfizer and KFORCE for:

a. compensatory and consequential damages including, but not limited to, past, present, and future loss of income and employee benefits, pain, suffering, and emotional distress;

b. reinstatement with full back pay and retroactive restoration of benefits;

c. punitive damages;

d. attorney fees, pre-judgment and post-judgment interest, and costs of suit; and

e. such further relief as the Court deems just and equitable.

JURY DEMAND

Granovsky hereby demands a jury trial with respect to all causes of action and claims

alleged in the Complaint.

Dated: March 28, 2008

HERMANN & BATEMAN
Attorneys for Plaintiff Alla Granovsky

By: ______________________
ROBERT F. HERMANN
Hermann & Bateman
(Mail To)
Post Office Box 721
Westfield, New Jersey 07091-0721
(Deliver To)
1108 Springfield Avenue
Mountainside, New Jersey 07092
(908) 654-8484 (telephone)
(908) 654-1347 (facsimile)
rfherm @ aol.com (e-mail)

CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned certifies the matter in controversy is not the subject of any action pending in any other Court or of a pending arbitration proceeding nor is any other action or arbitration proceeding contemplated.

HERMANN & BATEMAN
Attorneys for Plaintiff Alla Granovsky

By: [signature]
ROBERT F. HERMANN

Dated: March 28, 2008

# EXHIBIT B

Arencibia, Nancy (NJ)

**From:** rfherm@aol.com
**Sent:** Friday, May 02, 2008 12:30 PM
**To:** Arencibia, Nancy (NJ)
**Subject:** Re: Pfizer/Granovsky

This is to follow up on our 5/1/08 conversation. You asked if Granovsky will confirm that the amount in controversy in Granovsky v. Pfizer & KFORCE exceeds $75,000.00. Ms. Granovsky has not at this point valued her claims for federal jurisdictional purposes and therefore cannot concede that the amount in controversey currently exceeds $75,000.00.

I will be happy to further discuss the matter.

Bob Hermann
HERMANN & BATEMAN
[delivery address]
1108 Springfield Avenue
Mountainside, NJ 07092
[mailing address]
P.O. Box 721
Westfield, NJ 07091-0721
(908) 654-8484
FAX (908) 654-1347

# EXHIBIT C

Representing Management Exclusively in Workplace Law and Related Litigation

jackson lewis
Attorneys at Law

Jackson Lewis LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
Tel 973 538-6890
Fax 973 540-9015
www.jacksonlewis.com
Richard W. Schey - Managing Partner

ATLANTA, GA
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CLEVELAND, OH
DALLAS, TX
DENVER, CO
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
LONG ISLAND, NY
LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORANGE COUNTY, CA
ORLANDO, FL
PITTSBURGH, PA
PORTLAND, OR
PROVIDENCE, RI
RALEIGH-DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

May 2, 2008

**VIA FACSIMILE AND REGULAR MAIL**
Robert F. Hermann, Esq.
Hermann & Bateman
P.O. Box 721
Westfield, NJ 07091-0721

Re: Granovsky v. Pfizer, Inc. and KFORCE, Inc.
Docket No. BER-L-2546-08

Dear Mr. Hermann:

As you are aware, we represent Pfizer, Inc. in the above matter. On May 1, 2008, we advised that Defendants intend to remove this matter to Federal Court on the basis of diversity jurisdiction. In reviewing the "filed" complaint, the relief sought includes, but is not limited to, compensatory damages, consequential and punitive damages, pain and suffering and/or emotional distress, attorneys' fees and costs. As such, it is clear to us that Plaintiff is seeking significantly more than $75,000 in damages.

When we sought to confirm that Plaintiff is seeking more than $75,000 in damages, you indicated you would check with your client to determine whether that was the case. Today you advised by e-mail that "Ms. Granovsky has not at this point valued her claims for federal jurisdictional purposes and therefore cannot concede that the amount in controversy currently exceeds $75,000.00." It is clear that Plaintiff's response is nothing more than an attempt to thwart an appropriate removal of this matter to Federal Court. As such, Plaintiff's response is not made in good faith.

If Plaintiff does not agree that the amount in controversy exceeds $75,000, please sign, and have your client sign, the enclosed stipulation and return it to me as soon as possible. If Plaintiff refuses to sign the stipulation, we will conclude that the damages sought exceed $75,000.

jackson | lewis
Attorneys at Law



Finally, you should also consider this letter to be Defendant's demand, pursuant to R. 4:5-2, for Plaintiff to produce a written statement of the amount of damages, including the specific monetary amount.

Very truly yours,

JACKSON LEWIS LLP

Nancy J. Arencibia
John M. Nolan

JMN:jg
Enclosure
cc: Marvin L. Weinberg, Esq. (w/encl.) (via regular mail)

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

ATTORNEYS FOR DEFENDANT
PFIZER, INC.

| | |
|---|---|
| ALLA GRANOVSKY,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER, INC. and KFORCE, INC.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>Docket No.: BER-L-2546-08<br><br>Civil Action<br><br>**STIPULATION LIMITING PLAINTIFF'S TOTAL RECOVERY** |

Plaintiff, Alla Granovsky, having been advised that Defendants Pfizer, Inc. ("Defendant and/or Pfizer") and KFORCE, Inc. intended to remove this matter to federal court on the basis of diversity jurisdiction, and as a means to avoid such removal, hereby stipulates and agrees that the amount in controversy in this matter is less than $75,000.00. As such, Plaintiff hereby waives and releases the right to recover any damages (compensatory or punitive) or relief, interest, attorney fees, costs, or any other monies or relief no matter how classified, in excess of $74,999.99. In the event Plaintiff is successful in the within matter, Plaintiff shall recover no more than $74,999.99 and Plaintiff waives and releases, with prejudice, the right to any legal or equitable recovery (including but not limited to monetary damages of any nature, interest, costs, and attorney fees) above $74,999.99, even if Plaintiff receives an award, judgment or order of the Court for an amount the value of which is greater than $74,999.99.

