# EXHIBIT F

2014 WL 112973
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court, D. New Jersey.

Michael J. MONAGHAN, et al., Plaintiffs,
v.
CITY OF HACKENSACK, et al., Defendants.

No. Civ. A. 13–4544 ES.
|
Jan. 9, 2014.

**Attorneys and Law Firms**

Michael J. Monaghan, Hackensack, NJ, Peter D. Dickson, Potter & Dickson, Esqs., Princeton, NJ, for Plaintiffs.

Thomas P. Scrivo, McElroy, Deutsch, Mulvaney & Carpenter, LLP, Robert Bruce Woodruff, Law Office of Robert B. Woodruff, P.C., Morristown, NJ, Joseph M. Morris, McElroy, Deutsch, Mulvaney & Carpenter, LLP, Newark, NJ, Laura S. Kirsch, Kirsch & Kirsch LLP, Hackensack, NJ, Thomas B. Hanrahan, Thomas B. Hanrahan & Associates, LLC, River Edge, NJ, Christine Gillen, Diktas, Schandler & Gillen, Esqs., Cliffside Park, NJ, for Defendants.

MEMORANDUM OPINION & ORDER

SALAS, District Judge.

***1** Pending before the Court is Plaintiffs Michael J. Monaghan, Frank Callahan, Danny Callahan, 62–65 Main Street, LLC and 59–61 Moore Street, LLC's (collectively, the "Plaintiffs") motion to remand this action to the Superior Court of New Jersey, Bergen County, Law Division, pursuant to 28 U.S.C. § 1447. (D.E. No. 11). This Court referred Plaintiffs' motion to the Magistrate Judge for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). On November 15, 2013, Magistrate Judge Dickson issued a Report and Recommendation (the "R & R") that the undersigned grant Plaintiffs' motion in part, remand this matter accordingly, but deny Plaintiffs' request for an award of attorneys' fees and costs. (D.E. No. 25). Judge Dickson advised the parties that they had until December 2, 2013 to file and serve any objections to the R & R pursuant to Local Civil Rule 72.1(c)(2). (See D.E. No. 25).

On December 2, 2013, Plaintiffs objected in part to the R & R, arguing that they should be awarded their legal fees incurred in filing their motion to remand. (D.E. No. 26 ("Pls.Objection")). On December 5, 2013, Defendants City of Hackensack and Mayor and Council of the City of Hackensack (collectively, the "Removing Defendants") sought leave to file a response to Plaintiffs' Objection, (D.E. No. 27), which this Court granted on December 12, 2013, (D.E. No. 29). On December 13, 2013, the Removing Defendants filed a Response to the Plaintiffs' Objection, asserting that this Court should adopt the R & R. (D.E. No. 30 at 4 ("Defs.Resp.")). For the reasons set forth below, the Court adopts Magistrate Judge Dickson's R & R in its entirety.

The Court provides the background of this action in summary fashion because Judge Dickson provided the relevant factual and procedural background in the R & R. (D.E. No. 25 at 1–2). A Complaint was filed in state court on June 26, 2013, and the Removing Defendants filed a Notice of Removal on July 26, 2013. (D.E. No. 1, Notice of Removal). No other Defendant joined in the Notice of Removal or filed written consent to the removal within the thirty-day period of service. Plaintiffs moved to remand because the Removing Defendants failed to comply with the unanimity rule. Plaintiffs also sought fees and costs. The Magistrate Judge denied the award of fees, finding that "Removing Defendants' mistake was both procedural in nature and reasonable under the circumstances of a case involving this many defendants." (R & R at 11).

Inasmuch as neither party objects to the remand, and for the reasons stated in Judge Dickson's R & R, this Court adopts the remand discussion of Judge Dickson's R & R and focuses its analysis on Plaintiffs' request for attorneys' fees and costs. "When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13–4148, 2013 WL 6002900, at *2 (D.N.J. Nov.12, 2013) (citing 28 U.S.C. § 636(b)(1)(A), Fed.R.Civ.P. 72(b), and L. Civ. R. 72.1(c)(2)).

