# EXHIBIT G

MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey 07102-4079
Telephone: (973) 622-7711
Facsimile: (973) 622-5314
Attorneys for Defendants City of Hackensack and Mayor and Council of the City of Hackensack

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL J. MONAGHAN, FRANK CALLAHAN, DANNY CALLAHAN, 62-64 MAIN STREET, LLC, and 59-61 MOORE STREET, LLC<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF HACKENSACK, A MUNICIPAL CORPORATION; MAYOR & COUNCIL OF THE CITY OF HACKENSACK; PLANNING BOARD OF THE CITY HACKENSACK; ZONING BOARD OF ADJUSTMENT OF THE CITY OF HACKENSACK; JOHN ZISA; KENNETH ZISA; JOSEPH ZISA; STEPHEN LO IACONO; JOSEPH MELLONE; THOMAS P. KAVANAGH, FERNANDO GARIP, JR.; KAREN SASSO; JORGE E. MENESES; MARLIN G. TOWNES; MICHAEL R. MELFI; MICHAEL GUERRA; HOWARD HURWITZ; JOHN CARROLL; HUMBERTO GOEZ; FRANCISCO RODRIGUEZ; JOEL THORNTON; CHARLES P. MC AULIFFE; JOANNE COLON; WILLIAM OSINSKY; THEODORE MARLIN; ROMAN KAMINSKY and DEWEY ALEEM;<br><br>Defendants. | CIVIL ACTION NO.<br><br>**DOCUMENT ELECTRONICALLY FILED** |

Case 2:21-cv-08145-KSH-AME Document 17-9 Filed 09/01/21 Page 3 of 41 PageID: 1008

## CIVIL ACTION – NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the undersigned attorneys for Defendants City of Hackensack and Mayor and Council of the City of Hackensack ("Defendants"), petition this Honorable Court for an order pursuant to 28 U.S.C. § 1441, et. seq. removing to the United States District Court, District of New Jersey a matter instituted in the Superior Court of New Jersey, Law Division, Bergen County bearing docket number BER-L-4964-13.

PLEASE TAKE FURTHER NOTICE that a copy of this removal petition has been filed with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County thereby effecting removal pursuant to 28 U.S.C. § 1446(b).

PLEASE TAKE FURTHER NOTICE that by effecting removal of this civil action, Defendants reserve all rights to raise any and all defenses available under the Federal Rules of Civil Procedure including, but not limited to, Federal Rule of Civil Procedure 12.

PLEASE TAKE FURTHER NOTICE that in support of this notice of removal, Defendant relies upon the following:

1. Plaintiffs Michael J. Monaghan, Frank Callahan, Danny Callahan, 62-64 Main Street, LLC, and 59-61 Moore Street, LLC (collectively, "Plaintiffs") commenced this action with the filing of a Complaint in the Superior Court of New Jersey, Law Division, Bergen County, bearing docket no. BER-L-4964-13 ("State Action") on June 26, 2013.

2. A true and accurate copy of the Summons and Complaint filed by Plaintiffs in the State Action is attached hereto as Exhibit "A" and constitutes all process, pleadings and orders filed in the State Action to date that Defendants are in possession of within the meaning and intent of 28 U.S.C. § 1446.

3. On or about June 26, 2013, Plaintiffs allegedly served Defendants by and through

the City Clerk for the City of Hackensack.

4. The filing of the within petition is timely in that same was filed prior to the expiration of thirty (30) days following service of the Summons and Complaint within the meaning and intent of 28 U.S.C. § 1446.

5. The Court's review of the Complaint will reveal that Plaintiffs allege that they were subjected to a violation of their constitutional rights as guaranteed by the United States Constitution and its Amendments, 42 U.S.C. § 1983 and other federal laws including, but not limited to the following: denial of Plaintiffs' rights under the 14th amendment to the United States Constitution; interference with Plaintiffs' constitutional rights to enjoy, use and develop their property for a lawful purpose; interference with Plaintiffs' constitutional right to freely acquire, own, develop, redevelop and freely sell or transfer private property; and loss of all economically viable use of Plaintiffs' property; loss of all economic value of Plaintiffs' property without just compensation.

6. Plaintiffs' allegations thus make this suit a civil action arising under the "laws of the Untied States," over which the United States District Courts have original jurisdiction pursuant to 28 U.S.C. § 1331.

7. Removal is therefore appropriate under and pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1441(b).

8. All Defendants that have been properly served consent to the removal of this matter.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Attorneys for Defendant, City of Hackensack and Mayor and Council of the City of Hackensack

Dated: July 26, 2013

By: ***/S/ THOMAS P. SCRIVO***
Thomas P. Scrivo

# EXHIBIT A

PETER D. DICKSON, ESQ.
POTTER & DICKSON ESQS.
194 Nassau Street, #32
Princeton, New Jersey 08542
Tel: 609-921-9555
Fax: 609-921-2181
Co-Counsel for the Plaintiffs

MICHAEL J. MONAGHAN, ESQ
50 Main Street
Hackensack, New Jersey 07601
Tel: 201- 489-0600
Fax: 201-489-9048
Co-Counsel for Plaintiffs

RECEIVED
JUN 26 2013
SUPERIOR COURT OF NEW JERSEY
COUNTY OF BERGEN
FINANCE DIVISION

| | |
|---|---|
| MICHAEL J. MONAGHAN, FRANK CALLAHAN, DANNY CALLAHAN, 62-64 MAIN STREET, LLC, and 59-61 MOORE STREET, LLC,<br><br>Plaintiffs,<br>vs.<br>CITY OF HACKENSACK, A MUNICIPAL CORPORATION; MAYOR & COUNCIL OF THE CITY OF HACKENSACK; PLANNING BOARD OF THE CITY OF HACKENSACK; ZONING BOARD OF ADJUSTMENT OF THE CITY OF HACKENSACK; JOHN ZISA; KENNETH ZISA; JOSEPH ZISA; STEPHEN LO IACONO; JOSEPH MELLONE; THOMAS P. KAVANAGH, FERNANDO GARIP, JR.; KAREN SASSO; JORGE E. MENESES; MARLIN G. TOWNES; MICHAEL R. MELFI; MICHAEL GUERRA; HOWARD HURWITZ; JOHN CARROLL; HUMBERTO GOEZ; FRANCISCO RODRIGUEZ; JOEL THORNTON; CHARLES P. MC AULIFFE; JOANNE COLON; WILLIAM OSINSKY; THEODORE MALIN; ROMAN KAMINSKY and DEWEY ALEEM;<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br>DOCKET NO.:BER-L-<br><br>CIVIL ACTION<br><br>COMPLAINT & JURY DEMAND |

Plaintiffs, Michael J. Monaghan, Frank Callahan, Danny Callahan, 62-64 Main Street, LLC and 59-61 Moore Street, LLC, New Jersey Limited Liability Companies, and with a principal place of business located at 50 Main Street, Hackensack, New Jersey, by way of Complaint against the Defendants, City of Hackensack, Mayor and Council of the City of Hackensack (hereinafter "Mayor and Council") Planning Board of the City of Hackensack (hereinafter "Planning Board"), Zoning Board of Adjustment of the City of Hackensack (hereinafter "Board of Adjustment"), John Zisa, Kenneth Zisa, Joseph Zisa, Stephen LoIacono, Joseph Mellone, Thomas P. Kavanagh, Fernando Garip, Karen Sasso, Jorge E. Meneses, Marlin G. Townes, Michael R. Melfi, Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez, Joel Thornton, Charles P. McAuliffe, Joanne Colon, William Osinsky, Theodore Malin, Roman Kaminsky and Dewey Aleem say:

**PLAINTIFFS**

1. Plaintiffs Michael J. Monaghan, Frank Callahan and Danny Callahan are the owners of a certain improved real property commonly known as 50 Main Street, (hereinafter "50 Main Street"). The property has paid all taxes and is located in Block 205, Lot 2 on the office tax map of the City of Hackensack.

