# EXHIBIT I

2026 WL 2199226
Only the Westlaw citation is currently available.
**NOT FOR PUBLICATION**
United States District Court, D. New Jersey.

Ryan SCHLOSSER, Plaintiff,
v.
KINSEY'S ARCHERY PRODUCTS, INC., et al., Defendants.

Civil Action No. 25-18671 (ZNQ) (RLS)
|
Signed July 30, 2026

**Attorneys and Law Firms**

Edward A. Allegra, Allegra Law Firm, LLC, Highlands, NJ, for Plaintiff.

James A. French, CHERRY HILL, for Cross Claimants, Defendants Kind Outdoors, LLC, Contintental Technologies, Inc.

Eric Cory Rosenberg, Gordon Rees Scully Mansukhani, Philadelphia, PA, for Defendant, Cross Defendant, Kinsey's Archery Products, Inc.

James Carton IV, Carton Law Firm, Manasquan, NJ, for Defendant All Game Taxidermy.

**OPINION**

QURAISHI, District Judge

*1 **THIS MATTER** comes before the Court upon several motions: (1) Defendant Kinsey's Archery Products, Inc.'s ("Kinsey") Motion to Dismiss ("Kinsey's MTD," ECF No. 4); Defendant All Game Taxidermy's ("All Game") Motion to Dismiss ("All Game's MTD," ECF No. 7); and (3) Plaintiff Ryan Schlosser's ("Plaintiff") Motion to Remand ("MTR," ECF No. 16).

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** Plaintiff's Motion to Remand and **DENY** Kinsey' and All Game Taxidermy's Motions to Dismiss as moot.

## I. BACKGROUND AND PROCEDURAL HISTORY

This matter stems from an accident allegedly involving two products: an X.O.P. Vanish and an X.O.P. LMO4 3-Pack.[1] (*See* Compl. at 1.) Plaintiff alleges causes of action against Defendants Kinsey, All Game, Kind Outdoors, LLC ("Kind Outdoors"), and Continental Technologies, Inc. ("Continental") (collectively, "Defendants") for products liability arising from theories of strict liability, negligence, and breach of express and implied warranties. (*See generally id.*)

Plaintiff initiated this action by filing the Complaint in the Superior Court of New Jersey, Middlesex County, Law Division, on November 26, 2025. (*Id.*) Kinsey snap-removed this action to this Court on December 16, 2025 on the basis of diversity jurisdiction. (ECF No. 1.)

On December 23, 2025, Kinsey moved to dismiss the Complaint. (ECF No. 4.) Thereafter, on December 31, 2025, All Game moved to dismiss on nearly identical grounds. (ECF No. 7.) Plaintiff filed the MTR on January 20, 2026.

## II. LEGAL STANDARD

A federal court has a duty to ensure it has subject matter jurisdiction over any matters before it and must remand the matter if there is no subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). District courts can exercise jurisdiction over any matter arising under federal law and in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different States." 28 U.S.C. § 1331; 28 U.S.C. § 1332(a).

A defendant can remove a civil action that was brought in state court "of which the district courts of the United States have original jurisdiction." 18 U.S.C. § 1441(a). Removal is therefore "only proper for a matter that could have been filed in federal court from the start." *Hampton v. Speedway, LLC*, Civ. No. 20-6279, 2021 WL 1339953, at *1 (E.D. Pa. Apr. 9, 2021). § 1441(a) does not confer jurisdiction. *See id.* Instead, it provides a mechanism to remove a matter from state court to federal court when—and only when—there is federal question jurisdiction or diversity jurisdiction present. *Id.*

Schlosser v. Kinsey's Archery Products, Inc., Slip Copy (2026)

**III. DISCUSSION**

***2** Kinsey and All Game assert that this Court has diversity jurisdiction because the only forum defendant, All Game, is an innocent seller entitled to immunity under the New Jersey Product Liability Act ("NJPLA") and that Plaintiff lacks any viable cause of action against All Game. (*See generally* ECF No. 20 ("Kinsey's Opp'n Br. to MTR"); ECF No. 18 ("All Game's Opp'n Br. to MTR").) In his MTR, Plaintiff argues that this Court lacks subject matter jurisdiction. (*See generally* ECF No. 16, ("MTR Moving Br.").)

For purposes of diversity jurisdiction under § 1332(a), it is irrelevant whether a defendant was served at the time of removal. *See Hampton*, 2021 WL 1339953, at *2. The citizenship of *all* parties must be considered when evaluating whether diversity jurisdiction exists. § 1332(a).

Here, Defendants improperly ask this Court to ignore All Game's citizenship to determine whether there is diversity. This case involves: Plaintiff, a New Jersey citizen; Kinsey, a Pennsylvania citizen; Continental and Kind Outdoors[2], Iowa citizens; *and* All Game, a New Jersey citizen. Section 1332(a) requires complete diversity among all parties, which is not present here.

Defendants contend that, pursuant to N.J.S.A. 2A:58C-9, a product seller like All Game can "only be liable if it exercised control over the packaging or labeling of the product, knew or should have known of any defect in the product, or itself created the defect that caused the injury in issue." (Kinsey's Opp'n Br. to MTR at 6; *see also* All Game's Opp'n Br. to MTR.)

