# EXHIBIT J

KeyCite Yellow Flag
Disagreed With by Meier v. Premier Wine & Spirits, Inc., E.D.N.Y., May 27, 2005

753 F.Supp. 148
United States District Court, D. New Jersey.

Carmella GIANGOLA and
Mario Giangola, Plaintiffs,
v.
WALT DISNEY WORLD COMPANY,
Walt Disney Company, Inc., John Doe,
and XYZ Corporations, Defendants.

Civ. No. 90–2497 (DRD).
|
Nov. 27, 1990.

**Synopsis**
Personal injury plaintiffs, citizens of New Jersey, brought action against Delaware corporation with its principal place of business in Florida. Action was removed on petition of corporation. Magistrate raised issue of sufficiency of petition for removal sua sponte and issued order to show cause why case should not be dismissed or transferred. Thereafter, magistrate ordered case remanded to superior court. Corporation moved for reconsideration. Magistrate held hearing and found in corporation's favor. Corporation thereafter filed motion to dismiss for lack of personal jurisdiction. The District Court, Debevoise, J., held that: (1) magistrate could not enter valid order remanding case to superior court, and thus order to remand was without legal effect and was null and void ab initio; (2) district court can declare magistrate's attempt to remand case contrary to law authorizing him to act and thus legally ineffectual; (3) information contained in record corrected defect in removal petition; and (4) corporation did not have sufficient minimum contacts with New Jersey to confer personal jurisdiction over corporation.

Motion to dismiss granted, matter transferred.

**Procedural Posture(s):** Motion to Dismiss; Motion to Dismiss for Lack of Personal Jurisdiction.

West Headnotes (16)

[1] **Removal of Cases** Order for remand

Magistrate's order remanding case to state court was dispositive; issue decided concerned court's jurisdiction, in that remand order is equivalent of dismissal, and thus order sought to effect involuntary dismissal of action. 28 U.S.C.A. § 636(b)(1)(A).

28 Cases that cite this headnote

[2] **United States Magistrate Judges** Hearing, trial, findings, and determination in general

**United States Magistrate Judges** Dispositive orders, rulings on merits, and dismissal in general

**United States Magistrate Judges** Remand

Magistrate was not empowered to hear matter seeking "involuntary dismissal" of action without being designated by district judge, even though magistrate could hold hearing on issue of whether removal was proper; magistrate was restricted to submitting proposed findings of fact and recommendation for disposition of matter. 28 U.S.C.A. § 636(b)(1)(A, B); U.S.Dist.Ct.Rules D.N.J., General Rule 40, subd. A, par. 2.

5 Cases that cite this headnote

[3] **United States Magistrate Judges** Remand

Magistrate's order to remand was without legal effect and was null and void ab initio, where magistrate had not been designated to hear matter by district judge. 28 U.S.C.A. § 636(b)(1)(A, B); U.S.Dist.Ct.Rules D.N.J., General Rule 40, subd. A, par. 2.

8 Cases that cite this headnote

[4] **United States Magistrate Judges** Remand

Magistrate was not empowered to render final reconsideration of his ruling ordering remand to state court, in that magistrate was without

authority to issue original order. 28 U.S.C.A. § 636(b)(1)(B, C); U.S.Dist.Ct.Rules D.N.J., General Rule 40, subds. A, par. 2, D, par. 5.

15 Cases that cite this headnote

[5] **Federal Courts** Persons or bodies who may exercise judicial power

Final determination, and issuance of any enforceable court order, must derive from Article III judge who remains ultimately responsible for exercise and declination of federal court's jurisdiction. 28 U.S.C.A. § 636(b)(1)(B, C); U.S.Dist.Ct.Rules D.N.J., General Rule 40, subds. A, par. 2, D, par. 5.

[6] **United States Magistrate Judges** Clear error, manifest error, or contrary to law in general

District court can declare magistrate's attempt to remand case contrary to law authorizing him to act and thus legally ineffectual. 28 U.S.C.A. § 1447(d).

2 Cases that cite this headnote

[7] **Removal of Cases** Jurisdiction acquired by United States court in general

Absence of any allegation concerning citizenship of codefendant is defect that precludes taking diversity jurisdiction over case on removal. 28 U.S.C.A. § 1332.

