# EXHIBIT K

KeyCite Yellow Flag
Distinguished by Wal-Mart Stores, Inc. v. Electric Insurance Co., D.N.J., January 18, 2007

2006 WL 2014227
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.

Jermaine T. BROWN et al., Plaintiffs,
v.
CAMDEN COUNTY PROSECUTOR,
Vincent P. Sarubbi, et al., Defendants.

No. Civ. 06–1634(JBS).
|
July 18, 2006.

**Attorneys and Law Firms**

James D. Brady, Merchantville, NJ, for Plaintiffs.

Deborrah Silverman Katz, Donna M. Whiteside, Office of Camden County Counsel, Camden, NJ, for Defendants.

*MEMORANDUM OPINION*

JEROME B. SIMANDLE, J.

***1** This matter comes before the Court upon the motion of Plaintiffs Jermaine T. Brown, Bishop Mark Brown and Deborah Brown (the "Plaintiffs"), to remand the action to Superior Court of New Jersey, Camden County [Docket Item No. 7]; and the Court having considered the submissions in support thereof and opposition thereto submitted by Plaintiffs and defendants Camden County Prosecutor Vincent P. Sarubbi ("Sarubbi"), Winslow Township Police Department ("Winslow") and Lindenwold Borough Police Department ("Lindenwold") (Sarubbi, Winslow and Lindenwold shall be referred collectively as the "Defendants").

THE COURT FINDS as follows:

1. Plaintiffs bring this motion to remand on the basis that (1) the notice of removal filed by Defendant Sarubbi and the removal procedure was defective and (2) Defendant Winslow misled Plaintiffs after Winslow and Plaintiffs entered into a stipulation for extension of time to answer Plaintiffs' Complaint and, as such, did not properly answer Plaintiffs' Complaint.

2. The procedural history of this case is as follows:

- On February 17, 2006, Plaintiffs commenced this action in the Superior Court of New Jersey, Camden County;
- On March 8, 2006, Plaintiffs served the Complaint on both Defendants Winslow and Lindenwold;
- On March 27, 2006, Plaintiffs served the Complaint on Defendant Sarubbi;
- On April 6, 2006, Defendant Sarubbi filed a notice of removal removing the case to this Court;
- On April 10, 2006, Defendant Sarubbi's notice of removal was served on Plaintiffs;
- Also on April 10, Plaintiffs counsel (James D. Brady, Esq.) and counsel for Winslow (Carol Harding, Esq.) spoke about extending Winslow's time to answer Plaintiffs' Complaint;
- On April 11 and 12, 2006, Plaintiffs and Defendant Winslow entered into a stipulation for extension of time to answer Plaintiffs' Complaint in which Plaintiffs consented to Defendant Winslow answering Plaintiffs' Complaint on April 18, 2006;
- On April 18, 2006, Defendant Winslow filed its Answer and entered its appearance in this matter;
- On May 5, 2006, Plaintiffs filed this Motion to Remand this matter back to Superior Court of New Jersey, Camden County; and
- On May 16, 2006, Defendant Lindenwold filed its Answer and entered its appearance in this matter.

3. This Court finds that Defendant Sarubbi's Notice of Removal [Docket Item No. 1] was timely filed on April 6, 2006, well within the 30–day time period that Defendant Sarubbi was required to file the Notice.

4. The more complex question is whether Defendants Winslow and Lindenwold were required to join with Defendant Sarubbi in Sarubbi's Notice of Removal. 28 U.S.C. § 1446(a) requires each defendant to join in, consent to or file their own notice of removal. The Third Circuit Court of Appeals has held that removal is a statutory right and "the

procedures to removal must be followed." *Lewis v. Reqo,* 757 F.2d 66, 68 (3d Cir.1985); *see also* 28 U.S.C. § 1446(a). "Ordinarily, all of the defendants in the state court action must consent to the removal and the notice of removal must be signed by all of the defendants...." 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3731 (3d ed.1998) (citing *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir.1995)). "Failure of all defendants to join is a 'defect in removal procedure' within the meaning of § 1447(c)...." *Balazik,* 44 F.3d at 213. This is the so-called "unanimity rule." There are exceptions to the unanimity rule, however. The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; (2) where a defendant has been fraudulently joined; or (3) when a non-resident defendant has not been served at the time the removing defendants filed their petition (the "non-service exception"). *Balazik,* 44 F.3d at 213 n. 4 (citing *McManus v. Glassman's Wynnefield, Inc.,* 710 F.Supp. 1043, 1045, n. 5 (E.D.Pa.1989)); *Lewis,* 757 F.2d at 68.

