# EXHIBIT L

2010 WL 2697108
Only the Westlaw citation is currently available.
United States District Court, D. New Jersey.

Raymond SCURKO, Plaintiff,
v.
NEW JERSEY STATE POLICE, et al., Defendants.

Civil Action No. 10–2507 (JAP).
|
July 6, 2010.

**Attorneys and Law Firms**

Joel I. Rachmiel, Springfield, NJ, for Plaintiff.

Thomas Edward Kemble, Office of The NJ Attorney General, Trenton, NJ, for Defendants.

**OPINION**

PISANO, District Judge.

***1** Presently before the Court is plaintiff Raymond Scurko's Motion to Remand this matter to the Superior Court of New Jersey, Law Division, Somerset County. Docket Entry No. 2. For the reasons set forth below, Plaintiff's motion is granted.

I. Background

On March 22, 2010, Raymond Scurko filed a complaint against the New Jersey State Police, Col. Joseph R. Fuentes, in his official capacity as Superintendent of the New Jersey State Police, State Trooper Thomas Donnelly, Somerset County Jail, Frank P. Provenzano, Sr., in his official capacity as Somerset County Sheriff, Charles O'Neill, in his official capacity of Warden of the Somerset County Jail, and John Doe in the Superior Court of New Jersey, Law Division, Somerset County, Docket No. SOM–L–543–10, alleging violation of his federal rights pursuant to 42 U.S.C. § 1983, violation of his rights under the New Jersey Constitution and the New Jersey Civil Rights Act, and negligence. Notice of Removal; Certification of Joel I. Rachmiel ("Rachmiel Certification") at ¶ 2–3. On or about April 14, 2010, Scurko filed an amended complaint naming State Trooper M. Roxbury as a defendant and dismissing Trooper Donnelly from the action. Notice of Removal; Rachmiel Certification at ¶ 3.

On April 12, 2010, defendants Somerset County Jail, Frank P. Provenzano, Sr., and Charles O'Neill were served with a Summons and Complaint via certified mail. Rachmiel Certification at ¶ 3, Exhibit page 3. Defendants New Jersey State Police, Col. Joseph R. Fuentes, and Trooper Donnelly were served with a Summons and Complaint via certified mail on April 13, 2010. *Id.* at page 2. Trooper Roxbury was served with a Summons and Amended Complaint via certified mail on April 17, 2010. *Id.* at page 1. On May 10, 2010, counsel for the New Jersey State Police, Col. Joseph R. Fuentes, and Trooper Roxbury (collectively the "State Defendants") queried the Superior Court docket to ascertain whether the other defendants in this matter had been served. Def. Br. at Exhibit B. The Superior Court Automated Case Management System Case Inquiry showed service as pending against all defendants as of May 10, 2010. *Id.*

On May 14, 2010, the State Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441(b), (c) and, 1443. Notice of Removal. Scurko filed the instant motion to remand this matter to state court on May 18, 2010, arguing that not all defendants who had been served prior to removal consented to or joined in the notice of removal. Docket Entry No. 2.

II. Discussion

28 U.S.C. § 1446 provides, in pertinent part:

> (a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> ***2** (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not

required to be served on the defendant, whichever period is shorter.

In addition to the statutory requirements found in 28 U.S.C. § 1446, all defendants must join in or consent to the removal of an action to federal court. *Ogletree v. Barnes,* 851 F.Supp. 184, 186 (E.D.Pa.1994) (citing *Gableman v. Peoria, D. & E. Ry. Co.,* 179 U.S. 335, 337, 21 S.Ct. 171, 172, 45 L.Ed. 220 (1900); *Chicago, R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900)). "Under this 'rule of unanimity,' all defendants must join in the notice of removal or otherwise consent to the removal within the thirty-day period set forth in 28 U.S.C. § 1446(b) in order to perfect removal." *Id.*

There are, however, some exceptions to the "rule of unanimity," one of which the State Defendants argue is applicable here. *Id.* at 187; Def. Br. at 3. "[D]efendants who have not been served with the initial pleadings pursuant to 28 U.S.C. § 1446(b) at the time the notice of removal is filed are [ ] not required to join in the notice of removal or otherwise consent to removal." *Id.* Once an action has been properly removed "the *subsequent* service of additional defendants who do not specifically consent to removal does not require or permit remand on a plaintiff's motion." *Lewis v. Rego Co.,* 757 F.2d 66, 69 (3d Cir.1985) (emphasis added). In a situation where not all defendants have been served at the time of removal, and therefore have not joined in or consented to the removal, removal may nevertheless be effective provided the notice of removal alleges that the defendants not joining in the notice of removal were not served in the state court action. *Id.* at 68.

The statutes governing removal are strictly construed against removal and all doubts should be resolved in favor of remand. *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990) (quoting *Steel Valley Auth. v. Union Switch and Signal Div.,* 809 F.2d 1006, 1010 (3d Cir.1987)). Here, the State Defendants' argument that removal was proper fails for two reasons. First, the "rule of unanimity" has not been met. At the time of removal, all of the defendants had been served with the initial pleading filed in this case. *See* Rachmiel Certification at ¶ 3, Exhibit pages 1–3. In order for removal to be effective, all defendants who have been served at the time of removal must expressly join in or consent to removal. *See Lewis, surpa,* 757 F.2d at 69; *Ogletree, supra,* 851 F.Supp. at 189–90. The only defendants who need not join in or consent to removal are those served *after* a notice of removal has been filed. *Lewis, supra,* 757 F.Supp. at 69. In this case, although all of the defendants had been served at the time of removal, only the State Defendants joined in or consented to removal. Second, the State Defendants' notice of removal is defective because it does not allege that the defendants not joining in the notice of removal had yet to be served in the state court action. *Id.* at 68; *see* Notice of Removal.

III. Conclusion

***3** For the reasons set forth above, Plaintiff's Motion to Remand is granted and this matter is remanded to the Superior Count of New Jersey, Law Division, Somerset County.

**All Citations**

Not Reported in F.Supp.2d, 2010 WL 2697108

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.