It is hereby stipulated and agreed that the consideration for this stipulation is Defendant's agreement not to remove this matter on the basis of diversity of citizenship to the United States District Court for the District of New Jersey.

**HERMANN & BATEMAN**

______________________________

Robert F. Hermann, Esq.
ATTORNEY FOR PLAINTIFF

DATED: May __, 2008

My signature below acknowledges my agreement and understanding of the substance of this stipulation and by so stipulating, I have consulted with counsel and understand I have waived important legal rights.

______________________________

Alla Granovsky

DATED: May _____, 2008

**JACKSON LEWIS LLP**

______________________________

John M. Nolan, Esq.
Nancy J. Arencibia, Esq.
ATTORNEYS FOR DEFENDANT

DATED: May 2, 2008

77777 pleading008-stip.doc

# EXHIBIT D

HERMANN & BATEMAN
ATTORNEYS AT LAW

(MAIL TO)
P.O. BOX 721
WESTFIELD, NEW JERSEY 07091-0721

(DELIVER TO)
1108 SPRINGFIELD AVENUE
MOUNTAINSIDE, NEW JERSEY 07092

(908) 654-8484

FAX (908) 654-1347
rfherm@aol.com

ROBERT F. HERMANN
NEW JERSEY & NEW YORK BARS

NANCY J. BATEMAN
NEW JERSEY & NEW YORK BARS

May 5, 2008

**VIA FACSIMILE TO (973) 540-8015**

Nancy J. Arencibia, Esq.
Jackson Lewis
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07969-6834

**Re: Granovsky v. Pfizer, Inc. and KFORCE, Inc.**
**Docket No. BER-L-2546-08**

I received your May 2, 2008 telephone message as well as your May 2, 2008 letter today. My May 2, 2008 e-mail message invited further discussion and was not intended to precipitate a controversy.

Ms. Granovsky's position is that the parties cannot vest the court with jurisdiction. The amount in controversy must be determined based on a reasonable reading of the complaint itself. Ms. Granovsky does not dispute that based on the complaint itself it would not be unreasonable to value her claims at more than $75,000. Therefore, from the complaint itself, it does not appear to a legal certainty that she could not recover more than $75,000 and Ms. Granovsky is therefore not prepared to execute the proposed stipulation attached to your May 2, 2008 letter.

On May 1, 2008, you advised me that Pfizer intended to remove the case to federal court and asked if I would confirm that the amount in controversy exceeds $75,000. My e-mail response to your request simply reflected Ms. Granovsky's current modest settlement position and the fact that she had not yet had an opportunity to attach a monetary value to her claims.

Please contact me if you have any questions or wish to further discuss the matter.

Very truly yours,

Robert F. Hermann

# EXHIBIT E

jackson | lewis
Attorneys at Law

Jackson Lewis LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
Tel 973 538-6890
Fax 973 540-9015
www.jacksonlewis.com
Richard W. Schey - Managing Partner

ATLANTA, GA
BOSTON, MA
CHICAGO, IL
CLEVELAND, OH
DALLAS, TX
DENVER, CO
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
LONG ISLAND, NY
LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORANGE COUNTY, CA
ORLANDO, FL
PITTSBURGH, PA
PORTLAND, OR
PROVIDE
RALEI
RICH
SACR
SAN FR
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

NANCY J. ARENCIBIA
Direct Dial: 973-451-6331
Email Address: arencibn@jacksonlewis.com

May 6, 2008

**VIA FACSIMILE**
Robert F. Hermann
Hermann & Bateman
P.O. Box 721
Westfield, NJ 07091-0721

Re: Granovsky v. Pfizer, Inc. and KFORCE, Inc.
Docket No. BER-L-2546-08

Dear Mr. Hermann:

We are in receipt of your correspondence dated May 5, 2008. Based upon the representations in your correspondence, as well as your client's refusal to sign the proposed stipulation which we forwarded to you, we have concluded that the amount in controversy is in excess of $75,000, and we will proceed accordingly.

Please contact me if you have questions.

Very truly yours,

JACKSON LEWIS LLP

Nancy J. Arencibia /km

Nancy J. Arencibia

NJA:llc
cc: Marvin L. Weinberg, Esq. (via facsimile)

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

ATTORNEYS FOR DEFENDANT
PFIZER, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALLA GRANOVSKY,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER, INC. and<br>KFORCE, INC.<br><br>Defendants. | Civil Action No.<br><br>**NOTICE OF COMPLIANCE WITH U.S.C. §1446(d)** |

To: William T. Walsh, Clerk
United States District Court for the District of New Jersey
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

| | |
|---|---|
| Robert F. Hermann, Esq.<br>Hermann & Bateman<br>P.O. Box 721<br>Westfield, NJ 07091-0721<br>Attorney for Plaintiff | Marvin L. Weinberg, Esq.<br>Fox Rothschild LLP<br>2000 Market Street, Tenth Floor<br>Philadelphia, Pennsylvania 19103-3291<br>Attorney for KFORCE, Inc. |

Pursuant to the requirements of 28 U.S.C. § 1446(d), on May 8, 2008, a notice of filing of petition for removal, a true copy of which is attached hereto as Exhibit 1, will be filed

with the Clerk of the Superior Court of the State of New Jersey for the County of Bergen.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973) 538-6890

By: s/John M. Nolan
John M. Nolan
Nancy J. Arencibia

ATTORNEYS FOR DEFENDANT
PFIZER INC.