***2** In their objection to the R & R, Plaintiffs now argue that counsel for the Removing Defendants were "fully aware that every single tactic and argument they offered in this removal effort has already been considered and rejected by this court in a decision in which counsel participated just last year," and therefore that the Removing Defendants lacked an objectively reasonable basis for their removal attempt.

(Pls. Objection at 3–7). Plaintiffs rely on *Cacoilo v. Sherwin–Williams Co.*, 902 F.Supp.2d 511 (D.N.J.2012). But *Cacoilo* stated that "the Court has broad discretion in determining whether to award fees [and that] such an award is only proper if the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 524 (citations and quotations omitted). That court emphasized, however, that "a procedural mistake will rarely warrant an award of costs." *Id.* (citations and quotations omitted). This Court finds that the Removing Defendants sought to remove this case to federal court on the grounds that it arose under the laws of the United States. As such, the Removing Defendants had objectively reasonable grounds to seek removal and the procedural defect does not entitle Plaintiffs to an award of costs. This result is consistent with *Cacoilo*. *Id.*

The Court has reviewed Plaintiffs' Objection, the Removing Defendants' Response, and Magistrate Judge Dickson's R & R, and for the reasons stated above and in Judge Dickson's R & R,

IT IS on this 9th day of January, 2014,

ORDERED that this Court adopts Magistrate Judge Dickson's R & R, (D.E. No. 25), as the Opinion of this Court; and it is further

ORDERED that Plaintiffs' motion to remand, (D.E. No. 11), is GRANTED *in part;* and it is further

ORDERED that this matter is hereby REMANDED to the Superior Court of New Jersey, Bergen County, Law Division; and it is further

ORDERED that Plaintiffs' request for attorneys' fees and costs is DENIED; and it is further

ORDERED that the Clerk of Court shall terminate Plaintiffs' motion to remand and mark this case CLOSED.

| | |
|---|---|
| MICHAEL J. MONAGHAN, FRANK CALLAHAN, DANNY CALLAHAN, 62–65 MAIN STREET, LLC, and 59–61 MOORE STREET, LLC, | Civil Action No. 2:13–cv–04544 (ES)(JAD) |
| Plaintiffs, | REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION TO REMAND |
| v. | |
| CITY OF HACKENSACK, MAYOR & COUNCIL OF THE CITY OF HACKENSACK, PLANNING BOARD OF THE CITY OF HACKENSACK, ZONING BOARD OF ADJUSTMENT OF THE CITY OF HACKENSACK, JOHN ZISA, KENNETH ZISA, JOSEPH ZISA, STEPHEN LO IACONO, JOSEPH MELLONE, THOMAS P. DAVANACH, FERNANDO CARIP, JR., KAREN SASSO, JORFE E. MENESES, MARLIN G. TOWNES, MICHAEL R. | |

MELFI, MICHAEL GUERRA, HOWARD HURWITZ, JOHN CARROLL, HUMBERTO GOEZ, FRANCISCO RODRIGUEZ, JOEL THORNTON, CHARLES P. MC AULIFFE, JOANNE COLON, WILLIAM OSINSKY, THEODORE MALIN, ROMAN KAMINSKY, and DEWEY ALEEM,

Defendants.

JOSEPH A. DICKSON, U.S.M.J.

***3** This matter comes before the Court upon Plaintiffs Michael J. **Monaghan**, Frank Callahan, Danny Callahan, 62–65 Main Street, LLC, and 59–61 Moore Street, LLC's (collectively, the "Plaintiffs") motion to remand this action to the Superior Court of the State of New Jersey, Bergen County, Law Division, pursuant to 28 *U.S.C.* § 1447. (ECF No. 11). The Hon. Esther Salas, U.S.D.J. referred Plaintiffs' motion to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Plaintiffs' motion to remand be GRANTED IN PART.

I. *PROCEDURAL HISTORY*

On June 26, 2013, Plaintiffs filed the Complaint in the New Jersey Superior Court, Law Division, Bergen County, seeking damages and costs stemming from alleged violations of their constitutional rights pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act. Plaintiffs' claims included, but were not limited to, Defendants' alleged interference with Plaintiffs' rights to enjoy, use and develop their property for a lawful purpose. (Compl., ECF No. 1).