2. Plaintiffs Michael J. Monaghan, Frank Callahan and Danny Callahan are the owners of 62-64 Main Street, LLC, and 59-61 Moore Street, LLC.

3. Plaintiff 62-64 Main Street, LLC, a New Jersey Limited Liability Company authorized to conduct business in New Jersey, is the owner of certain improved real property commonly known as 62 Main Street, Hackensack, New Jersey (hereinafter "62-64 Main Street"). The

property has paid all taxes and is located in Block 205, Lots 4, 5, 6, & 7, on the official tax map of the City of Hackensack.

4. Plaintiff 59-61 Moore Street, LLC, a New Jersey Limited Liability Company authorized to conduct business in New Jersey, is the owner of certain improved real property commonly known as 59-61 Moore Street, Hackensack, New Jersey (hereinafter "59-61 Moore Street"), The property has paid all taxes and is located in Block 205, Lots 8 on the official tax map of the City of Hackensack.

5. Plaintiffs, as owners of the Properties, are taxpayers of the City of Hackensack.

6. The properties identified as 50 Main Street, 62-64 Main Street and 59-61 Moore Street shall be referred to hereinafter as the "Properties."

7. The properties have been improved with various buildings as a result of investment of capital and a long-term commitment by the Plaintiffs. All uses currently operating on the Properties are recognized as valid, lawfully pre-existing uses subject to all protections provided by law.

**DEFENDANTS**

8. At all relevant times, each and every defendant was acting under Color of Law.

9. At all relevant times, each and every defendant is or was an agent, servant or employee of the City of Hackensack, acting within the scope of its authority.

10. Defendant, City of Hackensack, is a municipal corporation duly organized under the laws of New Jersey. At all relevant times, this defendant was acting under Color of Law.

11. Defendant, Mayor and Council of the City of Hackensack, is a body politic duly authorized under the laws of the State of New Jersey and is the governing body of the City of Hackensack.

12. The Defendant, Planning Board of the City of Hackensack, is a planning board for the City of Hackensack created pursuant to the provisions of the Municipal Land Use Law, N.J.S.A. 40:55D-I et seq.

13. The Defendant, Zoning Board of Adjustment of the City of Hackensack, is a zoning board for the City of Hackensack created pursuant to the provisions of the Municipal Land Use Law, N.J.S.A. 40:55D-I et seq.

14. The Defendant, John Zisa, is the former Mayor of the City of Hackensack and a former member of the Planning Board of the City of Hackensack.

15. The Defendant, Kenneth Zisa is the former Police Chief of the City of Hackensack.

16. The Defendant, Joseph Zisa is the current attorney for the City of Hackensack.

17. The Defendant, Stephen LoIacono is the current City Manager of the City of Hackensack.

18. The Defendant, Joseph Mellone is the current Inspector and Construction Official for the City of Hackensack.

19. The Defendant, Thomas P. Kavanagh, during the relevant times herein was a building inspector employed by the City of Hackensack.

20. The Defendant, Fernando Garip, at all relevant times herein was the Chairman of Defendant Planning Board of the City of Hackensack.

21. The Defendant, Karen Sasso, during the relevant times herein was the Mayor of the City of Hackensack, Deputy Mayor of the City of Hackensack, a Council person of the City of Hackensack, sat

on the Planning Board of the City of Hackensack, and sat on the Board of Adjustment of the City of Hackensack.

22. The Defendant, Jorge E. Meneses, during the relevant times herein was the Mayor of the City of Hackensack, Deputy Mayor of the City of Hackensack, and Council person of the City of Hackensack, sat on the Planning Board of the City of Hackensack, and sat on the Board of Adjustment of the City of Hackensack.

23. The Defendant, Marlin Townes, during the relevant times herein was the Mayor of the City of Hackensack, Deputy Mayor of the City of Hackensack, Council person of the City of Hackensack, and sat on Defendant Planning Board of the City of Hackensack.

24. The Defendant, Michael Melfi, during the relevant times herein was the Mayor of the City of Hackensack, Deputy Mayor of the City of Hackensack, and Council person of the City of Hackensack, sat on the Planning Board of the City of Hackensack, and sat on the Board of Adjustment of the City of Hackensack.

25. The Defendant, Michael Guerra, during the relevant times herein is the Chairman of Defendant Zoning Board of Adjustment of the City of Hackensack.

26. The Defendant, Howard Hurwitz, during the relevant times herein has been a member of Defendant Planning Board and the Defendant Zoning Board of Adjustment of the City of Hackensack.

27. The Defendant, John Carroll, during the relevant times herein has been a member of Defendant Zoning Board of Adjustment of the City of Hackensack.

28. The Defendant, Humberto Goez, during the relevant times herein has been a member of Defendant Zoning Board of Adjustment of the City of Hackensack.

29. The Defendant, Francisco Rodriguez, during the relevant times herein has been a member of Defendant Zoning Board of Adjustment of the City of Hackensack.

30. The Defendant, Joel Thornton, during the relevant times herein has been a member of Defendant Planning Board of the City of Hackensack.

31. The Defendant, Charles P. McAuliffe, during the relevant times herein has been a Council member of Defendant Mayor and Council of the City of Hackensack.

32. The Defendant, Joanne Colon, during the relevant times herein has been a member of Defendant Planning Board of the City of Hackensack.

33. The Defendant, William Osinsky, during the relevant times herein has been a member of Defendant Planning Board of the City of Hackensack.

34. The Defendant, Theodore Malin, during the relevant times herein has been a member of Defendant Planning Board of the City of Hackensack.

35. The Defendant, Roman Kaminsky, during the relevant times herein has been a member of Defendant Planning Board of the City of Hackensack.

36. The Defendant, Dewey Aleem, during the relevant times herein has been a member of Defendant Planning Board of the City of Hackensack.

## PROCEDURAL HISTORY

## 50 MAIN STREET PROPERTY

37. On December 22, 1988, Plaintiff Michael J. Monaghan acquired the property located at 50 Main Street, Hackensack, New Jersey. Said property was acquired with a relative of Michael J.

Monaghan's who died on August 5, 1992. On November 24, 1992, Frank Callahan and Danny Callahan acquired a fifty percent interest.

38. On or about November 10, 1993, Plaintiffs Michael J. Monaghan, Frank Callahan and Danny Callahan made an application to the City of Hackensack Planning Board. The application requested permission to demolish 4,000 square feet of the 12,000 square foot building located at 50 Main Street, Hackensack, New Jersey. The 4,000 square feet that was being demolished would increase on-site parking from six parking spaces to seventeen. Further the applicant request permission to put a second floor on the 8,000 square foot structure. Said request was to replace only the 4,000 square feet being demolished. The Planning Board denied said application.

39. The Plaintiffs, Michael J. Monaghan, Frank Callahan and Danny Callahan made an application to improve their property by increasing on-site parking and having more desirable office space for prospective tenants. An application was made to Defendant Hackensack Planning Board in November 1993. Defendant John Zisa was the Mayor of the City of Hackensack at that time and a member of Defendant Planning Board.

40. Defendant Planning Board denied the Plaintiffs application to develop the subject property located at 50 Main Street, Hackensack, New Jersey.

41. Plaintiff Michael J. Monaghan had a meeting with Defendant John Zisa. Plaintiff Michael J. Monaghan asked Defendant John Zisa how he could justify denying an application that did not increase the square footage of the improvement on the property and added eleven additional parking spots. Defendant John Zisa's response was words to the effect, "Mr. Sanzari does not want competition; therefore, the application will not be approved."