Section 2A:58C-9(a) of the NJPLA provides that, "[i]n any product liability action against a product seller," the seller "may file an affidavit certifying the correct identity of the manufacturer of the product which allegedly caused the injury, death or damage." Upon filing such an affidavit, "the product seller shall be relieved of all strict liability claims [asserted against it], subject to the provisions set forth" therein. N.J.S.A. § 2A:58C-9(b). Due diligence must be exercised in providing the plaintiff with the correct identity of the manufacturer(s). *See id*. Notably, subsection (d) prescribes that a product seller can be held liable if it "has exercised some significant control over the design, manufacture, packaging or labeling of the product relative to the alleged defect in the product." N.J.S.A. § 2A:58C-9(d)(1).

The party seeking to avail itself of innocent-seller immunity has the burden to prove that the factors in subsection (d) do not apply. *See Geraczynski v. Nat'l R.R. Passenger Corp.*, Civ. No. 11-6385, 2013 WL 5934552, at *5 (D.N.J. Nov. 1, 2013) (quoting *Claypotch v. Heller, Inc.*, 823 A.2d 844, 851 (N.J. Super. Ct. App. Div. 2003)) (concluding that a product seller must establish "that it had no 'significant responsibility' for the alleged defect"). This can be done by "presenting evidence to that effect or by pointing to a lack of evidence in the record supporting opposite conclusions." *Bashir v. Home Depot*, Civ. No. 08-4745, 2011 WL 3625707, at *3 (D.N.J. Aug. 16, 2011) (citation omitted).

***3** The doctrine of fraudulent joinder provides an exception to the requirement that removal be established entirely upon complete diversity. *In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006). If there is no separate federal question jurisdiction, the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). Given that the removing party seeks to impose jurisdiction upon a federal court, it must meet a "heavy burden of persuasion" to establish fraudulent joinder. *Id.* (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir. 1987), *cert. dismissed*, 484 U.S. 1021 (1988)); *see also Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). As such, joinder may only be found fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff*, 977 F.2d at 851 (quoting *Boyer*, 913 F.2d at 111) (internal quotation marks omitted). "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.* (quoting *Boyer*, 913 F.2d at 111) (internal quotation marks omitted).

At its core, fraudulent joinder "is about frivolousness." *Prudential Ins. Co. of Am. v. Barclay's Bank PLC*, Civ. No. 12-5854, 2013 WL 221995, at *10 (D.N.J. Jan. 22, 2013), *adopted by* 2013 WL 1890279 (D.N.J May 6, 2013). The substantive merits of disputed claims are not relevant to the fraudulent joinder analysis. *See Mondesir v. Marriott Int'l Inc.*, Civ. No. 22-1346, 2022 WL 17084405, at *2 (D.N.J. Oct. 26, 2022), *adopted by* 2022 WL 17082494 (D.N.J. Nov. 18, 2022).

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

The Third Circuit has consistently held that "the inquiry into the validity of the complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder." *Batoff*, 977 F.2d at 852; *see also In re Briscoe*, 448 F.3d at 216. Indeed, "[e]ven when the allegations against a defendant are sparse, the [Third Circuit's] fraudulent joinder jurisprudence ... directs an approach *significantly more forgiving than that governing motions to dismiss.*" *Mondesir*, 2022 WL 17084405, at *2 (citing *Rabner v. Express Scripts Holding Co.*, Civ. No. 18-8639, 2019 WL 1043101, at *1 (D.N.J. Mar. 5, 2019) (emphasis added) (internal quotations omitted)); *see also Dugan v. AAA North Jersey*, Civ. No. 18-515, 2018 WL 3422131, at *2 n.1 (D.N.J. June 28, 2018) (fraudulent joinder is "extremely demanding" and "should not be found simply because plaintiff has a weak case against a forum or non-diverse defendant." (internal quotes omitted)). Thus, "[i]f there is even a *possibility* that a state court would find that the complaint states a cause of action ... the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (emphasis added) (quotation omitted). For that reason, the Third Circuit has not found joinder improper based on sparsely pled claims, but rather, has only found fraudulent joinder has been established when the claims at issue are patently frivolous or otherwise inappropriate. *See, e.g.*, *Brown v. Jevic*, 575 F.3d 322, 326–27 (3d Cir. 2009) (fraudulent joinder appropriate when non-diverse party was in bankruptcy and could not be sued); *In re Briscoe*, 448 F.3d at 219 (fraudulent joinder when claim against non-diverse party was barred by statute of limitations); *Hogan v. Raymond Corp.*, 536 Fed. Appx. 207, 210 (3d Cir. 2013) (fraudulent joinder when claim was clearly barred by Pennsylvania Workers' Compensation Act); *Roggio v. McElroy, Deutsch, Mulvaney & Carpenter LLP*, 415 Fed. Appx. 432, 433 (3d Cir. 2011) (fraudulent joinder when claims against non-diverse parties were barred by statute of limitations and absolute litigation privilege).