1 Case that cites this headnote

[8] **Removal of Cases** Notice or Petition

Information contained in record corrected removal petition's defect of not alleging citizenship of codefendant, and thus petition would not be dismissed for failing to show diversity. 28 U.S.C.A. § 1332.

[9] **Removal of Cases** Notice or Petition

Information submitted after issue of removal petition's failure to identify citizenship of codefendant was raised constituted amendment of petition which was allowed even after 30–day limit to file new petition had expired, where diversity of parties was alleged in original petition and information provided allegations of greater specificity. 28 U.S.C.A. § 1332.

5 Cases that cite this headnote

[10] **Constitutional Law** Personal jurisdiction in general

**Federal Courts** Personal jurisdiction

Federal district court had personal jurisdiction over defendant if exercise of personal jurisdiction over defendant comported with law of state in which district court was situated, and due process was not violated. U.S.C.A. Const.Amends. 5, 14; Fed.Rules Civ.Proc.Rule 4(e), 28 U.S.C.A.

3 Cases that cite this headnote

[11] **Federal Courts** Presumptions and burden of proof

When nonresident defendant challenges action for lack of personal jurisdiction, plaintiff bears burden of demonstrating that defendant's contacts with forum state are sufficient to confer personal jurisdiction on court. 28 U.S.C.A. § 1332; U.S.C.A. Const.Amends. 5, 14.

12 Cases that cite this headnote

[12] **Federal Courts** Weight and sufficiency

To carry its burden of demonstrating that defendant's contacts with forum state are sufficient to confer personal jurisdiction, plaintiff must show with "reasonable particularity" that forum, and thus court, had either specific jurisdiction, where cause of action arose from defendant's activities within forum state, or general jurisdiction, derived from defendant's continuous and systematic conduct in forum state. 28 U.S.C.A. § 1332; U.S.C.A. Const.Amends. 5, 14.

21 Cases that cite this headnote

[13] **Federal Courts** Unrelated contacts and activities; general jurisdiction

Plaintiff seeking to overcome challenge to court exercising general jurisdiction over nonresident defendant must show substantially more than mere minimum contacts to establish personal jurisdiction, but nonresident defendant's contacts must be continuous and substantial for general jurisdiction to exist. U.S.C.A. Const.Amends. 5, 14.

27 Cases that cite this headnote

[14] **Federal Courts** Presumptions and burden of proof

Burden for plaintiff seeking to establish specific jurisdiction over nonresident defendant is carried by establishing minimum contacts between defendant and forum. U.S.C.A. Const.Amends. 5, 14.

12 Cases that cite this headnote

[15] **Federal Courts** Factors Considered in General

Central concern in question of personal jurisdiction is predictability and fairness of court taking jurisdiction over defendant. U.S.C.A. Const.Amends. 5, 14.

2 Cases that cite this headnote

[16] **Federal Courts** Torts in general

Delaware corporation with its principal place of business in Florida did not have sufficient minimum contacts with New Jersey to confer personal jurisdiction over corporation in action brought by New Jersey citizen who was injured at Florida recreational and informational facility of company; general advertising engaged in by company was not equivalent of purposefully availing itself of benefits or protection of laws of New Jersey, where there was no direct contact between plaintiffs and agents of corporation in New Jersey, no negotiations were conducted or agreements executed in New Jersey by company or its agents or representatives, and no communications were alleged to have been instructed to plaintiffs individually or alleged to have induced plaintiffs to contact specific agents of defendant. 28 U.S.C.A. § 1332; U.S.C.A. Const.Amends. 5, 14.

16 Cases that cite this headnote

**Attorneys and Law Firms**

***150** Hogger and Sheeler by Charles F. Sheeler, Closter, N.J., for plaintiffs Carmella Giangola and Mario Giangola.

Richard A. Tanner, P.C., Cedar Grove, N.J., for defendants Walt Disney World Co.

OPINION

DEBEVOISE, District Judge.

Defendant Walt Disney World Company [hereafter “Disney”] moves to dismiss this personal injury action for lack of personal jurisdiction over the defendant pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In the alternative, defendant moves for transfer of venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404. Plaintiffs contend that this case is no longer pending in this court, having been remanded to state court as improperly removed, and thus argue that I am without jurisdiction to decide this motion.