***2** 5. Defendants argue that the "non-service exception" to the unanimity rule applies here. Specifically, Defendants argue that, under *Lewis,* because Defendants Winslow and Lindenwold did not enter an appearance by the time Sarubbi filed the Notice of Removal, their lack of unanimity falls into the non-service exception. This Court disagrees with Defendants' interpretation of the holding in *Lewis*. In *Lewis,* only three of the four defendants had been served at the time the served defendants filed the petition of removal (the defendant Bastian–Blessing Co. had not been served). *See Lewis,* 757 F.2d at 68. Rather than stating that Bastain–Blessing had not been served, the other three defendants inaccurately stated in the petition "that no entry of appearance has yet been made on behalf of The Bastian–Blessing Co." *Id*. While it is true that Bastian–Blessing had not entered an appearance by the time the other three defendants filed their petition for removal, it is clear that the Third Circuit held that the non-service exception was applicable because Bastian–Blessing had not been served—not because Bastain–Blessing had not yet entered an appearance by the time the petition for removal was filed. *Id.* at 68–69. Indeed, the court stated that:

> [T]he petition alleged that "no entry of appearance has yet been made on bahalf of [Bastian]," leaving open the possibility that Bastian might have been served but simply had not yet entered an appearance. We conclude that while it would have been preferable to have alleged non-service, the language of the petition was sufficient to bring it within the non-service exception.

*Id*. The Court's reading of *Lewis* is in line by other district courts in this Circuit. For example, in *Collins v. American Red Cross,* 724 F.Supp. 353 (E.D.Pa.1989), a district court for the Eastern District of Pennsylvania addressed the exact issue confronted by this Court—whether the non-service exception applied where a non-joining or non-consenting party had been served but had not yet entered an appearance. *See* 724 F.Supp. at 354–55. The *Collins* court, interpreting the Third Circuit's decision in *Lewis,* held that:

> What the [Third Circuit] held in *Lewis* is that where a defendant, in fact, had not been served, an explanation in the petition that no entry of appearance had been made on its behalf did not render the removal defective. The Court found a recitation that no entry of appearance had been made sufficient to invoke the non-service exception where service actually had not been made. The Court in *Lewis* did not hold, and it does not follow, that a defendant who *has* been served but who has not had an appearance entered on its behalf is exempt from the joinder requirement under the exception based on an absence of service.... The absence of any entry of appearance on behalf of a defendant who, in fact, has been served does not excuse the failure of a removing co-defendant to obtain his joinder or consent within the thirty-day period prescribed by § 1446(b).

***3** *Id.* at 360 (emphasis in original). Here, it is true that neither Winslow or Lindenwold had entered an appearance by April 6, 2006, the date the notice of removal was filed.[1] However, according to Plaintiffs' counsel's affidavit (and uncontradicted by Defendants), both Winslow or Lindenwold were served on March 8, 2006, almost one month before Sarubbi filed his Notice of Renewal on April 6, 2006. (Affidavit of James D. Brady ¶ 5.) Contrary to Defendants' position, *Lewis* did not extend the non-service exception to parties that had yet to enter an appearance. Thus, this Court finds Sarubbi's removal petition defective.