Dated: May 8, 2008

Pfizer\Granovsky\77777 pleading005-noc.doc

# EXHIBIT 1

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

ATTORNEYS FOR DEFENDANT
PFIZER, INC.

| | |
|---|---|
| ALLA GRANOVSKY,<br>Plaintiff,<br>v.<br>PFIZER, INC. and<br>KFORCE, INC.<br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>Docket No.: BER-L-2546-08<br><br>Civil Action<br><br>**NOTICE OF FILING OF PETITION FOR REMOVAL** |

To: Clerk of Bergen County
One Bergen County Plaza
Hackensack, NJ 07601-7076

Robert F. Hermann, Esq.
Hermann & Bateman
P.O. Box 721
Westfield, NJ 07091-0721
Attorney for Plaintiff

Marvin L. Weinberg, Esq.
Fox Rothschild LLP
2000 Market Street, Tenth Floor
Philadelphia, Pennsylvania 19103-3291
Attorney for KFORCE, Inc.

**PLEASE TAKE NOTICE** that Defendant, Pfizer, Inc. ("Defendant"), has forwarded for filing its notice and petition for removal of this action to the United States District Court, for the District of New Jersey, on May 8, 2008. A copy of the notice and petition filed with the United States District Court is submitted herewith as Exhibit 1.

**PLEASE TAKE FURTHER NOTICE**, that Defendant hereby files a copy of its notice and petition with the Superior Court of New Jersey, Bergen County, Law Division, in accordance with 28 U.S.C. §1446.

Respectfully submitted,

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960-6834
(973) 538-6890

By: ______________________________
Nancy J. Arencibia
John M. Nolan

ATTORNEYS FOR DEFENDANT
PFIZER, INC.

Dated: May 8, 2008

Pfizer\Granovsky\77777 pleading002-nof.doc

# EXHIBIT 1

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

ATTORNEYS FOR DEFENDANT
PFIZER, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALLA GRANOVSKY,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER, INC. and<br>KFORCE, INC.<br><br>Defendants. | Civil Action No.<br><br>**NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY BERGEN COUNTY, LAW DIVISION** |

To: William T. Walsh, Clerk
United States District Court for the District of New Jersey
M.L. King, Jr. Federal Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Robert F. Hermann, Esq.
Hermann & Bateman
P.O. Box 721
Westfield, NJ 07091-0721
Attorney for Plaintiff

Marvin L. Weinberg, Esq.
Fox Rothschild LLP
2000 Market Street, Tenth Floor
Philadelphia, Pennsylvania 19103-3291
Attorney for KFORCE, Inc.

Defendant, Pfizer, Inc. ("Defendant"), pursuant to 28 U.S.C. §§ 1332 1441, and 1446, respectfully submit this Notice and Petition for Removal of a case from the Superior Court of New Jersey, Bergen County, bearing Docket No. L-2546-08, and as grounds for this removal, allege as follows:

1. On or about April 1, 2008, Plaintiff filed a civil action in the Superior Court of New Jersey, Law Division, Bergen County, bearing Docket No. L-2546-08, entitled Alla Granovsky v. Pfizer, Inc. and KFORCE, Inc. A true copy of the summons and complaint is annexed hereto as Exhibit A. These documents constitute all pleadings, process and other documents served upon Defendant in this action. This document was the initial pleading served upon Defendant setting forth the claims upon which Plaintiff's action is based.

2. Defendant received a copy of the Summons and Complaint on or about April 14, 2008, within thirty (30) days of the filing of this notice and petition for removal.

3. It is our understanding, Defendant KFORCE, Inc. ("KFORCE") received a copy of the Summons and Complaint on April 10, 2008, within thirty (30) days of the filing of this notice and petition for removal.[1]

4. KFORCE's counsel, Marvin L. Weinberg, Esq. of Fox Rothschild LLP, advised that KFORCE consents to the removal of this matter.

5. Defendant has affected removal within thirty (30) days of service upon it and KFORCE of a paper from which it could be first ascertained that this action is removable. As such, this notice and petition is timely filed within the provisions of 28 U.S.C. § 1446.

6. Neither Defendant nor KFORCE has filed an answer or other pleading in the Superior Court of New Jersey.

7. Defendant submits this notice and petition without waiving any defenses to the claims asserted by Plaintiff, or conceding that Plaintiff has pleaded claims upon which relief may be granted.

8. This action is being removed to this Court pursuant to 28 U.S.C. § 1332 on the grounds that it involves a controversy between citizens of different states:

---

[1] We note neither Defendant was properly served with the summons and complaint.

a. Plaintiff is and has been, both upon the filing of the subject complaint on April 1, 2008 and the filing of this removal petition, a citizen and resident of the State of New Jersey.

b. Defendant has been and is, both upon the filing of the subject complaint on April 1, 2008 and the filing of this removal petition, a corporation duly created and organized under the laws of the State of Delaware, with its headquarters and principal place of business in New York, New York.

c. Based upon the representation of Marvin L. Weinberg, Esq., KFORCE, has been and is, both upon the filing of the subject complaint on April 1, 2008 and the filing of this removal petition, a corporation duly created and organized under the laws of the State of Florida, with its headquarters and principal place of business in Florida.

9. Plaintiff's Complaint alleges unlawful discharge and discrimination under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. §10:5-1, *et seq.* In her Complaint, Plaintiff seeks compensatory and consequential damages, including past present and future loss of income, employee benefits, pain and suffering and emotional distress, punitive damages and attorney fees and costs. As such, it appears the amount in controversy is in excess of seventy-five thousand dollars ($75,000.00).