On July 26, 2013, three defendants, the **City** of **Hackensack** as well as the Mayor and Council of the **City** of **Hackensack** (collectively, the "Removing Defendants")[1] removed the matter to this Court pursuant to 28 U.S.C. § 1441(b), asserting that the District Court has federal question subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.[2] The Notice of Removal states that "[a]ll Defendants that have been properly served consent to the removal of this matter." (Notice of Removal, ¶ 8, ECF No. 1). On **August**, 20 2013, Plaintiffs moved to remand this action. (Mot. to Remand, ECF No. 11). While not all of the Defendants who had been served at the time of the removal joined in the removal petition, they subsequently filed Notices of Joinder to Removal *after* Plaintiffs filed their motion to remand. (ECF Nos. 16–18, 20–21).

Plaintiffs argue that the Removing Defendants failed to comply with the "unanimity rule" set forth in 28 U.S.C. § 1446(b)(2)(A) because they did not obtain the effective consent of all defendants who (1) had been served as of the date of removal; and (2) did not join in the removal petition. Plaintiffs contend that this procedural defect in the removal process requires that the case be remanded to the New Jersey Superior Court. (Mot. to Remand, ECF No. 11). Specifically, Plaintiffs assert that the Removing Defendants did not obtain (and timely file with the Court) the written consent of each of the NonSigning Defendants who had been served as of July 26, 2013, but who did not initially join in the removal. The Removing Defendants concede they did not obtain those defendants' written consent, but argue that the Court should deny the motion because the Non–Signing Defendants did, in fact, verbally consent and later formally joined in the removal, albeit after the deadline for removal had passed. (Def. Br., ECF No. 23, at 2). In the alternative, the Removing Defendants ask the Court for leave to amend their Notice of Removal to cure the alleged defect. (*Id.*).

***4** Thus, the Court must first determine whether the removal in this case violates the unanimity rule. If so, the Court must nevertheless consider whether to permit an amendment to the removal petition sufficient to cure that defect. If the Court finds that remand is appropriate it must also address Plaintiffs' request for an award of the fees and costs associated with bringing their motion.

II. *LEGAL STANDARD—REMOVAL AND REMAND*

Title 28, § 1441(a) of the United States Code permits a defendant to remove a civil action in state court to a federal court where the action could have been filed originally, that is, where the federal court has subject matter jurisdiction over the action. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Section 1446 outlines the procedures for removal, and Section 1447 outlines the procedures following removal. 28 U.S.C. §§ 1446, 1447. Defects in removal may be procedural or jurisdictional. Under 28 U.S.C. § 1446(b)(1), a defendant has thirty days to remove a case, and this time limit "is a procedural provision, not a jurisdictional one." *Farina v. Nokia Inc.,* 625 F.3d 97, 114 (3d Cir.2010) (citing *Ariel Land Owners, Inc. v. Dring,* 351 F.3d 611, 614 (3d Cir.2003)). In turn, a plaintiff's "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Jurisdictional defects, however, may be raised at any time. *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 69, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996).

The party seeking removal bears the burden of demonstrating that removal is proper. *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir.2007); *see also Brown v. Jevic,* 575 F.3d 322, 326 (3d Cir.2009). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990) (citing *Steel Valley Auth. v. Union Switch & Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987)).

a. *The Unanimity Rule*

The right to remove a case from state to federal court is vested exclusively in "the defendant or defendants." 28 U.S.C. § 1441(a). "Section 1446(a) of 28 U.S.C. requires that '[a] defendant or defendants desiring to remove any civil action ... shall file ... a notice of removal.'" *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir.1995). Despite the ambiguity of the term "defendant or defendants", it is well established that removal traditionally required unanimity among the defendants. *See, e.g., Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir.1985) ("Section 1446 has been construed to require that when there is more than one defendant, all must join in the removal petition."). The "unanimity rule" is codified in 28 U.S.C. § 1446(b)(2)(A), which states that "[w]hen a civil action *is removed solely under section 1441(a),* all defendants who have been properly joined and served must *join in or consent* to the removal of the action." (emphases added).