42. Plaintiffs Michael J. Monaghan, Frank Callahan and Danny Callahan filed a Prerogative Writ and the trial court judge affirmed the November 10, 1993 decision of the Planning Board. An appeal was filed and the Appellate Division issued a written decision on March 28, 1996, Docket No. A-4070-94TS reversing the Law Division decision.

43. In March of 1999, the State of New Jersey Department of Community Affairs and Housing, and the Department of Corrections and Parole entered into lease negotiations with the plaintiffs. The intention of the State of New Jersey was to lease 4,000 square feet on the property located at 50 Main Street and to lease the 5,000 square feet located at 62-64 Main Street. The plaintiffs had architectural plans prepared pursuant to the State of New Jersey guidelines. Mayor John Zisa advised Plaintiff Michael J. Monaghan that he would take all steps necessary to prevent said leasehold. Mayor John Zisa was aware that William M. Marshall had already determined that the property located at 62-64 Main Street was approved for office use.

## PROCEDURAL HISTORY

### 62-64 MAIN STREET, 59-61 MOORE STREET

44. On August 6, 1999, Plaintiff 59-61 Moore Street, LLC, acquired the property located at 59-61 Moore Street, Hackensack, New Jersey. 59-61 Moore Street, LLC, is a Limited Liability Company in the State of New Jersey and its members are Michael Monaghan, Frank Callahan and Danny Callahan.

45. On August 6, 1999, Plaintiff 62-64 Main Street, LLC acquired the property located at 62-64 Main Street, Hackensack, New Jersey. 62-64 Main Street, LLC, is a Limited Liability Company in the State of New Jersey and its members are Michael Monaghan, Frank Callahan and Danny Callahan. The property had an environmental issue

and required compliance with federal and state guidelines. On November 14, 2000, the State of New Jersey Department of Environmental Protection issued a No-Further-Action letter.

46. The plaintiff authorized the Bank of New York to make an application to the Planning Board of the City of Hackensack for the property located at 62-64 Main Street, Hackensack, New Jersey and said application was made on May 31, 2006. The application called for the demolition of the 5,500 square foot structure and construction of a new building in the amount of 3,460 square feet. The application was denied by the Planning Board on May 31, 2006. Defendants Karen Sasso, Howard Hurwitz, Joel Thornton, Marlin Townes and Fernando Garip voted to deny the application. Plaintiff appealed the denial of said application and the Planning Board's decision was affirmed by both the trial court and the Appellate Division.

47. On July 6, 2006, forty-one days later, the Mayor and Council of the City of Hackensack passed Resolution 266 directing that the Planning Board of the City of Hackensack conduct a preliminary investigation to make a determination pursuant to N.J.S.A. 40A:12A-6 for the redevelopment of property south of Atlantic Street, bordered by Main Street to the west, Moore Street to the east, and Court Street to the south. Resolution No. 266 was ratified by Defendant Michael Melfi, Jorge Meneses, Charles McAuliffe and Karen Sasso. Said Resolution included all three Properties in which the plaintiffs had an interest, more specifically 50 Main Street, 62-64 Main Street and 59-61 Moore Street in Hackensack, New Jersey.

48. The Hackensack Planning Board conducted public hearings on the following dates: December 13, 2006; January 4, 2007; August 22, 2007; September 27, 2007; October 11, 2007; November 8, 2007; December 4, 2007; January 10, 2008 and January 24, 2008. On January

24, 2008, the Planning Board approved a Resolution that the properties known as 62-64 Main Street, LLC, Block 205, Lots 4, 5, 6, & 7; and 59-61 Moore Street, LLC, Block 205, Lot 8 are, "Areas in Need of Redevelopment."

49. On February 13, 2008, the Planning Board adopted a Resolution embodying its recommendation to the Mayor and Council. Said Resolution found in part that 62-64 Main Street, LLC and 59-61 Moore Street, LLC properties to be areas designated in need of redevelopment. The Planning Board voted to have the Properties known as 62-64 Main Street, LLC and 59-61 Moore Street, LLC be designated an "Area in Need of Redevelopment." Defendants Michael Melfi, Jorge Meneses, William Osinski, Joanne Colon, Roman Kaminsky, Dewey Aleem, and Theodore Malin all voted to have 62-64 Main Street, LLC and 59-61 Moore Street, LLC properties to be areas designated in need of redevelopment.

50. On August 5, 2008, the Mayor and Council adopted a Resolution accepting the recommendations of the Planning Board set forth in its Resolution adopted February 13, 2008, designating certain properties as an "Area in Need of Redevelopment," including properties owned by plaintiff. Defendants Jorge Meneses, Marlin G. Townes, Karen Sasso, Charles McAuliffe and Michael Melfi voted to adopt the February 13, 2008 recommendations of the Planning Board. The Mayor and Council sent the Resolution to the plaintiffs under cover of a letter dated August 8, 2008.

51. On September 8, 2008, the plaintiffs filed a Complaint in Lieu of Prerogative Writ with the Superior Court of New Jersey, Law Division, County of Bergen, captioned *62-64 Main Street, LLC, et al vs. Mayor and Council of the City of Hackensack, et al.*, Docket No. BER-L-6854-08.

52. On March 27, 2009, the Honorable Joseph S. Conte entered the First Case Management Order whereby he bifurcated the matter for trial, scheduling the issue of "notice" first.

53. On August 7, 2009, the Honorable Joseph S. Conte conducted a bench trial. On said date, the Mayor and Council of the City of Hackensack, through their attorney, withdrew the Resolution of August 5, 2008, whereby they adopted the findings of the Planning Board as set forth in their Resolution of February 13, 2008. NOTE that, despite the fact that the Mayor and Council has adopted a second resolution affirming the Planning Board's Resolution of February 13, 2008, there is no written Resolution memorializing the City of Hackensack attorney's withdrawing the August 5, 2008 written Resolution.

54. On August 19, 2009, the Honorable Joseph S. Conte issued a written opinion wherein the Court found that "notice" was defective and the Planning Board's actions were a nullity.

55. On September 2, 2009, the Honorable Joseph S. Conte entered Judgment in favor of the plaintiffs.

56. On September 16, 2009, the City of Hackensack Planning Board filed a Notice of Appeal with the Superior Court of New Jersey Appellate Division, Docket No. A-342-09T3.

57. On October 13, 2009, the City of Hackensack Planning Board filed an Amended Notice of Appeal with the Superior Court of New Jersey, Appellate Division, Docket No. A-342-09T3.

58. On October 13, 2009, 62-64 Main Street, LLC and 59-61 Moore Street, LLC filed a Cross-Appeal with the Superior Court of New Jersey, Appellate Division, Docket No. A-342-09T3.

59. On October 13, 2009, 62-64 Main Street, LLC and 59-61 Moore Street, LLC filed a Cross Amended-Appeal with the Superior Court of New Jersey, Appellate Division, Docket No. A-342-09T3.

60. On January 14, 2011, the Superior Court of New Jersey, Appellate Division, Docket No. A-342-09T3, issued a written opinion reversing the findings of Judge Conte's August 19, 2009 decision.

61. On February 17, 2011, Judge Conte scheduled a Status Conference. The plaintiff advised the Court that there was a pending matter before the Zoning Board of the City of Hackensack to develop the subject property; therefore, the Court adjourned the matter until such time as the Zoning Board rendered a decision.

62. On March 1, 2011, the Mayor and Council authorized the Planning Board of the City of Hackensack to conduct an investigation to determine if certain properties located within the City of Hackensack are, "Areas in Need of <u>Rehabilitation</u>." (Emphasis added.) Said areas, as delineated by the Map Study Area prepared by DMR Architects on January 18, 2011, include those Properties which are the subject of this suit.