***4** Here, the Court is only concerned with whether it is *possible* that a state court could find that Plaintiff might have a single, non-frivolous claim as to All Game. In the Complaint, Plaintiff asserts product liability claims against All Game, including: product defect; manufacturing defect; design defect; failure to warn; breach of warranty; negligence; failure to adhere to standards and customs in the industry; breach of duty to warn; and failure to inspect. The Court need not consider whether the allegations in the Complaint are admittedly "sparse" or "conclusory." *See, e.g.*, *Vastola v. Sterling, Inc.*, Civ. No. 21-14089, 2022 WL 2714009, at *3–4 (D.N.J. July 13, 2022) (no fraudulent joinder, finding sparse and conclusory allegations to be sufficient to support a "possible" claim); *Melendez v. Colorite Plastics Co.*, Civ. No. 15-1931, 2015 WL 6745841, at *6 (D.N.J. Oct. 19, 2015) (finding no fraudulent joinder and a colorable claim despite "sparse and conclusory" allegations), *adopted by* 2015 WL 6755277 (D.N.J. Nov. 4, 2015). Nor must the Court evaluate the merits of each individual claim. *See, e.g.*, *Miloseska v. Liberty Travel, Inc.*, Civ. No. 12-6108, 2012 WL 6771978, at *3–4 (D.N.J. Dec. 20, 2012) ("Whether these allegations are sufficient ... [treads] too closely to deciding this matter on the merits, which inevitably requires the Court to treat this issue as a motion to dismiss."), *adopted by* 2013 WL 178065 (D.N.J. Jan. 16, 2013). Indeed, some courts have even concluded that an evaluation of the substantive merits of the dispute claim is not just unnecessary but improper. *See Pinnacle Choice, Inc., et al. v. Silverstein et al.*, Civ. No. 07-5857, 2008 WL 2003759, at *7 (D.N.J. May 6, 2008) (a detailed examination of Plaintiff's claim is not proper as such "a micro-view of the pleadings ... is excessive in the context of fraudulent joinder"), *adopted by* 2008 WL 2152228 (D.N.J. May 20, 2008).

In opposition to Plaintiff's MTR, All Game files a two-page memorandum. (All Game's Opp'n Br. to MTR.) All Game baldly asserts that it was named in this case solely for Plaintiff to defeat diversity jurisdiction. (*Id.* at 1.) All Game claims that it is "neither a product designer, manufacturer, producer or reseller of any product[,]" but rather, that Plaintiff's brother used an account All Game maintained with Kinsey to purchase the at-issue products at a discounted price. (*Id.*)

Kinsey offers more in support of the argument that this Court has subject matter jurisdiction. (*See generally* Kinsey's Opp'n Br. to MTR.) In addition to arguing that innocent-seller immunity applies to All Game, Kinsey asserts that the standard for fraudulent joinder is satisfied. (*Id.* at 5–7.)

Defendants argue that All Game is merely a pass-through seller and, as such, cannot be liable for the claims asserted against it. Although Defendants cite to the fraudulent joinder standard, Defendants' arguments mirror those advanced by a party seeking to dismiss the complaint pursuant to Rule 12(b)(6) standards. This approach runs counter to Third Circuit jurisprudence.

The Court finds that Defendants have failed to carry their burden in seeking to invoke innocent-seller immunity as to All Game. While, indeed, All Game provided Carl R.

Osterlund's affidavit on December 31, 2025 (ECF No. 7-3), and disclosed that X.O.P. manufactured the product at issue, Defendants' application presents little else to support the notion that innocent-seller immunity applies. Specifically, in Osterlund's affidavit, Osterlund concedes that All Game is "not any type of retail establishment, nor ... provide[s] goods or apparel for sale[.]" (*Id.*) Then, somehow, All Game contends that innocent-seller immunity still applies — even though All Game *also* claims it is not a retailer. The Court finds this showing is insufficient to establish that Plaintiff's claim as to All Game is frivolous.

## IV. CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's Motion to Remand and **DENY** Kinsey' and All Game Taxidermy's Motions to Dismiss as moot. This matter will be remanded to the Superior Court of New Jersey, Law Division, Middlesex County. An appropriate Order will follow.

**All Citations**

Slip Copy, 2026 WL 2199226

Footnotes

1 The terse Complaint as originally filed in state court does not describe the products at issue. For context, they appear to be mobile tree stands and climbing sticks that are marketed for hunting purposes. http://www.xopoutdoors.com (last visited July 24, 2026).

2 The proper citizenship of Kind Outdoors, LLC is also not clear. The Notice of Removal ("NOR") filed by Kinsey asserts that Kind Outdoors has an Iowa address. (NOR ¶ 12.) The diversity disclosure statement also filed by Kinsey asserts on information and belief that Kind Outdoors is an Iowa entity and that "none of its members are believed to be citizens of New Jersey." (ECF No. 3.) Insofar as the Court finds that this matter must be remanded on other grounds, it need not resolve the issue of the proper citizenship of Kind Outdoors, LLC.

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.