FACTS

This case came before the District Court on removal from the New Jersey Superior Court—Law Division. The petition for removal predicated federal jurisdiction on the complete diversity between the litigants pursuant to 28 U.S.C. § 1332. Plaintiff Carmella Giangola, a citizen of New Jersey, was injured while attending EPCOT Center, a facility owned and operated by defendant Walt Disney World Company, a Delaware corporation with its principal place of business in Lake Buena Vista, Florida. Defendant has no place of business or employees in the State of New Jersey nor does the record indicate that it had any direct contact or executed any agreement with the plaintiff in the State. An action was filed on or about May 31, 1990 in the New Jersey Superior

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

Court, Law Division naming Walt Disney World Company [the defendant herein] and Walt Disney Company[1] seeking recovery for personal injuries against defendant Disney. That action was removed to this Court on June 21, 1990 on the petition of defendant. The Magistrate assigned to this case raised the issue of the sufficiency of the petition for removal *sua sponte* and issued an Order ***151** to Show Cause why the case should not be "dismissed" or "transferred". After considering memoranda of law submitted by the parties, the Magistrate ordered the case remanded to the Superior Court. An Order of Remand to this effect was prepared and entered by the Magistrate.

Defendant moved for reconsideration of the Magistrate's determination of the removal issue on August 8, 1990. On September 24, 1990, the Magistrate held a hearing on the motion for reconsideration of the ruling and found in defendant's favor. An Order was to have been prepared restoring the case to the jurisdiction of the District Court and ensuring return of the case file from the Superior Court.

Defendant filed this motion to dismiss for lack of personal jurisdiction November 15, 1990. In opposition, plaintiff claims that the merits of the motion cannot be reached because this case has been remanded. Once an Order of Remand has been filed it cannot be undone.

DISCUSSION

I. THE MAGISTRATE'S AUTHORITY TO REMAND.

The threshold jurisdictional issue in this matter is whether the case is still within the jurisdiction of this Court. Unfortunately, defendant has not even bothered to respond to plaintiffs' argument that an Order of Remand cannot be reconsidered and vacated once entered. While this is not a sterling example of diligent lawyering, I must conclude that this case is still within the jurisdiction of this Court for reasons not touched upon in plaintiffs' brief.

I find that the Magistrate acted outside the scope of his authority as defined by 28 U.S.C. § 636(b)(1)(A) & (B) and the Local Rules of the District Court. For the Court's jurisdiction to have been destroyed by the Order of Remand, the Magistrate must have been empowered to issue such an Order in the first place. A federal magistrate's authority to act derives from federal statute and the Local Rules of this Court. In passing the Federal Magistrates Act, Congress conferred only limited powers on the magistrates who would wield them.[2] Sections 636(b)(1)(A) & (B) of the Federal Magistrates Act state

> (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, *except* a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and *to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A)* where it has been shown that the magistrate's order is clearly erroneous or contrary to law.
>
> (B) *a judge may also designate a magistrate to conduct hearings,* including evidentiary hearings, *and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in this subparagraph (A),* of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> 28 U.S.C. § 636(b)(1)(A) & (B) (emphasis added).

The Local Rules of this Court also define the scope of a magistrate's powers with respect to nondispositive and dispositive motions. *See* Local Rules 40(A) & (B). Tracking the language of 28 U.S.C. § 636(B)(1)(A) to a significant degree, Local Rule 40(A)(2) provides that a magistrate may

> ***152** Hear and conduct such evidentiary hearing as are necessary or appropriate and *submit to a Judge proposed findings of fact and recommendations for the disposition of motions* for injunctive relief ..., for judgment on the pleadings, for summary judgment, to dismiss or permit the maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, *to involuntarily dismiss an action,* for judicial review of administrative determinations, for review of default judgments, and for review of prisoners' petitions challenging conditions of confinement, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the [Federal Rules of Civil Procedure]. *Any party may object to the Magistrate's proposed findings, recommendations or report issued under this Rule by serving and filing an objection in accordance with subsection D.5 below, entitled "Objections to Magistrate's Proposed Findings."*


© 2026 Thomson Reuters. No claim to original U.S. Government Works.

Local Rules of the United States District Court for the District of New Jersey, Rule 40(A)(2) (emphasis added) [hereafter "Local Rules"].