6. Despite the defective removal petition, this Court has discretion to allow Defendants to amend the removal petition to cure the procedural deficiencies discussed above if allowing such an amendment was in the interests of justice or judicial economy. *See Michaels v. New Jersey,* 955 F.Supp. 315, 322 (D.N.J.1996) (the court "permit[s] the non-signing defendants to cure the defect in the removal petition" when it is "in the interest of justice"); *Seagate Tech. v. Dalian China Exp. Intern.,* 169 F.Supp.2d 1146, 1153 (N.D.Cal.2001)("The court is willing to overlook this procedural defect in order to save time and resources....") The Court recognizes that, if it would allow Defendants to amend the petition, Defendants

would be doing so well beyond the 30–day time limitation. This Court, however, is not persuaded that it would be in either the interests of justice or judicial economy to allow Defendants to amend the notice of removal to correct the defects. First, this case is in its infancy—no motions (aside from the present motion to remand) have been filed or discovery conducted. As such, this Court has no investment of time or resource that would make it more efficient to retain this case and disposition of this matter will not be delayed by remanding it to state court. In addition, this is not a case where the Defendants were unknown to each other and where it would have been particularly difficult for Sarubbi, for example, to communicate with counsel for Winslow or Lindenwold to seek their consent prior to filing his notice of removal. Third, all Defendants are represented by experienced and sophisticated counsel who are no doubt familiar with the rules and procedures surrounding removal. Fourth, the remaining party (Sarubbi) had ample time left on its 30–day removal clock in which it could have made inquiries regarding the status of service of co-defendants, but it did not do so, choosing instead to file its defective removal notice on April 6 when it still had 20 days left. Finally, both Lindenwold and Winslow could have filed notices of removal in their own right, but did not do so; although present counsel for Lindenwold and Winslow did not receive the complaint from their clients or insurers within the time to remove, that inadvertence or neglect rests with the Defendant or insurer and should not be visited upon the Plaintiff. As such, this Court finds no compelling interests of justice to allow Defendants to amend the removal petition.

***4** 7. Finally, this Court finds that counsel for Winslow, Earp Cohn P.C., properly answered Plaintiffs' Complaint and that Plaintiffs' assumption that counsel for Winslow somehow improperly answered in Federal District Court is without merit. Winslow's answer was filed on April 18, 2006, some 11 days after Sarubbi filed his Notice of Removal (April 7, 2006). Winslow had no choice but to file their answer in Federal Court because after the removal, the case was no longer docketed in Superior Court of New Jersey. Moreover, Plaintiffs were served with Sarubbi's Notice of Removal on April 10, 2006 (Affidavit of James D. Brady ¶ 8), so it is clear that Plaintiffs knew that the case had been removed to this Court when Plaintiffs agreed to the stipulation for extension of time to answer Plaintiffs' Complaint (which was signed by Plaintiffs' counsel on April 11, 2006).

8. Costs and fees can be awarded in favor of the party—here the Plaintiffs—who succeeds in obtaining a remand, pursuant to 28 U.S.C. § 1447(c). Such an award is discretionary and should not be made where, for instance, the substantive law of removability is unclear, *Roxbury Condominium Ass'n, Inc. v. Anthony S. Cupo Agency,* 316 F.3d 224, 228 (3d Cir.2003)(reversing award of fees upon remand of “colorable removal claim in an area of unsettled law”). The Court will decline to award such fees and costs here. First, the claims herein were properly removable. The removing party acted promptly but merely failed to obtain the concurrence of the other defendants within the 30–day removal period. Those consents were belatedly obtained, and but for this technical defect the case was properly removed. Also, circumstances had prevented the co-defendants Winslow and Lindenwold from timely removing, since their counsel were not timely furnished with the state court summons and complaint from their respective clients. Further, the doctrine of defendant unanimity, with its “interest of justice” exception, presented a close call upon the merits of the remand motion.

*Conclusion*

For the reasons set forth above, Plaintiffs' motion to remand this case to Superior Court of New Jersey, Camden County will be granted and the matter remanded to the New Jersey Superior Court, Camden County. The accompanying order will be entered.

**All Citations**

Not Reported in F.Supp.2d, 2006 WL 2014227

Footnotes

1 Counsel for Winslow did not enter an appearance until Winslow filed an answer to the Complaint on April 18, 2006. Moreover, Lindenwold did not enter an appearance until it answered the Complaint almost one-month later (on May 16, 2006).

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.