10. On May, 1, 2008, Nancy J. Arencibia, Esq. of this office contacted Plaintiff's counsel to confirm that the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), inclusive of Plaintiff's demand for compensatory damages, costs of court

and attorneys fees. Ms. Arencibia advised Plaintiff's counsel that Defendant intended to remove this matter to Federal Court. Plaintiff's counsel indicated he needed to discuss the matter with his client.

11. On May 2, 2008, Plaintiff's counsel forwarded an e-mail to Ms Arencibia advising that "Ms. Granovsky has not at this point valued her claims for federal jurisdictional purposes and therefore cannot concede that the amount in controversy currently exceeds $75,000.00." A true copy of the Plaintiff's e-mail to Nancy Arencibia is attached hereto as Exhibit B.

12. In response to Plaintiff's e-mail, on May 2, 2008, Nancy Arencibia attempted to contact Plaintiff's counsel and left a voicemail message advising that his client's position was unacceptable. John Nolan also forwarded correspondence to Plaintiff's counsel advising that Plaintiff's position was unacceptable and simply an attempt to thwart an appropriate removal of this matter to Federal Court. Mr. Nolan advised if Plaintiff does not agree that the amount in controversy is more than $75,000.00, she should sign the enclosed stipulation, limiting her damages to $75,000.00 in state court. Mr. Nolan also requested pursuant to R. 4:5-2, for Plaintiff to produce a written statement of the amount of damages claimed, including the specific monetary amount. A true copy of the Correspondence from John M. Nolan to Robert F. Hermann dated May 2, 2008 and stipulation is attached hereto as Exhibit C.

13. By way of correspondence dated May 5, 2008, Plaintiff's counsel advised that Plaintiff "does not dispute that based upon the complaint itself it would not be unreasonable to value her claims at more than $75,000." Plaintiff's counsel also advised that Plaintiff would not execute the proposed stipulation limiting her damages in state court to $75,000.00. A true

copy of the Correspondence from Robert F. Hermann to Nancy J. Arencibia dated May 5, 2008 is attached hereto as Exhibit D.

14. On May 6, 2008, Nancy Arencibia forwarded correspondence to Plaintiff's counsel advising that based upon his clients refusal to execute the proposed stipulation, the amount in controversy is in excess of $75,000 and Defendant would proceed accordingly. A true copy of the Correspondence from Nancy J. Arencibia to Robert F. Hermann dated May 6, 2008 is attached hereto as Exhibit E.

15. As of the date of filing this removal petition, Plaintiff has not responded to Defendant's May 6, 2008 correspondence.

16. Because there is complete diversity between the parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00), this action is one in which the District Court of the United States is given original jurisdiction pursuant to 28 U.S.C. §1332(a), and is therefore removable pursuant to 28 U.S.C. §1441(b).

17. Venue is proper in this Court.

18. Pursuant to 28 U.S.C. §1446(d), Defendant has given written notice of the removal of this action to all adverse parties. On May 8, 2008, a notice of petition for removal is being filed with the Clerk of the Superior Court of the State of New Jersey for the County of Bergen.

WHEREFORE, Defendant respectfully requests that the within action, now pending in the Superior Court of New Jersey, Law Division, Bergen County, be removed to the United States District Court for the District of New Jersey.

Respectfully submitted,
JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

By: s/John M. Nolan
John M. Nolan
Nancy J. Arencibia

ATTORNEYS FOR DEFENDANT
PFIZER, INC.

Dated: May 8, 2008

Pfizer\Granovsky\77777 pleading001-nor.doc

# EXHIBIT A

Attorney(s): Hermann & Bateman
Address: P.O. Box 721, Westfield, NJ 07091-0721 (mail to)
1108 Springfield Avenue, Mountainside, NJ 07092 (deliver to)
Telephone No.: (908) 654-8484
Attorney(s) for Plaintiff(s): Alla Granovsky

| | |
|---|---|
| ALLA GRANOVSKY Plaintiff(s)<br>vs.<br>PFIZER, INC. & KFORCE, INC. Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>BERGEN COUNTY<br><br>DOCKET NO. L-2546-08<br><br>CIVIL ACTION<br>Summons |

From the State of New Jersey
To the Defendant(s) named above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee* payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: APRIL 8, 2008

Donald F. Phelan (AFH)
Clerk of the Superior Court
Donald F. Phelan

Name of Defendant to be Served:
PFIZER, INC.
Address of the Defendant to be Served:
235 EAST 42ND STREET
NEW YORK, NEW YORK 10017-5703

* $135.00 for Law Division Cases

HERMANN & BATEMAN
1108 Springfield Avenue (delivery address)
Mountainside, New Jersey 07092
P.O. Box 721
Westfield, New Jersey 07091-0721 (mailing address)
(908) 654-8484
Attorneys for Plaintiff
Alla Granovsky

SUPERIOR COURT BERGEN COUNTY
FILED
APR 01 2008
DEPUTY CLERK

RECEIVED
APR 01 2008
SUPERIOR COURT OF NEW JERSEY
COUNTY OF BERGEN
FINANCE DIVISION

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION - BERGEN COUNTY
DOCKET NO. L-2546-08

| | | |
|---|---|---|
| ALLA GRANOVSKY, | : | Civil Action |
| Plaintiff, | : | |
| vs. | : | |
| PFIZER, INC., | : | |
| and KFORCE, INC. | : | COMPLAINT AND JURY DEMAND |
| Defendants. | : | |

Plaintiff, Alla Granovsky (hereinafter "Granovsky"), by way of complaint against the Defendants, Pfizer, Inc.(hereinafter "Pfizer"), and KFORCE, Inc. (hereinafter "KFORCE"), says:

COUNT I

1.. This is an action by Granovsky seeking redress from Pfizer and KFORCE based on causes of action arising out of their retaliatory, discriminatory and wrongful termination of her employment.