***5** The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined. See *McManus v. Glassman's Wynnefield, Inc.,* 710 F.Supp. 1043,1045, n. 5 (E.D.Pa.1989) (citing *Fellhauer v. City of Geneva,* 673 F.Supp. 1445, 1447 n. 4 (N.D.Ill.1987)). Neither of these exceptions applies here.

Failure of all defendants to join is a "defect in removal procedure" within the meaning of § 1447(c), but is not deemed to be jurisdictional. *See Balazik,* 44 F.3d 209 (referencing *Johnson v. Helmerich & Payne, Inc.,* 892 F.2d 422, 423 (5th Cir.1990) (the "failure to join all the defendants in a removal petition is not a jurisdictional defect"); *In re Amoco Petroleum Additives Co.,* 964 F.2d 706, 713 (7th Cir.1992); *McGlinchey v. Hartford Accident and Indent. Co.,* 866 F.2d 651, 653 (3d Cir.1989)).

III. *ANALYSIS*

a. *Consent From All Served Defendants*

As noted above, the "unanimity rule" set forth in 28 U.S.C. § 1446(b)(2)(A) requires that "all defendants who have been properly joined and served must join in *or consent*" to removal." (emphasis added). Although the unanimity rule does not require each defendant to join in the actual notice of removal, courts generally require each defendant served in the action to provide "some form of unambiguous *written* evidence of consent to the court in a timely fashion." *See, e.g., Michaels v. New Jersey,* 955 F.Supp. 315, 321 (D.N.J.1996) (emphasis in original). For the evidence of consent to be considered "timely", it must be submitted within the time for removal set forth in 28 U.S.C. § 1446. *See Burns v. City of Hoboken,* No.10–5754, 2011 U.S. Dist. LEXIS 76879, *6, 2011 WL 2881311 (D.N.J. July 15, 2011) (Salas, U.S.DJ.) (citing *Collins v. Baxter Healthcare Corp.,* 949 F.Supp. 1143, 1146 (D.N.J.1996)). Moreover, one defendant may not make a proffer of consent on behalf of another, as the Removing Defendants endeavored to do here. *Michaels,* 955 F.Supp. at 320–21.

The record here reflects that, while 23 defendants had been served as of the date of removal, (*see* Pl. Rep. Br., ECF No. 24, at 2–3), only three of those defendants initially joined in the notice of removal. (*See* Not. of Removal, ECF 1). The Removing Defendants represented that the other then-served

defendants consented to the removal, but did not submit any proof of that consent. (*Id.*). While the remaining 20 then-served defendants did eventually submit notices to the Court denoting their consent to/joinder in the removal (*after* Plaintiffs moved to remand), (Pl. Rep. Br., ECF No. 24, at 2–3), none of those submissions were "timely", as that term is defined above. Indeed, it appears that each was approximately one month out of time. (*Id.*)

In *Burns,* the Honorable Esther Salas, U.S.D.J., who is presiding over the instant case, ordered a remand under nearly identical procedural circumstances. In that matter, the notice of removal indicated that all of the properly served defendants consented to the removal, but the removing defendants failed to supply any evidence of that consent. 2011 U.S. Dist. LEXIS 76879, *4–6, 2011 WL 2881311. As in the case at bar, the non-removing defendants in *Burns* eventually notified the court of their consent to the removal, but did so well out of time and *after* the plaintiff moved to remand. *Id.* at *6–7. The defendants in *Burns* argued, just as the Removing Defendants do here, that their procedural defect did not require remand because "all [d]efendants consented to removal." *Id.* at *2. Rejecting that argument, Judge Salas concluded that the removal was defective and that remand was necessary, noting that "a removing defendant may not submit consent to the court on behalf of non-removing defendants", *id.* at *5 (internal citations omitted), and finding that the non-removing defendants failed to timely file either their own notices of removal or documents embodying their consent to removal. *Id.* at *5–7. Judge Salas further rejected the removing defendants' request to amend their notice of removal to cure the alleged defect, reasoning that they had "failed to persuade the Court that exceptional circumstances exist[ed]" to justify such an amendment. *Id.* at *3.