63. On March 17, 2011, in the matter of V# 11-10 SP# 10-10, the Plaintiffs authorized an Application for Variances and Site-Plan Approval for the property at 62-64 Main Street and 59-61 Moore Street. The Zoning Board of Adjustment denied the Application of PNC Bank to locate a bank branch at said location. Defendants Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez and Francisco Rodriguez all voted to deny said application.

64. On April 5, 2011, for the second time, the Mayor and Council adopted Resolution #159-11 accepting the recommendations of the Planning Board set forth in its Resolution adopted February 13, 2008, designating certain properties as an "Area in Need of Redevelopment," including properties owned by plaintiff. Defendants Marlin G. Townes, Jorge E. Meneses and Karen Sasso voted to adopt said resolution. The Mayor and Council sent Notice of the Resolution to the plaintiffs under cover of a letter dated April 8, 2011.

65. On May 18, 2011, the plaintiffs filed a Complaint in Lieu of Prerogative Writ with the Superior Court of New Jersey, Law Division, County of Bergen, *62-64 Main Street, LLC, et al vs. Mayor and Council of the City of Hackensack, et al.*, Docket No. BER-L-4358-11.

66. On May 26, 2011, the plaintiffs filed a Complaint in Lieu of Prerogative Writ with the Superior Court of New Jersey, Law Division, County of Bergen, against the City of Hackensack and the Board of Adjustment of the City of Hackensack, challenging the denial of the Application of PNC Bank, bearing Docket No. BER-L-4617-11. This matter is still pending in the Superior Court.

67. On June 8, 2011, the Planning Board of the City of Hackensack adopted a Resolution recommending that the areas set forth in the Map Study Area prepared by DMR Architects on January 18, 2011 be designated as an, "Area in Need of Rehabilitation." (Emphasis added.)

68. On June 10, 2011, the Honorable Joseph S. Conte signed an Order of Consolidation in the matters of *62-64 Main Street, LLC and 59-61 Moore Street, LLC vs. Mayor & Council of the City of Hackensack; Planning Board of the City of Hackensack; and Thomas P. Kavanagh*, bearing Docket No. BER-L-6854-08, which was consolidated with: *62-64 Main Street, LLC and 59-61 Moore Street, LLC vs. Mayor & Council of the City of Hackensack and Planning Board of the City of Hackensack*, bearing Docket No. BER-L-4358-11.

69. On June 17, 2011, the Honorable Joseph S. Conte entered a Case Management Order in the above matter bearing Docket No. BER-L-4358-11.

70. On November 29, 2011, Judge Conte issued an opinion and entered judgment for the Defendant City of Hackensack affirming the designation of the properties located 62-64 Main Street and 59-61

Moore Street as an "Area in need of Redevelopment." A motion for a new trial and other relief was filed. Judge Conte denied the motion by Order dated February 27, 2012. The plaintiffs filed an Appeal in the Superior Court of New Jersey, Appellate Division, Docket No. A-003257-11T4 and the Appellate Division issued an Opinion on May 3, 2013 reversing the trial court's judgment. The Defendants City of Hackensack and Planning Board of the City of Hackensack have filed a Petition for Certification before the New Jersey Supreme Court. That matter is presently pending.

71. On June 27, 2012, the Defendant Mayor and Council of the City of Hackensack adopted a Rehabilitation Plan which includes the three properties owned by the plaintiffs herein. More specifically, said plan includes 50 Main Street, 62-64 Main Street and 59-61 Moore Street, Hackensack, New Jersey. On August 8, 2012, the plaintiffs filed a Complaint in Lieu of Prerogative Writ with the Superior Court of New Jersey, Law Division, County of Bergen against the City of Hackensack and the Planning Board of the City of Hackensack challenging the designation of the plaintiffs' Properties as "Area in Need of Rehabilitation" in the matter captioned *Michael J. Monaghan, Frank Callahan, Danny Callahan,62-64 Main Street, LLC and 59-61 Moore Street, LLC vs. Mayor and Council of the City of Hackensack, et al,* bearing Docket No. BER-L-6091-12. This matter is still pending in the Law Division of the Superior Court of New Jersey.

72. On March 22, 2012, Plaintiff 62-64 Main Street, LLC filed a Verified Complaint in Lieu of Prerogative Writ in the matter captioned *62-64 Main Street, LLC vs. City of Hackensack, a Municipal Corporation, Hackensack Municipal Court, Louis J. Dinice, Vincent L. Galasso, Elizabeth Pezzillo, et al,* bearing Docket No. BER-L-2326-12. The application to the Court was by way of Order to Show Cause to prevent the City of Hackensack through its Municipal Court from

violating the plaintiffs' constitutional rights. As a result of the application to the court, the matter was removed from the Hackensack Municipal Court and from Honorable Louis J. Dinice. All of the summonses that had been issued were ultimately dismissed as there was no probable cause for the same.

**GENERAL NATURE OF THE ACTION**

**COUNT ONE**

73. This is a Civil Rights action based upon 42 United States Code 1983, for depriving plaintiffs of established constitutional and common law rights. This action challenges defendants' denial of plaintiffs' rights secured under the Fourteenth Amendment to the United States Constitution (Art.14 U.S. Constitution) and 42 U.S.C.A. Section 1983.

74. Plaintiffs allege that Defendants Mayor and Council of the City of Hackensack; Planning Board of the City of Hackensack; Zoning Board of Adjustment of the City of Hackensack; John Zisa; Kenneth Zisa; Joseph Zisa; Stephen LoIacono; Joseph Mellone; Thomas P. Kavanagh; Fernando Garip, Jr.; Karen Sasso; Jorge E. Meneses; Marlin G. Townes; Michael R. Melfi; Michael Guerra; Howard Hurwitz; John Carroll; Humberto Goez; Francisco Rodriguez; Joel Thornton; Charles P. McAuliffe; Joanne Colon; William Osinsky; Theodore Malin; Roman Kaminsky and Dewey Aleem have conspired, jointly and severally, to deny the plaintiffs the beneficial use and development of their properties. Plaintiffs have been denied from developing their property as there has been a clear pattern to prevent plaintiffs from their constitutional right to use and develop its property.

75. Plaintiffs have attempted to develop the subject property on multiple occasions, each and every time their actions would have

improved the area; notwithstanding, defendants, acting in concert, conspired to deny plaintiffs' applications.

76. Defendant Stephen LoIacono is the City Manager of the City of Hackensack. Defendant LoIacono has stated publicly words to the effect, "That as long as Michael Monaghan has any ownership interest in those properties we will never approve any development." Plaintiff Michael J. Monaghan scheduled a meeting with Defendant LoIacono to attempt to address any concerns that the Mayor and Council had with respect to developing the subject property. Defendant LoIacono was one hour late and participated less than five minutes. It was clear that Defendant LoIacono would not participate in allowing plaintiffs to develop their property and was taking steps to prevent the same. Defendant LoIacono was aware that the plaintiffs' inability to develop their property was a factor in the City of Hackensack's application to have the plaintiffs' Property be declared an, "Area in Need of Redevelopment." Defendant LoIacono was directed by and conspired with Defendants John Zisa, Kenneth Zisa and Joseph Zisa to prevent the plaintiffs from having the beneficial use of their property.

77. Defendant Joseph Zisa is the City Attorney for the City of Hackensack. Defendant Joseph Zisa has stated publicly words to the effect, "He intends to make his life (referring to Michael J. Monaghan) miserable." Defendant Joseph Zisa was responsible for having town violations and municipal summonses issued to the Properties owned by the plaintiffs. Defendant Joseph Zisa was aware that there was no probable cause for the issuance of said summons but directed a City of Hackensack employee to issue the same. Defendant Joseph Zisa was aware that said summonses would be beneficial to the City of Hackensack in its attempt to have the plaintiffs Properties declared, An Area in Need of Redevelopment."