**[1]** **[2]** **[3]** In the instant case, the scope of authority granted to the Magistrate by both the Congressional statute and the Local Rules was exceeded as to the substance of the matter adjudicated and the manner of disposition of the jurisdictional issue did not accord with the procedure mandated by both the statute and the Local Rules. First, the issue decided by the Magistrate was dispositive.[3] Perhaps no issue is so accurately described as dispositive as a determination which will destroy or uphold the Court's jurisdiction. While neither the statute nor the Local Rules specifically remove an order of remand from the jurisdiction of a magistrate, a remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an "involuntary dismissal" of the action. *See* 28 U.S.C. § 636(b)(1)(A). As such, the Magistrate was not empowered to hear the matter without being so designated by a District Judge. The Magistrate, though able to hold a hearing on the issue of whether removal was proper in this case given proper authorization, was restricted to submitting proposed findings of fact and a recommendation for the disposition of the matter. *See* 28 U.S.C. § 636(b)(1)(B); Local Rule 40(A)(2). Thus the Magistrate could not enter a valid Order remanding the case to the Superior Court. The Order to remand was without legal effect and was null and void *ab initio*. Therefore, this case never left the jurisdiction of the Court and is not in "limbo" as plaintiffs suggest.

**[4]** **[5]** Second, and closely related to the first error, the Magistrate was not empowered, by statute or under the Local Rules, to render the final reconsideration of his ruling. Since he was without the authority to issue an Order in this matter, the Magistrate could not properly reconsider a determination he had no power to make in the first place. The procedure provided for by the Local Rules, in accord with 28 U.S.C. § 636(b)(1)(B), permits the Magistrate to conduct a hearing on a dispositive motion and thereafter submit proposed findings and recommendation for the disposition of the motion. *Id.; and see* *Applegate v. Dobrovir, Oakes & Gebhardt,* 628 F.Supp. 378, 381 (D.D.C.1985), *aff'd* 809 F.2d 930 (D.C.Cir.1987). The parties may thereafter submit any objections they may have to the trial judge presiding over the case for final reconsideration pursuant to Local Rules 40(A)(2) and (D)(5). *See also* 28 U.S.C. § 636(b)(1)(C); *Devore & Sons, Inc. v. Aurora Pacific Cattle Co.,* 560 F.Supp. 236, 238–239 (D.Kan.1983). The final determination, and the issuance of any enforceable court Order, must derive from an Article ***153** III judge who remains ultimately responsible for the exercise and declination of a federal court's jurisdiction.

**[6]** Accordingly, I find that the Magistrate committed a clear error of law and that no effect can be given his Order to Remand this case to the state court. This conclusion is not reached by way of "review" in the sense that term is employed by 28 U.S.C. § 1447(d). Plaintiffs correctly note that pursuant to § 1447(d) a remand of a case to the state court of origin is not "reviewable on appeal or otherwise." *Id*. However, all the cases plaintiffs cite in support of that proposition do not support the position advanced here: that a District Court cannot declare a magistrate's attempt to remand a case contrary to the law authorizing him to act and thus legally ineffectual. Plaintiffs cite *Monger v. Brown* for the principle that a court cannot review a determination to remand a case even if an order to remand has not yet been entered. *See* 817 F.2d 13, 14 (3d Cir.1987). In that case, in contrast to the one here, there was a decision by the competent adjudicator —a district court judge. *See id*. Here, there was nothing to review as no legally valid determination had been made.

II. THE SUFFICIENCY OF THE PETITION FOR REMOVAL.

**[7]** The question that now must be decided is whether removal jurisdiction exists in this case. Plaintiffs challenge the sufficiency of defendant's petition for removal by alleging that it fails to state the citizenship of *both* defendants and also does not state a jurisdictional amount.[4] The petition did state the defendant Disney's state of incorporation as Delaware and its principal place of business as Florida. The absence of any allegation concerning the citizenship of a co-defendant is a defect that precludes taking jurisdiction over a case on removal. *See* *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir.1985) (citing *Northern Illinois Gas Co. v. Airco Indus. Gases,* 676 F.2d 270 (7th Cir.1982)); *Baldwin v. Perdue, Inc.,* 451 F.Supp. 373 (E.D.Va.1978); *Sun Oil of Pennsylvania v. Pennsylvania Dept. of Labor and Industry,* 365 F.Supp. 1403 (E.D.Pa.1973).