2. Granovsky is an adult woman who resides in Bergen County at 12-01 Morlot Avenue, Fair Lawn, New Jersey 07410.

3. Pfizer is a pharmaceutical company incorporated in Delaware which maintains its corporate headquarters at 235 East 42nd Street, New York, New York 10017-5703. Pfizer conducts business internationally, throughout the United States and throughout New Jersey. At all relevant times, Pfizer maintained a facility in Morris Plains, New Jersey which housed its Consumer Health Care Research and Development operation. At all relevant times, Pfizer has been and is subject to the anti-discrimination laws of New Jersey.

4. KFORCE is a Florida corporation engaged in the staffing business which maintains its headquarters at 1001 E. Palm Avenue, Tampa, Florida 33605-3551. KFORCE does business directly and/or through subsidiaries throughout New Jersey and the United States. At all times relevant hereto, KFORCE has maintained an office in Princeton, New Jersey and conducted business in the state of New Jersey. At all relevant times, KFORCE has been and is subject to the anti-discrimination laws of New Jersey.

5. At all times pertinent to this complaint, KFORCE provided professional scientific personnel to Pfizer, including scientific personnel assigned to Pfizer's Morris Plains and other New Jersey facilities.

6. Granovsky is a Russian born and educated United States citizen who holds the equivalent of a masters degree in biotechnology.

7. In or about 1997, Granovsky was hired through a predecessor of KFORCE to work as a "temporary" analytical chemist at what was then Warner-Lambert, Inc.'s and

subsequently became Pfizer's Morris Plains facility. While Granovsky was denominated a temporary contract employee when she commenced employment, she was hired to perform analytical chemist duties and responsibilities which were needed on an ongoing basis and integral to the research and development operation. Granovsky became a de facto permanent employee and was at all times subject to Warner-Lambert/Pfizer's direction and control in all meaningful aspects of her employment. Pfizer acquired Warner-Lambert in or about 2001, and continued Granovsky's employment without interruption.

8. Over the period from 1997 through on or about April 7, 2006, Granovsky continuously worked full time as an analytical chemist for Warner-Lambert/Pfizer. She reported directly to Pfizer personnel and received supervision, direction, and assignments directly from them. Granovsky was paid by KFORCE based upon time sheets reviewed and approved by Pfizer.

9. At all relevant times, Granovsky was an employee of Pfizer and KFORCE and was entitled to the protections afforded by New Jersey's anti-discrimination laws.

10. Granovsky performed her job at Pfizer in a professional, competent manner.

11. Upon commencing employment, Granovsky was assigned to a work group supervised by Pfizer Research Associate Anirudh Desai. In or about the fall of 1999, Desai and Granovsky became involved in a personal, romantic relationship. The personal relationship between Desai and Granovsky ended in early 2003.

12. Desai began to harass and otherwise damage Granovsky in the Pfizer workplace after their personal relationship ended. Desai created a hostile work environment for Granovsky.

He denied Granovsky assignment to and responsibility for challenging work projects which would have allowed her to demonstrate her professional skills and advance her career with Pfizer. Desai's actions altered the terms and conditions of Granovsky's employment and made her work life difficult on an ongoing basis. Desai also "bad mouthed" Granovsky within Pfizer and otherwise sought to harm her reputation on both a professional and personal level. Desai used his position in an effort to make Granovsky look bad, impugn her competence, and otherwise damage her image in the workplace.

13. As a result of Desai's actions, Granovsky was not converted to a "permanent" Pfizer employee and remained a nominal temporary employee employed through KFORCE.

14. In or about November, 2004, Granovsky filed an internal equal employment opportunity complaint with Pfizer and KFORCE, alleging that she was working in a hostile environment and being harassed because she was a woman with whom Desai previously had a personal relationship.

15. KFORCE and Pfizer investigated the complaint and, upon information and belief, interviewed Desai regarding Granovsky's allegations. Granovsky was never officially apprised of the outcome of the investigation. However, soon after lodging the complaint, she was offered a reassignment away from Desai to another Pfizer work group in the same department. At that time, Granovsky believed that Pfizer and KFORCE were offering the reassignment in a good faith effort to remedy the hostile environment and assure her equal employment opportunity rights going forward. Granovsky therefore informed Pfizer and KFORCE that she would accept the reassignment to resolve the matter, and she was reassigned to another work group

reporting to a new supervisor.

16. Upon information and belief, Pfizer took no action against Desai, and he continued as a manager in Pfizer's Consumer Health Care R&D Department.

17. Over the period since Granovsky's 2004 complaint was ostensibly resolved, Desai's efforts to harm Granovsky's reputation professionally and personally have continued to negatively influence the attitudes of Pfizer managers and employees toward Granovsky. As a result, Granovsky's reputation in the workplace continued to suffer after her reassignment, and she continued to be passed over for permanent positions for which she was well qualified because of sexual innuendo and concern relating to the prior complaint.

18. After Granovsky was reassigned, she reported to Berton Minerley, who in turn reported to Senior Manager Gary McNeill. Minerley was very satisfied with Granovsky's work. Minerley actively sought to retain Granovsky and advance her employment and future at Pfizer. However, upper management at Pfizer continued to harbor animosity toward Granovsky as a result of her prior harassment complaint and Desai's efforts to damage her reputation.

19. Granovsky was effectively black-balled by Pfizer's upper management because of her prior involvement with the equal employment opportunity process and Desai's campaign to impugn her reputation.