***6** Here, as in Burns, the Removing Defendants failed to comply with the unanimity rule, as certain of the Non–Signing Defendants neither joined in the removal nor advised the Court of their consent within the 30–day period provided under 28 U.S.C. § 1446. Indeed, other than the Removing Defendants themselves, it appears that none of the defendants who had been properly served as of the date of removal submitted a timely notice joining in or consenting to the removal. The Removing Defendants do not dispute this. (*See generally* Def. Br., ECF No. 28). Nevertheless, the Removing Defendants argue that removal was appropriate because each the Non–Signing Defendants who had been served at the time of removal did consent (at least verbally) to the removal within the pertinent time-frame, (*id.* at 3), and each subsequently filed a Notice of Joinder to Removal with the Court. (*Id.* at 2). Those Notices of Joinder were, however, filed *after* the 30–day removal period expired for several of the Non–Signing Defendants. (Pl. Rep. Br., ECF No. 24 at 2–3).

To the extent Defendants contend that the Non–Signing Defendants' Notices of Joindenin Removal simply reflect their previous consent to removal, that argument is unavailing. 28 U.S.C. § 1446(b)(2)(A) requires that all defendants who have been properly served either join in or provide an express and timely consent to removal, and after-the-fact pronouncements of consent are "of absolutely no moment." *Cacoilo v. Sherwin–Williams Co.,* 902 F.Supp.2d 518, 518 (D.N.J.2012) ("[t]he subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court."). The Court cannot, therefore, excuse the Removing Defendants' non-compliance with § 1446(b)(2)(A) based on their assertion that the Non–Signing Defendants' late-filed Notices of Joinder constitute a legally sufficient notification of their previous, verbal consent to removal. Moreover, the Removing Defendants do not contend that the Non–Signing Defendants (1) were nominal parties; (2) were fraudulently joined; or (3) were not properly served with the Complaint prior to removal.[3] Therefore, none of the narrow exceptions to the unanimity rule apply here. Simple application of that rule thus renders the removal procedurally defective.

Accordingly, this court adopts the rationale that Judge Salas set forth in *Burns*. Certain of the Non–Signing Defendants did not properly join in or consent to the removal petition. While they may have communicated their consent to the Removing Defendants, they did not communicate that consent to the court within the 30–day period established by 28 U.S.C. § 1446(b). Their alleged, verbal consent and after-the-fact joinder is legally insufficient. Based on this procedural deficiency, this Court recommends that, unless the Removing Defendants are granted leave to amend their removal petition, this action must be remanded to the New Jersey Superior Court.

b. *Amendment of the Notice of Removal*

***7** The Removing Defendants argue that the Court should grant them permission to amend the Notice of Removal to cure the procedural defect in the interest of justice, as the issue of consent is now moot. (Def. Br., ECF No. 23, at

3–4). Courts have discretion to permit the amendment of a notice of removal after expiration of the 30–day removal period when such an amendment would serve the interests of justice or judicial economy. *Cacoilo,* 902 F.Supp.2d at 523; *see also* *Wal–Mart Stores, Inc. v. Elec. Ins. Co.*, No. 06–3132, 2007 U.S. Dist. LEXIS 3512, at *11–12, 2007 WL 137238 (D.N.J. Jan. 18, 2007); *Brown v. Sarubbi,* No. 06–1634, 2006 U.S. Dist. LEXIS 48553 at *8–9, 2006 WL 2014227 (D.N.J. July 18, 2006). Despite this discretion, courts are unlikely to grant leave to amend absent "extraordinary circumstances." *Cacoilo,* 902 F.Supp.2d at 523; *Burns,* 2011 U.S. Dist. LEXIS 76879 at *8, 2006 WL 2014227. Here, the Removing Defendants have made no effort to identify any extraordinary circumstances that might justify a late amendment to the Notice of Removal. Instead, they repeat their arguments regarding consent/joinder and note that "Plaintiffs had failed to file any proofs of service with the court." (Def. Br., ECF No. 23, at 4). They do not, however, contend that Plaintiffs failed to effectuate service or offer any explanation as to why the status of Plaintiffs' proof of service might otherwise be relevant. (*Id.*).