78. Defendants Joseph Mellone and Thomas P. Kavanagh were employed by the City of Hackensack in the Building Department. Defendants Mellone and Kavanagh issued a series of summonses to Plaintiff 62-64 Main Street, LLC. When questioned as to why he issued said summonses, Defendant Kavanagh stated publicly words to the effect, "I was told to issue the summonses by Joseph Zisa." Defendants Mellone and Kavanagh was directed by and conspired with Defendant Joseph Zisa to issue Notices of Violation and Municipal Summonses to the plaintiffs' Properties. Defendants Mellone and Kavanagh were aware that said summonses would be beneficial to the City of Hackensack in its attempt to have the plaintiffs' Properties declared, An Area in Need of Redevelopment."

79. Plaintiffs Michael J. Monaghan, Frank Callahan and Danny Callahan acquired two additional properties that were contiguous with the property located at 50 Main Street, Hackensack, New Jersey. The State of New Jersey was prepared to enter into leasehold that would encompass all of 62-64 Main Street, LLC; 59-61 Moore Street, LLC and a portion of 50 Main Street. Plaintiffs spent a substantial amount of money in having architectural plans drawn to the specification of the State of New Jersey Department of Community Affairs and Housing and Department of Corrections.

80. Plaintiffs were prepared to enter into a Lease with the State of New Jersey for a total of 9,000 square feet in 1999. The annual rent was to be $122,000.00 per year. Defendant John Zisa requested a meeting with Plaintiff Michael J. Monaghan. Defendant John Zisa advised the plaintiff words to the effect, "that he would not permit the Department of Corrections to have an office on Main Street." Defendant John Zisa was advised that the Building Inspector Richard Marshall had already signed off and plaintiff did not require any authorization from the City of Hackensack. Defendant John Zisa

stated, "It's not going to happen." Plaintiff came to learn that Defendant Kenneth Zisa, who was in the New Jersey Assembly during that period of time, had been instructed by Defendant John Zisa to prevent the financing of the Lease that the State of New Jersey was prepared to enter into with the plaintiffs.

81. Plaintiffs Michael J. Monaghan, Frank Callahan and Danny Callahan authorized an application by the Bank of New York to develop the property at 62-64 Main Street and 59-61 Moore Street in 2006. The plaintiffs did not know that Defendant Michael Melfi, Karen Sasso, Jorge Meneses, Charles McAuliffe and Marlin Townes had already conducted a bus tour on September 13, 2005 to map out sites for redevelopment.

82. On May 31, 2006, Defendant Planning Board of the City of Hackensack denied the plaintiffs' application to demolish an existing building of 5,500 square feet and replace it with a new building of 3,460 square feet. Defendants Karen Sasso, Howard Hurwitz, Joel Thornton, Marlin Townes and Fernando Garip voted to deny said application. It is clear that Defendants Karen Sasso, Howard Hurwitz, Joel Thornton, Marlin Townes and Fernando Garip knew or had to have known on May 31, 2006 that Defendant Planning Board was about to receive a Resolution to conduct a determination as to whether or not 62-64 Main Street and 59-61 Moore Street, plus other properties, met the criteria as an area in need of redevelopment. On information and belief, Defendants Sasso, Hurwitz, Thornton, Townes and Garip conspired with and were directed by Defendants John Zisa, Kenneth Zisa and Joseph Zisa to deny plaintiffs' application.

83. On July 11, 2006, Defendant Mayor and Council of the City of Hackensack passed Resolution 266. Resolution 266 was ratified by Defendant Michael Melfi, Jorge Meneses, Charles McAuliffe and Karen Sasso. Said Resolution included all three properties in which the

plaintiffs had an interest, more specifically 50 Main Street, 62-64 Main Street and 59-61 Moore Street in Hackensack, New Jersey.

84. On February 13, 2008, Defendant Planning Board adopted a Resolution embodying its recommendation to Defendant Mayor and Council. Said Resolution found in part that 62-64 Main Street, LLC and 59-61 Moore Street, LLC properties to be areas designated in need of redevelopment. Defendant Planning Board voted to have the properties known as 62-64 Main Street, LLC and 59-61 Moore Street, LLC be designated an "Area in Need of Redevelopment." Defendants Michael Melfi, Jorge Meneses, William Osinski, Joanne Colon, Roman Kaminsky, Dewey Aleem, and Theodore Malin all voted to have 62-64 Main Street, LLC and 59-61 Moore Street, LLC properties to be areas designated in need of redevelopment. On information and belief, Defendants Melfi, Meneses, Osinski, Colon, Kaminsky, Aleem and Malin conspired with and were directed by Defendants John Zisa, Kenneth Zisa and Joseph Zisa to find the plaintiffs' properties to be "An Area in Need of Redevelopment."

85. Defendant Mayor and Council of the City of Hackensack made a request for proposals to be appointed redeveloper on October 15, 2008. On information and belief, the Mayor and Council has not appointed a redeveloper.

86. On August 5, 2008, Defendant Mayor and Council adopted a Resolution accepting the recommendations of Defendant Planning Board set forth in its Resolution adopted February 13, 2008, designating certain properties as an "Area in Need of Redevelopment," including properties owned by plaintiff. Defendants Jorge Meneses, Marlin G. Townes, Karen Sasso, Charles McAuliffe and Michael Melfi, on information and belief conspired with and were directed by Defendants John Zisa, Kenneth Zisa and Joseph Zisa to vote to adopt the February 13, 2008 recommendations of the Planning Board. The Mayor and Council

sent the Resolution to the plaintiffs under cover of a letter dated August 8, 2008. Because of said designation, the plaintiffs have been unable to develop said property.

87. The net effect of Defendants City of Hackensack, Mayor and Council of the City of Hackensack, Planning Board of the City of Hackensack, Zoning Board of Adjustment of the City of Hackensack, John Zisa, Kenneth Zisa, Joseph Zisa, Stephen LoIacono, Joseph Mellone, Thomas P. Kavanagh, Fernando Garip, Karen Sasso, Jorge E. Meneses, Marlin G. Townes, Michael R. Melfi, Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez, Joel Thornton, Charles P. McAuliffe, Joanne Colon, William Osinsky, Theodore Malin, Roman Kaminsky and Dewey Aleem's actions has been a complete interference with plaintiffs' ability to utilize its properties since the dates of purchases.

88. Defendants City of Hackensack, Mayor and Council of the City of Hackensack, Planning Board of the City of Hackensack, Zoning Board of Adjustment of the City of Hackensack, John Zisa, Kenneth Zisa, Joseph Zisa, Stephen LoIacono, Joseph Mellone, Thomas P. Kavanagh, Fernando Garip, Karen Sasso, Jorge E. Meneses, Marlin G. Townes, Michael R. Melfi, Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez, Joel Thornton, Charles P. McAuliffe, Joanne Colon, William Osinsky, Theodore Malin, Roman Kaminsky and Dewey Aleem purposely have interfered with plaintiffs' constitutional rights to enjoy, use and develop their property for a lawful purpose.

89. Defendants, City of Hackensack, Mayor and Council of the City of Hackensack, Planning Board of the City of Hackensack, Zoning Board of Adjustment of the City of Hackensack, John Zisa, Kenneth Zisa, Joseph Zisa, Stephen LoIacono, Joseph Mellone, Thomas P. Kavanagh, Fernando Garip, Karen Sasso, Jorge E. Meneses, Marlin G.