**[8]** **[9]** A petition that has failed to allege the citizenship of both parties may yet survive an attack on its sufficiency to effect removal from a state court. First, as the Third Circuit stated in *Lewis:*

> There are exceptions to the rule requiring all defendants join in the removal petition. One exception arises when a non-resident defendant has not been served at the time the

removing defendants file their petition. In that situation the removal petition will be effective provided that it alleges that the defendants who did not join in it were not served in the state proceeding. *DiCesare–Engler Productions, Inc. v. Mainman, Ltd.,* 421 F.Supp. 116 (W.D.Pa.1976).

757 F.2d at 68. The record indicates that co-defendant Walt Disney Company has never been served in this action. *See* Certification of Richard Tanner, Esq. ¶ 13–14; n. 1, *supra.* I find that the information contained in the record corrects the defect identified by plaintiffs and that no jurisdictional defect now exists with respect to diversity of citizenship between the parties.[5]

***154** III. PERSONAL JURISDICTION OVER DISNEY.

**[10]** This court has personal jurisdiction[6] over a defendant if (a) the exercise of personal jurisdiction over the party comports with the law of the state in which the District Court is situated, and (b) due process is not violated. *See Provident Nat'l Bank v. California Federal Savings & Loan Ass'n,* 819 F.2d 434, 436 (3d Cir.1987); *Max Daetwyler Corp. v. Meyer,* 762 F.2d 290, 293 (3d Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985); *cf.* Fed.R.Civ.P. 4(e). These dual considerations are collapsed under New Jersey law since the State's long-arm statute extends "to the outermost limits permitted by the United States Constitution." *DeJames v. Magnificence Carriers,* 654 F.2d 280, 284 (3d Cir.), *cert. denied,* 454 U.S. 1085, 102 S.Ct. 642, 70 L.Ed.2d 620 (1981). Consequently, the issue of whether this court has personal jurisdiction over Disney must be determined by recourse to a due process analysis under the United States Constitution.

In *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the United States Supreme Court ushered in the modern era of personal jurisdiction law by adopting a rule of law that restricted personal jurisdiction to cases where a party has "minimum contacts" with the forum state "such that the maintenance of the suit does not offend the traditional notions of fair play and substantial justice." 326 U.S. at 316, 66 S.Ct. at 158. The Court cautioned, however, that "[t]he due process clause protects an individual's liberty interest in not being subject to binding judgments in a forum with which he has established no meaningful contacts, ties or relationship." *Id.* at 319, 66 S.Ct. at 160. Defendant claims that it has no connections to New Jersey that satisfy this standard.

**[11]** **[12]** When a defendant challenges an action for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the defendant's contacts with the forum state are sufficient to confer personal jurisdiction on the court. *See Compagnie Des Bauxites De Guinee v. L'Union Atlantique S.A. D'Assurances,* 723 F.2d 357, 362 (3d Cir.1983). To carry this burden, plaintiff must show "with reasonable particularity" that the forum, and thus the court, has either: (1) specific jurisdiction (where the cause of action arose from the defendant's activities within the forum state), *or* (2) general jurisdiction (derived from defendant's continuous and systematic conduct in the forum state). *See Provident National Bank v. California Federal Savings & Loan Assoc.,* 819 F.2d 434, 437 (3d Cir.1987) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984)); *Gehling v. St. George's School of Medicine, Ltd.,* 773 F.2d 539, 541, 542 (3d Cir.1985).

**[13]** A court obtains general jurisdiction over a party when a defendant's presence in that state is unrelated to the subject matter of the lawsuit. The plaintiff seeking to overcome the challenge to general jurisdiction must show substantially more than mere minimum contacts to establish this form of personal jurisdiction. *See Provident National Bank,* 819 F.2d at 437. The non-resident's contacts must be continuous and substantial for general jurisdiction to exist. *Id.* (citing *Gehling,* 773 F.2d at 541 (3d Cir.1985)). This rigorous burden ensures the fairness of treating a non-resident identically to a resident in terms of amenability to suit in the jurisdiction. ***155** No facts even remotely suggesting the existence of general jurisdiction have been pled or otherwise alleged; therefore, this opinion will concern itself solely with the issue of whether specific jurisdiction is proper in this case.