20. In February, 2006, Pfizer Department Head Jonine Greyling, McNeill and KFORCE acted to concoct a pretext to terminate Granovsky even though she was a valuable resource, there was an ongoing need for her services, and there was no legitimate business reason to terminate her. Pfizer and KFORCE were motivated to terminate Granovsky's employment

because she was a woman who had complained of harassment by a member of Pfizer's management team and because of the campaign to damage her personal and professional reputation. Granovsky was earmarked for termination because of her sex and prior protected activity.

21. On or about February 9, 2006, Pfizer took steps to implement the illicit plan to terminate Gransosky. McNeill notified KFORCE that Pfizer proposed to terminate Granovsky's employment "on March 7, 2005" [sic] for the stated reason that she worked more independently than desired. Pfizer and KFORCE thereafter terminated Granovsky's employment on April 7, 2006 without stating any reason for the termination.

22. Granovsky was terminated even though her immediate supervisor, Minerly, wanted to continue her employment. At the time, Granovsky was actively involved with ongoing projects and there was a recognized, ongoing need for her knowledge, skill and ability in the department.

23. At all times relevant to this complaint, Granovsky was a well qualified person/employee who was subject to the protections afforded by New Jersey's anti-discrimination laws.

24. The actions of Pfizer and KFORCE had the intended affect and consequence of subjecting Granovsky to ongoing emotional distress, strain, and insecurity.

25. The termination of Granovsky by Pfizer and KFORCE constituted discrimination against Granovsky on the basis of her sex in violation of the New Jersey Law Against Discrimination.

WHEREFORE, Granovsky demands judgment against Pfizer and KFORCE for:

a. compensatory and consequential damages including, but not limited to, past, present, and future loss of income and employee benefits, pain, suffering, and emotional distress;

b. reinstatement with full back pay and retroactive restoration of benefits;

c. punitive damages;

d. attorney fees, pre-judgment and post-judgment interest, and costs of suit; and

e. such further relief as the Court deems just and equitable.

COUNT II

26. Granovsky repeats and realleges the allegations contained in Count I as though fully set forth at length in Count II.

27. The termination of Granovsky by Pfizer and KFORCE constituted prohibited reprisal/retaliation in violation of the New Jersey Law Against Discrimination.

WHEREFORE, Granovsky demands judgment against Pfizer and KFORCE for:

a. compensatory and consequential damages including, but not limited to, past, present, and future loss of income and employee benefits, pain, suffering, and emotional distress;

b. reinstatement with full back pay and retroactive restoration of benefits;

c. punitive damages;

d. attorney fees, pre-judgment and post-judgment interest, and costs of suit; and

e. such further relief as the Court deems just and equitable.

COUNT III

28. Granovsky repeats and realleges the allegations contained in Counts I and II as though fully set forth at length in Count III.

29. At all relevant times, Granovsky, Pfizer, and KFORCE were subject to the New Jersey Law Against Discrimination's proscription making it unlawful discrimination for any person to blacklist or refuse to buy from, sell to, lease from or to, license, contract with, or trade with, provide goods, sources or information to, or otherwise do business with any other person because of, among other things, the person's sex.

30. The actions of Pfizer and KFORCE in individually and/or collectively blacklisting and/or refusing to contract with and/or otherwise do business with Granovsky constituted a violation of Section 10:5-12(l) of the New Jersey Law Against Discrimination.

WHEREFORE, Granovsky demands judgment against Pfizer and KFORCE for:

a. compensatory and consequential damages including, but not limited to, past, present, and future loss of income and employee benefits, pain, suffering, and emotional distress;

b. reinstatement with full back pay and retroactive restoration of benefits;

c. punitive damages;

d. attorney fees, pre-judgment and post-judgment interest, and costs of suit; and

e. such further relief as the Court deems just and equitable.

COUNT IV

31. Granovsky repeats and realleges the allegations contained in Count I through III as

though fully set forth at length in Count IV.

32. The complained of actions of Pfizer and KFORCE individually and/or collectively constituted aiding and abetting proscribed discrimination in violation of Section 10-5-12(n) of the New Jersey Law Against Discrimination.

WHEREFORE, Granovsky demands judgment against Pfizer and KFORCE for:

a. compensatory and consequential damages including, but not limited to, past, present, and future loss of income and employee benefits, pain, suffering, and emotional distress;

b. reinstatement with full back pay and retroactive restoration of benefits;

c. punitive damages;

d. attorney fees, pre-judgment and post-judgment interest, and costs of suit; and

e. such further relief as the Court deems just and equitable.

COUNT V

33. Granovsky repeats and realleges the allegations contained in Counts I through IV as though fully set forth at length in Count V.

34. Pfizer's actions constitute tortious interference with Granovsky's employment relationship with KFORCE.

WHEREFORE, Granovsky demands judgment against Pfizer and KFORCE for:

a. compensatory and consequential damages including, but not limited to, past, present, and future loss of income and employee benefits, pain, suffering, and emotional distress;

b. reinstatement with full back pay and retroactive restoration of benefits;

c. punitive damages;

d. attorney fees, pre-judgment and post-judgment interest, and costs of suit; and

e. such further relief as the Court deems just and equitable.

COUNT VI

35. Granovsky repeats and realleges the allegations contained in Counts I through V as though fully set forth at length in Count VI.

36. Granovsky's termination was contrary to a clear mandate of the public policy of New Jersey and in violation of her express and/or implied contract of employment with Pfizer and KFORCE.