While the Removing Defendants cite to Judge Kugler's opinion in *Wal–Mart Stores, Inc.*, 2007 U.S Dist. LEXIS 3572, 2007 WL 137238 their reliance on that case is misplaced. In *Wal–Mart,* the Court allowed the removing defendants, who had failed to timely satisfy the unanimity rule, to cure their procedural defect out of time. *Id.* at * 11–14. The Court reasoned that it had alertly invested significant time and effort in the case, in that a number of conferences and other proceedings had already taken place. *Id.* at * 13–14. This matter, in which the Court has not issued any substantive orders, conducted any conferences or otherwise had any involvement in the case outside of Plaintiffs' motion for remand, stands in stark contrast. With regard to the Court's investment of time and effort, this case is more similar to *Brown,* in which Judge Simandle denied leave to amend a notice of removal after finding that the court's involvement was so minimal that it would not promote judicial efficiency for the District Court to retain the case. 2006 U.S. Dist. LEXIS 48553 at *8–9, 2006 WL 2014227. The same is true here. As the Removing Defendants have not articulated any "extraordinary circumstances" that might justify a late amendment to their notice of removal, this Court recommends that they be denied leave to do so and that this matter be remanded to the New Jersey Superior Court.

C. *Cost and Attorney's Fees.*

In addition to their request for remand, Plaintiffs also ask that the Court award them the fees and costs associated in bringing this motion. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." Although the Court has "broad discretion" in determining whether to award fees, *Mints v. Educ. Testing Service,* 99 F.3d 1253, 1260 (3d Cir.1996), such an award is only proper if "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). As the Removing Defendants note, "a procedural mistake will rarely warrant an award of costs." *Cacoilo,* 902 F.Supp.2d at 524.

***8** Here, this Court finds that the Removing Defendants' mistake was both procedural in nature and reasonable under the circumstances of a case involving this many defendants. While this Court finds that the circumstances of this case require remand, the Removing Defendants' behavior was not so objectively unreasonable as to support an award of fees and costs. This Court therefore recommends that Plaintiffs' request for fees and costs be denied.

IV. *CONCLUSION.*

It is the recommendation of this Court that Plaintiffs' motion to remand, (ECF No. 12), be granted in part, and that this matter be remanded to the Superior Court of the State of New Jersey, Bergen County, Law Division, pursuant to 28 U.S.C. § 1447. This Court further recommends that Plaintiffs' request for an award of attorneys' fees and costs be denied.

**All Citations**

Not Reported in F.Supp.3d, 2014 WL 112973

Footnotes

1 The Planning Board of the City of Hackensack, Zoning Board of Adjustment of the City of Hackensack, John Zisa, Kenneth Zisa, Joseph Zisa, Stephen Lo Iacono, Joseph Mellone, Thomas P. Kavanagh, Fernando Garip, Jr., Karen Sasso, Jorge E. Meneses, Marlin G. Townes, Michael R. Melfi, Michael Guerra, Howard Hurwitz, John Carroll, Humberto

Goez, Francisco Rodriguez, Joel Thornton, Charles P. McAuliffe, Joanne Colon, William Osinksy, Theodore Malin, Roman Kaminsky, and Dewey Aleem are otherwise referred to herein as the “Non–Signing Defendants”.

2 Plaintiffs' current motion is based solely on a procedural defect They argue that the Removing Defendants have failed to comply with the “unanimity rule” embodied in 28 U.S.C. § 1446(b)(2)(A) because certain of the Non–Signing Defendants neither joined in the Notice of Removal nor timely filed written consents to the removal. Plaintiffs do not contend that, if the removal was procedurally sufficient, the Court would lack subject matter jurisdiction.

3 Defendants Kenneth Zisa, William Osinsky, Theodore Malin, and Jorge E. Meneses were severed after July 26, 2013—the date on which the Notice of Removal was filed. (Mot. to Remand, 5, ECF No. 11). This fact is of no moment, however, as the record demonstrates that the Removing Defendants' failure to obtain consent from those Non–Signing Defendants who *were* properly served at the time of removal is fatal to their removal petition.

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.