Townes, Michael R. Melfi, Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez, Joel Thornton, Charles P. McAuliffe, Joanne Colon, William Osinsky, Theodore Malin, Roman Kaminsky and Dewey Aleem repeatedly denied plaintiffs' property zoning applications which would have enhanced the subject area, brought in additional clientele which would have benefitted all commerce nearby, with more parking than before improvements.

90. Defendants, City of Hackensack, Mayor and Council of the City of Hackensack, Planning Board of the City of Hackensack, Zoning Board of Adjustment of the City of Hackensack, John Zisa, Kenneth Zisa, Joseph Zisa, Stephen LoIacono, Joseph Mellone, Thomas P. Kavanagh, Fernando Garip, Karen Sasso, Jorge E. Meneses, Marlin G. Townes, Michael R. Melfi, Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez, Joel Thornton, Charles P. McAuliffe, Joanne Colon, William Osinsky, Theodore Malin, Roman Kaminsky and Dewey Aleem had no good faith reason to deny plaintiffs' applications.

91. The above-described conduct by the Defendants, City of Hackensack, Mayor and Council of the City of Hackensack, Planning Board of the City of Hackensack, Zoning Board of Adjustment of the City of Hackensack, John Zisa, Kenneth Zisa, Joseph Zisa, Stephen LoIacono, Joseph Mellone, Thomas P. Kavanagh, Fernando Garip, Karen Sasso, Jorge E. Meneses, Marlin G. Townes, Michael R. Melfi, Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez, Joel Thornton, Charles P. McAuliffe, Joanne Colon, William Osinsky, Theodore Malin, Roman Kaminsky and Dewey Aleem, violated the plaintiffs' right to freely acquire, own, develop, redevelop and freely to sell or transfer private property which is a fundamental civil right guaranteed by the New Jersey Constitution, known as the New Jersey Civil Rights Act, and the United States Civil Rights Act,

42 U.S.C. Section 1983.

92. As a direct and proximate result of Defendants City of Hackensack, Mayor and Council of the City of Hackensack, Planning Board of the City of Hackensack, Zoning Board of Adjustment of the City of Hackensack, John Zisa, Kenneth Zisa, Joseph Zisa, Stephen LoIacono, Joseph Mellone, Thomas P. Kavanagh, Fernando Garip, Karen Sasso, Jorge E. Meneses, Marlin G. Townes, Michael R. Melfi, Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez, Joel Thornton, Charles P. McAuliffe, Joanne Colon, William Osinsky, Theodore Malin, Roman Kaminsky and Dewey Aleem's actions, the defendants collectively have under color of law engaged in interference and attempts to interfere by threats, intimidation or coercion, the plaintiffs constitutional and civil rights.

93. As a direct and proximate result of Defendants City of Hackensack, Mayor and Council of the City of Hackensack, Planning Board of the City of Hackensack, Zoning Board of Adjustment of the City of Hackensack, John Zisa, Kenneth Zisa, Joseph Zisa, Stephen LoIacono, Joseph Mellone, Thomas P. Kavanagh, Fernando Garip, Karen Sasso, Jorge E. Meneses, Marlin G. Townes, Michael R. Melfi, Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez, Joel Thornton, Charles P. McAuliffe, Joanne Colon, William Osinsky, Theodore Malin, Roman Kaminsky and Dewey Aleem's actions, plaintiffs have suffered damages.

**WHEREFORE,** Plaintiffs demand judgment against Defendants City of Hackensack, Mayor and Council of the City of Hackensack, Planning Board of the City of Hackensack, Zoning Board of Adjustment of the City of Hackensack, John Zisa, Kenneth Zisa, Joseph Zisa, Stephen LoIacono, Joseph Mellone, Thomas P. Kavanagh, Fernando Garip, Karen Sasso, Jorge E. Meneses, Marlin G. Townes, Michael R. Melfi, Michael Guerra, Howard Hurwitz, John

Carroll, Humberto Goez, Francisco Rodriguez, Joel Thornton, Charles P. McAuliffe, Joanne Colon, William Osinsky, Theodore Malin, Roman Kaminsky and Dewey Aleem, jointly and severally, as follows:

A. Awarding compensatory damages;

B. Awarding punitive damages;

C. Awarding attorneys fees, costs, interest pursuant to 42 U.S.C.A. 1983 and the New Jersey Civil Rights Act, and for whatever further relief the Court deems just and equitable.

**COUNT TWO**

94. Plaintiffs repeat the allegations of the first count and makes the same apart hereof as if set forth in length.

95. On March 17, 2011, in the matter of V# 11-10 SP# 10-10, the plaintiffs authorized an Application for Variances and Site-Plan Approval for the property at 62-64 Main Street and 59-61 Moore Street. The Defendant Zoning Board of Adjustment denied the Application of PNC Bank to locate a bank branch at said location. On information and belief, Defendants Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez and Francisco Rodriguez; conspired with and were directed by Defendants John Zisa, Kenneth Zisa and Joseph Zisa to deny the plaintiffs' application.

96. On information and belief, Defendants Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez and Defendant Zoning Board of the City of Hackensack knew on March 17, 2011, when they denied plaintiffs' application, Defendant City of Hackensack was in the process of having the subject properties designated as "An Area in Need of Rehabilitation."

97. On information and belief, Defendants Michael Guerra,

Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez and Defendant Zoning Board of the City of Hackensack knew, on March 17, 2011, when they denied plaintiffs' application that the subject premises had been declared an "Area in need of Redevelopment" by Resolution No. 272-08 on August 5, 2008.

98. Defendants Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez and Defendant Zoning Board of Adjustment of the City of Hackensack knew on March 17, 2011 when they denied the application that Defendant Mayor and Council intended to adopt and did in fact adopt Resolution #159-11 on April 5, 2011 designating the plaintiffs' properties as an area-in-need of redevelopment. Said Resolution reads in part,

> "**WHEREAS**, the Planning Board further recommended that the Mayor and Council consider whether the vacation of Bridge Street would create a more effective redevelopment plan, since the street bisects the properties recommended as meeting the criteria for designation as an area-in-need of redevelopment, and therefore be necessary for the effective development of the area as a whole; and"

This language would be in complete conflict with the approvals being sought by the applicant with respect to said site plan. The plaintiffs' property currently has ingress and egress onto Bridge Street.

99. Defendant City of Hackensack adopted Resolution #272-08 on August 5, 2008 and Resolution #159-11 was adopted on April 5, 2011. Both resolutions contain the language with respect to vacating Bridge Street. Defendant City of Hackensack has not taken any steps to vacate Bridge Street since August 5, 2008. As Bridge Street is contiguous with 62-64 Main Street, upon vacating said street, it

would be offered to the contiguous landowner subject to a right of first refusal pursuant to N.J.S.A. 40A:12-13.2.

100. Defendant Board of Adjustment knew that Defendant City of Hackensack believed that vacating Bridge Street, which bisects the properties recommended as meeting the criteria for designation as an area-in-need of redevelopment, would be necessary for the effective redevelopment of the area. Plaintiff Michael J. Monaghan wrote to Defendant Mayor and Council City of Hackensack and Defendant Joseph Zisa on June 6, 2011 with respect to vacating Bridge Street. Defendant Stephen LoIacono advised the plaintiff by letter dated June 21, 2011 that the City does not wish to consider vacating Bridge Street at this time. Defendant LoIacono conspired with and was directed by Defendants John Zisa, Kenneth Zisa and Joseph Zisa to prevent the plaintiffs from acquiring Bridge Street.

101. Defendant LoIacono has stated publically words to the effect, "That as long as Michael Monaghan has any ownership interest in those properties we will never approve any development."

102. Defendant Fernando Garip has stated publically words to the effect, "I will make sure that his application (referring to the March 17, 2011 Board of Adjustment application) is denied by the Zoning Board."