**[14]** Specific jurisdiction extends to parties whose acts in the forum state give rise to the cause of action brought in that forum. Since jurisdiction in the forum exists only as to the legal consequences of acts committed there by the defendant, a lower threshold burden is imposed on the plaintiff to establish the propriety of jurisdiction; that burden is carried by establishing minimum contacts between defendant and the forum. *See Paolino v. Channel Home Center,* 668 F.2d 721 (3d Cir.1981). In determining whether minimum contacts exist, a court must focus on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2580, 53 L.Ed.2d 683 (1977). A party's minimum contacts with a state are "purposeful acts by that party, directed toward a state, which make it reasonable for the defendant to anticipate being haled into court there." *Wide World Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

S.Ct. 559, 567, 62 L.Ed.2d 490 (citing *Kulko v. California Superior Court,* 436 U.S. 84, 97–98, 98 S.Ct. 1690, 1699–1700, 56 L.Ed.2d 132 (1978)); *see Shaffer,* 433 U.S. at 216, 217–219, 97 S.Ct. at 2586, 2586–88.

**[15]** The central concern in a question of personal jurisdiction is the predictability and fairness of the court taking jurisdiction over the defendant. To ensure this predictability and fairness "it is essential that there be some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958) (quoted in *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985)). The requirement of "purposeful availment" "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, *Keeton v. Hustler Magazine, Inc.,* 465 U.S., at 774; *World–Wide Volkswagen Corp. v. Woodson,* [444 U.S.] at 299, or of the 'unilateral activity of another person.' [*Helicopteros,* 466 U.S.] at 417." *Burger King Corp.,* 471 U.S. at 475, 105 S.Ct. at 2183 (parallel citations omitted).

**[16]** The only ground on which plaintiffs attempt to establish personal jurisdiction is the fact that "[a] viewing of newspaper and television advertisements displayed Walt Disney World as a must visit on our vacation agenda. The message in these ads was the inducement for us to arrange our vacation at Walt Disney World." Certification of Carmella Giangola ¶ 8. In addition, paragraph 9 of plaintiff's Certification states that "the swaying factor to visit [sic] Epcot Center was due to the numerous advertisements in the Bergen Record Travel Section and advertisements on television. Both of these forms of advertisement were extremely persuasive in our final selection to vacation at Walt Disney World." Plaintiffs' travel plans were arranged by Somes World Travel, located in Emerson, New Jersey.

Hence, the question presented is whether advertising can constitute minimum contacts in satisfaction of the requirements of due process. I find that they do not. *See Scheidt v. Young,* 389 F.2d 58, 60 (3d Cir.1968); *Wright v. American Standard, Inc.,* 637 F.Supp. 241, 244 (E.D.Pa.1985); *cf. Hendrickson v. Reg O Co.,* 657 F.2d 9, 13 (3d Cir.1981); *Rutherford v. Sherburne Corp.,* 616 F.Supp. 1456, 1460–61 (D.N.J.1985). The record shows no direct contact between plaintiffs and agents of the defendant in New Jersey. No negotiations were conducted or agreements executed in New Jersey by defendant or its agents or representatives. No communications are alleged to have been directed to plaintiffs individually, or alleged to have induced plaintiffs to contact specific agents of the defendant, in or out of the forum state. *See Scheidt,* 389 F.2d at 60; *Wright,* 637 F.Supp. at 244; *cf. Hendrickson,* 657 F.2d at 13; *Vencedor Mfg. Co. v. Gougler Industries, Inc.,* 557 F.2d 886, 891 (1st Cir.1977). The advertisements ***156** were not in the form of direct mail solicitations but were merely to spread knowledge of defendant's facilities among the general public.

As previously stated, a party must have purposely availed itself of the benefits or protection of the laws of the forum in which the plaintiff seeks to establish personal jurisdiction. *See Burger King Corp. v. Rudzewicz,* 471 U.S. at 475, 105 S.Ct. at 2183; *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (797); *World–Wide Volkswagen Corp.,* 444 U.S. at 299, 100 S.Ct. at 568; *Hanson,* 357 U.S. at 253, 78 S.Ct. at 1239; *Scheidt,* 389 F.2d at 60–61. The facts in this case do not show any legal benefit or protection accruing from defendant's advertising campaign. In an age of modern advertising and national media publications and markets, plaintiffs' argument that such conduct would make a defendant amenable to suit wherever the advertisements were aired would substantially undermine the law of personal jurisdiction. Courts generally have refused to adopt such a standard and embark on such a course.