WHEREFORE, Granovsky demands judgment against Pfizer and KFORCE for:

a. compensatory and consequential damages including, but not limited to, past, present, and future loss of income and employee benefits, pain, suffering, and emotional distress;

b. reinstatement with full back pay and retroactive restoration of benefits;

c. punitive damages;

d. attorney fees, pre-judgment and post-judgment interest, and costs of suit; and

e. such further relief as the Court deems just and equitable.

JURY DEMAND

Granovsky hereby demands a jury trial with respect to all causes of action and claims

alleged in the Complaint.

Dated: March 28, 2008

HERMANN & BATEMAN
Attorneys for Plaintiff Alla Granovsky

By: ____________________
ROBERT F. HERMANN
Hermann & Bateman
(Mail To)
Post Office Box 721
Westfield, New Jersey 07091-0721
(Deliver To)
1108 Springfield Avenue
Mountainside, New Jersey 07092
(908) 654-8484 (telephone)
(908) 654-1347 (facsimile)
rfherm @ aol.com (e-mail)

CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned certifies the matter in controversy is not the subject of any action pending in any other Court or of a pending arbitration proceeding nor is any other action or arbitration proceeding contemplated.

HERMANN & BATEMAN
Attorneys for Plaintiff Alla Granovsky

By: ______________________
ROBERT F. HERMANN

Dated: March 28, 2008

# EXHIBIT B

Arencibia, Nancy (NJ)

From: rfherm@aol.com
Sent: Friday, May 02, 2008 12:30 PM
To: Arencibia, Nancy (NJ)
Subject: Re: Pfizer/Granovsky

This is to follow up on our 5/1/08 conversation. You asked if Granovsky will confirm that the amount in controversy in Granovsky v. Pfizer & KFORCE exceeds $75,000.00. Ms. Granovsky has not at this point valued her claims for federal jurisdictional purposes and therefore cannot concede that the amount in controversey currently exceeds $75,000.00.

I will be happy to further discuss the matter.

Bob Hermann
HERMANN & BATEMAN
[delivery address]
1108 Springfield Avenue
Mountainside, NJ 07092
[mailing address]
P.O. Box 721
Westfield, NJ 07091-0721
(908) 654-8484
FAX (908) 654-1347

# EXHIBIT C

jackson lewis
Attorneys at Law

Representing Management E... ively in Workplace Law and Related Litigation

Jackson Lewis LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
Tel 973 538-6890
Fax 973 540-9015
www.jacksonlewis.com
Richard W. Schey - Managing Partner

ATLANTA, GA
BIRMINGHAM, AL
BOSTON, MA
CHICAGO, IL
CLEVELAND, OH
DALLAS, TX
DENVER, CO
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
LONG ISLAND, NY
LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORANGE COUNTY, CA
ORLANDO, FL
PITTSBURGH, PA
PORTLAND, OR
PROVIDENCE, RI
RALEIGH-DURHAM, NC
RICHMOND, VA
SACRAMENTO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

May 2, 2008

**VIA FACSIMILE AND REGULAR MAIL**
Robert F. Hermann, Esq.
Hermann & Bateman
P.O. Box 721
Westfield, NJ 07091-0721

Re: Granovsky v. Pfizer, Inc. and KFORCE, Inc.
Docket No. BER-L-2546-08

Dear Mr. Hermann:

As you are aware, we represent Pfizer, Inc. in the above matter. On May 1, 2008, we advised that Defendants intend to remove this matter to Federal Court on the basis of diversity jurisdiction. In reviewing the "filed" complaint, the relief sought includes, but is not limited to, compensatory damages, consequential and punitive damages, pain and suffering and/or emotional distress, attorneys' fees and costs. As such, it is clear to us that Plaintiff is seeking significantly more than $75,000 in damages.

When we sought to confirm that Plaintiff is seeking more than $75,000 in damages, you indicated you would check with your client to determine whether that was the case. Today you advised by e-mail that "Ms. Granovsky has not at this point valued her claims for federal jurisdictional purposes and therefore cannot concede that the amount in controversy currently exceeds $75,000.00." It is clear that Plaintiff's response is nothing more than an attempt to thwart an appropriate removal of this matter to Federal Court. As such, Plaintiff's response is not made in good faith.

If Plaintiff does not agree that the amount in controversy exceeds $75,000, please sign, and have your client sign, the enclosed stipulation and return it to me as soon as possible. If Plaintiff refuses to sign the stipulation, we will conclude that the damages sought exceed $75,000.

Finally, you should also consider this letter to be Defendant's demand, pursuant to R. 4:5-2, for Plaintiff to produce a written statement of the amount of damages, including the specific monetary amount.

Very truly yours,

JACKSON LEWIS LLP

Nancy J. Arencibia
John M. Nolan

JMN:jg
Enclosure
cc: Marvin L. Weinberg, Esq. (w/encl.) (via regular mail)

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

ATTORNEYS FOR DEFENDANT
PFIZER, INC.

| | |
|---|---|
| ALLA GRANOVSKY,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER, INC. and<br>KFORCE, INC.<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>Docket No.: BER-L-2546-08<br><br>Civil Action<br><br>**STIPULATION LIMITING PLAINTIFF'S TOTAL RECOVERY** |

Plaintiff, Alla Granovsky, having been advised that Defendants Pfizer, Inc. ("Defendant and/or Pfizer") and KFORCE, Inc. intended to remove this matter to federal court on the basis of diversity jurisdiction, and as a means to avoid such removal, hereby stipulates and agrees that the amount in controversy in this matter is less than $75,000.00. As such, Plaintiff hereby waives and releases the right to recover any damages (compensatory or punitive) or relief, interest, attorney fees, costs, or any other monies or relief no matter how classified, in excess of $74,999.99. In the event Plaintiff is successful in the within matter, Plaintiff shall recover no more than $74,999.99 and Plaintiff waives and releases, with prejudice, the right to any legal or equitable recovery (including but not limited to monetary damages of any nature, interest, costs, and attorney fees) above $74,999.99, even if Plaintiff receives an award, judgment or order of the Court for an amount the value of which is greater than $74,999.99.