103. Defendant Joseph Zisa has instructed borough employees including Defendants Joseph Mellone and Thomas Kavanagh to issue repeated summonses to Plaintiff 62-64 Main Street, LLC.

104. Defendant Joseph Mellone engaged in an ongoing pattern of harassment of 62-64 Main Street, LLC by issuing said summonses and other violations. Defendant Mellone conspired with and was directed by Defendants John Zisa, Kenneth Zisa and Joseph Zisa to prevent the plaintiffs to issue summonses.

105. Defendant Thomas Kavanagh engaged in an ongoing pattern of

harassment of 62-64 Main Street, LLC by issuing said summonses and other violations. Defendant Kavanagh conspired with and was directed by Defendants John Zisa, Kenneth Zisa and Joseph Zisa to prevent the plaintiffs to issue summonses.

106. Defendant City of Hackensack has been under the influence and the direction of the Defendants John Zisa, Kenneth Zisa and Joseph Zisa for the past twenty years. Defendants John Zisa, Kenneth Zisa and Joseph Zisa have controlled who sat as Chairman and Members of Defendant Planning Board and Defendant Zoning Board of Adjustment. Defendants John Zisa, Kenneth Zisa and Joseph Zisa have been responsible for the appointment to City Manager, Building Department.

107. Defendants John Zisa, Kenneth Zisa and Joseph Zisa have been known to retaliate against parties who support candidates other than those supported by Defendants John Zisa, Kenneth Zisa and Joseph Zisa. Plaintiffs herein have openly supported non-Zisa candidates.

108. Defendants Mayor and Council of the City of Hackensack; Planning Board of the City of Hackensack; Zoning Board of Adjustment of the City of Hackensack; John Zisa; Kenneth Zisa; Joseph Zisa; Stephen LoIacono; Joseph Mellone; Thomas P. Kavanagh; Fernando Garip, Jr.; Karen Sasso; Jorge E. Meneses; Marlin G. Townes; Michael R. Melfi; Michael Guerra; Howard Hurwitz; John Carroll; Humberto Goez; Francisco Rodriguez; Joel Thornton; Charles P. McAuliffe; Joanne Colon; William Osinsky; Theodore Malin; Roman Kaminsky and Dewey Aleem have engaged in a pattern and practice over the past nineteen years of refusing to permit the Plaintiffs to use their property to its highest and best use. Said Defendants have used a variety of tactics and stratagems which has prevented the Plaintiff from developing said property.

109. As a direct result of the Defendants Mayor and Council of the City of Hackensack; Planning Board of the City of Hackensack;

Zoning Board of Adjustment of the City of Hackensack; John Zisa; Kenneth Zisa; Joseph Zisa; Stephen LoIacono; Joseph Mellone; Thomas P. Kavanagh; Fernando Garip, Jr.; Karen Sasso; Jorge E. Meneses; Marlin G. Townes; Michael R. Melfi; Michael Guerra; Howard Hurwitz; John Carroll; Humberto Goez; Francisco Rodriguez; Joel Thornton; Charles P. McAuliffe; Joanne Colon; William Osinsky; Theodore Malin; Roman Kaminsky and Dewey Aleem's actions, the Plaintiffs' properties have been frozen in a captive state by the City which has resulted in the plaintiffs and Members of the plaintiffs' LLCs having experienced and continue to experience the loss of all economically viable use of their property and the potential profits there from for which just compensation is due and owing.

110. Due to the cloud of redevelopment by the Defendants and Defendant City of Hackensack over 62-64 Main Street, LLC and 59-61 Moore Street, LLC purchasers, private developers and tenants have been deterred or frightened away, thereby depriving the Members of 62-64 Main Street LLC and 59-61 Moore Street, LLC of substantially all economically viable use and all economic value of their properties.

111. The above-described conduct by the defendants violated the plaintiffs' civil rights guaranteed by the New Jersey Constitution, known as the New Jersey Civil Rights Act and the United States Civil Rights Act, 42 U.S.C. Section 1983.

112. As a direct and proximate result of defendants' actions, plaintiffs have suffered damages.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, City of Hackensack, Mayor and Council of the City of Hackensack, Planning Board of the City of Hackensack, Zoning Board of Adjustment of the City of Hackensack, John Zisa, Kenneth Zisa, Joseph Zisa, Stephen LoIacono, Joseph Mellone, Thomas P.

Kavanagh, Fernando Garip, Karen Sasso, Jorge E. Meneses, Marlin G. Townes, Michael R. Melfi, Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez, Joel Thornton, Charles P. McAuliffe, Joanne Colon, William Osinsky, Theodore Malin, Roman Kaminsky and Dewey Aleem, jointly and severally, as follows:

A. Awarding compensatory damages;

B. Awarding punitive damages;

C. Awarding attorneys fees, costs, interest pursuant to 42 U.S.C.A. 1983 and the New Jersey Civil Rights Act, and for whatever further relief the Court deems just and equitable.

## COUNT THREE

113. Plaintiffs repeat the allegations of the first count and second count containing paragraphs 1 through 112 and makes the same apart hereof as if set forth in length.

114. Plaintiffs have exhausted all of their available administrative and other remedies.

115. Defendants, City of Hackensack, Mayor and Council of the City of Hackensack, Planning Board of the City of Hackensack, Zoning Board of Adjustment of the City of Hackensack, John Zisa, Kenneth Zisa, Joseph Zisa, Stephen LoIacono, Joseph Mellone, Thomas P. Kavanagh, Fernando Garip, Karen Sasso, Jorge E. Meneses, Marlin G. Townes, Michael R. Melfi, Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez, Joel Thornton, Charles P. McAuliffe, Joanne Colon, William Osinsky, Theodore Malin, Roman Kaminsky and Dewey Aleem have engaged in a pattern and practice of refusing to designate the plaintiffs as the "redeveloper" of their properties and refusing to permit the plaintiff to develop or

redevelop by a variety of tactics and stratagems such that the defendants have frozen the plaintiffs property in a captive status as de facto municipal property held in abeyance for some future use while taxing the plaintiff/owners fully.

116. As a result of holding the plainitffs' properties "frozen" in a "captive" state, the Defendants, City of Hackensack, Mayor and Council of the City of Hackensack, Planning Board of the City of Hackensack, Zoning Board of Adjustment of the City of Hackensack, John Zisa, Kenneth Zisa, Joseph Zisa, Stephen LoIacono, Joseph Mellone, Thomas P. Kavanagh, Fernando Garip, Karen Sasso, Jorge E. Meneses, Marlin G. Townes, Michael R. Melfi, Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez, Joel Thornton, Charles P. McAuliffe, Joanne Colon, William Osinsky, Theodore Malin, Roman Kaminsky and Dewey Aleem, the plaintiffs have experienced and continue to experience the loss of substantially all economic values of their properties for which just compensation is due and owing.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, City of Hackensack, Mayor and Council of the City of Hackensack, Planning Board of the City of Hackensack, Zoning Board of Adjustment of the City of Hackensack, John Zisa, Kenneth Zisa, Joseph Zisa, Stephen LoIacono, Joseph Mellone, Thomas P. Kavanagh, Fernando Garip, Karen Sasso, Jorge E. Meneses, Marlin G. Townes, Michael R. Melfi, Michael Guerra, Howard Hurwitz, John Carroll, Humberto Goez, Francisco Rodriguez, Joel Thornton, Charles P. McAuliffe, Joanne Colon, William Osinsky, Theodore Malin, Roman Kaminsky and Dewey Aleem, jointly and severally, as follows:

A. Awarding compensatory damages;

B. Awarding punitive damages;

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Michael J. Monaghan, Esq. is hereby designated as trial counsel for plaintiffs in the above matter.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO RULE 4:5-1

To the best of my knowledge, the matter in controversy is not the subject of any other action pending in any Court or of any arbitration proceeding, except: four pending lawsuits, namely in the matter of *62-64 Main Street, LLC et al. v. City of Hackensack et al.*, Docket No.: BER-L-6854-08; and *62-64 Main Street, LLC et al. v. City of Hackensack et al.*, Docket No.: BER-L-4358-11. Both of these suits address the issue as to whether or not the subject properties were properly designated as an area-in-need of redevelopment. On May 3, 2013 the Appellate Division rendered a decision reversing the trial court and finding for the plaintiffs that the subject property does not constitute an area in need of redevelopment. The defendants have made an application seeking certification to the New Jersey Supreme Court.