The case of *Makopoulos v. Walt Disney World, Inc.,* 221 N.J.Super. 513, 535 A.2d 26 (App.Div.1987), found that advertising in and of itself *may* provide the basis for personal jurisdiction and does lend some support to plaintiffs' assertion that personal jurisdiction is proper here. I conclude that this case should not be followed. It does not appear to be in accord with Supreme Court precedents and I, of course, am bound by these precedents.

Plaintiffs have thus failed to establish that defendant has minimum contacts with the State of New Jersey. I therefore find personal jurisdiction lacking over defendant.

## IV. TRANSFER OF THE CASE TO THE MIDDLE DISTRICT OF FLORIDA

Having found that this court lacks personal jurisdiction over defendant in this action, the suit cannot continue in this forum. It is obvious, and both parties agree, that dismissal would be burdensome to all involved and rather pointless since plaintiffs could simply refile the action in the District where jurisdiction and venue clearly exists—the Middle District of

Florida. Plaintiff having consented, transfer will be effected pursuant to 28 U.S.C. § 1406(a) rather than § 1404(a). *See Carteret Savings Bank, F.A. v. Shushan,* 919 F.2d 225 (3d Cir.1990), *rev'g in part* 721 F.Supp. 705 (D.N.J.1989).

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure is hereby granted and the matter transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

**All Citations**

753 F.Supp. 148

Footnotes

1 Walt Disney Company is a California corporation and has not been served as a defendant in this matter. *See* discussion, *infra.*

2 Indeed, Article III of the United States Constitution requires that the powers delegated to federal magistrates by Congress be limited to preserve the authority and integrity of Article III courts. *See United States v. Saunders,* 641 F.2d 659, 663 (9th Cir.1980); *Horton v. State Street Bank & Trust Company,* 590 F.2d 403, 404 (1st Cir.1979). As the issue treated here can be disposed of on statutory grounds, I need not reach issues of Constitutional dimension.

3 Indeed, the Order to Show Cause issued by the Magistrate indicated that the issue to be argued was whether the action should be “dismissed” or “transferred”. It is therefore reasonable to conclude that even the Magistrate viewed the question he had raised as dispositive.

Furthermore, the fact that the issue of the petition's deficiency was raised *sua sponte* and not by motion is immaterial. Where a magistrate cannot hear an issue properly raised and brought to the court's attention by a parties's motion, she cannot arrogate to herself the power to raise the issue independently.

4 Although plaintiff filed and then withdrew her motion for remand, given the confusion sown by the Magistrate's actions I will consider the substance of plaintiff's motion as properly before the Court. It appears that plaintiff withdrew the motion when she discovered that the Magistrate had already granted the relief for which she had moved. Moreover, 28 U.S.C. § 1447(c) provides that if “at any time before a final judgment it appears that the case was removed improvidently and without jurisdiction, the court shall remand the case ...” Under this provision, a consideration of the Court's basis for jurisdiction, the petition, is appropriate.

5 The information submitted after the issue of the removal's propriety was raised constitutes an amendment of the petition. Because diversity of the parties was alleged in the original petition, defendant could amend by providing allegations of greater specificity even after the thirty day limit to file a new petition had expired. *See generally* C. Wright, A. Miller, E. Cooper, 14A Federal Practice and Procedure § 3733 (nn. 11 & 15–16 and accompanying text); *see also Roper Corp. Newark Division v. Farrow,* 300 F.Supp. 103 (S.D.Ohio 1969) (the Court “is not limited to an examination of the original petition” in determining jurisdictional questions) (citing *Roper Corp. v. Local Union No. 16,* 279 F.Supp 717 (S.D.Ohio 1968)).

Moreover, the parties have stipulated that the jurisdictional amount has been satisfied in this case. Plaintiff has suffered an injury which she claims has required serious orthopedic surgery, including the implantation of an artificial hip. She also alleges substantial economic losses. Given these facts, I find the agreement of the parties on the issue of damages sufficient to establish an amount in controversy exceeding the $50,000 and curative of any defect in the petition as to jurisdictional amount.

6 For purposes of this opinion, “personal jurisdiction” means *in personam* jurisdiction only. No issues of *in rem* or *quasi in rem* jurisdiction are implicated or have been raised in this litigation.

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.