It is hereby stipulated and agreed that the consideration for this stipulation is Defendant's agreement not to remove this matter on the basis of diversity of citizenship to the United States District Court for the District of New Jersey.

**HERMANN & BATEMAN**

Robert F. Hermann, Esq.
ATTORNEY FOR PLAINTIFF

DATED: May __, 2008

My signature below acknowledges my agreement and understanding of the substance of this stipulation and by so stipulating, I have consulted with counsel and understand I have waived important legal rights.

Alla Granovsky

DATED: May ______, 2008

**JACKSON LEWIS LLP**

John M. Nolan, Esq.
Nancy J. Arencibia, Esq.
ATTORNEYS FOR DEFENDANT

DATED: May 2, 2008

77777 pleading008-stip.doc

# EXHIBIT D

HERMANN & BATEMAN
ATTORNEYS AT LAW

(MAIL TO)
P.O. BOX 721
WESTFIELD, NEW JERSEY 07091-0721

(DELIVER TO)
1108 SPRINGFIELD AVENUE
MOUNTAINSIDE, NEW JERSEY 07092

(908) 654-8484

FAX (908) 654-1347
rfherm@aol.com

ROBERT F. HERMANN
NEW JERSEY & NEW YORK BARS

NANCY J. BATEMAN
NEW JERSEY & NEW YORK BARS

May 5, 2008

VIA FACSIMILE TO (973) 540-8015

Nancy J. Arencibia, Esq.
Jackson Lewis
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07969-6834

**Re: Granovsky v. Pfizer, Inc. and KFORCE, Inc.**
**Docket No. BER-L-2546-08**

I received your May 2, 2008 telephone message as well as your May 2, 2008 letter today. My May 2, 2008 e-mail message invited further discussion and was not intended to precipitate a controversy.

Ms. Granovsky's position is that the parties cannot vest the court with jurisdiction. The amount in controversy must be determined based on a reasonable reading of the complaint itself. Ms. Granovsky does not dispute that based on the complaint itself it would not be unreasonable to value her claims at more than $75,000. Therefore, from the complaint itself, it does not appear to a legal certainty that she could not recover more than $75,000 and Ms. Granovsky is therefore not prepared to execute the proposed stipulation attached to your May 2, 2008 letter.

On May 1, 2008, you advised me that Pfizer intended to remove the case to federal court and asked if I would confirm that the amount in controversy exceeds $75,000. My e-mail response to your request simply reflected Ms. Granovsky's current modest settlement position and the fact that she had not yet had an opportunity to attach a monetary value to her claims.

Please contact me if you have any questions or wish to further discuss the matter.

Very truly yours,

Robert F. Hermann

# EXHIBIT E

Representing Management Exclusively in Workplace Law and Related Litigation

jackson | lewis
Attorneys at Law

Jackson Lewis LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960-6834
Tel 973 538-6890
Fax 973 540-9015
www.jacksonlewis.com
Richard W. Schey - Managing Partner

ALBANY, NY
BOSTON, MA
CHICAGO, IL
CLEVELAND, OH
DALLAS, TX
DENVER, CO
GREENVILLE, SC
HARTFORD, CT
HOUSTON, TX
LONG ISLAND, NY
LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORANGE COUNTY, CA
ORLANDO, FL
PITTSBURGH, PA
PORTLAND, OR
RALEIGH
RICH
SACR
SAN FR
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

NANCY J. ARENCIBIA
Direct Dial: 973-451-6331
Email Address: arencibn@jacksonlewis.com

May 6, 2008

VIA FACSIMILE
Robert F. Hermann
Hermann & Bateman
P.O. Box 721
Westfield, NJ 07091-0721

Re: Granovsky v. Pfizer, Inc. and KFORCE, Inc.
Docket No. BER-L-2546-08

Dear Mr. Hermann:

We are in receipt of your correspondence dated May 5, 2008. Based upon the representations in your correspondence, as well as your client's refusal to sign the proposed stipulation which we forwarded to you, we have concluded that the amount in controversy is in excess of $75,000, and we will proceed accordingly.

Please contact me if you have questions.

Very truly yours,

JACKSON LEWIS LLP

Nancy J. Arencibia

NJA:llc
cc: Marvin L. Weinberg, Esq. (via facsimile)

JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890

ATTORNEYS FOR DEFENDANT
PFIZER, INC.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ALLA GRANOVSKY,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER, INC. and<br>KFORCE, INC.<br><br>Defendants. | : | Civil Action No.<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that a true copy of Defendant, Pfizer, Inc. ("Defendant") Notice and Petition for Removal, Notice of Compliance, Application for an Extension of Time to Answer, Move or Otherwise Respond and 7.1 Disclosure Statement were electronically filed on May 8, 2008 using the CM/ECF system.

In addition, on May 8, 2008, I served a true and correct copy of the foregoing via overnight mail, upon the following:

Robert F. Hermann, Esq.
Hermann & Bateman
P.O. Box 721
Westfield, NJ 07091-0721
Attorney for Plaintiff

Marvin L. Weinberg, Esq.
Fox Rothschild LLP
2000 Market Street, Tenth Floor
Philadelphia, Pennsylvania 19103-3291
Attorney for KFORCE, Inc.

Lori Cell
Lori Cell

Date: 5/8/08
Pfizer\Granovsky\77777 pleading007-cert.fed doc