The action of *62-64 Main Street, LLC and 59-61 Moore Street, LLC vs. City of Hackensack and the Board of Adjustment of the City of Hackensack* is pending in the Superior Court of New Jersey bearing Docket No: BER-L-4617-11. A Complaint in Lieu of Prerogative Writ was filed based upon the Board of Adjustment's denial of an application on March 17, 2011. This matter is presently pending in the Superior Court.

The action of *62-64 Main Street v. City of Hackensack, a Municipal Corporation; Hackensack Municipal Court; Louis J. Dinice; Vincent Galasso; Elizabeth Pezzillo, et al*, is pending in the Superior Court bearing Docket No. BER-L-2326-12. A Complaint was filed against various defendants alleging denial of the plaintiffs Federal and State Constitutional rights and other relief. A Voluntary Dismissal Without Prejudice was taken by the Plaintiffs.

The action of *Michael J. Monaghan, Frank Callahan, Danny Callahan, 62-64 Main Street, LLC and 59-61 Moore Street, LLC vs. Mayor and Council of the City of Hackensack, Planning Board of the City of Hackensack, Zoning Board of Adjustment of the City of Hackensack,* is pending in the Superior Court bearing Docket No. BER-L-6091-12. A Complaint was filed against various defendants addressing the issue as to whether or not the plaintiffs' property was properly designated as an area in need of rehabilitation and other relief. This matter is presently pending.

The action of *City of Hackensack vs. 62-64 Main Street, LLC* is pending in the Superior Court bearing Docket No. BER-L-2745-13. The defendant in the above-captioned matter under the same docket number filed a Third-Party Complaint captioned *62-64 Main Street, LLC vs. City Of Hackensack, A Municipal Corporation;* Joseph Zisa; Joseph Mellone; Thomas P. Kavanagh; et al. This matter is presently pending in the Superior Court.

The action of 62-64 Main Street, LLC, et al. vs. The City of Hackensack is pending in the Superior Court bearing Docket No. BER-L-3627-13. This matter is presently pending in the Superior Court.

I herby certify that the statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**MICHAEL J. MONAGHAN, ESQ.**
Counsel for Plaintiffs

Dated: June 26, 2013

Appendix XII-B1

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: | ☐ CK ☐ CG ☐ CA |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

| | | |
|---|---|---|
| ATTORNEY / PRO SE NAME<br>Peter D. Dickson & Michael J. Monaghan | TELEPHONE NUMBER<br>(201) 489-0600 | COUNTY OF VENUE<br>Bergen |
| FIRM NAME (if applicable)<br>Peter D. Dickson of Potter & Dickson, & Michael J. Monaghan, Esq. | | DOCKET NUMBER (when available) |
| OFFICE ADDRESS<br>P. Dickson, Potter & Dickson, 194 Nassau St. #32, Princeton, NJ 08542<br>Michael J. Monaghan, Esq., 50 Main Street, Hackensack, NJ 07601 | | DOCUMENT TYPE<br>Complaint |
| | | JURY DEMAND ☒ Yes ☐ No |

| | |
|---|---|
| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>Michael J. Monaghan, Frank Callahan, Danny Callahan, 62-64 Main St., LLC, 59-61 Moore St., LLC | CAPTION<br>Michael J. Monaghan, Frank Callahan, Danny Callahan, 62-64 Main St., LLC, 59-61 Moore St., LLC vs. City of Hackensack, A Municipal Corporation, et. al |
| CASE TYPE NUMBER (See reverse side for listing)<br>005 | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO<br>IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| RELATED CASES PENDING?<br>☒ Yes ☐ No | IF YES, LIST DOCKET NUMBERS<br>BER-L-6854-08; BER-L-4358-11; BER-L- 4617-11; BER-L-2326-12; BER-L-6091-12; BER-L-2745-12; BER-L-3627-13 |
| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?<br>☐ Yes ☒ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)<br>☐ NONE<br>☐ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| | |
|---|---|
| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>☐ Yes ☒ No | IF YES, IS THAT RELATIONSHIP:<br>☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)<br>☐ FAMILIAL ☐ BUSINESS |

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ Yes ☒ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

RECEIVED
JUN 26 2013
SUPERIOR COURT OF NEW JERSEY
COUNTY OF BERGEN
FINANCE DIVISION

| | |
|---|---|
| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?<br>☐ Yes ☒ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
| WILL AN INTERPRETER BE NEEDED?<br>☐ Yes ☒ No | IF YES, FOR WHAT LANGUAGE? |

**I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).**

ATTORNEY SIGNATURE: [signature]

Side 2

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

**Track III - 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Centrally Managed Litigation (Track IV)**
285 STRYKER TRIDENT HIP IMPLANTS
288 PRUDENTIAL TORT LITIGATION
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
623 PROPECIA

**Mass Tort (Track IV)**
266 HORMONE REPLACEMENT THERAPY (HRT)
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
278 ZOMETA/AREDIA
279 GADOLINIUM
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
284 NUVARING
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
601 ASBESTOS

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.**

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**

JS 44 (Rev 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
MICHAEL J. MONAGHAN, FRANK CALLAHAN, DANNY CALLAHAN, 62-64 MAIN STREET, LLC, and 59-61 MOORE STREET, LLC

(b) County of Residence of First Listed Plaintiff: Bergen
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, Email and Telephone Number)*
Peter D. Dickson, Esq., Potter & Dickson Esqs., 194 Nassau Street, #32 Princeton, New Jersey 08542, 609-921-9555

**DEFENDANTS**
CITY OF HACKENSACK, A MUNICIPAL CORPORATION; MAYOR & COUNCIL OF THE CITY OF HACKENSACK, et. al.

County of Residence of First Listed Defendant: Bergen
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Thomas P. Scrivo, Esq., MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP, Three Gateway Center, 100 Mulberry Street, Newark, New Jersey 07102, 973-622-7711, tscrivo@mdmc-law.com

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury; ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY: ☐ 365 Personal Injury - Product Liability; ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☒ 440 Other Civil Rights; ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/ Accommodations; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus: ☐ 463 Alien Detainee; ☐ 510 Motions to Vacate Sentence; ☐ 530 General; ☐ 535 Death Penalty
Other: ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition; ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Management Relations; ☐ 740 Railway Labor Act; ☐ 751 Family and Medical Leave Act; ☐ 790 Other Labor Litigation; ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
☐ 462 Naturalization Application; ☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 375 False Claims Act; ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit; ☐ 490 Cable/Sat TV; ☐ 850 Securities/Commodities/ Exchange; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 893 Environmental Matters; ☐ 895 Freedom of Information Act; ☐ 896 Arbitration; ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision; ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C. 1983
Brief description of cause: Constitutional Rights Causes of Action

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE ________ DOCKET NUMBER ________

DATE: 07/26/2013 SIGNATURE OF ATTORNEY OF RECORD: /S/Thomas P. Scrivo

**FOR OFFICE USE ONLY**
RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Case 2:23-cv-08444-KSH-AME Document 1-7 Filed 07/26/23 Page 41 of 41 PageID: 1046

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.